RUSS, AUGUST & KABAT
Marc Fenster (CA Bar No. 181067)
Neil Rubin (CA Bar No. 250761)
Bahrad A. Sokhansanj (CA Bar No. 285185)
Benjamin Wang (CA Bar No. 228712)
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California  90025
Telephone:  (310) 826-7474
Facsimile:   (310) 826-6991
mfenster@raklaw.com
nrubin@raklaw.com
bsokhansanj@raklaw.com
bwang@raklaw.com

*Attorneys for Plaintiff*
Corephotonics, Ltd.

COOLEY LLP
Heidi Keefe (176960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya B. Viswanath (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, California  94304
Telephone:   (650) 843-5000
Facsimile:    (650) 849-7400

COOLEY LLP
Stephen Smith (*Pro Hac Vice*)
stephen.smith@cooley.com
Phillip Morton (*Pro Hac Vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842-7800
Facsimile:   (202) 842-7899

*Attorneys for Defendant*
Apple, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>APPLE, INC.<br><br>　　　　　　　Defendant. | Case No. 5:17-cv-06457<br><br>Judge: Honorable Lucy H. Koh<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Initial Case Management Conference**<br>Date:　March 28, 2018<br>Time:　2:00 PM<br>Place:　United States Courthouse, 280 South First Street, Courtroom 8, 4th Floor, San Jose, California |

　　　　　Under Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1, the Standing Order for All Judges of the Northern District of California for Contents of a Joint

Case Management Statement effective October 11, 2017, and this Court's Initial Case Management Scheduling Order (Dkt. No. 8) and order continuing the case management conference (Dkt. No. 16), Plaintiff Corephotonics, Ltd. ("Corephotonics") and Defendant Apple, Inc. ("Apple") jointly submit this Case Management Statement in anticipation of the Case Management Conference scheduled for March 28, 2018.

## I.   JURISDICTION AND SERVICE

This is a patent infringement action. This Court has subject matter jurisdiction over this action at least under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b). All named parties have been served and there are no unresolved issues relating to service of process.

## II.   FACTS

On November 6, 2017, Corephotonics brought a patent infringement suit against Apple in the United States District Court for the Northern District of California. In this case, Corephotonics contends that Apple has and continues to willfully infringe four of Corephotonics' patents relating to smartphone camera technology, in particular, small form-factor telephoto lens assembly and dual lens control and imaging technologies. The patents in suit are United States Patent Nos. 9,402,032 (the "'302 patent"), 9,568,712 (the "'712 patent"), 9,185,291 (the "'291 patent"), and 9,538,152 (the "'152 patent") (collectively "the Asserted Patents"). The parties jointly stipulated to an extension of the deadline to serve the Complaint, and Apple was served with the Complaint on March 7, 2018.

Corephotonics respectfully directs the Court to Corephotonics' Complaint (*see* Dkt. No. 1), which provides a detailed description of Corephotonics' claims in this case.

Apple denies that it infringes any of the asserted claims of the Asserted Patents.

## III.   LEGAL ISSUES

The principal disputed legal issues are:

- Whether any of the accused products identified in Corephotonics' Complaint (Dkt. No. 1) and Infringement Contentions served on Apple pursuant to P.L.R. 3-1 directly or indirectly infringe any asserted claims of the Asserted Patents, literally or under the doctrine of equivalents;
- Whether Apple induced infringement of the Asserted Patents by its customers or others within the United States;
- Whether Apple's infringement of the Asserted Patents was and continues to be willful;
- Construction of any disputed patent claim terms from the Asserted Patents;
- Whether this case is exceptional under 35 U.S.C. § 285;
- Whether Corephotonics is entitled to damages, and if so the amount;
- Whether Corephotonics is entitled to injunctive relief to prevent Apple's continuing infringement.

Apple's Statement:

In addition to the above,

- Whether any or all of the claims of the Asserted Patents are invalid;
- Whether any or all of the claims of the Asserted Patents are patent-ineligible.

### IV. MOTIONS

Corephotonics' Motion to Substitute Counsel is pending at this time. (Dkt. No. 19.)

### V. AMENDMENT OF PLEADINGS

Apple has not yet filed a response to the Complaint, and its deadline to do so is on March 28, 2018. Accordingly, Corephotonics notes that it retains the right to amend the Complaint as a matter of course after Apple files its response to the Complaint pursuant to Fed. R. Civ. Proc. 15(a)(1).

**VI.   EVIDENCE PRESERVATION**

The parties have reviewed the District's Guidelines Relating to Electronically Stored Information ("ESI"). The parties have met and conferred regarding taking reasonable and proportional steps to preserve evidence relevant to the issues reasonably evident in this action.

**VII.   DISCLOSURES**

As described in the proposed schedule below, the parties will serve their initial disclosures no later than April 11, 2018.

**VIII.   DISCOVERY**

    **A.   Discovery to Date**

No discovery has occurred as of the date of the filing of this Case Management Statements.

    **B.   Scope of Anticipated Discovery**

Pursuant to Rule 26(b)(1), the parties anticipate that the scope of discovery will encompass the factual and legal issues identified in the detailed description of Corephotonics' claims of Apple's willful infringement of the Asserted Patents provided in its Complaint (Dkt. No. 1) and requested relief as discussed in Section XII below.

    **C.   Report on Stipulated E-Discovery Order**

The parties will work cooperatively and promptly to arrive at a mutually agreeable order on ESI discovery.

    **D.   Protective Order**

The parties agree that a protective order will be necessary in this case in light of the sensitive and proprietary information that will be exchanged during discovery. The parties will work cooperatively and promptly to submit a proposed protective order to the Court after negotiations have been completed. In the meantime, Patent Local Rule 2-2 applies.

    **E.**  **Changes to Discovery Limitations**

The parties agree that a one-day, seven-hour deposition of an individual deposed in both their individual capacity and in their capacity as a 30(b)(6) representative counts as a single deposition for the purposes of limit of ten party depositions in Fed. R. Civ. P. 30(a). The parties further agree that the depositions of expert witnesses should not count towards the ten deposition limit. At this time, the parties do not propose any changes to the discovery limitations.

    **F.**  **Privilege and Privilege Logs**

The parties will work cooperatively to agree to a mutually agreeable exchange of privilege logs.

**IX.** **CLASS ACTIONS**

This case is not a class action.

**X.** **RELATED CASES**

There are no related cases or pending proceedings.

**XI.** **RELIEF**

<u>Corephotonics' Statement</u>: Corephotonics seeks a finding of an award of damages resulting from the acts of Apple's infringement, including, without limitation, no less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interests and costs; an award of enhanced damages pursuant to 35 U.S.C. § 284 due to Apple's willful infringement; injunctive relief against Apple engaging in infringement of the Asserted Patents; Corephotonics' costs; and such other relief at law and in equity as the Court may deem just and proper. Corephotonics further outlines its claims for damages in Section XXI below. Corephotonics further seeks a finding that this is an exceptional case under 35 U.S.C. § 285 and an award of Corephotonics' reasonable attorney's fees in connection with this action. Insofar as the Court does not enter a permanent injunction, Corephotonics seeks a compulsory forward royalty.

<u>Apple's Statement</u>: Apple denies the allegations of infringement, and further denies that willful infringement is properly at issue in this case. Apple has not asserted any counterclaims to date, and it does not currently seek any damages. Apple reserves the right to seek an award of costs, expenses, and/or reasonable attorneys' fees in connection with this action should this prove to be an exceptional case, as well as any other award that the Court deems just and proper.

## XII.  SETTLEMENT AND ADR

The parties have had meetings and telephonic discussions regarding the possibility of settlement on several occasions. As required by ADR L.R. 3-5, the parties have reviewed the Court's ADR handbook, discussed the available ADR procedures and considered whether this case would benefit from an ADR procedure. The parties agree to private mediation and will provide their Stipulation to ADR Process no later than April 4, 2018.

## XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have a magistrate conduct all further proceedings including trial and entry of judgment (*See* Dkt. No. 12.)

## XIV.  OTHER REFERENCES

At this time, the parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.  NARROWING ISSUES

Given the early stage of the case, the parties are not aware of any issue that can be narrowed by agreement or by motion. Currently, the parties have no suggestions to expedite the presentation of evidence at trial or any requests to bifurcate issues, claims, or defenses.

## XVI. EXPEDITED TRIAL PROCEDURE

At this time, the parties do not believe that this case is appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A. [July 3]

## XVII. SCHEDULING

The parties propose the following case schedule subject to the Court's approval.

| Scheduled Event | Date |
| --- | --- |
| Initial Case Management Conference | March 28, 2018 |
| Deadline for Apple to file a responsive pleading to Corephotonics' Complaint | March 28, 2018 |
| Last day for parties to file ADR stipulation | April 4, 2018 |
| Deadline to serve infringement contentions and accompanying production (Pat. L.R. 3-1 and 3-2) | April 11, 2018 |
| Last day for parties to serve initial disclosures | April 11, 2018 |
| Deadline to serve invalidity contentions and accompanying production (Pat. L.R. 3-3 and 3-4) | May 29, 2018 |
| Deadline to exchange terms for claim construction (Pat. L.R. 4-1) | June 12, 2018 |
| Deadline to exchange proposed constructions and extrinsic evidence (Pat. L.R. 4-2) | July 6, 2018 |
| Deadline to complete early ADR | July 3, 2018 (subject to availability of mediator) |
| Deadline to serve Damages Contentions (Pat. L.R. 3-8) | July 18, 2018 |
| Deadline to file Joint Claim Construction and Prehearing Statement (Pat. L.R. 4-3) | July 30, 2018 |
| Deadline to serve Responsive Damages Contentions (Pat. L.R. 3-9) | August 17, 2018 |
| Deadline to complete claim construction discovery (including depositions of experts who submitted declarations in support of claim construction positions) (Pat. L.R. 4-4) | August 29, 2018 |
| Claim construction briefing (Pat. L.R. 4-5) | Opening due: September 13, 2018<br>Response due: September 27, 2018<br>Reply due: October 4, 2018 |
| Technology Tutorial | At the convenience of the Court's calendar, |

| Scheduled Event | Date |
|---|---|
| | approx. October 11, 2018 |
| Claim Construction Hearing (Pat. L.R. 4-6) | At the convenience of the Court's calendar, approx. October 18, 2018 |
| Close of Fact Discovery | February 8, 2019 |
| Opening Expert Reports due | March 8, 2019 |
| Rebuttal Expert Reports due | April 5, 2019 |
| Close of Expert Discovery | April 26, 2019 |
| Deadline to file dispositive motions and *Daubert* motions | May 24, 2019 |
| Answering dispositive motion and Daubert briefs | June 7, 2019 |
| Reply dispositive motion and Daubert briefs | June 14, 2019 |
| Hearing on dispositive motions | At the convenience of the Court's calendar, approx. July 17, 2019 |
| Final pretrial conference | At the convenience of the Court's calendar, approx. August 29, 2019 |
| Jury trial | At the convenience of the Court's calendar, approx. September 9, 2019 |

## XVIII. TRIAL

Corephotonics has demanded that the case be tried by jury. The parties understand that the Court holds trial Mondays, Tuesday, and Fridays from 9:00 am to 4:30 pm. To the extent that a trial occurs, the parties currently expect that trial will take approximately five (**5**) days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITITES OR PERSONS

Pursuant to paragraph 19 of the Standing Order for All Judges re Contents of Joint Case Management Statement, the parties have filed Certifications of Interested Entities or Persons as required by Local Rule 3-15. Neither party is aware of any "Interested Entities or Persons" other than the named parties.

## XX. PROFESSIONAL CONDUCT

The parties confirm that all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER MATTERS

Pursuant to Patent Local Rule 2-1, the parties have also met and conferred regarding the following additional matters:

   a. **Patent Local Rule 2-1(b)(1):** *Proposed modification of the obligations or deadlines set forth in the Patent Local Rules*

The parties have proposed a schedule for patent disclosures and claim construction in accordance with the Patent Local Rules, with certain modifications, as set forth above.

   b. **Patent Local Rule 2-1(b)(2):** *The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the Court*

Without admitting that expert testimony is necessary, appropriate, or admissible, the parties propose a deadline for the disclosure of any expert declaration in connection with claim construction as set forth in the schedule proposed above.

   c. **Patent Local Rule 2-1(b)(3):** *The format of the claim construction hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing*

At this time, the parties estimate three hours for the claim construction hearing. Subject to the Court's preference, the parties propose that they present arguments on a term-by-term basis, following an order of claim terms that the parties will negotiate prior to the claim construction hearing. The parties propose providing the Court with a joint letter two weeks before the claim construction hearing to advise the Court on the preferred order of terms for presentation and whether live testimony will be needed.

   d. **Patent Local Rule 2-1(b)(4):** *How the parties intend to educate the Court on the technology at issue*

The parties have proposed a date for a technical tutorial one week before the claim construction hearing.

### e. Patent Local Rule 2-1(b)(5): *Non-binding, good-faith estimate of damages range*

<u>Corephotonics' Statement</u>: The precise calculation of Corephotonics' damages depends on information that is not presently in Corephotonics' possession. While Corephotonics reserves the right to rely on licenses or other agreements which are comparable to a license that would result from a hypothetical reasonable royalty negotiation, and it will identify such licenses in its possession, control, or custody pursuant to P.L.R. 3-2(g), Corephotonics anticipates further discovery regarding the following and other matters with respect to the computation of the damages due to Corephotonics, by way of example:

(i) license or other agreements in Apple's possession which may be comparable to a license that would result from a hypothetical reasonable royalty negotiation,

(ii) the extent of Apple's infringement of Corephotonics' Asserted Patents and its impact,

(iii) Apple's financial and sales data concerning products accused of infringement,

(iv) information relating to the value, benefit, sales and profit that Apple derived from the infringing features of Apple's products accused of infringement, including, by way of example, analyses and information related to the pricing of Apple products and accused features, and competing products and features; market analyses, market projections and market forecasts performed by or on behalf Apple; Apple's sales and marketing practices; and Apple's market research, consumer research, surveys, business analytics, projections, and metrics concerning Apple's products and the accused features, as well as competing products and features, and

(v) the extent to which Apple's infringement drives or assists Apple in the sale of non-patented features and products.

Corephotonics further notes that damage computations will be the subject of expert testimony. Further, the damages, costs and attorneys' fees due to Corephotonics will continue to accrue during the course of this litigation making the computation premature.

  Apple's Statement: Apple contends that it does not infringe the Asserted Patents and that the asserted claims of the Asserted Patents are invalid. On that basis, Apple believes that Corephotonics is entitled to no damages. Additional factors supporting Apple's contention include the limited scope of the claimed inventions; that any differences between the Asserted Patents and the prior art are trivial and Apple's patent licensing history. To the extent Corephotonics is due any damages for the alleged infringement, additional discovery is necessary for Apple to provide a more specific expected damages range, including Corephotonics' service of infringement contentions, discovery from Corephotonics concerning its licensing policies and practices (if any), and Corephotonics' production of agreements concerning the license or transfer of any rights in the Asserted Patents (including the financial terms on which those rights were conveyed). Apple intends to offer expert testimony on damages at the appropriate time.

DATED: March 21, 2018    Respectfully submitted,

RUSS, AUGUST & KABAT

By: */s/ Marc Fenster*
  Marc Fenster (CA Bar No. 181067)
  Neil Rubin (CA Bar No. 250761)
  Bahrad Sokhansanj (CA Bar No. 285185)
  Benjamin Wang (CA Bar No. 228712)
  RUSS AUGUST & KABAT
  12424 Wilshire Boulevard, 12th Floor
  Los Angeles, California  90025
  Telephone: (310) 826-7474
  Facsimile: (310) 826-6991
  mfenster@raklaw.com
  nrubin@raklaw.com
  bsokhansanj@raklaw.com
  bwang@raklaw.com

*Attorneys for Plaintiff*
Corephotonics, Ltd.

COOLEY LLP

By: */s/ Heidi Keefe*
Heidi Keefe (176960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya B. Viswanath (238089)
(pviswanath@cooley.com)
COOLEY LLP
3175 Hanover Street
Palo Alto, California 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

COOLEY LLP
Stephen Smith (*Pro Hac Vice*)
stephen.smith@cooley.com
Phillip Morton (*Pro Hac Vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

*Attorneys for Defendant*
Apple, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2018, I served a true and correct copy of the forgoing JOINT CASE MANAGEMENT STATEMENT upon the attorney(s) of records for each party through the Court's ECF system as identified on the Notice of Electronic Filing.

By: */s/ Heidi Keefe*
Heidi Keefe