| | |
|---|---|
| 1 | COOLEY LLP |
| | HEIDI KEEFE (176960) |
| 2 | (HKEEFE@COOLEY.COM) |
| | LOWELL MEAD (223989) |
| 3 | (LMEAD@COOLEY.COM) |
| | PRIYA B. VISWANATH (238089) |
| 4 | (PVISWANATH@COOLEY.COM) |
| | 3175 HANOVER STREET |
| 5 | PALO ALTO, CA  94304 |
| | TELEPHONE:     (650) 843-5000 |
| 6 | FACSIMILE:     (650) 849-7400 |
| 7 | COOLEY LLP |
| | STEPHEN SMITH (*PRO HAC VICE*) |
| 8 | STEPHEN.SMITH@COOLEY.COM |
| | PHILLIP MORTON (*PRO HAC VICE*) |
| 9 | (PMORTON@COOLEY.COM) |
| | 1299 PENNSYLVANIA AVENUE |
| 10 | NW, SUITE 700 |
| | WASHINGTON, DC 20004-2400 |
| 11 | TELEPHONE:  (202) 842-7800 |
| | FACSIMILE:   (202) 842-7899 |
| 12 | |
| | Attorneys for Defendant |
| 13 | Apple Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD., | Case No.  5:17-cv-06457-LHK |
| Plaintiff, | |
| v. | **DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)** |
| APPLE INC., | |
| Defendant. | Date: August 23, 2018 |
| | Time: 1:30 P.M. |
| | Courtroom: 8 |
| | Before: Hon. Lucy H. Koh |
| | **DEMAND FOR JURY TRIAL** |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on August 23, 2018 at 1:30 p.m., in Courtroom 8, 4th Floor, United States District Court for the Northern District of California before the Honorable Lucy H. Koh, Defendant Apple Inc. ("Apple") shall move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Corephotonics, Ltd.'s ("Corephotonics") claims for willful infringement for failing to state a claim upon which relief may be granted.

This motion is based on the following Memorandum of Points and Authorities, the pleadings on file in this action, matters of which the Court may take judicial notice, and upon such other and further oral and documentary argument and evidence as the Court may permit at the hearing of this motion. Apple respectfully asks that the Court dismiss the portions of the Complaint asserting willful infringement, for failure to state a claim upon which relief may be granted, and for any other relief that the Court deems just.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Corephotonics' Complaint does not allege facts that could plausibly support a claim that Apple willfully infringes the four Asserted Patents.[1] Critically, Corephotonics does not allege that it ever notified Apple prior to filing this lawsuit that any specific Apple product allegedly infringes the asserted patents, much less that Apple engaged in any egregious conduct. Instead, the Complaint attempts to insinuate that Apple *should* have had knowledge of the Asserted Patents because Apple and Corephotonics allegedly discussed what the Complaint characterizes as an alleged potential "strategic partnership" and the fact that certain Corephotonics patent assets were identified as potential prior art in patent applications that Corephotonics attributes to Apple. That is not enough and the Complaint should be dismissed.

To survive a 12(b)(6) motion on willful infringement, Corephotonics needed to have pleaded, for each of the Asserted Patents, plausible facts evidencing that Apple had knowledge of each Asserted Patent (not merely a patent application) and plausible facts evidencing that Apple's actions constitute

---

[1] The Asserted Patents are U.S. Patent Nos. 9,402,032 (the "'032 patent"), 9,568,712 (the "'712 patent"), 9,185,291 (the "'291 patent") and 9,538,152 (the "'152 patent").

"egregious conduct." The Complaint does neither. Even if the allegations in the Complaint are accepted as true for the purposes of this Motion, Corephotonics fails to state a plausible claim for willful infringement at least because: (1) Corephotonics' allegations are largely directed at Apple's alleged awareness of Corephotonics' *patent applications*, not *issued patents*; (2) for two patents, Corephotonics alleges that Apple's knowledge was derived from a patent application owned by another company and that has no identifiable relationship to Apple; and (3) the Complaint does not contain any allegations that Apple engaged in any "egregious" conduct as set forth by the Supreme Court in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016). Corephotonics' Complaint with these improper willful infringement claims should be dismissed.

## II. COREPHOTONICS DOES NOT SUFFICIENTLY ALLEGE FACTS TO MAINTAIN A CLAIM FOR WILLFUL INFRINGEMENT

### A. Legal Standards

A dismissal under Fed. R. Civ. P. 12(b)(6) is proper where, as here, there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1112 (N.D. Cal. 2016) (citations omitted). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Court will not assume facts not alleged, nor will it draw unwarranted inferences. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

The Federal Circuit has consistently held that "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). To willfully infringe, the "patent must exist and [the alleged infringer] must have knowledge of it." *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985); *see also Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510-11 (Fed. Cir. 1990) ("[A] party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge."). Mere knowledge of a patent *application* cannot constitute knowledge of the resulting patent. *See Adidas Am., Inc. v. Skechers USA, Inc.*, 3:16-cv-01400-SI, 2017 U.S. Dist. LEXIS 89752,

at *8-9 (D. Or. June 12, 2017) ("an infringer's knowledge of the patent application cannot, standing alone, constitute knowledge of the resulting, or issued, patent-in-suit."); *Va. Innovation Scis. v. Samsung Elecs. Co.*, 983 F. Supp. 2d 700, 708-09 (E.D. Va. 2013) ("[I]t is insufficient to allege knowledge of a patent application without further alleging knowledge of the patent."). Similarly, general knowledge of a patent portfolio, without knowledge of the specific patents-in-suit, is not sufficient to plead a plausible claim for willful infringement. *See, e.g., Longitude Licensing v. Apple Inc.*, No. C-14-04275-EDL, 2015 WL 1143071, at *2 (N.D. Cal. Mar. 13, 2015) (granting motion to dismiss willful infringement allegations where Apple allegedly merely had knowledge of a patent portfolio, not the specific patents-in-suit).

The Supreme Court in *Halo* confirmed that willful infringement should be reserved for an "egregious case of misconduct beyond typical infringement." *Halo*, 136 S. Ct. at 1935; *see also id.* at 1936 (Breyer, J., concurring) (knowledge of the patent "*and nothing more*" does not necessitate enhanced damages (emphasis in original)). Enhanced damages "are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Id.* at 1932. The Supreme Court stated that enhanced damages are only appropriate in narrow circumstances such as where the alleged infringer acted as a "'wanton and malicious pirate' who intentionally infringes another's patent—with no doubts about its validity or any notion of a defense—for no purpose other than to steal the patentee's business." *Id.* at 1936.

Accordingly, after *Halo*, courts routinely grant motions to dismiss willful infringement claims when the plaintiff fails to allege facts that "support a plausible inference that [the alleged infringer] engaged in 'egregious' conduct that would warrant enhanced damages . . . ." *See, e.g.*, *Finjan, Inc., v. Cisco Sys., Inc.*, No. 17-cv-00072-BLF, 2017 U.S. Dist. LEXIS 87657, at *15 (N.D. Cal. June 7, 2017); *see also Varian Med. Sys., Inc. v. Elekta AB*, No. 15-871-LPS, 2016 WL 3748772, at *8 (D. Del. July 12, 2016) (dismissing willful infringement claim for failing to state facts demonstrating that the defendant's actions "actually amounted to an egregious case of infringement of the patent"); *CG Tech. Dev., LLC v. Zynga, Inc.*, No. 2:16-cv-00859-RCJ-VCF, 2017 WL 662489, at *4 (D. Nev. Feb. 17, 2017) ("Under *Halo*, Plaintiffs have failed to state a claim for willful infringement because they have failed to allege any facts suggesting that Defendant's conduct is 'egregious . . . beyond typical

infringement.'"); *accord Monolithic Power Sys., Inc. v. Silergy Corp.*, 127 F. Supp. 3d 1071, 1077 (N.D. Cal. 2015) (granting motion to dismiss willful infringement allegation pre-*Halo* because the patent owner "has not . . . included any facts that would allow a trier of fact to conclude that the defendants acted with a level of intent that is more culpable than the typical infringer.").

### B. Corephotonics' Willful Infringement Claims Fail Because There Is No Plausible Allegation That Apple Had Pre-Suit Knowledge of the Asserted Patents

#### 1. Mere Knowledge of Related Patenting Activity Is Insufficient to Sustain Willful Infringement Claims for the '032 and '712 Patents

For the '032 and '712 patents, Corephotonics' allegations of willful infringement should be dismissed because the Complaint does not allege that Apple had actual knowledge of the patents. Instead, Corephotonics alleges that Apple was generally aware that Corephotonics was seeking "patent protection" based on the citation of a publication of a related patent *application* by the U.S. Patent and Trademark Office:

> 23. From at least as early as February 18, 2015, Apple has had actual knowledge that Corephotonics was seeking patent protection for its telephoto lens design. On that date in the prosecution of Apple's patent application no. 14/069,027, the Patent and Trademark Office cited, as its primary reference, U.S. Patent Publication 2015/0029601 to Dror, et al, which was the publication of the patent application to which the '032 patent claims priority. The '601 publication and the '032 patent share an identical specification and include claims of similar scope. The citation of the '601 publication put Apple on notice that Corephotonics was seeking patent protection for its lens design such that Apple knew or should have known that the telephoto lens in the iPhone 7 Plus dual-aperture camera infringed or would infringe a Corephotonics patent.

Complaint (ECF No. 1), ¶ 23; *see also id.*, at ¶ 34 (replacing references to the '032 patent with the '712 patent), ¶¶ 24, 35 (alleging that "[c]onsequently, Apple's infringement of [each] patent has been and continues to be willful"). At the time the PTO cited the '601 publication in February 2015, the '032 and '712 patents did not exist. In fact, they would not issue for approximately 18-24 months. *See* Complaint, Exs. A & B (ECF Nos. 1-1 & 1-2) ('032 issued July 26, 2016; '712 issued February 14, 2017).

Corephotonics' allegations fail because the mere citation of a related patent application[2] is not enough. *State Indus.*, 751 F.2d at 1236 ("To willfully infringe a patent, the patent must exist and one must have knowledge of it. A 'patent pending' notice gives one no knowledge whatsoever."). Neither patent existed when the '601 application was cited by the PTO. Corephotonics never alleges that Apple had any further subsequent knowledge of the patents. Corephotonics' willful infringement claims for the '032 and '712 patents should therefore be dismissed. *See, e.g.*, *Sealant Sys. Int'l, Inc. v. TEK Global*, Nos. 11-00774 PSG, 11-1649 PSG, 2012 WL 13662, at *3 (N.D. Cal. Jan. 4, 2012) (holding that knowledge of a pending patent application does not support claim of willfulness); *LML Holdings, Inc. v. Pac. Coast Distrib., Inc.*, No. 11-CV-06173 YGR, 2012 WL 1965878, at *4-5 (N.D. Cal. May 30, 2012) (pre-suit knowledge of pending patent applications, but not the issued patent, was insufficient to support a claim of willful infringement); *Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11 -06638 RS, 2012 WL 1831543, at *3 (N.D. Cal. May 18, 2012) ("mere alleged awareness of the [asserted] patent application does not imply the requisite knowledge of the existence of the later-issued [asserted] patent").

### 2. Corephotonics' Willful Infringement Claims For the '291 and '152 Patents Fail Because the '386 Patent Application Has No Plausible Tie to Apple

Corephotonics' willful infringement claims for the '291 and '152 patents also should be dismissed. *See* Complaint, ¶¶ 46, 52, 57, 63. For the '291 patent, Corephotonics asserts that Apple obtained "actual knowledge" of the '291 patent "when Apple submitted the '291 patent as prior art in its pending patent application no. 14/88,386." *See* Complaint, ¶ 46. Similarly, for the '152 patent, Corephotonics asserts that Apple obtained "actual knowledge of the application that issued as the '152 patent . . . when Apple submitted the publication of that application, U.S. Publication 20150085174, as prior art in its pending patent application no. 14/88,386." *See* Complaint, ¶ 57.

Assuming Corephotonics intended to refer to U.S. Patent Application Number 14/088,386 (the

---

[2] Corephotonics' allegations that the '601 publication "share[s] an identical specification and include[s] claims of similar scope" as the '032 and '712 patent, standing alone, cannot impute knowledge of the issued patents and their claims to Apple. *See Vasudevan*, 2012 WL 1831543, at *3 n.3 ("[I]t is the allowed claims, not the specification, that put potential infringers on notice of the scope of protection. Again, the specification may also be amended prior to issuance of the patent. Thus, this alleged commonality does not support an imputation of knowledge to [the alleged infringer].").

"'386 application")³, that patent application has no identifiable relationship to Apple or to Corephotonics' Asserted Patents. The '386 patent was filed by a German company, Siemens, not by Apple, and appears to be assigned to Siemens. *See* Declaration of Phillip Morton in Support of Defendant Apple, Inc.'s Motion to Dismiss ("Morton Decl."), Ex. 1, U. S. Patent No. 9,297,872. Moreover, the '386 application does not appear to even reference the '291 patent, the '152 patent, or any other Corephotonics patent or patent application identified in the Complaint. Even if the '386 application were somehow relevant, Corephotonics alleges no facts that would suggest that Apple had any knowledge of the '386 application or its contents prior to Corephotonics' suit. On this basis alone, Corephotonics has not alleged any plausible facts that Apple willfully infringed the '152 or '291 patents.

Even if the '386 application somehow imputed "actual knowledge of the application that issued as the '152 patent" to Apple, that willful infringement allegation should be dismissed because, as discussed above, knowledge of a patent application alone does not impute knowledge of an issued patent. *See Adidas*, 2017 U.S. Dist. LEXIS 89752, at *8-9 ("an infringer's knowledge of the patent application cannot, standing alone, constitute knowledge of the resulting, or issued, patent-in-suit.").

### C. Corephotonics' Willful Infringement Claims Fail Because The Complaint Does Not Allege Any Egregious Conduct

In addition to its failure to plead that Apple had pre-suit knowledge of the Asserted Patents, Corephotonics does not allege any facts from which a plausible conclusion could be reached that Apple has engaged in the "egregious" conduct required by the Supreme Court's *Halo* decision. *Halo*, 136 S. Ct. at 1932 (willful infringement "damages are generally reserved for egregious cases of culpable behavior."). Indeed, Corephotonics does not allege any specific facts about Apple's subjective intent, course of conduct with respect to the Asserted Patents, or any other aspects of Apple's behavior that would suggest that Apple acted "egregiously" with respect to Corephotonics' Asserted Patents. Instead, Corephotonics makes unsubstantiated allegations regarding undated conversations about an alleged "strategic partnership" between Apple and Corephotonics. (Complaint, ¶¶ 18-19.) Tellingly,

---

³ The Complaint contains an apparent typographical error in referring to application number "14/88,386" that apparently should be "14/088,386." *See* Complaint, ¶¶ 46, 57.

the Complaint avoids any allegation that Corephotonics put Apple on notice of any specific Asserted Patents, presumably because the Asserted Patents issued after the alleged conversations. Faced with these bare allegations, Corephotonics does not even attempt to tie these unsubstantiated allegations to its willful infringement claims, instead limiting its willful infringement allegations to boilerplate, conclusory accusations that Apple's alleged infringement "has been and continues to be willful." (Complaint, ¶¶ 24, 35, 52, 63.) Corephotonics' reliance on mere conclusory allegations of knowledge and alleged infringement is insufficient to plausibly allege egregious conduct and should result in dismissal of all of Corephotonics' claims for willful infringement. *See Finjan*, 2017 U.S. Dist. LEXIS 87657, at *15-16 ("because [Plaintiff] has failed to make sufficient factual allegations that . . . [the accused infringer's] behavior was 'egregious . . . beyond typical infringement' it has failed to state a claim for willful infringement").

### III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court dismiss Corephotonics' claims for willful infringement.

| | | |
|---|---|---|
| Dated: | March 28, 2018 | COOLEY LLP |

/s/ Heidi Keefe
HEIDI KEEFE (176960)
(hkeefe@cooley.com)
LOWELL MEAD (223989)
(lmead@cooley.com)
PRIYA B. VISWANATH (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

COOLEY LLP
STEPHEN SMITH (*pro hac vice*)
stephen.smith@cooley.com
PHILLIP MORTON (*pro hac vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

*Attorneys for Defendant Apple Inc.*