1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3                  SAN JOSE DIVISION

4

5    COREPHOTONICS, LTD.,            )  C-17-06457 LHK
                                     )
6                    PLAINTIFF,      )  SAN JOSE, CALIFORNIA
                                     )
7            VS.                     )  MARCH 28, 2018
                                     )
8    APPLE, INC.,                    )  PAGES 1-26
                                     )
9                    DEFENDANT.      )
     _____)

10

11

12              TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE LUCY H. KOH
13             UNITED STATES DISTRICT JUDGE

14

15   A P P E A R A N C E S:

16   FOR THE PLAINTIFF:    RUSS, AUGUST & KABAT
                           BY:  MARC A. FENSTER
17                         12424 WILSHIRE BOULEVARD, 12TH FLOOR
                           LOS ANGELES, CALIFORNIA  90025
18

19   FOR THE DEFENDANT:    COOLEY LLP
                           BY:  HEIDI L. KEEFE
20                              LOWELL D. MEAD
                           3175 HANOVER STREET
21                         PALO ALTO, CALIFORNIA  94304

22

23   OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                 CERTIFICATE NUMBER 9595
24

25           PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                 TRANSCRIPT PRODUCED WITH COMPUTER

```
1      SAN JOSE, CALIFORNIA                    MARCH 28, 2018

2                    P R O C E E D I N G S

3          (COURT CONVENED AT 2:47 P.M.)

4              THE CLERK:  YOUR HONOR, CALLING CASE 17-CV-06457,

5      COREPHOTONICS LIMITED VERSUS APPLE, INC.

6          COUNSEL, PLEASE COME FORWARD AND STATE YOUR APPEARANCES.

7              MR. FENSTER:  GOOD AFTERNOON, YOUR HONOR.

8          MARC FENSTER WITH RUSS, AUGUST & KABAT FOR PLAINTIFF

9      COREPHOTONICS.

10             THE COURT:  OKAY.  GOOD AFTERNOON.

11             MS. KEEFE:  GOOD AFTERNOON, YOUR HONOR.

12         HEIDI KEEFE FROM COOLEY WITH LOWELL MEAD ON BEHALF OF

13     APPLE.

14             THE COURT:  ALL RIGHT.  GOOD AFTERNOON.  WELCOME.

15             MS. KEEFE:  THANK YOU.

16             THE COURT:  OKAY.  SO HAVE YOU FILED YOUR MOTION TO

17     DISMISS, OR NOT YET?

18             MS. KEEFE:  I -- THE HONEST ANSWER IS I THINK IT'S

19     BEING FILED RIGHT NOW.

20             THE COURT:  RIGHT NOW.

21             MS. KEEFE:  IT MAY HAVE HAPPENED WITHIN THE LAST HOUR

22     OR SO, BUT --

23             THE COURT:  OKAY.  AND IS IT A 101 OR IS IT ON

24     WILLFULNESS?  WHAT ARE THE GROUNDS?

25             MS. KEEFE:  ON WILLFULNESS, YOUR HONOR.
```

```
 1                  THE COURT:  OH, IT IS?

 2             MS. KEEFE:  YES, YOUR HONOR.

 3             THE COURT:  SO IT'S LIKE A TWOMBLY/IQBAL?

 4             MS. KEEFE:  YES, YOUR HONOR, ESPECIALLY WITH --

 5   THERE'S A NUMBER OF PATENTS WHERE EVEN THE ALLEGATIONS SIMPLY

 6   SAY DISCOVERY MAY SHOW, AND THEN THEY CHARGE WILLFULNESS.

 7             THE COURT:  OH, OKAY.  ALL RIGHT.  WELL, I'M RELIEVED

 8   THAT IT'S NOT A 101 MOTION.

 9             MS. KEEFE:  IT'S NOT, YOUR HONOR.

10             THE COURT:  OKAY, GOOD.

11             MS. KEEFE:  WHICH IS UNUSUAL FOR ME, SO --

12             THE COURT:  WELL, WE HAVE BEEN SNOWED WITH 101

13   MOTIONS.  I DON'T KNOW WHAT'S GOING ON, BUT EVERY SINGLE CASE

14   IS HAVING A 101 MOTION.

15        LET ME ASK, AND LET ME -- MAYBE YOU HAVE SOME, SOME

16   THOUGHTS.

17        ARE YOU GOING TO AMEND?  BECAUSE I THINK YOU CAN AMEND

18   ONCE, RIGHT, AND THEN MOOT THE MOTION?  OR YOU WANT TO FIGHT

19   THE MOTION?  OR WHAT ARE YOUR THOUGHTS ON THAT?

20             MR. FENSTER:  YOUR HONOR, OUR INCLINATION IS TO

21   AMEND.  WE HAVE TO AMEND FOR OTHER REASONS AS WELL.

22             THE COURT:  UM-HUM.

23             MR. FENSTER:  WE INTEND TO ADD THE 8 PLUS -- THIS IS

24   A CELL PHONE CASE -- THE DUAL CAMERA, WHAT'S ALLEGED -- WHAT'S

25   ASSERTED IN THE NOVEMBER FILED COMPLAINT WAS AGAINST THE
```

1    7 PLUS.

2         THE COURT:  OKAY.

3         MR. FENSTER:  THE 8 PLUS HAS THE SAME CAMERA MODULE.

4    THE IPHONE 10 HAS ALSO SINCE COME OUT AND IS ALSO

5    INFRINGING SOME OF THE SAME PATENTS.

6    SO WE INTEND TO AMEND TO ADD THOSE TWO PRODUCTS, AND THERE

7    ARE ONE OR TWO PATENTS THAT WE'RE CONSIDERING AS WELL THAT HAVE

8    ISSUED SINCE OR ARE ABOUT TO ISSUE.

9         THE COURT:  OKAY.  OH, SO YOU MIGHT BE ADDING MORE

10   PATENTS AS WELL?

11        MR. FENSTER:  YES, YOUR HONOR.

12        THE COURT:  OH, OKAY.

13        MS. KEEFE:  AND, YOUR HONOR, THE ADDITION OF PATENTS

14   WAS NEWS TO US UNTIL ABOUT FIVE MINUTES BEFORE COURT STARTED,

15   SO THAT COULD AFFECT ALL OF THE AGREED DATES DEPENDING ON THE

16   SIZE OF THOSE PATENTS AND HOW RELATED THEY ARE.  WE JUST DON'T

17   KNOW.  WE HAVEN'T SEEN THEM YET AT ALL.

18        THE COURT:  I SEE.  I SEE.  AND MAYBE YOU CAN'T SAY

19   BECAUSE IT'S CONFIDENTIAL, BUT I ASSUME THEY'RE ALL IN THE SAME

20   FAMILY.

21        MR. FENSTER:  YES, YOUR HONOR.

22        THE COURT:  DO THESE PATENTS ALL SHARE THE SAME SPEC?

23   I'M SORRY, I HAVEN'T LOOKED AT THE PATENT YET.

24        MR. FENSTER:  NO, YOUR HONOR.  THERE ARE THREE

25   DIFFERENT FAMILIES.

```
 1                    THE COURT:  OKAY.

 2                    MR. FENSTER:  THE '032 AND '712 PATENTS SHARE THE

 3      SAME FAMILY.

 4                    THE COURT:  WAIT.  I THINK IT'S '302, '302 AND '712.

 5                    MS. KEEFE:  IT'S '032, YOUR HONOR.

 6                    THE COURT:  IT'S '032.  OH, I'M SORRY, I HAVE A --

 7                    MS. KEEFE:  9,402,032.

 8                    THE COURT:  ALL RIGHT.  SO '032 AND '712 ARE THE SAME

 9      FAMILY, THEY SHARE THE SAME SPEC, OR NOT?

10                    MR. FENSTER:  THEY DO, YOUR HONOR.

11                    THE COURT:  OKAY.  ALL RIGHT.

12                    MR. FENSTER:  AND THEN THE '291 AND '152 ARE EACH

13      INDEPENDENT FAMILIES.

14                    THE COURT:  I SEE.

15                    MR. FENSTER:  IT'S ALL RELATED SUBJECT MATTER, BUT

16      NOT TECHNICALLY RELATED PATENTS.

17                    THE COURT:  I SEE.  OKAY.

18            AND IF YOU CAN'T SAY, DON'T.  BUT IF YOU CAN, WILL THE NEW

19      PATENTS BE PARTS OF ANY OF THESE FAMILIES?  OR IT'S GOING TO BE

20      TOTALLY INDEPENDENT?

21                    MR. FENSTER:  THEY BOTH -- THEY BOTH RELATE TO THE

22      FAMILIES ALREADY AT ISSUE IN THE CASE.

23                    THE COURT:  I SEE.  SO THEY'RE, LIKE, CONTINUATIONS

24      OR --

25                    MR. FENSTER:  YES, YOUR HONOR.
```

```
 1                THE COURT:  OKAY.

 2                MS. KEEFE:  AND AS YOUR HONOR KNOWS, THE CLAIMS COULD

 3       BE COMPLETELY DIFFERENT, SO UNTIL WE SEE IT, WE CAN'T

 4       UNDERSTAND HOW IT WILL AFFECT THE NEED FOR TIME IN THE CASE,

 5       OR EVEN THE VOLUME OF CLAIMS.

 6                THE COURT:  RIGHT.  I HEAR YOU.

 7            HMM.  AND HOW MANY CLAIMS HAVE YOU ASSERTED OF EACH OF

 8       THESE PATENTS?

 9                MR. FENSTER:  YOUR HONOR, WE HAVEN'T ASSERTED -- WE

10       HAVEN'T IDENTIFIED ASSERTED CLAIMS YET.  THE TIME TO DO SO, I

11       THINK, IS APRIL 11TH UNDER THE PROPOSED SCHEDULE.

12                THE COURT:  UM-HUM.

13                MR. FENSTER:  I BELIEVE THAT THERE'S -- AMONG THE

14       FOUR PATENTS, WE ARE PRESENTLY INTENDING TO IDENTIFY 16

15       ASSERTED CLAIMS --

16                THE COURT:  OKAY.

17                MR. FENSTER:  -- AS CANDIDATES, AT LEAST THOSE ARE

18       CANDIDATES FOR OUR ASSERTION.  AND I BELIEVE IT'S THREE

19       INDEPENDENTS AMONG THOSE.

20                THE COURT:  SO THREE INDEPENDENT CLAIMS, 13 DEPENDENT

21       CLAIMS?

22                MR. FENSTER:  IT MIGHT BE FOUR.  BUT --

23                THE COURT:  OKAY.

24                MR. FENSTER:  YES.

25                THE COURT:  ALL RIGHT.  SO 12 TO 13 DEPENDENT CLAIMS?
```

1          MR. FENSTER:  THAT'S OUR PRESENT INTENTION.

2          THE COURT:  OKAY.

3          MS. KEEFE:  WOULDN'T YOU HAVE TO HAVE AT LEAST FOUR

4   INDEPENDENT CLAIMS SINCE THERE'S FOUR PATENTS?  I MEAN, I'D

5   LOVE IT IF YOU CHOOSE NOT TO DO ONE FROM ONE OF THE PATENTS,

6   BUT THAT DOESN'T MAKE SENSE.

7          MR. FENSTER:  YOU'RE ABSOLUTELY RIGHT.  THERE ARE

8   FOUR.  IT'S EITHER FOUR OR FIVE.

9       I APOLOGIZE, MS. KEEFE.

10          MS. KEEFE:  THANK YOU, MR. FENSTER.

11          THE COURT:  OKAY.  SO THEN IT'S 11 OR 12 DEPENDENT

12   CLAIMS.

13       HMM.  WELL --

14          MS. KEEFE:  YOUR HONOR, THE PARTIES WORKED INCREDIBLY

15   WELL TOGETHER TO COME UP -- I MEAN, AS YOU NOTICE, THERE'S

16   NOTHING DISPUTED IN THE CMC ORDER.

17          THE COURT:  UM-HUM.

18          MS. KEEFE:  AND MR. FENSTER AND I HAVE BEEN OPPOSITE

19   EACH OTHER QUITE A FEW TIMES AND IT'S ALWAYS WORKED WELL.

20       MAY I SUGGEST THAT WE -- IF HE'S GOING TO MOVE TO AMEND,

21   WE JUST SET A DATE FOR THAT AND THEN WE CAN ACTUALLY REVISIT

22   THE SCHEDULE AND HAVE A FURTHER CMC?  I CAN EASILY ENVISION US

23   COMING TO THE SAME TYPES OF AGREEMENTS THAT WE DID THIS TIME,

24   BUT AT LEAST THEN WE'LL KNOW WHAT WE'RE AIMING AT.

25          THE COURT:  RIGHT.  AND I WAS LARGELY GOING TO ADOPT

```
1     YOUR SCHEDULE ANYWAY TODAY.

2          BUT I'M ALSO THINKING OF IF THERE ARE WAYS TO DO CASE

3     NARROWING SO WE'RE NOT LITIGATING AGAINST, WHAT, SIX PATENTS,

4     AND MAYBE IT'S BETTER TO HAVE THAT CONVERSATION WHEN WE KNOW

5     WHAT THE FULL SCOPE OF THE CASE IS.

6          MS. KEEFE:  THAT'S WHAT I'M THINKING, YOUR HONOR.

7          THE COURT:  SO --

8          MR. FENSTER:  YOUR HONOR, IN -- ONE THING THAT WE'RE

9     CONSIDERING IS FILING A SECOND CASE AGAINST THE IPHONE 10, FOR

10    EXAMPLE, TO SEPARATE THE ISSUES AND SIMPLIFY AND NARROW THE

11    ISSUES IN EACH CASE THAT WAY.

12         MS. KEEFE:  AND, YOUR HONOR, I -- OBVIOUSLY I'D HAVE

13    TO SEE IT, BUT MY FIRST INCLINATION IS THAT'S NOT HELPFUL AT

14    ALL.  IF IT'S THE SAME PATENTS, IT'S DIFFERENT PRODUCTS, THEY

15    SHOULD ALL BE TOGETHER SO THAT WE GET THE BENEFIT OF ONE CASE,

16    KNOWING WHAT THE ISSUES ARE AND HOW THEY APPLY.

17         THE COURT:  RIGHT.  BUT I CAN CERTAINLY RELATE AND

18    CONSOLIDATE IT, SO HE JUST HAS TO PAY THE FILING FEE.  SO IT

19    WILL HOPEFULLY BE NOT REALLY VISIBLE TO YOU --

20         MS. KEEFE:  HOPEFULLY, YOUR HONOR.

21         THE COURT:  -- IN EFFECT.

22         I WOULD PREFER THAT, BECAUSE THEN I GET CREDIT FOR ANOTHER

23    PATENT CASE RATHER THAN SLOGGING THROUGH ALL THESE INDEPENDENT

24    PATENT FAMILIES AND THE 8 PLUS AND THE 10, AND YOU KNOW, THE 7.

25    SO I'D BE FINE WITH THAT.
```

1       IF YOU DID THAT, I WOULD JUST RELATE AND CONSOLIDATE,

2   ALTHOUGH IF IT'S LATER IN TIME, MAYBE THAT SHOULD BE ON A

3   DIFFERENT SCHEDULE.  I DON'T KNOW.

4       WHAT DO YOU THINK?  OR DO YOU THINK IT'S ALL GOING TO BE

5   THE SAME?

6           MS. KEEFE:  I THINK IT'S ALL GOING TO BE THE SAME.  I

7   MEAN, OBVIOUSLY, YOUR HONOR, I HAVEN'T READ THE CLAIMS YET, BUT

8   IF THEY'RE ATTACKING -- IF HE'S SAYING IT'S THE SAME TYPE OF

9   INFRINGEMENT, JUST IN A LATER PHONE, IT DOESN'T MAKE SENSE TO

10  HAVE THEM ON SEPARATE DOCKETS BECAUSE THEN YOUR HONOR CAN

11  IMAGINE DOING A CLAIM CONSTRUCTION AND THEN THERE'S, LIKE, "OH,

12  BUT NOW I'M GOING TO CHANGE MY MIND ABOUT HOW THAT APPLIES IN

13  THE SECOND CASE BECAUSE I DIDN'T WIN IN THE FIRST," THAT

14  WOULDN'T BE FAIR TO THE DEFENDANT.

15          MR. FENSTER:  YOUR HONOR, THE IPHONE 10 -- SO THE

16  7 PLUS CAMERA MODULE THAT'S IN THE CURRENT CASE IS IDENTICAL TO

17  THE CAMERA MODULE IN THE 8 PLUS.  THOSE MAKE SENSE TO GO

18  TOGETHER.

19      THE IPHONE 10 IS A DIFFERENT MODULE.  DIFFERENT CLAIMS

20  FROM THE SAME PATENTS, SOME OF THE SAME PATENTS WILL BE

21  ASSERTED AGAINST THE 10.

22      I THINK THAT WHAT WOULD PROBABLY MAKE SENSE, ULTIMATELY

23  WHEN WE RELATE AND CONSOLIDATE, IS TO HAVE A CONSOLIDATED CLAIM

24  CONSTRUCTION, AND THEN WE CAN DECIDE CLOSER TO PRETRIAL HOW TO

25  STAGE THE TRIALS, OR WHETHER TO STAGE THEM AT ALL.  BUT THE

1    CLAIM CONSTRUCTION WOULD PROBABLY MAKE SENSE SINCE THESE ARE

2    RELATED FAMILIES.

3              THE COURT:  UM-HUM.  SO COULD WE DO THIS:  I THINK

4    THAT -- I THINK THAT -- I THINK MR. FENSTER CAN AMEND THE

5    COMPLAINT, WHICH WOULD MOOT THE MOTION TO DISMISS WHICH MAY BE

6    BEING FILED RIGHT NOW.

7              MS. KEEFE:  UNFORTUNATELY, I TOLD THEM TO GO AHEAD

8    AND FILE IT WHEN I LEFT FOR COURT THIS MORNING, SO I DON'T KNOW

9    IF IT'S DONE OR IF IT'S NOT.

10             THE CLERK:  IT HAS NOT COME THROUGH YET, YOUR HONOR.

11             THE COURT:  YOU MEAN THE MOTION TO DISMISS?

12             MS. KEEFE:  YES.  IT'S DUE TODAY.

13             THE COURT:  WELL, THE ONLY REASON I LIKE THAT IS THAT

14   I WOULD DENY IT AS MOOT, BUT I WOULD TELL MR. FENSTER THAT IT'S

15   PUT HIS CLIENT ON NOTICE AS TO WHAT THE INADEQUACIES ARE.

16             MS. KEEFE:  THAT'S FINE, YOUR HONOR.

17             THE COURT:  AND SO IF HE DOES NOT CURE, THEN I WOULD

18   LIKE TO JUST DISMISS WITH PREJUDICE AND ONLY DO IT ONCE RATHER

19   THAN HAVING TO GO THROUGH TWO ROUNDS.

20             MS. KEEFE:  ABSOLUTELY UNDERSTOOD, YOUR HONOR, AND

21   THAT'S FINE WITH US.

22             THE COURT:  DO YOU SEE WHAT I'M SAYING, MR. FENSTER?

23   LIKE YOU GET A COPY OF THEIR MOTION, YOU GET TO AMEND AS OF

24   RIGHT, IT MOOTS THEIR MOTION; BUT THEN I'D LIKE THAT TO BE

25   YOUR, YOU KNOW, YOUR ONE BEST SHOT TO GET ANY WILLFULNESS

1    ALLEGATIONS PLED SUFFICIENTLY TO SURVIVE THE NEXT MTD.  IS THAT

2    OKAY?

3            MR. FENSTER:  I THINK THAT'S PERFECTLY FINE, YOUR

4    HONOR.

5            THE COURT:  OKAY.  THANK YOU.

6            MR. FENSTER:  AND IN TERMS OF TIMING, YOUR COMMENTS

7    REGARDING FILING ADDITIONAL CASES TO BE RELATED AND

8    CONSOLIDATED WILL MAKE THAT EASIER -- I MAY NOT HAVE THE SECOND

9    PATENT -- THE TIMING MAY NOT WORK TO AMEND WITHIN THE TIME TO

10   RESPOND TO THE MOTION TO DISMISS WITHIN, I THINK, 15 DAYS.

11       BUT WE CAN AMEND THE COMPLAINT TO ADDRESS THE WILLFULNESS

12   AND THEN FILE ADDITIONAL CASES TO BE RELATED AND CONSOLIDATED.

13       IS THAT --

14           THE COURT:  YES.  BUT THEN I WOULD NEED YOU TO FILE

15   THAT SEPARATE CASE PRETTY QUICKLY BECAUSE, YOU KNOW, DEPENDING

16   ON HOW LONG THE DELAY IS, IT WILL THEN MESS UP THIS CASE

17   SCHEDULE.

18           MR. FENSTER:  UNDERSTOOD, AND WE'LL FILE AS SOON

19   AS -- AS SOON AS WE CAN.  THERE IS A, AN ALLOWED SET OF CLAIMS,

20   THE ISSUE FEE HAS BEEN PAID, WE DON'T YET HAVE AN ISSUE DATE,

21   BUT I EXPECT IT WITHIN A MATTER OF WEEKS.

22           THE COURT:  I SEE.  OKAY.  ALL RIGHT.

23       WELL, WHY DON'T WE HAVE AN AGREEMENT THEN THAT APPLE

24   SHOULD GO AHEAD AND FILE YOUR MOTION TO DISMISS TODAY.

25           MS. KEEFE:  THANK YOU, YOUR HONOR.

1        THE COURT:  YOU THEN AMEND YOUR COMPLAINT WITHIN THE

2    TIMEFRAME FOR RESPONDING; THAT WILL THEN MOOT APPLE'S MOTION TO

3    DISMISS, BUT I WILL PUT IN MY ORDER -- AND I'LL EVEN PUT IN THE

4    CASE MANAGEMENT ORDER TODAY THAT IF THE PLAINTIFF DOES NOT CURE

5    THE DEFICIENCIES AND ALLEGATIONS IDENTIFIED IN THE MOTION TO

6    DISMISS THAT'S BEEN DENIED AS MOOT IN YOUR AMENDED COMPLAINT,

7    THEN ON THE SECOND MTD I'M GOING TO DISMISS WITH PREJUDICE.

8    OKAY?

9        MR. FENSTER:  WITH THE UNDERSTANDING THAT I'M

10   AGREEING TO THAT WITHOUT HAVING SEEN THE MOTION.  WHAT I

11   UNDERSTAND THE MOTION TO BE IS JUST REGARDING NOTICE AS TO THE

12   PATENTS FOR WILLFULNESS AND INDUCEMENT PURPOSES.

13       IF THAT'S THE CASE, I AGREE, YOUR HONOR.

14       MS. KEEFE:  YES.

15       THE COURT:  AND IT IS WILLFULNESS AND INDUCEMENT;

16   CORRECT?

17       MS. KEEFE:  YES, YOUR HONOR.

18       THE COURT:  OKAY.  ALL RIGHT.  GOOD.  THANK YOU.

19   THAT WILL HELP.

20       MS. KEEFE:  THANK YOU, YOUR HONOR.

21       THE COURT:  OKAY.  NOW, SO DO YOU WANT TO SET A

22   DEADLINE ON WHEN HE HAS TO FILE HIS NEXT CASE?

23       MS. KEEFE:  THAT WOULD BE VERY HELPFUL TO US, YOUR

24   HONOR, BECAUSE I -- I DON'T SEE HAVING DUELING TRACKS OF

25   INFRINGEMENT CONTENTIONS, INVALIDITY CONTENTIONS, AND THEN

1    CLAIM CONSTRUCTION, IT JUST DOESN'T SEEM --

2        THE COURT:  YEAH.

3        MS. KEEFE:  -- LOGICAL.

4        THE COURT:  WHAT WE'LL PROBABLY DO, WHEN WE RELATE

5    AND CONSOLIDATE, IS IF WE NEED TO MAKE AN ADJUSTMENT TO THE

6    SCHEDULE AT THAT TIME, WE CAN.

7        SO YOU THINK YOU WOULD HAVE ISSUED NEW PATENTS WITHIN

8    THREE WEEKS?

9        MR. FENSTER:  THAT'S MY EXPECTATION, BUT WE HAVE NOT

10   YET RECEIVED AN ISSUE DATE NOTICE FROM THE PTO.

11       THE COURT:  WHAT IF WE SET YOUR DEADLINE TO FILE YOUR

12   NEW COMPLAINT OF APRIL 30TH?  THAT WOULD GIVE YOU A MONTH.

13       MR. FENSTER:  I BELIEVE THAT THAT SHOULD BE

14   SUFFICIENT, AND IF IT'S NOT, THEN WE'LL FILE WHAT WE HAVE AND

15   NOTIFY THE COURT.

16       THE COURT:  WELL, NO, NO, NO.  YOUR AMENDED COMPLAINT

17   IN THIS CASE, YOU SHOULD JUST DO IT ACCORDING TO THE RESPONSE

18   DEADLINE ON THE MTD.

19       MR. FENSTER:  UNDERSTOOD.

20       THE COURT:  I'M TALKING ABOUT YOUR SEPARATE COMPLAINT

21   IN WHICH YOU'RE GOING TO ALLEGE THE NEW PATENTS; IS THAT

22   CORRECT?

23       MR. FENSTER:  YES.

24       THE COURT:  AND YOU'RE GOING TO ALLEGE THE 8 PLUS AND

25   THE 10; IS THAT CORRECT?

1          MR. FENSTER:  YES, YOUR HONOR.

2          THE COURT:  THAT THAT COMPLAINT BE FILED BY

3    APRIL 30TH.

4          MR. FENSTER:  I UNDERSTAND, YOUR HONOR.

5      AND MY ONLY CAVEAT IS I EXPECT AND BELIEVE THAT THE NEW

6    PATENT WILL HAVE ISSUED BY THEN, BUT I'M NOT --

7          THE COURT:  YOU'RE NOT SURE?

8          MR. FENSTER:  -- POSITIVE.

9          THE COURT:  YEAH, THAT'S FINE.  THAT'S FINE.

10      I GUESS -- WELL, YOUR CURRENT MTD IS ONLY AS TO THE 7

11   ANYWAY BECAUSE THEY HAVEN'T EVEN ASSERTED THE 8 PLUS AND THE 10

12   OR THESE NEW PATENTS.

13          MS. KEEFE:  THAT'S RIGHT, YOUR HONOR.

14          THE COURT:  OKAY.  I THINK WE'RE FINE.

15      ALL RIGHT.  LET'S MOVE ON.

16      SO YOU HAVE AGREED TO PRIVATE MEDIATION.  I WOULD PREFER

17   THAT YOU NOT WAIT UNTIL APRIL 4TH, SINCE IT'S ALREADY

18   MARCH 28TH, TO FILE YOUR STIPULATION.

19      WHAT'S THE DEADLINE YOU WANT?  AND LET ME JUST REFER YOU

20   NOW.

21          MR. FENSTER:  I -- WE CAN GO AHEAD AND FILE THAT.  I

22   DON'T THINK THERE'S ANY REASON NOT TO.

23          MS. KEEFE:  THAT'S FINE.

24          THE COURT:  YOU DON'T EVEN HAVE TO FILE IT.  IF YOU

25   TELL ME WHAT IT IS, I'LL MAKE IT PART OF THE CASE MANAGEMENT

1    ORDER TODAY AND YOU CAN SAVE YOURSELVES A STIPULATION.

2            MS. KEEFE:  YOU MEAN IN TERMS OF --

3            MR. FENSTER:  PRIVATE MEDIATION.

4            MS. KEEFE:  YES, WE WOULD LIKE PRIVATE MEDIATION.

5            THE COURT:  OKAY.  I WILL REFER YOU TODAY TO PRIVATE

6    MEDIATION.  I'M JUST SAYING YOU DON'T HAVE TO FILE A

7    STIPULATION SINCE YOU'RE DOING SO HERE.

8            MS. KEEFE:  WE APPRECIATE THAT, YOUR HONOR.

9            THE COURT:  NOW, WHAT IS THE DEADLINE THAT YOU WANT

10   SET?

11           MS. KEEFE:  I THINK WE ACTUALLY LISTED --

12           MR. FENSTER:  JULY 3, YOUR HONOR.

13           MS. KEEFE:  YEAH, WE LISTED JULY 3RD SUBJECT TO THE

14   AVAILABILITY OF THE MEDIATOR THAT WE CHOOSE.

15           THE COURT:  ALL RIGHT.  GREAT.  SO GO AHEAD -- I'M

16   GOING TO REFER YOU NOW TO PRIVATE MEDIATION WITH A DEADLINE OF

17   JULY 3RD OF 2018, SO PLEASE TRY TO FIND SOMEONE AND GET ON

18   THEIR CALENDAR AS SOON AS POSSIBLE.

19       YOU WANT TO EXCHANGE INITIAL DISCLOSURES ON APRIL 11TH,

20   THAT'S FINE.

21       THE AGREEMENT THAT YOU'VE REACHED ABOUT ONE HOUR -- I'M

22   SORRY, ONE DAY, SEVEN HOUR DEPOSITIONS OF AN INDIVIDUAL DEPOSED

23   IN BOTH INDIVIDUAL AND 30(B)(6) CAPACITIES COUNTING AS ONE

24   DEPOSITION TOWARDS THE LIMIT ON DEPOSITIONS, THAT'S FINE.

25           AND EXPERT WITNESSES NOT COUNTING TOWARDS THE TEN, THAT'S

1    FINE.

2        OTHERWISE THE FEDERAL RULES OF CIVIL PROCEDURE DISCOVERY

3    LIMITS WILL GOVERN THIS CASE.

4        LET'S SET A DEADLINE FOR PROTECTIVE ORDERS AND ESI ORDERS

5    THAT MAKES SENSE.

6        AND YOUR DISCOVERY JUDGE IN THIS CASE IS NOT ASSIGNED.

7    CAN I JUST SAY JUDGE VAN KEULEN?  OR --

8            MS. KEEFE:  THAT'S FINE, YOUR HONOR.

9            THE COURT:  MS. MASON, CAN I DO THAT?

10           THE CLERK:  YES, YOUR HONOR.  IT WILL BE ADDED TO THE

11   DOCKET.

12           MS. KEEFE:  YOUR HONOR, WE HAVE A DRAFT READY TO

13   EXCHANGE, SO --

14           MR. FENSTER:  AS DO WE -- EXCUSE ME.  AS DO WE.

15           THE COURT:  OKAY.

16           MR. FENSTER:  IT MAY HAVE ALREADY BEEN SENT TO YOU.

17   I DON'T KNOW.

18           THE COURT:  DO YOU WANT TO JUST SET, LIKE, A 45 OR 30

19   DAY DEADLINE?

20           MS. KEEFE:  THAT'S FINE, YOUR HONOR.

21           MR. FENSTER:  YES.

22           THE COURT:  I'LL GIVE YOU -- WHICH ONE DO YOU WANT?

23           MS. KEEFE:  45 DAYS, YOUR HONOR.

24           THE COURT:  OKAY.  SO YOUR DISCOVERY ORDER AND YOUR

25   ESI ORDER, PLEASE FILE THOSE WITH JUDGE VAN KEULEN BY, I'LL SAY

1    MAY 11TH.

2              MS. KEEFE:  THAT'S FINE, YOUR HONOR.  THANK YOU.

3              THE COURT:  OKAY.  AND IF THEY'RE JUST FOR SIGNATURE,

4    THAT'S GREAT.  IF NOT, ANY DISPUTES WILL BE DECIDED BY

5    JUDGE VAN KEULEN.

6              MS. KEEFE:  UNDERSTOOD, YOUR HONOR.  THANK YOU.

7              THE COURT:  OKAY.  LET'S TALK ABOUT THE CASE

8    SCHEDULE.

9         I WAS GOING TO JUST GIVE YOU YOUR DATES.  APRIL -- WELL,

10   YOU DON'T NEED TO -- WE CAN TAKE OFF YOUR ADR STIP.

11        INITIAL DISCLOSURES APRIL 11 IS FINE; DEADLINE TO SERVE

12   INFRINGEMENT CONTENTIONS AND YOUR ACCOMPANYING PRODUCTION

13   APRIL 11 IS FINE; SERVING INVALIDITY CONTENTIONS WITH

14   ACCOMPANYING PRODUCTION MAY 29, THAT'S FINE; EXCHANGING NO

15   MORE -- EXCHANGING TERMS FOR CONSTRUCTION, JUNE 12; EXCHANGING

16   PROPOSED CONSTRUCTIONS AND EXTRINSIC EVIDENCE JULY 6TH, THAT'S

17   FINE; SERVE DAMAGES CONTENTIONS JULY 18; FILE YOUR JOINT CLAIM

18   CONSTRUCTION PRE-HEARING STATEMENT JULY 30TH; FILE RESPONSIVE

19   DAMAGES CONTENTIONS AUGUST 17; COMPLETE CLAIM CONSTRUCTION

20   DISCOVERY AUGUST 29.

21        THEN THE FURTHER CMC -- NOW THAT I KNOW THAT AUGUST 23RD

22   DATE IS GOING TO BE VACATED, WOULD IT MAKE SENSE TO DO IT

23   SOONER IN LIGHT OF THIS AMENDED COMPLAINT?  WHEN DO YOU WANT TO

24   COME IN?  MAY THEN?

25              MS. KEEFE:  I THINK SO, YOUR HONOR.

1          THE COURT:  ALL RIGHT.

2          LET ME ASK MS. MASON, I THINK OUR MAY DATES ARE PRETTY

3    CONGESTED, BUT HOPEFULLY WE CAN FIT ONE MORE IN.

4          THE CLERK:  YOUR HONOR, HOW ABOUT MAY 23RD?

5          THE COURT:  DOES THAT WORK?

6          MS. KEEFE:  YES, YOUR HONOR.

7          THE COURT:  OKAY.  SO MAY 23RD, 2018.

8          MR. FENSTER:  THAT'S FINE, YOUR HONOR.

9          THE COURT:  THAT'LL BE AT 2:00 P.M., PLEASE.

10         ALL RIGHT.  YOU WANTED YOUR OPENING BRIEFS DUE

11   SEPTEMBER 13TH, RESPONSIVE BRIEFS DUE SEPTEMBER 27TH, AND YOUR

12   REPLY BRIEFS DUE ON OCTOBER 4TH ON CLAIM CONSTRUCTION.  THE

13   CLAIM CONSTRUCTION HEARING WILL BE OCTOBER 18 AT 1:30.

14         MR. FENSTER:  I'M SORRY, OCTOBER 18 AT?

15         THE COURT:  1:30, PLEASE.

16         MR. FENSTER:  THANK YOU, YOUR HONOR.

17         THE COURT:  ALL RIGHT.  CLOSE OF FACT DISCOVERY

18   FEBRUARY 8 IS FINE; EXPERT REPORTS MARCH 8 IS FINE; REBUTTAL

19   REPORTS APRIL 5 IS FINE; CLOSE OF EXPERT DISCOVERY APRIL 26TH

20   IS FINE.

21         NOW, YOU WANTED A HEARING ON DISPOSITIVE MOTIONS IN JULY.

22         LET ME ASK MS. MASON, HOW DO OUR JULY DATES LOOK?

23         THE CLERK:  YOUR HONOR, HOW ABOUT JULY 11TH?  WE HAVE

24   ONE FINAL PRETRIAL CONFERENCE IN DOUGLAS VERSUS DHI GROUP.

25         THE COURT:  OKAY.  SO WE COULD DO YOUR HEARING

1    JULY 11TH, 2019, AT 1:30.

2         WHY DON'T WE KEEP YOUR BRIEFING?  YOU WANT DISPOSITIVE

3    MOTIONS FILED ON MAY 24TH, YOU WANT RESPONSES FILED JUNE 7TH,

4    AND YOU WANT REPLIES DUE JULY 14, THAT'S FINE.

5         AND THEN THE PRETRIAL CONFERENCE WILL NEED TO BE 60 DAYS

6    AFTER THAT.

7         DO WE HAVE ANY DATES IN SEPTEMBER?

8              THE CLERK:  YOUR HONOR, HOW ABOUT SEPTEMBER THE 12TH?

9    THERE ARE NO MATTERS PRESENTLY SET.

10             MS. KEEFE:  YOUR HONOR, I HAVE A FIVE DAY TRIAL

11   THAT'S ACTUALLY SET TO START ON THE 10TH OF THAT WEEK.  IF WE

12   COULD DO THE NEXT WEEK?

13             THE COURT:  OKAY.

14             MS. KEEFE:  I DON'T KNOW IF THAT'S AVAILABLE.  I

15   APOLOGIZE.

16             THE CLERK:  THE 19TH, YOUR HONOR, WE JUST HAVE ONE

17   HEARING ON DISPOSITIVE MOTIONS IN DANG VERSUS SAMSUNG

18   ELECTRONICS.

19             THE COURT:  ON DISPOSITIVES?

20             THE CLERK:  YES, YOUR HONOR.

21             THE COURT:  OKAY.  THAT'S NOT A GREAT DAY, BUT I

22   COULD DO IT.  SEPTEMBER 19 AT 1:30.

23        AND THEN A FIVE DAY JURY TRIAL -- DO WE HAVE ANYTHING IN

24   OCTOBER 2019?

25             THE CLERK:  WE DO, YOUR HONOR.  WE COULD START IT

```
1     LOOKS LIKE --

2              THE COURT:  OR IS SEPTEMBER ANY BETTER?  I JUST CAN'T

3     REMEMBER WHAT OUR FALL LOOKS LIKE.

4              THE CLERK:  SEPTEMBER, YOU HAVE THE YAHOO DATA BREACH

5     SECURITY LITIGATION TRIAL AT THE END OF SEPTEMBER AND BEGINNING

6     OF OCTOBER.

7              THE COURT:  YEAH, BUT I'M OKAY WITH DOUBLE SETTING ON

8     THAT ONE.

9              THE CLERK:  OKAY.  I BELIEVE THAT ONE BEGINS

10    SEPTEMBER 23RD, YOUR HONOR.  IT'S A TEN DAY ESTIMATE THROUGH --

11             THE COURT:  WELL, THAT'S AWFULLY TIGHT WITH THE PTC

12    ON THE 19TH, SO MAYBE OCTOBER WOULD BE BETTER.  I'M SORRY.

13             THE CLERK:  WE COULD DO OCTOBER THE 7TH.

14             THE COURT:  THE 7TH?

15             THE CLERK:  YES, YOUR HONOR.

16             MR. FENSTER:  YOUR HONOR, MAY I ADD THE CAVEAT THAT

17    WHILE I BELIEVE THAT A FIVE DAY TRIAL WOULD BE APPROPRIATE WITH

18    THE CURRENT SCOPE OF THE CASE, DEPENDING ON HOW THINGS GET

19    RELATED AND CONSOLIDATED, IT MAY BE FIVE -- OUR ESTIMATE MAY

20    CHANGE TO FIVE TO SIX.

21             THE COURT:  OKAY.  AND WE CAN FINE TUNE THIS LATER.

22    I AM GOING TO IMPOSE TIGHT LIMITS, THOUGH, AND THAT'S SOMETHING

23    WE COULD DO AT THE NEXT CMC, THIS SORT OF FUNNELING .

24         I'LL WANT NARROWING -- YOU KNOW, AND I WOULD LIKE TO HEAR

25    YOUR PROPOSALS AT THE NEXT CMC OF -- I'D LIKE, YOU KNOW, JUST
```

1    CONSTANT NARROWING.  YOU'LL BE LIMITED TO TEN TERMS FOR CLAIM

2    CONSTRUCTION, BUT I'D LIKE, YOU KNOW, CLAIMS, ACCUSED PRODUCTS,

3    PRIOR ART, EVERYTHING SORT OF TO BE NARROWED BEFORE CLOSE OF

4    FACT DISCOVERY, BEFORE EXPERT DISCOVERY, BEFORE DISPOSITIVE

5    MOTIONS, BEFORE THE PRETRIAL CONFERENCE, EVEN AFTER THE

6    PRETRIAL CONFERENCE IF NECESSARY.

7         SO THE TRIAL IS GOING TO BE REALLY LIMITED AND SO, I MEAN,

8    A ONE DAY EXPANSION DOESN'T BOTHER ME.  BUT EVEN IF YOU HAVE 20

9    PATENTS, I'M PROBABLY ONLY GOING TO LET YOU GO ON, LIKE, FOUR

10   CLAIMS.

11            MR. FENSTER:  UM-HUM.

12            THE COURT:  OKAY?  AND, YOU KNOW, I DON'T KNOW, FIVE

13   PRODUCTS, TWO PRODUCTS.  I MEAN, I -- IT'S JUST GOING TO BE

14   VERY LIMITED.

15        SO EVEN IF THE SCOPE OF THE CASE CHANGES, I DON'T SEE THE

16   SCOPE OF TRIAL INCREASING OR DRAMATICALLY BROADENING.

17            MR. FENSTER:  UNDERSTOOD.

18            THE COURT:  SO LET'S KEEP IT ON FIVE DAYS.

19        NOW, YOU SAID THE 7TH WORKS FOR US.  NOW, I THINK THE 14TH

20   IS A HOLIDAY.  SO THAT WOULD BE, WHAT, 7, 8, 11, 15, 18.  DOES

21   THAT SOUND RIGHT?

22            THE CLERK:  YES, YOUR HONOR.

23            THE COURT:  OKAY.  THAT'S 2019.

24        DOES THAT WORK FOR YOU ALL?

25            MS. KEEFE:  YES, YOUR HONOR.

1          MR. FENSTER:  IT DOES FOR US, YOUR HONOR.

2          THE COURT:  OKAY.  AND WE PICKED OUR CMC.

3      SO THAT'S ALL I HAD.  DID YOU ALL HAVE ANYTHING ELSE?

4          MS. KEEFE:  NO, YOUR HONOR.  I THINK THE FURTHER CMC

5   WILL BE HELPFUL IN CASE WE NEED TO ADJUST ANY OF THIS, AND

6   WE'LL COME IN FULLY PREPARED TO TALK ABOUT THAT.

7          THE COURT:  THAT'S FINE.  AND ALSO, IF YOU WOULD,

8   PLEASE COME IN WITH YOUR PROPOSALS ON CASE NARROWING, JUST

9   BECAUSE IT SOUNDS LIKE THIS IS GOING TO BE A BIGGER CASE AND SO

10   IT'LL BE MORE IMPORTANT TO HAVE THE FUNNEL SO IT'S MORE

11   MANAGEABLE.

12          MR. FENSTER:  WE WILL, YOUR HONOR.

13          THE COURT:  OKAY.  THANK YOU.

14          MS. KEEFE:  YOUR HONOR, I DON'T -- JUST YOUR GUIDANCE

15   FOR LATER, WE ANTICIPATE FILING IPR'S, AND MY GUESS IS AS TO

16   EVERYTHING.

17          THE COURT:  OKAY.

18          MS. KEEFE:  AND WE WOULD BE SEEKING A STAY PENDING

19   THE RESOLUTION OF THOSE IPR'S.

20      DOES YOUR HONOR -- IS YOUR HONOR OKAY WITH US FILING RIGHT

21   AWAY AS SOON AS THE IPR'S ARE FILED, OR DO YOU NEED US TO WAIT

22   UNTIL THE INSTITUTION DECISIONS?  I JUST -- I'D LIKE YOUR

23   HONOR'S GUIDANCE SO THAT WE'RE NOT CLOGGING THE COURT.

24          THE COURT:  SURE.

25          MS. KEEFE:  THAT'S ALSO A NARROWING, SO THAT'S A GOOD

1    THING.

2              THE COURT:  WELL, MY INCLINATION IS IF IPR IS

3    INSTITUTED, THEN I WOULD GRANT A STAY.

4              MS. KEEFE:  YES, YOUR HONOR.

5              THE COURT:  BUT I GENERALLY DON'T STAY JUST BECAUSE A

6    PETITION HAS BEEN FILED.  SO IT PROBABLY -- ALTHOUGH -- I MEAN,

7    IT ALSO KIND OF DEPENDS ON SORT OF WHERE WE ARE IN THE CASE.  I

8    MEAN, IF YOU FILE, WHAT, HOPEFULLY IN THE NEXT COUPLE OF

9    MONTHS.

10             MS. KEEFE:  THAT'S OUR HOPE, YOUR HONOR, YES.

11             THE COURT:  THEN YOU'LL GET A DECISION IN SIX MONTHS;

12   IS THAT RIGHT?

13             MS. KEEFE:  YES, YOUR HONOR, THAT'S CORRECT.

14             THE COURT:  WOW.  WE MAY STILL HAVE TO DO THE CLAIM

15   CONSTRUCTION THOUGH.

16             MS. KEEFE:  WHICH IS WHY I RAISE IT WITH YOUR HONOR,

17   BECAUSE IT MAY BE THAT -- IF WE DO GET THEM ON FILE, I CAN COME

18   TO YOUR HONOR RIGHT AWAY AND THEN MAYBE WE CAN USE THAT AS AN

19   ADJUSTMENT TO THE SCHEDULE, EVEN IF IT'S TO PUSH THINGS BY A

20   FEW MONTHS, OUR CONTINUANCE COME A STAY.

21        I JUST WANTED TO RAISE IT WITH YOUR HONOR SO THAT YOU KNEW

22   IT WAS COMING.

23             THE COURT:  YEAH.

24             MS. KEEFE:  AND WE ARE ACTIVELY WORKING ON THOSE

25   RIGHT NOW, YOUR HONOR.

1          THE COURT:  OKAY.

2          MR. FENSTER:  SO, YOUR HONOR, FROM OUR PERSPECTIVE,

3     WE'D STRONGLY OPPOSE A STAY PRE-INSTITUTION.

4          THE COURT:  UM-HUM.

5          MR. FENSTER:  AND EVEN, YOU KNOW, IF WE CAN GET A

6     COMMITMENT TO FILE IN THE COMING MONTHS, IT WOULD BE HELPFUL.

7          BUT I WILL ALSO SAY THAT CLAIM CONSTRUCTION, YOUR HONOR --

8     AND I KNOW YOU HAVEN'T LOOKED AT THE CLAIMS YET -- I DON'T

9     EXPECT CLAIM CONSTRUCTION TO BE PARTICULARLY INTENSIVE.  THESE

10    TERMS ARE RELATIVELY STRAIGHTFORWARD.  THESE ARE PRETTY

11    OBJECTIVE OPTICS TYPE TERMS.

12         AND I EXPECT THAT THROUGH OUR MEET AND CONFER, WE WILL NOT

13    HAVE -- I DON'T EXPECT THIS TO BE A VERY INTENSIVE CLAIM

14    CONSTRUCTION CASE.

15         THE COURT:  I DON'T THINK I'VE EVER HAD A MELLOW

16    CLAIM CONSTRUCTION, THOUGH.

17         MS. KEEFE:  AND OBVIOUSLY, YOUR HONOR, IF THEY FILE

18    PATENT OWNER PRELIMINARY RESPONSES, THOSE WILL INFORM THE CLAIM

19    CONSTRUCTION AS WELL BECAUSE THAT'S SOMETHING THE PLAINTIFF'S

20    GOING TO BE SAYING ABOUT THE SCOPE OF THE CLAIMS.

21         THAT'S THE REASON I RAISE THIS, BECAUSE THEY'RE GOING TO

22    BE DOVETAILING RIGHT ON TOP, AND IF THE COURT WERE TO GO

23    FORWARD WITH CLAIM CONSTRUCTION, EITHER BEFORE OR DURING THE

24    TIME PERIOD OF THE PATENT OWNER PRELIMINARY RESPONSES, THAT

25    COULD ALSO AFFECT THE COURT BECAUSE YOU'D HAVE TO COME BACK AND

1    DO IT AGAIN TO TAKE INTO ACCOUNT THINGS THAT WERE SAID BY THE

2    PATENT OWNER.

3              MR. FENSTER:  YOUR HONOR --

4              MS. KEEFE:  BUT WE CAN ADDRESS ALL THIS, YOUR HONOR,

5    AT THE FURTHER CMC BECAUSE I'LL HAVE A MUCH STRONGER EYE

6    TOWARDS WHEN THEY WOULD BE FILED AND HOW THAT WOULD AFFECT THE

7    SCHEDULE AND I CAN HELP YOUR HONOR WITH THAT AS WELL.

8              THE COURT:  YEAH, OKAY.

9              MR. FENSTER:  THE --

10             THE COURT:  SO I WOULD NOT STAY THE CASE, BUT I WOULD

11   BE OPEN TO PERHAPS MAYBE BUILDING A LITTLE MORE TIME FOR THE

12   CLAIM CONSTRUCTION HEARING TO SEE IF IPR IS GRANTED.

13             MS. KEEFE:  THANK YOU, YOUR HONOR.

14             MR. FENSTER:  THAT WOULD BE FINE.

15        I WILL JUST NOTE FOR THE RECORD THAT -- OR FOR YOUR HONOR

16   THAT THE PATENTS IN THIS CASE HAVE NOT EXPIRED.  THEY WERE

17   FILED IN 2012, 2013, ROUGHLY, PRIORITY DATES.  SO THE BROADEST

18   REASONABLE INTERPRETATION, BRI, STANDARD WILL BE USED AT THE

19   PTAB AS OPPOSED TO THE DISTRICT COURT STANDARD.

20             THE COURT:  OKAY.  I STILL MAY WANT TO DELAY THE

21   CLAIM CONSTRUCTION HEARING UNTIL AFTER WE FIND OUT FROM THE

22   PTAB WHETHER IPR IS GOING TO BE INSTITUTED.

23        WHEN IS OIL STATES GOING TO BE DECIDED ANYWAY?  THIS COULD

24   ALL BE --

25             MS. KEEFE:  YOUR HONOR, EVERY DAY SOMEBODY SAYS, "WHY

1    HASN'T IT BEEN DECIDED YET?"  SO WE DON'T KNOW.

2            THE COURT:  OKAY.  BECAUSE THAT CAN AFFECT OUR

3    DISCUSSION AS WELL.

4            MS. KEEFE:  ABSOLUTELY, YOUR HONOR.

5            THE COURT:  OKAY.  ALL RIGHT.  WELL, I'LL SEE YOU IN

6    MAY AND HOPEFULLY YOU'LL HAVE THEN MORE IDEA ABOUT TIMING AND

7    ANY ADJUSTMENTS WE NEED TO MAKE.

8            MS. KEEFE:  WE APPRECIATE IT, YOUR HONOR.  THANK YOU.

9            THE COURT:  OKAY.  THANK YOU.

10            MR. FENSTER:  THANK YOU, YOUR HONOR.

11        (THE PROCEEDINGS WERE CONCLUDED AT 3:16 P.M.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                      CERTIFICATE OF REPORTER

4

5

6

7          I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8     STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9     280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10    CERTIFY:

11         THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12    A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13    ABOVE-ENTITLED MATTER.

14

15

16    _____

17    LEE-ANNE SHORTRIDGE, CSR, CRR
      CERTIFICATE NUMBER 9595

18         DATED:  APRIL 18, 2018

19

20

21

22

23

24

25