1   COOLEY LLP
    HEIDI KEEFE (176960)
2   (HKEEFE@COOLEY.COM)
    LOWELL MEAD (223989)
3   (LMEAD@COOLEY.COM)
    PRIYA B. VISWANATH (238089)
4   (PVISWANATH@COOLEY.COM)
    3175 HANOVER STREET
5   PALO ALTO, CA  94304
    TELEPHONE: (650) 843-5000
6   FACSIMILE: (650) 849-7400

7   COOLEY LLP
    STEPHEN SMITH (*PRO HAC VICE*)
8   STEPHEN.SMITH@COOLEY.COM
    PHILLIP MORTON (*PRO HAC VICE*)
9   (PMORTON@COOLEY.COM)
    1299 PENNSYLVANIA AVENUE
10  NW, SUITE 700
    WASHINGTON, DC 20004-2400
11  TELEPHONE: (202) 842-7800
    FACSIMILE: (202) 842-7899

12
    Attorneys for Defendant
13  Apple Inc.

14

15                  UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                       SAN JOSE DIVISION

18

19  COREPHOTONICS, LTD.,                Case No.  5:17-cv-06457-LHK

20              Plaintiff,

21      v.                              **DEFENDANT APPLE INC.'S
                                        CORRECTED NOTICE OF MOTION
22  APPLE INC.,                         AND MOTION TO DISMISS FIRST
                                        AMENDED COMPLAINT**
23              Defendant.
                                        Date: November 8, 2018
24                                      Time: 1:30 P.M.
                                        Courtroom: 8
25                                      Before: Hon. Lucy H. Koh

26                                      **DEMAND FOR JURY TRIAL**

27

28

# Table of Contents

| | | Page |
|---|---|---|
| I. | INTRODUCTION ............................................................................................ | 1 |
| II. | COREPHOTONICS DOES NOT SUFFICIENTLY ALLEGE FACTS TO MAINTAIN A CLAIM FOR WILLFUL INFRINGEMENT ................................ | 3 |
| | A.   Legal Standards ............................................................................................ | 3 |
| | B.   Summary of Allegations in the FAC Regarding the Asserted Patents ........ | 4 |
| | C.   Corephotonics' Willful Infringement Claims Fail Because The First Amended Complaint Does Not Allege Any Plausible Egregious Conduct ................................ | 6 |
| | D.   Corephotonics' Allegations of Pre-Suit Knowledge Do Not Sustain a Plausible Willful Infringement Allegation ................................ | 9 |
| |     1.   Corephotonics' Litigation-inspired Pre-suit "Notice" Correspondence is Insufficient to Sustain a Plausible Willful Infringement Allegation ........... | 9 |
| |     2.   Mere Awareness of Related Patenting Activity Is Insufficient to Sustain A Plausible Willful Infringement Claim ................................ | 10 |
| III. | CONCLUSION ................................................................................................ | 13 |

1
2

**TABLE OF AUTHORITIES**

3

**Page(s)**

4
5

**Cases**

6

*Adidas Am., Inc. v. Skechers USA, Inc.*,
   3:16-cv-01400-SI, 2017 U.S. Dist. LEXIS 89752 (D. Or. June 12, 2017) ...................................10

7
8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................................3

9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................................3

10
11

*Bonutti Skeletal Innovations, LLC v. Globus Med. Inc.*,
   No. 14-6650, 2015 WL 3755223 (E.D. Pa. June 15, 2015)............................................................12

12
13

*CG Tech. Dev., LLC v. Zynga, Inc.*,
   No. 2:16-cv-00859-RCJ-VCF, 2017 WL 662489 (D. Nev. Feb. 17, 2017) ...................................3

14

*Evolved Wireless, LLC v. Samsung Elecs. Co.*,
   No. 15-545-SLR-SRF, 2016 WL 1019667 (D. Del. Mar. 15, 2016)...............................................9

15
16

*Finjan, Inc., v. Cisco Sys., Inc.*,
   No. 17-cv-00072-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017) ...................................3, 7, 8

17
18

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
   897 F.2d 508 (Fed. Cir. 1990)............................................................................................................4

19

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016)................................................................................................... *passim*

20
21

*Intellectual Ventures I LLC v. Toshiba Corp.*,
   66 F. Supp. 3d 495(D. Del. 2014)......................................................................................................9

22
23

*LML Holdings, Inc. v. Pac. Coast Distrib., Inc.*,
   No. 11-CV-06173 YGR, 2012 WL 1965878 (N.D. Cal. May 30, 2012) ...............................10, 12

24

*Longitude Licensing v. Apple Inc.*,
   No. C-14-04275-EDL, 2015 WL 1143071 (N.D. Cal. Mar. 13, 2015) ........................................11

25
26

*Monolithic Power Sys., Inc. v. Silergy Corp.*,
   127 F. Supp. 3d 1071 (N.D. Cal. 2015) ............................................................................................3

27
28

*OpenTV, Inc. v. Apple, Inc.*,
   No. 14-cv-01622-HSG, 2015 WL 1535328 (N.D. Cal. Apr. 6, 2015) .........................................12

*Sealant Sys. Int'l, Inc. v. TEK Global*,
   Nos. 11-00774 PSG, 11-1649 PSG, 2012 WL 13662 (N.D. Cal. Jan. 4, 2012) ......................10, 12

*Spherix Inc. v. Juniper Networks, Inc.*,
   No. 14-578-SLR, 2015 WL 1517508 (D. Del. Mar. 31, 2015) ......................................................12

*State Indus., Inc. v. A.O. Smith Corp.*,
   751 F.2d 1226 (Fed. Cir. 1985)........................................................................................4, 11, 12

*Varian Med. Sys., Inc. v. Elekta AB*,
   No. 15-871-LPS, 2016 WL 3748772 (D. Del. July 12, 2016).........................................................3

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
   No. C 11-06638 RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012) ......................................10, 12

*WBIP, LLC v. Kohler Co.*,
   829 F.3d 1317 (Fed. Cir. 2016)..................................................................................................4

*Windy City Innovations, LLC v. Microsoft Corp.*,
   193 F. Supp. 3d 1109 (N.D. Cal. 2016) ....................................................................................3

*XpertUniverse, Inc. v. Cisco Sys., Inc.*,
   No. 17-cv-03848-RS, 2017 WL 4551519 (N.D. Cal. Oct. 11, 2017)............................................6

**Other Authorities**

37 C.F.R. § 1.14(a)(1)(v)-(vi) ............................................................................................8

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on November 8, 2018 at 1:30 p.m., in Courtroom 8, 4th Floor, United States District Court for the Northern District of California before the Honorable Lucy H. Koh, Defendant Apple Inc. ("Apple") shall move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Corephotonics, Ltd.'s ("Corephotonics") First Amended Complaint ("FAC," ECF No. 42) because it fails to state a claim for willful infringement upon which relief may be granted.

This motion is based on the following Memorandum of Points and Authorities, the pleadings on file in this action, matters of which the Court may take judicial notice, and upon such other and further oral and documentary argument and evidence as the Court may permit at the hearing of this motion. Apple respectfully asks that the Court dismiss the portions of the FAC purporting to plead a claim for willful patent infringement, with prejudice, for failure to state a claim upon which relief may be granted, and for any other relief that the Court deems just.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Corephotonics missed its "one best shot to get any willfulness allegations plead sufficiently to survive" this motion to dismiss. (*See* Declaration of Phillip Morton in Support of Defendant Apple Inc.'s Motion to Dismiss ("Morton Decl."), Ex. 1, Mar. 28, 2018 Tr. at 10:22-11:4.) After receiving the opportunity to re-plead its deficient willful infringement allegations with full knowledge of the issues laid out in Apple's initial Motion (ECF No. 39), Corephotonics' FAC still does not allege facts that could plausibly support a claim that Apple willfully infringes the four Asserted Patents.[1]

To survive a 12(b)(6) motion on willful infringement, Corephotonics needed to have pleaded, for each of the Asserted Patents, plausible facts evidencing that Apple had knowledge of each Asserted Patent (not merely a patent application) and plausible facts evidencing that Apple's actions regarding those patents constitute "egregious conduct." The FAC again does neither.

Fundamentally, Corephotonics still does not allege plausible facts showing that Apple's

---

[1] The Asserted Patents are U.S. Patent Nos. 9,402,032 (the "'032 patent"), 9,568,712 (the "'712 patent"), 9,185,291 (the "'291 patent") and 9,538,152 (the "'152 patent").

alleged infringement of the Asserted Patents was "egregious" as required by the Supreme Court's *Halo* decision. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). Instead, Corephotonics merely argues that alleged discussions and activities between Apple and Corephotonics that took place *before* any Asserted Patents ever issued, and in some cases before the corresponding patent applications were even filed somehow give notice regarding the non-existent patents and infringement that could not have occurred.

Tellingly, Corephotonics does not allege that it ever notified Apple of any specific patent—much less suggested that any Apple product allegedly infringed any Asserted Patent—in the *five years* the parties were allegedly discussing a potential "strategic partnership." Instead, for the alleged actual notice Corephotonics points only to (1) a cursory, self-serving "notice" message it sent to Apple on October 31, 2017, a mere six days before it filed suit, and (2) Apple's alleged knowledge of Corephotonics' patent activities, including patent applications (not issued patents), cited in Apple patent prosecutions. None of Corephotonics' allegations show the type of "wanton and malicious" behavior with respect to the Asserted Patents that could plausibly support a claim that Apple willfully infringed those patents. *Halo*, 136 S. Ct. at 1936.

In short, Corephotonics' amendment fails to cure the inadequacies in its willfulness allegations as instructed by the Court. (Morton Decl., Ex. 1, Mar. 28, 2018 Tr. at 10:13-19.) Even accepting Corephotonics' allegations as true, this is not a willful infringement case under *Halo*. Instead, at best, the FAC reflects a classic scenario: after Apple declined its business propositions, Corephotonics turned to a different approach to try to extract revenue from Apple. It engaged litigation counsel. At that point, the record is clear that Corephotonics had no basis for a willfulness claim, as it had never notified Apple of the Asserted Patents or any alleged infringement. It therefore sent Apple a self-serving, purported "notice of infringement" and waited only four business days before filing the complaint. But this type of last-minute, litigation-inspired "notice" cannot support a claim of willful infringement under *Halo*. The FAC does not allege any specific conduct by Apple other than that Apple "did not respond" in the six calendar days (which includes a Saturday and Sunday) before the complaint was filed. (FAC, ¶ 37.) Such a bare allegation does not show "wanton and malicious" behavior or otherwise "egregious" conduct under *Halo*. Corephotonics' willfulness claims therefore

1 should be dismissed with prejudice.  (ECF No. 38 at 1.)

2 **II.    COREPHOTONICS DOES NOT SUFFICIENTLY ALLEGE FACTS TO MAINTAIN A CLAIM FOR WILLFUL INFRINGEMENT**

3

4 **A.    Legal Standards**

5 A dismissal under Fed. R. Civ. P. 12(b)(6) is proper where, as here, there is a "lack of a

6 cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

7 *Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1112 (N.D. Cal. 2016)

8 (citations omitted).  The complaint must plead "enough facts to state a claim [for] relief that is plausible

9 on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A Court will not assume facts not

10 alleged, nor will it draw unwarranted inferences, but should draw on its common sense and judicial

11 experience. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

12 The Supreme Court in *Halo* confirmed that willful infringement should be reserved for an

13 "egregious case of misconduct beyond typical infringement."  *Halo*, 136 S. Ct. at 1935; *see also id.* at

14 1936 (Breyer, J., concurring) (knowledge of the patent "*and nothing more*" does not necessitate

15 enhanced damages (emphasis in original)).  Enhanced damages "are not to be meted out in a typical

16 infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious

17 infringement behavior." *Id.* at 1932.  The Supreme Court stated that enhanced damages are only

18 appropriate in narrow circumstances such as where the alleged infringer acted as a "'wanton and

19 malicious pirate' who intentionally infringes another's patent—with no doubts about its validity or

20 any notion of a defense—for no purpose other than to steal the patentee's business." *Id.* at 1936.

21 Accordingly, after *Halo*, courts routinely grant motions to dismiss willful infringement claims

22 when the plaintiff fails to allege facts that "support a plausible inference that [the alleged infringer]

23 engaged in 'egregious' conduct that would warrant enhanced damages . . . ." *See, e.g.*, *Finjan, Inc., v.

24 Cisco Sys., Inc.*, No. 17-cv-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017); *see also

25 Varian Med. Sys., Inc. v. Elekta AB*, No. 15-871-LPS, 2016 WL 3748772, at *8 (D. Del. July 12, 2016)

26 (dismissal for failing to state facts demonstrating that the defendant's actions "actually amounted to

27 an egregious case of infringement of the patent"); *CG Tech. Dev., LLC v. Zynga, Inc.*, No. 2:16-cv-

28 00859-RCJ-VCF, 2017 WL 662489, at *4 (D. Nev. Feb. 17, 2017); *accord Monolithic Power Sys.,*

1    *Inc. v. Silergy Corp.*, 127 F. Supp. 3d 1071, 1077 (N.D. Cal. 2015) (granting motion to dismiss pre-
2    *Halo* because the patent owner "has not . . . included any facts that would allow a trier of fact to
3    conclude that the defendants acted with a level of intent that is more culpable than the typical
4    infringer.").

5         In addition, the Federal Circuit has consistently held that "[k]nowledge of the patent alleged to
6    be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*,
7    829 F.3d 1317, 1341 (Fed. Cir. 2016).  To willfully infringe, the "patent must exist and [the alleged
8    infringer] must have knowledge of it."  *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236
9    (Fed. Cir. 1985); *see also Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510-11
10   (Fed. Cir. 1990) ("[A] party cannot be found to have 'willfully' infringed a patent of which the party
11   had no knowledge.").

12        **B.     Summary of Allegations in the FAC Regarding the Asserted Patents**

13        The FAC alleges a history of conduct involving Corephotonics and Apple in an attempt to
14   survive this anticipated motion, but the vast majority of the factual allegations have no bearing on
15   Corephotonics' claim that Apple willfully infringed the Asserted Patents.  The factual allegations
16   focus primarily on discussions about a potential "strategic partnership" between Corephotonics and
17   Apple between June 2012 and August 2014, over a year before the first of the Asserted Patents had
18   issued. This period was followed by "sporadic" communications ending in August 2016, again with
19   no mention of the two patents that had issued in the interim, and no possibility of alleging infringement
20   of the other two patents which had not issued.  (FAC, ¶¶ 22-30, 32-36.)   The four Asserted Patents
21   did not issue until November 2015, July 2016, January 2017, and February 2017 respectively.  (FAC,
22   Exs. A-D.)

23        Since there was no mention of the patents in prior communications between the parties,
24   Corephotonics mined Apple's patent prosecution records to find any citations to the Asserted Patents
25   or any related patent applications.  The FAC alleges that various Apple patent prosecutions cited
26   published patent applications relating to three of the Asserted Patents and cited the issued '291 patent.
27   (FAC, ¶¶ 39-44.)  But the FAC does not allege any connection between those isolated patent
28   prosecution activities and any alleged awareness by Apple that its own products might infringe the

Asserted Patents.  (*See id.*)  There is no allegation that those citations were anything more than routine disclosures of potential prior art to the Patent Office.  The FAC does not allege that the individuals who provided those disclosures to the Patent Office had any awareness of Apple's communications with Corephotonics or any other knowledge relevant to this case.

The first and only alleged notice to Apple of any alleged infringement is a message Corephotonics sent on October 31, 2017, a mere six calendar days (including two weekend days) before it filed the original Complaint, purportedly notifying Apple that certain products "infringed Corephotonics' patents, including the '032, '712, '291 and '152 patents."  (*Id.*, ¶ 37.)  The FAC does not allege that any claim charts were included to show Apple how it allegedly infringed the Asserted Patents.  The FAC alleges that "Apple did not respond" to the message before the complaint was filed on November 6, 2017.  (*Id.*)

For reference, the following timeline summarizes key dates regarding the Asserted Patents and Corephotonics' purported claim that Apple willfully infringed them.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16

### C. Corephotonics' Willful Infringement Claims Fail Because The First Amended Complaint Does Not Allege Any Plausible Egregious Conduct

17

18   Corephotonics' willfulness claim fails because it does not allege any facts from which a

19   plausible conclusion could be reached that Apple has engaged in "egregious" conduct as required by

20   the Supreme Court's *Halo* decision. *Halo*, 136 S. Ct. at 1932, 1935 (willful infringement is typically

21   limited to "egregious cases of misconduct beyond typical infringement."). Courts in this District

22   require plaintiffs to specifically plead sufficient, plausible factual allegations of "egregious" conduct,

23   finding that allegations of knowledge of the patents alone is not sufficient to state a claim for willful

24   infringement post-*Halo*. *See, e.g.*, *XpertUniverse, Inc. v. Cisco Sys., Inc.*, No. 17-cv-03848-RS, 2017

25   WL 4551519, at *6 (N.D. Cal. Oct. 11, 2017) ("Although [plaintiff] has alleged knowledge and

26   continued infringement, it needs to do more to show that [defendant] has engaged in 'egregious cases

27   of misconduct beyond typical infringement that couple possibly warrant enhanced damages." (quoting

28   *Halo*, 136 S. Ct. at 1935)); *Finjan*, 2017 WL 2462423, at *5 ("[E]ven if [plaintiff] had adequately

alleged that [defendant] had pre-suit knowledge of the Asserted Patents, dismissal would also be warranted because the [first amended complaint] does not contain sufficient factual allegations to make it plausible that [defendant] engaged in 'egregious' conduct that would warrant enhanced damages under *Halo*.").   The allegedly culpable "egregious" behavior underlying a willful infringement claim "is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo*, 136 S. Ct. at 1933; *see also Finjan,* 2017 WL 2462423, at *3 ("what matters is the actor's subjective state of mind at the time of the challenged conduct.").

Corephotonics' FAC does not allege any specific facts about Apple's course of conduct with respect to the Asserted Patents themselves, its subjective intent after receiving notice of those patents, or any other aspects of Apple's behavior that would suggest that Apple acted "egregiously" with respect to any alleged infringement of the Asserted Patents. *Finjan,* 2017 WL 2462423, at *5 (dismissing willful infringement allegations where plaintiff "[made] no specific factual allegations about [the accused infringer's] subjective intent, or any other aspects of [the accused infringer's] behavior that would suggest its behavior was 'egregious'").   Instead, Corephotonics makes the conclusory assertion that Apple's alleged infringement "has been and continues to be wanton, deliberate, egregious, and willful" followed by cookie-cutter allegations about Apple's allegedly egregious conduct. (FAC, ¶¶ 48, 61, 74 and 87.)  However, none of Corephotonics' factual allegations are connected to any acts that could support a finding that Apple knew of the alleged ***infringement of the Asserted Patents*** at the time of the alleged conduct such that its alleged infringement was "egregious." *See Halo*, 136 S. Ct. at 1933.  Instead, Corephotonics alleges that receiving information about technology, NOT patents is enough to shift a burden to Apple to somehow know it was willful despite never being given any actual notice of infringement.  Simply alleging that: (1) "Apple was engaged in five years of technical and business discussions surrounding a potential collaboration"; (2) "Apple repeatedly expressed interest in learning more about and ultimately obtaining the right to use Corephotonics' technology and intellectual property in the software and hardware associated with" the accused functionality; (3) Corephotonics disclosed designs to Apple and told Apple it was seeking patent protection in 2013; (4) Apple received samples of designs from Corephotonics; and (5) Apple

7.

generally knew that Corephotonics may have had patents and pending applications, is not enough (FAC, ¶¶ 48, 61, 74 and 87).[2]

In fact, when evaluated at the time of the alleged conduct as required under *Halo*, none of Corephotonics' allegations of egregious conduct can plausibly be tied to Apple having any knowledge of any alleged infringement of the Asserted Patents.[3]  *Halo*, 136 S. Ct. at 1933 (culpable behavior "is generally measured against the knowledge of the actor at the time of the challenged conduct."). Virtually all of the alleged "egregious" activities occurred between June 2012 and August 2014. (FAC, ¶¶ 22-30.)  But all of these allegedly "egregious" activities took place *before* the Asserted Patents *issued*.[4]  Indeed, most of the allegedly "egregious" activities took place before most of the underlying *applications* for the Asserted Patents were even filed.[5]  By Corephotonics' own admission, after August 2014 communications with Apple became "sporadic" and did not mention a single Asserted Patent or allegation of infringement until Corephotonics' self-serving "notice" six days before the original Complaint was filed.  (FAC, ¶¶ 31-37.)  Corephotonics' reliance on activities disconnected from the alleged infringement (and prior to the issuance or even filing of the applications for the Asserted Patents) is insufficient to plausibly allege egregious conduct, providing a further basis to dismiss Corephotonics' claims for willful infringement.  *See Finjan,* 2017 WL 2462423, at *5 ("because [Plaintiff] has failed to make sufficient factual allegations that . . . [the accused infringer's]

---

[2]  Notably, like the alleged "notice" correspondence, Corephotonics does not attach any correspondence or other evidence of the alleged egregious behavior.
[3]  While the '291 patent was allegedly referenced in the prosecution of certain Apple patent applications, Corephotonics does not plead any plausible facts that Apple connected those citations with any Apple products or any alleged infringement or otherwise did anything improper based upon alleged knowledge of the '291 patent, let alone "wanton and malicious" conduct.  *Halo*, 135 S. Ct. at 1926 (reserving willful infringement for narrow circumstances where the accused infringer acts as a "'wanton and malicious pirate' who intentionally infringes a patent—with no doubts about its validity or any notion of a defense—for no purpose other than to steal the patentee's business.") (citation omitted).
[4]  The '291 patent issued on November 10, 2015.  (FAC, Ex. C.) The '032 patent issued on July 26, 2016.  (FAC, Ex. A.) The '152 patent issued on January 3, 2017.  (FAC, Ex. D.) The '712 patent issued on February 14, 2017. (FAC, Ex. B.)
[5]  The underlying application that led to the '032 and '712 patents were filed on June 20, 2014.  (FAC, Ex. A & B.)  The application for the '291 patent was filed on June 12, 2014. (FAC, Ex. C.)   The underlying application for the '152 patent was filed on November 23, 2013.  (FAC, Ex. D.) Several of the patent applications had corresponding provisional applications, but those applications are kept confidential by the U.S. PTO until the publication of a patent application or issued patent referencing or claiming benefit to the provisional application.  37 C.F.R. § 1.14(a)(1)(v)-(vi).

DEFENDANT'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT
(No. 5:17-cv-06457-LHK)

behavior was 'egregious . . . beyond typical infringement' it has failed to state a claim for willful infringement").

### D. Corephotonics' Allegations of Pre-Suit Knowledge Do Not Sustain a Plausible Willful Infringement Allegation

#### 1. Corephotonics' Litigation-inspired Pre-suit "Notice" Correspondence is Insufficient to Sustain a Plausible Willful Infringement Allegation

While all of Corephotonics' willful infringement claims should be dismissed for failing to plead plausible egregious conduct with respect to the Asserted Patents, the willful infringement allegations should also be dismissed due to Corephotonics' sham attempt to provide "notice" to Apple of the alleged infringement.   Less than one week before the original Complaint was filed, Corephotonics attempted to manufacture facts for a willful infringement claim as follows:

> 37.  On October 31, 2017, Corephotonics wrote to Apple informing it that after examining Apple's iPhone 7 Plus and 8 Plus cameras and zoom functionality, it believed that these products infringed Corephotonics' patents, including the '032, '712, '291 and '152 patents. Apple did not respond.  On November 6, 2017, Corephotonics filed the original Complaint in this action, which included a description of the infringement by Apple's iPhone 7 Plus product of the Asserted Patents.

(FAC, ¶ 37.)[6]

The reason for Corephotonics' last-minute message is transparent.  As they prepared to file this lawsuit, they presumably realized they had no basis for a willfulness claim.  In a last-minute effort to manufacture willfulness, Corephotonics sent a self-serving "notice" message and waited a few days before filing the complaint.  Courts have looked dimly on willful infringement claims that purport to rely on this type of eleventh-hour "notice" on the eve of filing suit.  *See, e.g., Intellectual Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d 495, 499-500(D. Del. 2014) (granting motion to dismiss where plaintiff sent letter alleging infringement one day before the complaint was filed); *cf. Evolved Wireless, LLC v. Samsung Elecs. Co.*, No. 15-545-SLR-SRF, 2016 WL 1019667, at *3-5 (D. Del. Mar. 15, 2016) (stating that "a notice letter [] filed one day before the infringement suit commences" is not sufficient, in contrast, fifty-two days may be enough time to respond even though it may not be enough time to "carefully assess the infringement risk").

---

[6] Corephotonics does not attach the October 31, 2017 correspondence to its First Amended Complaint, preventing the Court from evaluating the veracity of the assertions in paragraph 37.

Like those courts, the Court here should not credit Corephotonics with providing pre-suit notice to Apple sufficient to sustain a willfulness claim.  No facts are pleaded suggesting that Apple acted egregiously during the six days (which includes a Saturday and Sunday) between allegedly receiving "notice" and the filing of the original Complaint.  *See Halo*, 136 S. Ct. at 1933 ("egregious" behavior "is generally measured against the knowledge of the actor at the time of the challenged conduct.").  The only alleged conduct by Apple in response to the "notice" was that "Apple did not respond" before the complaint was filed six days later.  (FAC, ¶ 37.)  A bare allegation that a corporation simply had not yet responded to a charge of patent infringement within four business days falls far short of plausibly showing the type of "wanton and malicious" or otherwise "egregious" conduct required to establish willful infringement under *Halo*.  *Halo*, 136 S. Ct. at 1932, 1936.

### 2. Mere Awareness of Related Patenting Activity Is Insufficient to Sustain A Plausible Willful Infringement Claim

Nothing else in the FAC plausibly supports a claim that Apple willfully infringed the Asserted Patents.  Aside from the self-serving "notice" correspondence sent less than a week before the original Complaint was filed, Corephotonics does not otherwise allege that Apple had knowledge of the '032, '712 and '152 patents before Corephotonics filed suit.  Instead, Corephotonics relies on Apple's knowledge of related patent *applications*, which Courts routinely reject as insufficient to sustain a plausible willful infringement claim.  *See, e.g.*, *Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638 RS, 2012 WL 1831543, at *3 (N.D. Cal. May 18, 2012) ("mere alleged awareness of the [asserted] patent application does not imply the requisite knowledge of the existence of the later-issued [asserted] patent"); *Adidas Am., Inc. v. Skechers USA, Inc.*, 3:16-cv-01400-SI, 2017 U.S. Dist. LEXIS 89752, at *8-9 (D. Or. June 12, 2017) ("an infringer's knowledge of the patent application cannot, standing alone, constitute knowledge of the resulting, or issued, patent-in-suit."); *Sealant Sys. Int'l, Inc. v. TEK Global*, Nos. 11-00774 PSG, 11-1649 PSG, 2012 WL 13662, at *3 (N.D. Cal. Jan. 4, 2012) (holding that knowledge of a pending patent application does not support claim of willfulness); *LML Holdings, Inc. v. Pac. Coast Distrib., Inc.*, No. 11-CV-06173 YGR, 2012 WL 1965878, at *4-5 (N.D. Cal. May 30, 2012) (pre-suit knowledge of pending patent applications, but not the issued patent, was insufficient to support a claim of willful infringement).  Similarly, general knowledge of a patent

portfolio or patenting activity, without knowledge of the specific patents-in-suit, is not sufficient to plead a plausible claim for willful infringement. *See, e.g., Longitude Licensing v. Apple Inc.*, No. C-14-04275-EDL, 2015 WL 1143071, at *2 (N.D. Cal. Mar. 13, 2015) (granting motion to dismiss willful infringement allegations where Apple allegedly merely had knowledge of a patent portfolio, not the specific patents-in-suit).

For the '032 and '712 patents, Corephotonics alleges that Apple learned of a pending Corephotonics patent application that is a "family member of the '032 and '712 patents":

> 39.    For instance, Apple filed U.S. Patent Application No. 14/069,027 (the "'027 application"), which later issued as U.S. Patent No. 9,223,118. On February 18, 2015, the U.S. Patent & Trademark Office issued an Office Action in the prosecution of the '027 application. The examiner cited published application U.S. Pub. App. No. 2015/0029601A1 to Dror, *et al.* (the "Dror Application"), as anticipating, or rendering obviousness in combination with other references, all the pending claims of the '027 application. The Dror Application is a family member of the '032 and '712 patents asserted by Corephotonics in this case, and it shares the same specification and discloses embodiments described in the claims of the '032 and '712 patents. Amendments and arguments associated with those amendments were filed on May 15, 2015, which extensively discussed Corephotonics' patent application and analyzed purported differences between its disclosures and the claims of Apple's '027 application. The inventor of Apple's '027 application, Romeo Mercado continued to work for Apple through the introduction of the iPhone 7 Plus, and he appears to still be an employee of Apple.

(FAC ¶ 39; *see also* FAC, ¶ 43 (citing disclosure of Dror Application in two other Apple patent applications.)  Corephotonics' allegation fails because (1) a patent application is not a patent and cannot confer sufficient knowledge to plead willfulness and (2) the application is not even the underlying application for an Asserted Patent, but merely a family member. *State Indus.*, 751 F.2d at 1236 ("To willfully infringe a patent, the patent must exist and one must have knowledge of it. A 'patent pending' notice gives one no knowledge whatsoever.").

Similarly for the '152 patent, Corephotonics again only alleges that Apple had knowledge of the patent application that eventually issued as the '152 patent, not the *issued* '152 patent:

> 44.    Apple also disclosed the published application that issued as

1
2
3
4

> Corephotonics' asserted '152 patent, U.S. 2015/0085174, as prior art to
> its '720 application, submitted in Apple's March 24, 2016 IDS filing.
> Apple further cited the application that issued as the '152 patent, U.S.
> 2015/0085174, as prior art to its '716 application, in Apple's March 24,
> 2016 IDS filing, and its '135 application, in Apple's February 12, 2016
> IDS filing.

5   (FAC, ¶ 44.)  Again, the mere knowledge of a patent application is not sufficient to sustain a willful

6   infringement claim.  *State Indus.*, 751 F.2d at 1236.  Accordingly, Corephotonics' willful infringement

7   claims for the '032, '712 and '152 patents should therefore be dismissed with prejudice.  *See Sealant*

8   *Sys.,* 2012 WL 13662, at *3; *LML Holdings,* 2012 WL 1965878, at *4-5; *Vasudevan Software*, 2012

9   WL 1831543, at *3.

10          Likewise, Corephotonics' allegations that Apple had knowledge of the '291 patent merely

11   because it was cited on Information Disclosure Statements ("IDS") during prosecution of certain of

12   Apple's patent applications cannot sustain a willful infringement claim under *Halo*.  (*See* FAC, ¶¶ 40

13   and 42.)  No facts are alleged showing that Apple was aware of any allegations that Apple may have

14   been infringing the '291 patent when it was cited in IDS statements in 2016 nor that Apple acted

15   egregiously with respect to that patent.  Courts have held that merely citing an asserted patent during

16   prosecution of an accused infringer's patent may not be sufficient to establish the knowledge necessary

17   to survive a motion to dismiss.  *See Spherix Inc. v. Juniper Networks, Inc.*, No. 14-578-SLR, 2015

18   WL 1517508, at *2-3 (D. Del. Mar. 31, 2015) ("The fact that the [asserted] patent was referenced

19   during prosecution of two of defendant's over 1,700 patents is not compelling evidence of

20   knowledge.") (internal citations omitted); *Bonutti Skeletal Innovations, LLC v. Globus Med. Inc.*, No.

21   14-6650, 2015 WL 3755223, at *11-12 (E.D. Pa. June 15, 2015) ("The fact that [the accused infringer]

22   listed [the asserted] patent in connection with the prosecution of its own patent does not indicate that

23   those patents were "called to the attention" of the defendant as a potential infringement risk.").  While

24   some other courts pre-*Halo* did permit willful infringement pleadings based on a bare allegation that

25   an asserted patent was cited during prosecution of an accused infringer's patent application, *see, e.g.*,

26   *OpenTV, Inc. v. Apple, Inc.*, No. 14-cv-01622-HSG, 2015 WL 1535328, at *7-8 (N.D. Cal. Apr. 6,

27   2015), such allegations standing alone would not survive post-*Halo* without additional factual

28   allegations sufficient to show egregious conduct.  *See Halo*, 136 S. Ct. at 1932-33; *id.* at 1936 (Breyer,

1  J., concurring) (knowledge of the patent "*and nothing more*" is not enough) (emphasis in original).

2  **III.    CONCLUSION**

3       For the foregoing reasons, Apple respectfully requests that the Court dismiss Corephotonics'

4  claims for willful infringement in the FAC with prejudice.

5

6  Dated:     April 25, 2018     COOLEY LLP

7

8       */s/ Heidi Keefe*
     HEIDI KEEFE (176960)

9       (hkeefe@cooley.com)
     LOWELL MEAD (223989)

10       (lmead@cooley.com)
     PRIYA B. VISWANATH (238089)

11       (pviswanath@cooley.com)
     3175 Hanover Street

12       Palo Alto, CA  94304
     Telephone:   (650) 843-5000

13       Facsimile:   (650) 849-7400

14       COOLEY LLP
     STEPHEN SMITH (*pro hac vice*)

15       stephen.smith@cooley.com
     PHILLIP MORTON (*pro hac vice*)

16       (pmorton@cooley.com)
     1299 Pennsylvania Avenue

17       NW, Suite 700
     Washington, DC 20004-2400

18       Telephone: (202) 842-7800
     Facsimile:   (202) 842-7899

19       *Attorneys for Defendant Apple Inc.*

20

21

22

23

24

25

26

27

28

13.