| | |
|---|---|
| RUSS, AUGUST & KABAT<br>Marc Fenster (CA Bar No. 181067)<br>Neil Rubin (CA Bar No. 250761)<br>Bahrad A. Sokhansanj (CA Bar No. 285185)<br>Benjamin Wang (CA Bar No. 228712)<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, California 90025<br>Telephone: (310) 826-7474<br>Facsimile: (310) 826-6991<br>mfenster@raklaw.com<br>nrubin@raklaw.com<br>bsokhansanj@raklaw.com<br>bwang@raklaw.com<br><br>*Attorneys for Plaintiff*<br>Corephotonics, Ltd. | COOLEY LLP<br>Heidi Keefe (176960)<br>(hkeefe@cooley.com)<br>Lowell Mead (223989)<br>(lmead@cooley.com)<br>Priya B. Viswanath (238089)<br>(pviswanath@cooley.com)<br>3175 Hanover Street<br>Palo Alto, California 94304<br>Telephone: (650) 843-5000<br>Facsimile: (650) 849-7400<br><br>COOLEY LLP<br>Stephen Smith (*Pro Hac Vice*)<br>stephen.smith@cooley.com<br>Phillip Morton (*Pro Hac Vice*)<br>(pmorton@cooley.com)<br>1299 Pennsylvania Avenue NW, Suite 700<br>Washington, DC 20004-2400<br>Telephone: (202) 842-7800<br>Facsimile: (202) 842-7899<br><br>*Attorneys for Defendant*<br>Apple, Inc. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>APPLE, INC.<br><br>　　　　　　Defendant. | Case No. 5:17-cv-06457-LHK (lead case)<br>Case No. 5:18-cv-02555-LHK (NCx)<br><br>Judge: Honorable Lucy H. Koh<br><br>**ESI STIPULATION AND [PROPOSED] ORDER** |

    Plaintiff Corephotonics, Ltd. ("Plaintiff") and Defendant Apple Inc. ("Defendant") hereby agree that the following procedures shall govern discovery of Electronically-Stored Information ("ESI") in this case:

1. **Custodian names and search terms to be exchanged.** The parties shall meet and confer to reach agreement on a reasonable list of custodians for purposes of collection, review and production of electronically stored information. In connection with the meet and confer process, each party shall provide a proposed list of individual custodians who are knowledgeable about subjects relevant to the parties' claims and defenses raised in this case. The parties then shall meet and confer to reach agreement on document custodians and also shall meet and confer to reach agreement on search terms to be used for electronic searches of the files from those custodians. ESI, including, but not limited to electronic files and email, shall be collected for each individual custodian from the personal computers, network resources, and other electronic devices that those individuals use for work purposes. Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search produce an unreasonably large number of non-responsive or irrelevant results, the parties shall (at the producing party's request) meet and confer to discuss application of further negative search restrictions (e.g., if a single search was for "card" and ninety percent of the resulting documents came from the irrelevant term "credit card," a negative limitation to ignore documents only returned as a result of "credit card" may be applied to remove these documents). The party receiving production shall not unreasonably oppose such further restrictions designed to filter immaterial search results. The parties shall make good faith efforts to identify appropriate email custodians and produce email on the agreed upon schedule, but the parties reserve the right to seek email from additional email custodians identified through discovery.

2. **Production of Email.** At this time, the parties have each objected to each other's first sets of document production requests pursuant to Federal Rule Civil Procedure 34, on the grounds that they are unduly burdensome and not proportional to the needs of the case. After meeting and conferring, the parties have agreed that general ESI production requests propounded on either party to this litigation under Federal Rules of Civil Procedure 34 must not be construed to include email or other forms of electronic correspondence (collectively "email"). Instead, to obtain email, the parties must propound specific email production requests. These Email production requests will only be propounded for specific issues, rather than general discovery of a

product or business. Email production requests will occur after the parties have exchanged initial disclosures, initial discovery responses, basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. Email production requests will identify the custodian, search terms, and time frame. The parties will cooperate to identify the proper custodians, proper search terms and proper time frames. Each requesting party must limit its email production requests to a total of 5 custodians and 5 search terms per custodian, where the custodians must be a subset of the custodians discussed in paragraph 1. After email is produced, the parties may jointly agree to modify this limit without the Court's leave. The Court will consider contested requests for additional custodians and/or additional search terms per custodian, upon showing of good cause and distinct need based on the size, complexity, and issues of this specific case. The search terms must be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and will count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase will count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and must be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests for additional custodians or search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party may bear all reasonable costs caused by such additional discovery.

3. Notwithstanding the foregoing, should a search produce an unreasonably large number of non-responsive or irrelevant emails, the producing party shall notify the receiving party of the issue, and the parties shall meet and confer to discuss application of further negative search restrictions (e.g., if a single search was for "card" and ninety percent of the resulting emails came from the irrelevant term "credit card," a negative limitation to ignore emails only returned as a result of "credit card" may be applied to remove these documents).

4. **Format for production of documents – documents existing in electronic format.** Except as otherwise provided for in this Stipulation, all documents existing in electronic format shall be produced in multiple page, searchable PDF format at a resolution of at least 300 dpi in accordance with the following:

(a) PDF files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document.

(b) For documents which already exist in PDF format prior to production (i.e., which the producing party receives from a client or third party in PDF format), the producing party may provide them in that same PDF format, whether searchable or non-searchable. For documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF.

(c) **Metadata.** Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached as Exhibit A. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

(d) **Production media and encryption of productions.** Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on CDs, DVDs, external hard drives or SFTP, as appropriate. The producing party shall either (1) encrypt the production data using WinRAR encryption and forward the password to decrypt the production data separately from the CD, DVD, external drive or SFTP to which the production data is saved, or, (2) upload the production data in a compressed format and forward the username and password to a secure FTP server to which the production data is saved.

5. **Format for production of documents – hardcopy or paper documents.** All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

6. **Source code.** This Stipulation does not govern the format for production of source code, which shall be produced pursuant to the relevant provision of the Protective Order.

7. **Parent and child emails.** The parties shall produce email attachments sequentially after the parent email.

8. **Native files.** The parties will meet and confer to discuss requests for the production of files in native format, on a case-by-case basis. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

9. **Databases.** Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table. These reports or data tables will be produced in a static format. The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

10. **Requests for hi-resolution or color documents.** The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

11. **Foreign language documents.** All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all

English-language versions.  In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation.  Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  June 25, 2018          COOLEY LLP

*/s/ Bahrad A. Sokhansanj*
Bahrad A. Sokhansaj

*Attorneys for Plaintiff Corepphotonics, Ltd..*

Dated:  June 25, 2018          COOLEY LLP

*/s/ Heidi Keefe*
Heidi L. Keefe

*Attorneys for Defendant Apple Inc.*

PURSUANT TO STIPULATION, IT IS SO ORDERED

Dated: June 26, 2018

United States District



GRANTED
Judge Nathanael M. Cousins
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT A

# TABLE OF METADATA FIELDS

| **Field Name** | **Specifications Field Name** | **Field Type** | **Description (Email)** | **Description (E-Files/Attachments)** |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |
| DateSent | | Date (MM/DD/YYYY format) | The date the email was sent. (May, but need not also include time.) | For email attachments, the date the parent email was sent. |
| DateReceived | | Date (MM/DD/YYYY format) | The date the email was received. (May, but need not also include time.) | For email attachments, the date the parent email was received. |
| DateCreated | | Date (MM/DD/YYYY format) | | Date the document was created. |

| DateModified | | Date (MM/DD/YYYY format) | | Date the document was last modified. |
|---|---|---|---|---|
| Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |