| | |
|---|---|
| RUSS, AUGUST & KABAT<br>Marc A. Fenster (CA Bar No. 181067)<br>Benjamin T. Wang (CA Bar No. 228712)<br>Neil A. Rubin (CA Bar No. 250761)<br>Bahrad A. Sokhansanj (CA Bar No. 285185)<br>James S. Tsuei (CA Bar No. 285530)<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, California 90025<br>Telephone: (310) 826-7474<br>Facsimile: (310) 826-6991<br>mfenster@raklaw.com<br>bwang@raklaw.com<br>nrubin@raklaw.com<br>bsokhansanj@raklaw.com<br>jtsuei@raklaw.com<br><br>*Attorneys for Plaintiff*<br>Corephotonics, Ltd. | COOLEY LLP<br>Heidi Keefe (176960)<br>(hkeefe@cooley.com)<br>Lowell Mead (223989)<br>(lmead@cooley.com)<br>Priya B. Viswanath (238089)<br>(pviswanath@cooley.com)<br>3175 Hanover Street<br>Palo Alto, California 94304<br>Telephone: (650) 843-5000<br>Facsimile: (650) 849-7400<br><br>COOLEY LLP<br>Stephen Smith (*Pro Hac Vice*)<br>stephen.smith@cooley.com<br>Phillip Morton (*Pro Hac Vice*)<br>(pmorton@cooley.com)<br>1299 Pennsylvania Avenue<br>NW, Suite 700<br>Washington, DC 20004-2400<br>Telephone: (202) 842-7800<br>Facsimile: (202) 842-7899<br><br>*Attorneys for Defendant*<br>Apple, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 5:17-cv-06457 (Lead Case)<br>5:18-cv-02555-LHK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: September 27, 2018<br>Time: 1:30 p.m.<br>Dept.: Courtroom 8<br>Judge: Honorable Lucy H. Koh<br>Date Filed: September 20, 2018<br>Trial Date: January 13, 2020 |

Plaintiff Corephotonics, Ltd. ("Corephotonics") and Defendant Apple, Inc. ("Apple") (together, "the Parties") jointly submit this Case Management Statement in anticipation of the Further Case Management Conference scheduled on September 27, 2018 at 1:30 PM.

I. **JURISDICTION AND SERVICE**

This is a patent infringement action. This Court has subject matter jurisdiction over this action at least under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b). All named parties have been served and there are no unresolved issues relating to service of process.

II. **DEVELOPMENTS SINCE THE PREVIOUS CASE MANAGEMENT CONFERENCE**

A. **Progress and Changes in the Case Since the Previous Case Management Statement**

The following progress or changes have occurred in this case since the last case management statement filed by the parties on May 16, 2018:

- Apple's IPR Petitions
    - Apple filed IPR petitions on all asserted claims of all patents that Apple is statutorily permitted to file. Corephotonics did not file a Patent Owner Preliminary Response ("POPR") for Apple's first three IPR petitions. The POPRs are due on November 7, 2018 for the remaining two IPR petitions. Institution Decisions on all of the filed IPR petitions are due by or before February 7, 2019.
    - Apple has prepared and is ready to file an IPR on the asserted claims of the '568 patent on October 3, 2018.[1] With the filing of this IPR petition, Apple will have filed IPR petitions on all patents-in-suit.

---

[1] **Apple's Statement:** The '568 patent is a post-AIA patent, so an IPR may not be filed until after the date that is nine months after issuance. 35 U.S.C. § 311(a). The '568 patent issued on January 2, 2018, making the first available day for filing an IPR October 3, 2018.
**Corephotonics' Statement:** Under the AIA, Apple has had the statutory option to file a petition for a post-grant review (PGR) challenging the validity of the '568 patent since the date the patent issued. 35 U.S.C. § 321(a). Apple has not filed a PGR petition on the '568 patent, however.

o The chart below summarizes the status of the IPRs for the asserted patents:

| Patent | IPR No. | Claims Challenged | POPR Due | POPR Filed? | Expected Institution Decision Date |
|---|---|---|---|---|---|
| 9,538,152 | IPR2018-01133 | 1-4 | 9/5/2018 | N | 12/5/2018 |
| 9,402,032 | IPR2018-01140 | 1, 13-15 | 9/5/2018 | N | 12/05/2018 |
| 9,568,712 | IPR2018-01146 | 1-2, 6-7, 12-17, 19 | 09/11/2018 | N | 12/11/2018 |
| 9,185,291 | IPR2018-01348 | 1-7, 10, and 12-13 | 11/07/2018 | | 02/07/2019 |
| 9,568,712 | IPR2018-01356 | 1, 12-14 | 11/07/2018 | | 02/07/2019 |
| 9,857,568 | (to be filed 10/3) | 1-5 | | | |

- Apple served its Patent Local Rule 3-3 and 3-4 disclosures for the -06457 case on May 29, 2018. Apple served its Patent Local Rule 3-3 and 3-4 disclosures for the -02555 case on August 29, 2018.
- Corephotonics served its Patent Local Rule 3-1 and 3-2 disclosures on May 30, 2018 for the -02555 case on May 30, 2018.
- Apple filed a motion to dismiss willful infringement claims in the -02555 case on May 24, 2018, Corephotonics filed its opposition brief on June 7, 2018 and Apple filed its reply brief on June 14, 2018.
- A Protective Order and Order on ESI discovery were entered on June 26, 2018 (Doc. Nos. 77-78).
- Corephotonics served damages contentions on July 18, 2018, and Apple served responsive damages contentions on August 17, 2018.
- The parties exchanged terms for claim construction on September 12, 2018.
- The parties conducted mediation on September 14, 2018, with Hon. Mag. Judge Jay Gandhi (Ret.) of JAMS.

## III. LEGAL ISSUES

The principal disputed legal issues remain unchanged from the Case Management Statement filed by the Parties on March 21, 2018 (Dkt. No. 32).

## IV. PENDING MOTIONS

<u>Motions to Dismiss</u>: Apple's motions to dismiss Corephotonics' willful infringement allegations in both the -06457 and -02555 cases are fully briefed and currently scheduled for a hearing on September 27, 2018.

<u>Corephotonics' Proposed Motion to Amend Infringement Contentions</u>:

**Corephotonics' Position:** On September 12, 2018, Apple announced that it would soon begin selling two new iPhone models, the XS and XS Max, which feature dual wide-angle / telephoto cameras. Based on Apple's public announcements about the specifications of the telephoto cameras in the iPhone XS and XS Max models, they infringe at least claim 14 of the '712 patent and all claims (1-5) of the '568 patent in the same manner as the iPhone X. Accordingly, Corephotonics will meet and confer with Apple on a proposed motion to amend the infringement contentions to add the XS and XS Max as accused products that infringe the claims that have been asserted against the iPhone X, claim 14 of the '712 patent and all claims (1-5) of the '568 patent.

**Apple's Position:** Corephotonics has not alleged any good cause for amending the infringement contentions at this juncture. When Corephotonics identifies its good cause, Apple will meet and confer with Corephotonics in good faith about any proposed amendments.

**Apple's Proposed Motion to Stay:**

**Apple's Position:** Apple seeks to stay this case pending institution, and if instituted, until final resolution of Apple's IPR petitions. Apple believes a stay is appropriate now because Corephotonics has not even bothered to file responses to Apple's IPR petitions, increasing the likelihood that the IPRs will be instituted. Apple is prepared to promptly file a motion to stay, but first seeks the Court's guidance on the timing of the motion to stay.

Apple notes, in response to Corephotonics' argument below, that there is nothing dilatory or unreasonable about Apple diligently filing an IPR petition on the first day IPR becomes available for this patent after diligently preparing and filing IPR petitions challenging the four other patents-in-suit.

1    **Corephotonics' Position:** Corephotonics would oppose a motion to stay the cases prior to a decision as to whether an IPR will be instituted on *any* of the patents-in-suit. As pointed out above, the Patent Office's decision to institute any of Apple's pending petitions is not due until December 5. Apple has two other petitions for which the POPR deadlines are still nearly two months out. Apple has also chosen to delay seeking review of the '568 patent until it could file a petition for IPR instead of for post-grant review. The Patent Office's institution decision on any petition will also be at its own discretion, regardless of whether Corephotonics were to file a POPR or not. The undue prejudice to Corephotonics as a result of staying the litigation to Apple's tactical advantage, therefore, clearly outweighs the hypothetical effect of Apple's having filed IPR petitions that the PTO has yet to decide.

## V. AMENDMENTS OF PLEADINGS

No amendment of pleadings is necessary at this time.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the District's Guidelines Relating to Electronically Stored Information ("ESI"). The parties have met and conferred regarding taking reasonable and proportional steps to preserve evidence relevant to the issues reasonably evident in this action, and an Order on ESI discovery was entered on June 26, 2018.

## VII. DISCLOSURES

The parties served their initial disclosures on April 11, 2018, and supplemental initial disclosures on June 6, 2018.

## VIII. DISCOVERY

### A. Discovery to Date

The parties have exchanged initial sets of discovery requests and responses. Both parties have produced documents, including the documents required by Patent L.R. 3-2 and 3-4.

### B. E-Discovery Order and Protection Order Issues

The Protective Order and Order on ESI discovery were entered on June 26, 2018.

### C. Issues relating to Privilege and Privilege Log

The parties will continue to work cooperatively to reach agreement on issues concerning privilege and privilege logs that is consistent with the needs of the case.

**D. Scope of Anticipated Discovery**

The scope of anticipated discovery remains unchanged from the Case Management Statement filed by the Parties on March 21, 2018. (Dkt. No. 32.)

**E. Changes to Discovery Limitations**

The parties agree that no changes to discovery limitations are necessary at this time.

**IX. CLASS ACTION**

This case is not a class action.

**X. RELATED CASES**

The -06457 and -02555 cases have been consolidated for pretrial purposes. No other related cases are pending.

**XI. RELIEF**

The parties' statements of relief remain unchanged from the Case Management Statement filed by the Parties on March 21, 2018. (Dkt. No. 32.)

**XII. SETTLEMENT AND ADR**

The parties conducted mediation with the Hon. Mag. Judge Gandhi (Ret.) on September 14, 2018, at JAMS in San Francisco. The parties are continuing their discussions following the mediation.

**XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to have a magistrate conduct all further proceedings including trial and entry of judgment. (*See* Dkt. No. 12.)

**XIV. OTHER REFERENCES**

At this time, the parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV. NARROWING ISSUES**

Apple has moved to dismiss the willful infringement allegations in the Corephotonics complaint, which may narrow issues in the case. The parties do not believe any further narrowing of issues is required at the present time. The parties anticipate further narrowing of claims and prior art references in the event that the cases proceed further towards trial.

## XVI. EXPEDITED TRIAL PROCEDURE

At this time, the parties do not believe that this case is appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVII. SCHEDULING

The Court entered a Case Management Order following May 23, 2018 Case Management Conference. (Dkt. No. 67.) The parties do not believe any modifications to that schedule are currently required. Apple believes the case schedule should be stayed pending final resolution of Apple's IPR petitions.

## XVIII. TRIAL

Corephotonics has demanded that the case be tried by jury. The parties understand that the Court holds trial Mondays, Tuesday, and Fridays from 9:00 am to 4:30 pm. To the extent that a trial occurs, the parties currently expect that trial will take approximately five (5) days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to paragraph 19 of the Standing Order for All Judges re Contents of Joint Case Management Statement, the parties have filed Certifications of Interested Entities or Persons as required by Local Rule 3-15. Neither party is aware of any "Interested Entities or Persons" other than the named parties.

## XX. PROFESSIONAL CONDUCT

The parties confirm that all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER MATTERS

The parties' statements pursuant to Patent Local Rule 2-1 remain unchanged from the Case Management Statement filed by the Parties on March 21, 2018. (Dkt. No. 32.)

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

7

5:17-CV-06457

Dated: September 20, 2018       RUSS AUGUST & KABAT


*/s/ Marc A. Fenster*
Marc A. Fenster
*Attorneys for Plaintiff Corephotonics, LTD.*


COOLEY LLP


*/s/ Heidi Keefe*
Heidi Keefe (176960)
*Attorneys for Defendant Apple, Inc.*

**CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served on September 20, 2018, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5. Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

<u>         /s/ *Marc A. Fenster*         </u>