UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 17-CV-06457-LHK<br><br>**ORDER STAYING CASE PENDING INTER PARTES REVIEW** |

On December 11, 2018, Defendant Apple, Inc. ("Defendant") notified the Court that the Patent Trial and Appeal Board ("PTAB") has instituted inter partes review ("IPR") on all asserted claims of three of the five patents-in-suit owned by Plaintiff Corephotonics, Ltd. ("Plaintiff"). ECF No. 99. Pending before the PTAB are two petitions against all asserted claims of the remaining two patents-in-suit. *Id.* at 1.

The power to stay proceedings in a case is a matter within the Court's discretion. *See Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 806 (N.D. Cal. 1998) (citing *Landis v. Am. Water Works & Elec. Co.*, 299 U.S. 248, 254–55 (1936)). "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal.

1
Case No. 17-CV-06457-LHK
ORDER STAYING CASE PENDING INTER PARTES REVIEW

2015) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)). Courts have recognized "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Id.* (citation omitted).

Courts consider three factors when determining whether to grant a stay pending IPR. The first factor is whether the litigation has progressed significantly enough for a stay to be disfavored. *See AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011) (granting stay where parties had not exchanged expert reports and court had not held claim construction hearing). Here, the parties have not filed dispositive motions or initiated expert discovery and the Court has not held a claim construction hearing, all of which demonstrate that the case is still in its beginning stages.

The second factor is whether granting a stay could simplify the litigation. *Finjan*, 139 F. Supp. 3d at 1035 (citation omitted). "A stay may also be granted in order to avoid inconsistent results . . . or avoid needless waste of judicial resources." *Evolutionary Intelligence LLC v. Apple, Inc.*, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014). The second factor weighs strongly in favor of a stay, given that IPR could result in invalidation or amendment of Plaintiff's claims. At the very least, continuing with the instant lawsuit while IPR proceeds risks inconsistent results. *PersonalWeb Tech., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1027 (N.D. Cal. 2014) (noting that courts have stayed lawsuits pending IPR even where IPR was not yet instituted).

Finally, the third factor—whether a stay prejudices Plaintiff or gives Defendant a clear tactical advantage—does not weigh against a stay at this early litigation stage. *Id.* at 1029 (collecting cases for proposition that "delay necessarily inherent in any stay" does not constitute undue prejudice). Moreover, Defendant promptly filed with the Court notices of IPR institution, and there is no evidence of gamesmanship on Defendant's part. ECF Nos. 97, 99.

Therefore, the Court, in its discretion, hereby STAYS the case until the Court orders otherwise. The parties shall inform the Court within two business days of the PTAB's completion of IPR on the three patents-in-suit for which IPR has been instituted. Further, the parties shall inform the Court within two business days of the PTAB's decision on whether to institute IPR on

the two remaining patents-in-suit.  The Clerk shall administratively close the file.  This is a purely administrative procedure that does not affect the rights of the parties.

**IT IS SO ORDERED.**

Dated:  December 14, 2018

_____
LUCY H. KOH
United States District Judge