RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
mfenster@raklaw.com
Benjamin T. Wang, State Bar No. 228712
bwang@raklaw.com
Neil A. Rubin, State Bar No. 250761
nrubin@raklaw.com
James S. Tsuei (CA Bar No. 285530)
jtsuei@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile:  (310) 826-6991

Attorneys for Plaintiff
COREPHOTONICS, LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREPHOTONICS, LTD.<br><br>             Plaintiff,<br><br>vs.<br><br>APPLE INC.<br><br>             Defendant. | Case No. 5:17-cv-06457-LHK (Lead Case)<br>Case No. 5:18-cv-02555-LHK<br><br>**COREPHOTONICS, LTD.'S MOTION TO LIFT STAY** |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................... 3

II. FACTUAL BACKGROUND ..................................................................................... 4

    A. Corephotonics' Patent Infringement Suits............................................................ 4

        1. Case Nos. 17-cv-06457 and 18-cv-02555 ................................ 4

    B. Case No. 19-cv-04809 ......................................................................... 5

    C. Apple's IPRs Concerning the Asserted Patents and the Related Appeals ............................................................................................................. 6

    D. The Irreparable Harm to Corephotonics Caused by Apple's Continued Infringement During the Stay ............................................. 7

III. LEGAL STANDARD.................................................................................................. 8

IV. ARGUMENT .............................................................................................................. 8

    A. Continuing the Stay Will Not Result in Any Additional Simplification of the Issues; Allowing This Case to Proceed to Trial Is the Most Efficient Path to Resolving All Cases Between Apple and Corephotonics ..................................................................................... 8

    B. Corephotonics Will Be Significantly Prejudiced if the Stay Is Continued............................................................................................................. 11

    C. The Stage of the Litigation Favors Lifting the Stay ........................... 12

V. CONCLUSION........................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*In re Cuozzo Speed Techs., LLC,*
   793 F.3d 1268 (Fed. Cir. 2015) ................................................................... 8

*MasterObjects, Inc. eBay, Inc.,*
   No. 4:16-cv-06824-JSW, Dkt. 49 (N.D. Cal. Nov. 7, 2018) .................. 10, 12

*Oyster Optics, LLC v. Ciena Corp.,*
   No. 17-CV-05920-JSW, 2019 WL 4729468 (N.D. Cal. Sept. 23,
   2019) ................................................................................................ 8, 10, 11, 12

*Software Rights Archive, LLC v. Facebook, Inc.,*
   No. 12-CV-03970-HSG, 2019 WL 2077844 (N.D. Cal. May 10, 2019) ..... 11

**Statutes**

35 U.S.C. § 315(e) ................................................................................................ 8, 9

Russ, August & Kabat

## I. INTRODUCTION

This case was stayed nearly 17 months ago pending resolution of Apple's petitions for *inter partes* review (IPR). But now, the basis for the stay no longer exists, as all of those IPRs have concluded and final written decisions have issued. The Court should thus lift the stay as to the '291 patent, as to which the PTAB denied institution, and the '712 patent that was upheld by the PTAB in a Final Written Decision.

The primary reason underlying a stay pending IPR centers around simplification of the issues for trial. But now that the relevant IPRs are concluded, any simplification has already been realized. Continuing the stay pending appeal will not result in any additional simplification, as the likelihood of the Federal Circuit providing additional guidance is low. On the other hand, allowing this case to proceed as to the '712 and '291 patents would increase judicial efficiency, as this limited case could proceed to trial quickly. Indeed, Corephotonics believes this case can be ready for trial in less than a year. The parties have already exchanged contentions, claim construction briefing is completed, and discovery will be limited. Lifting the stay would not only result in the speedy resolution of this case, but it would likely also resolve the *entire dispute* with Apple, including Corephotonics' claims in the related Case No. 19-cv-4809. Any settlement would likely be a global settlement resolving all disputes between Corephotonics and Apple.

Corephotonics has suffered and will continue to suffer irreparable harm as a direct result of the stay entered in December 2018. Corephotonics is a technology company that develops and licenses its technology. Apple is a huge player in the market, and the fact that Apple is practicing the patents without paying a royalty profoundly impacts Corephotonics' ability to license its technology to others. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ It is thus clear that Apple's continued infringement of the asserted patents during the stay has caused and is still causing significant harm to Corephotonics' business.

Continuing the stay would only serve to delay resolution of this case and would exacerbate this significant prejudice to Corephotonics, with no benefit to the parties or the Court. The Court should thus lift the stay and allow this limited case to proceed as to the '712 and '291 patents.

## II.     FACTUAL BACKGROUND

### A.     Corephotonics' Patent Infringement Suits

#### 1.     Case Nos. 17-cv-06457 and 18-cv-02555

Over two years ago on November 6, 2017, Corephotonics filed a patent infringement suit (Case No. 17-cv-06457) against Apple concerning U.S. Patent Nos. 9,568,712 ("'712 patent") and 9,857,568 ("'568 patent"). On March 28, 2018, Apple filed a Rule 12(b)(6) motion to dismiss. Dkt. 39.[1] Corephotonics amended its complaint, adding U.S. Patent No. 9,402,032 ("'032 patent"), No. 9,185,291 ("'291 patent"), and No. 9,538,152 ("'152 patent"), and dropping the '568 patent. Dkt. 42. On April 25, 2018, Apple filed another Rule 12(b)(6) motion to dismiss. Dkt. 46. Each of the patents-in-suit relates smartphone camera technology, in particular, small form-factor telephoto lens assembly and dual lens control and imaging technologies.

On March 28, 2018, the Court held a case management conference and issued a case management order. Dkt. 37, 38. Shortly thereafter on April 11, 2018, the parties exchanged initial disclosures, and Corephotonics served its infringement contentions, including accompanying disclosures and production of documents. *See* Dkt. 55.

On April 30, 2018, Corephotonics filed a second patent infringement suit (Case No. 18-cv-02555) against Apple concerning the '712 patent and the '568 patent. On May 22, 2018, the Court entered an order relating and consolidating this case with the previous -6457 case. Dkt. 61. The Court held a further case management conference the next day and issued an amended case management order. Dkt. Nos. 64, 67. On May 24, 2018, Apple filed a Rule 12(b)(6) motion to dismiss, which motion was fully briefed and taken under submission with Apple's other motion. Dkt. 68, 85.

---

[1] All docket references ("Dkt.") are to docket entries made in the Lead Case No. 17-cv-6457 unless otherwise stated.

4

As set forth in the Joint Case Management Statement filed on September 20, 2018 (Dkt. 84), Corephotonics served its infringement contentions in the -6457 case on May 30, 2018; Apple served its invalidity contentions for both cases on May 29, 2018 and August 29, 2018, respectively; the Court entered a protective order and ESI order (Dkt. 77, 78); and the parties exchanged damages contentions, as well as terms for claim construction. The parties also completed mediation on September 14, 2018, and participated in a second mediation on February 11, 2020.

On September 27, 2018, the Court held a third case management conference and issued an amended case management order. Dkt. 86, 87. On October 1, 2018, the Court issued an order denying both of Apple's motions to dismiss. Dkt. 90. Apple answered the complaints on October 15, 2018. Dkt. 92.

On October 26, 2018, the parties filed a joint claim construction statement. Dkt. 95. Corephotonics filed its opening claim construction brief on November 21, 2018, and Apple filed its responsive claim construction brief on December 7, 2018. Dkt. 96, 98.

On December 14, 2018, the Court *sua sponte* issued an order staying the case pending *inter partes* review of the asserted patents. Dkt. 100.

**B.**  **Case No. 19-cv-04809**

On August 14, 2019, Corephotonics filed a third patent infringement suit (Case No. 19-cv-04809) against Apple concerning ten patents relating to the patents asserted in the prior consolidated cases. On October 7, 2019, the Court issued an order relating the -4809 case to the -6457 case. Dkt. 104. Apple answered on October 9, 2019. No. 19-cv-04809, Dkt. 17.

On February 5, 2020, the parties filed a Joint Case Management Statement, wherein Corephotonics informed the Court of its intent to file a motion to amend the complaint to add two newly issued patents (Nos. 10,437,020 and 10,488,630), which are continuations of several of the patent asserted in the -4809 case, and which are also related to the '712 and '568 patents asserted in the prior actions. No. 19-cv-4809, Dkt. 26. The next day, on February 6, 2020, the Court *sua sponte* issued an order staying the -4809 case pending *inter partes* review of the asserted patents. No. 19-cv-4809, Dkt. 27.

**C.     Apple's IPRs Concerning the Asserted Patents and the Related Appeals**

On May 23, 2018, Apple filed a petition for IPR of claims 1, 2, 6, 7, 12–17, and 19 of the '712 patent (IPR2018-01146). On December 7, 2018, the petition was instituted as to all challenged claims. On December 4, 2019, the PTAB issued a final written decision, finding that claims 15–17 were shown unpatentable, and that claims 1, 2, 6, 7, 12–16, and 19 were not shown unpatentable.

On May 22, 2018, Apple filed a petition for IPR of claims 1 and 13–15 of the '032 patent (IPR2018-01140). On December 4, 2018, the petition was instituted as to all challenged claims. On December 3, 2019, the PTAB issued a final written decision, finding that claims 1 and 13–15 were shown unpatentable.

On May 22, 2018, Apple filed a petition for IPR of claims 1–4 of the '152 patent (IPR2018-01133). On December 4, 2018, the petition was instituted as to all challenged claims. On December 2, 2019, the PTAB issued a final written decision, finding that claims 1–4 were shown unpatentable.

On July 6, 2018, Apple filed a petition for IPR of claims 1 and 12–14 of the '712 patent (IPR2018-01356). Institution was denied on February 5, 2019. Apple did not request a rehearing.

On July 13, 2018, Apple filed a petition for IPR of claims 1–7, 10, and 12–13 of the '291 patent (IPR2018-01348). Institution was denied on February 4, 2019, and the PTAB denied Apple's request for rehearing.

On October 3, 2018, Apple filed a petition for IPR of claims 1–5 (all claims) of the '568 patent (IPR2019-00030). On April 16, 2019, the petition was instituted as to all challenged claims. Oral argument was held on November 12, 2019. The PTAB issued a final written decision on April 6, 2020, finding claims 1–5 were shown unpatentable.

On February 4, 2020, Corephotonics appealed the PTAB's final written decision in IPR2018-01140 finding claims 1 and 13–15 of the '032 patent unpatentable (CAFC No. 20-1424), and the final written decision in IPR2018-01133 finding claims 1–4 of the '152 patent unpatentable (CAFC No. 20-1425). On February 6, 2020, Apple appealed the PTAB's final written decision in

IPR2018-01146 finding that Apple failed to show that claims 1, 2, 6, 7, 12–16, and 19 of the '712 patent are unpatentable (CAFC No. 20-1438).

### D. The Irreparable Harm to Corephotonics Caused by Apple's Continued Infringement During the Stay

Corephotonics is a pioneer in the development of dual camera technologies for mobile devices. Since its founding in 2012, Corephotonics has obtained numerous patents relating to smartphone camera technology, including the patents asserted in its three patent infringement cases against Apple. *See* Declaration of Eran Kali ("Kali Decl.") ¶¶ 5–10.

From 2014 until 2018, Corephotonics has entered into numerous patent license agreements with prominent technology companies. *Id.* ¶¶ 11–16. 

*Id.* ¶¶ 19–22.

[REDACTED]

### III. LEGAL STANDARD

"The standard for determining whether an existing stay should remain in place is the same as the standard for determining whether a Court should impose a stay in the first place." *Oyster Optics, LLC v. Ciena Corp.*, No. 17-CV-05920-JSW, 2019 WL 4729468, at *2 (N.D. Cal. Sept. 23, 2019). Accordingly, in deciding whether to lift a stay pending IPR, courts consider the following three factors: (1) the stage of the litigation, (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party, and (3) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court. *Id.*

As set forth below, all three factors weigh in favor of lifting the stay.

### IV. ARGUMENT

**A. Continuing the Stay Will Not Result in Any Additional Simplification of the Issues; Allowing This Case to Proceed to Trial Is the Most Efficient Path to Resolving All Cases Between Apple and Corephotonics**

Staying litigation pending IPR allows district courts to utilize the expertise of the PTAB in order to simplify the issues for trial. *See Oyster Optics*, 2019 WL 4729468, at *3 (citing *In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268, 1285 (Fed. Cir. 2015)). But now that all of the relevant IPRs are concluded, the basis for the stay no longer exists. Any simplification that was to be obtained from IPRs has already been realized: institution was denied for the '291 patent, and the PTAB has issued a final written decision upholding most of the asserted claims of the '712 patent, thereby subjecting Apple to the estoppel provisions of 35 U.S.C. § 315(e).

Indeed, lifting the stay and allowing the case to proceed as to the '712 and '291 patents would increase judicial efficiency, as this limited case could proceed to trial quickly. The parties have already exchanged infringement, invalidity, and damages contentions, and claim construction briefing is completed. Corephotonics' infringement theories are relatively straightforward and will require only limited discovery regarding the functionality of the accused lenses. In the light of the

significant work that has already been completed in this case, and the relatively limited, non-complex nature of Corephotonics' claims regarding the '712 and '291 patents, Corephotonics believes this case can be ready for trial in less than a year.

Importantly, resolution of Corephotonics' claims regarding the '712 and '291 patents would not only resolve this case, but it would likely resolve the *entire dispute* with Apple, including Corephotonics' claims regarding the 10 asserted patents in the -4809 case (as well as the two continuation patents that Corephotonics seeks to add to that case). All of the patents asserted in the -4809 case are related to the patents asserted in this case and concern related accused lens technology. Indeed, as stated by Apple in the Joint Case Management Statement, "(1) the asserted patents [in this case and the -4809 case] are related and directed to similar and overlapping subject matters; (2) all of the asserted patents have at least some common inventors; and (3) the three cases involve overlapping products and significant common discovery." Case No. 19-cv-4809, Dkt. 26. In light of this significant overlap, resolution of this case, whether by trial or settlement, will almost certainly result in global settlement of all of Corephotonics' infringement claims against Apple—which Apple does not dispute. There can be no resolution, however, if the stay is continued and trial is delayed even further, as Apple has little incentive to engage in meaningful settlement discussions during the stay. While it is true that the parties engaged in a second mediation during the stay, the reality is that while this case remains stayed, Corephotonics has very little leverage in any negotiations, and it is highly unlikely that the parties will reach a resolution that is satisfactory to *both* parties.

Apple's position that the stay should continue through the Federal Circuit appeals of the final written decisions is meritless. Staying this case pending appeals will not result in any further simplification of the issues. Corephotonics only seeks to lift the stay as to the '712 and '291 patents, and the '291 patent is not the subject of any appeal. As to the '712 patent, the IPR proceedings have already streamlined the issues in this case by removing certain claims from the case and reducing the validity challenges that Apple can bring due to the estoppel provisions of 35 U.S.C. § 315(e). The likelihood of the Federal Circuit overturning these PTAB's rulings is extremely low. *MasterObjects, Inc. eBay, Inc.*, No. 4:16-cv-06824-JSW, Dkt. 49 at 4 (N.D. Cal.

Nov. 7, 2018) (granting motion to lift stay after IPRs were completed and declining defendant's request to continue the stay pending appeals). "Moreover, it is far from certain that the Federal Circuit will issue anything more expansive than a one-line, summary affirmance." *Id.* But even in the unlikely event the Federal Circuit provides additional guidance or reverses, "the Court is perfectly capable of making adjustments to the scope of the case, as needed, to accommodate any decision the Federal Circuit renders." *Oyster Optics*, 2019 WL 4729468, at *2.

Apple's purported concerns about piecemeal litigation are not a basis to continue the stay. Even if the Federal Circuit overturns the PTAB's invalidity rulings regarding the '032 and '152 patents and the parties are forced to litigate those patents on a separate track, this would still be far more efficient than staying the entire case. Resolution of Corephotonics' claims regarding the related '712 and '291 patents will undoubtedly result in a resolution of its claims regarding the '032 and '152 patents. And if the claims are not resolved through settlement, claim construction briefing is already completed, and little if any additional discovery will be needed given that the patents are all related and the accused products are the same. There is no risk of inconsistent results—the principles of res judicata and collateral estoppel will prevent the parties from relitigating the same issues.

To the extent that Apple's purported concerns about piecemeal litigation and purported inconsistent results are based on the -4809 case, which remains stayed, this makes no sense. That case was filed well after the instant -6457 and -2555 cases and is set to proceed on a separate track regardless of the stay.

Simply put, continuing the stay will not result in any further simplification. *Oyster Optics*, 2019 WL 4729468, at *3 (lifting stay despite pending appeals, noting that the prospect for further simplification is low because "by the time the Federal Circuit reviews an appeal of an FWD, the patent claims at issue have undergone an adversarial process concerning their validity"). On the other hand, lifting the stay will not only allow for the speedy resolution of this case, but will also likely resolve Corephotonics' other cases and claims against Apple. This factor strongly favors lifting the stay.

### B. Corephotonics Will Be Significantly Prejudiced if the Stay Is Continued

The stay in this case has already caused significant harm to Corephotonics, and continuing the stay until the appeals are concluded will cause even further irreparable damage to Corephotonics' business. As explained in detail above, since the stay in the case was entered, at least two of Corephotonics' licensees have ceased making royalty payments for the simple reason that their competitor, Apple, continues to infringe these asserted patents with apparent impunity. Kali Decl. ¶¶ 19–22. ████████████████████████████████████████████ The damaging influence of Apple's blatant disregard of Corephotonics' patent rights has already caused Corephotonics significant losses, ████████████████████████████████████████ *Id.* ¶¶ 17–22. Continuing the stay will only exacerbate this significant prejudice, with little if any benefit to the parties or the Court. *See Oyster Optics*, 2019 WL 4729468, at *4 (finding that plaintiff would be prejudiced by continuing the stay pending appeals despite the fact that the parties were not direct competitors).

The damaging impact of the stay on Corephotonics is further exacerbated by the nature of the mobile phone business, which generally sees new product offerings every year. There are a limited number of product cycles, and each missed product cycle represents a significant loss to Corephotonics. Kali Decl. ¶ 23.

Apple attempts to dismiss this clear and irreparable harm to Corephotonics by pointing to the fact that Corephotonics was acquired by Samsung during the stay. But Apple fails to recognize that Corephotonics' primary business involves the licensing of its patented technology. The mere fact that Samsung acquired Corephotonics, which continues to function and operate as an independent entity, does not somehow negate or disprove the significant losses to Corephotonics' business that it has already incurred as a direct result of the stay.

Moreover, "[t]he public has an interest in the timely resolution of federal litigation, and that interest is no longer being served by further delaying this case." *Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-CV-03970-HSG, 2019 WL 2077844, at *2 (N.D. Cal. May 10, 2019). While the PTAB must complete an IPR by the statutorily-imposed deadline, the Federal Circuit

has no such deadline. Further delaying this case for an indeterminate amount of time will significantly prejudice Corephotonics and runs contrary to public policy. "[A] delay pegged to the 'mere possibility' that [the] Federal Circuit will overturn the PTAB's FWD (or affirm and provide additional claim construction) does not outweigh the prejudice to [Corephotonics] inherent in an additional delay of the proceeding." *MasterObjects*, Dkt. 49 at 6. This factor strongly weighs in favor of lifting the stay.

### C. The Stage of the Litigation Favors Lifting the Stay

Despite the stay, the parties and the Court have already invested substantial time and resources in this case. The parties have exchanged infringement, invalidity, and damages contentions; the Court has held three case management conferences and has entered a protective order and ESI order; the pleadings are finalized, as the Court has ruled on Apple's motions to dismiss and Apple has answered; claim construction briefing is completed; and two mediations have completed.

While discovery still remains to be done, the necessary discovery in this case is relatively limited and can be completed within a few months. And regardless, "the existence of a stay, on its own, does not justify its perpetuation." *Oyster Optics*, 2019 WL 4729468, at *2. This case has already been pending for over two years and will remain frozen in its current stage unless the stay is lifted. Lifting the stay will allow this case to advance toward a speedy resolution of not only this case, but also Corephotonics' other related cases against Apple pending before this Court. This factor also weighs strongly in favor of lifting the stay.

### V. CONCLUSION

For the foregoing reasons, Corephotonics respectfully requests that that the Court lift the stay.

| | |
|---|---|
| DATED:  May 8, 2020 | Respectfully submitted,<br><br>RUSS AUGUST & KABAT<br><br>By: */s/ Marc A. Fenster*<br>Marc A. Fenster (CA Bar No. 181067)<br>Benjamin T. Wang (CA Bar No. 228712)<br>Neil A. Rubin (CA Bar No. 250761)<br>James S. Tsuei (CA Bar No. 285530)<br>RUSS AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, California  90025<br>Telephone: (310) 826-7474<br>Facsimile: (310) 826-6991<br>mfenster@raklaw.com<br>bwang@raklaw.com<br>nrubin@raklaw.com<br>jtsuei@raklaw.com<br><br>Attorneys for Plaintiff<br>Corephotonics, Ltd. |

# CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on May 8, 2020, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

/s/ *Marc Fenster*