1  COOLEY LLP
   Heidi Keefe (178960)
2  (hkeefe@cooley.com)
   Lowell Mead (223989)
3  (lmead@cooley.com)
   Priya Viswanath (238089)
4  (pviswanath@cooley.com)
   3175 Hanover Street
5  Palo Alto, CA  94304
   Telephone:    (650) 843-5000
6  Facsimile:    (650) 849-7400

7  COOLEY LLP
   Phillip Morton (pro hac vice)
8  (pmorton@cooley.com)
   1299 Pennsylvania Avenue
9  NW, Suite 700
   Washington, DC 20004-2400
10 Telephone:  (202) 842-7800
   Facsimile:  (202) 842-7899

11
   Attorneys for Defendant
12 Apple Inc.

13                     UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                          SAN JOSE DIVISION

16

17 COREPHOTONICS, LTD.,                Case No. 5:17-cv-06457-LHK (lead case)
                                       Case No. 5:18-cv-02555-LHK
18              Plaintiff,
                                       **APPLE INC. OPPOSITION TO**
19      v.                             **COREPHOTONICS, LTD.'S MOTION**
                                       **TO LIFT STAY**
20 APPLE INC.,

21              Defendant.

22

23         **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ......................................................................................... 1

II.  COREPHOTONICS'S MOTION SHOULD BE DENIED BECAUSE IT IS
AN IMPROPER MOTION FOR RECONSIDERATION ................................... 1

III.  THE COURT SHOULD MAINTAIN THE STAY TO PRESERVE COURT
AND PARTY RESOURCES WHILE THE PATENT OFFICE ADDRESSES
THE VALIDITY OF THE COREPHOTONICS PATENTS ............................. 2

  A.  Maintaining the Stay Will Further Simplify The Issues ...................... 2

  B.  Corephotonics is Not Unduly Prejudiced by a Stay............................. 4

  C.  The Stage of The Litigation Favors Continuing the Stay.................... 5

IV.  CONCLUSION............................................................................................. 6

1

2

## **TABLE OF AUTHORITIES**

3

**Page(s)**

4

**Cases**

5

*DivX, LLC v. Netflix, Inc.*,
   No. 2:19-cv-01602, Dkt. 106 (C.D. Cal. May 11, 2020) ............................................ 5

6

*Order Staying Case Pending Inter Partes Review*,
   No. 17-cv-06457, Dkt. 100 .......................................................................... 5

7

8

*PersonalWeb Techs., LLC v. Apple Inc.*,
   69 F. Supp. 3d 1022 (N.D. Cal. 2014) ............................................................ 4, 5

9

*Pragmatus AV v. Facebook, Inc.*,
   No. 11-cv-02168 EJD, 2011 WL 4802958 (N.D. Cal. Oct. 11, 2011) ...................... 5

10

11

*Software Rights Archive, LLC v. Facebook, Inc.*,
   No. 12-cv-03970-HSG 2019 WL 2077944 (N.D. Cal. May 10, 2019) ...................... 5

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## I.   INTRODUCTION

2    The Court already considered Corephotonics's request to lift the stay and rejected that

3    request in an order issued the day before Corephotonics filed this motion.  Case No. 19-cv-4809,

4    Dkt. No. 29 (the "Stay Order").  Corephotonics's motion does not even acknowledge the Stay

5    Order, let alone identify any error in the Court's reasoning.  The motion should be summarily

6    denied as an improper motion for reconsideration filed without leave under Local Rule 7-9.

7    On the merits, Corephotonics's motion should be denied for the same reasons the Court

8    already articulated.  The Corephotonics actions remain at an early stage.  The ongoing IPRs and

9    appeals will continue to dramatically simplify or even eliminate the issues that may remain for the

10   Court to address, if any.  Corephotonics identifies no legitimate prejudice from continuing the stay.

11   Corephotonics instead asks the Court to expend its finite resources to create tactical advantage for

12   Corephotonics in its alleged licensing disputes with unrelated non-parties–which, even if true,

13   cannot justify lifting the stay in any event.  Corephotonics's motion therefore should be denied.

14

## II.   COREPHOTONICS'S MOTION SHOULD BE DENIED BECAUSE IT IS AN IMPROPER MOTION

15   FOR RECONSIDERATION

16   Corephotonics's motion in effect asks the Court to reconsider the Stay Order that it issued

17   one day earlier, on May 7.  Case No. 19-cv-4809, Dkt. No. 29 (considering the relevant facts and

18   circumstances and issuing ruling: "As a result, the Court holds that continuing the stay of

19   proceedings in the instant action and in Case Nos. 17-cv-6457-LHK and 18-cv-2555 is warranted.

20   The stay shall remain in effect until the Court orders otherwise.").  The motion fails to satisfy the

21   Local Rules' minimal standards for motions for reconsideration:  Corephotonics did not seek leave

22   before filing.  L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining

23   leave of Court to file the motion.").  And, importantly, Corephotonics does not demonstrate any

24   new or different facts or law—and none reasonably could have arisen in the mere 18 hours that

25   elapsed between the Court's issuance of its Stay Order and Corephotonics's filing of the instant

26   motion—nor does Corephotonics identify any alleged "manifest failure by the Court" to consider

27   the facts or arguments presented when it issued the Stay Order.  L.R. 7-9(b).  In fact,

28   Corephotonics's motion simply repeats and rehashes the same alleged facts and arguments that it

set forth in the May 6, 2020 Joint Case Management Statement.  (Case No. 19-cv-4809, Dkt. No. 28 at 5-7 (Corephotonics's arguments against continuing the stay).)  The Court considered and rejected those arguments and decided to maintain the stay.  Corephotonics presents no legitimate basis to disturb the Court's ruling.

### III.   THE COURT SHOULD MAINTAIN THE STAY TO PRESERVE COURT AND PARTY RESOURCES WHILE THE PATENT OFFICE ADDRESSES THE VALIDITY OF THE COREPHOTONICS PATENTS

#### A.   Maintaining the Stay Will Further Simplify The Issues

This Court previously determined that the simplification of issues "weighs strongly in favor of a stay" because the IPRs "could result in invalidation or amendment of Plaintiff's claims" and could risk inconsistent results if the litigation were not stayed.  Dkt. 100 at 2.  In the recent Stay Order, the Court reiterated that proceeding with litigation now "'may risk inconsistent results with the IPR and Federal Circuit proceedings,' especially because 'all three actions involve overlapping products and significant common discovery.'"  Case No. 19-cv-4809, Dkt. 29 at 2-3 (quoting Dkt. 27 at 3).  Nothing changed in the day between the Court's Stay Order and the filing of this motion; the Court's reasoning remains well-founded.

Indeed, these cases need the simplification of issues that the pending IPRs and appeals are intended to provide.  Corephotonics created an unwieldy thicket of patent suits by filing three different cases asserting at least 15 overlapping and related patents (and has threatened even more).  Case No. 19-cv-4809, Dkt. 28 at 2-4.  These related patents have serious invalidity defects as demonstrated by the IPR results to date. *See id*. at 8.  There is no question that these litigations will be further simplified if the stay is maintained until IPRs and related appeals are completed for all of Corephotonics's asserted patents.  Indeed, pending the outcome of the ongoing Federal Circuit appeals, IPRs have significantly reduced the number of asserted patents and claims in the -6457 and -2555 cases, and pending IPRs likely will do the same with the -4809 case. *See id*.

Lifting the stay now could result in doubling or tripling the Court's and the parties' workload and moreover could risk inconsistent rulings or judgments in the face of an evolving IPR record.  This Court already correctly recognized in the May 7 Stay Order that the stay should be

1    continued to avoid such risks.  Case No. 19-cv-04809, Dkt. 29 at 2-3; Case No. 19-cv-4809, Dkt.

2    27 at 3.

3         In a somewhat surprising turn, despite having asserted 15 patents and threatened to assert

4    more, Corephotonics's motion now appears to suggest that its other patent claims do not really

5    matter so long as it can pursue two asserted patents (the '712 and '291 patents) now.  Corephotonics

6    advances two rationales for doing so, both of which are unavailing and irrelevant to the Court's

7    stay analysis.  First, Corephotonics seeks to pressure non-parties to license its patent portfolio.

8    (Mot. at 9, 11.)  Unsurprisingly, Corephotonics cites no authority condoning the use of the finite

9    resources of the Federal courts to pursue voluminous and piecemeal litigation for such purpose,

10   and there is none.

11        Second, Corephotonics transparently concedes that its motion is a speculative attempt to

12   improve its "leverage" in order to coerce settlement in its negotiations with Apple.  As an initial

13   matter, Corephotonics again cites no authority that justifies misappropriating the Court's resources

14   in this manner, and again there is none.  Regardless, Corephotonics's premise also is not well-taken.

15   Corephotonics claims, without support, that Apple "has little incentive" to engage in meaningful

16   settlement discussions during the stay.  (Mot. at 9.)  That assertion, however, is demonstrably

17   untrue.  As noted in the Joint Case Management Statement, which the Court considered in rendering

18   the Stay Order, it was Apple that voluntarily suggested that the latest round of mediation occur

19   during the stay, and Apple remains open to continued dialogue during the stay.  Corephotonics also

20   claims that "resolution of [just the '712 and '291 patent claims], whether by trial or settlement, will

21   almost certainly result in global settlement of all of Corephotonics's infringement claims against

22   Apple."  (Mot. at 9.)  Corephotonics does not explain how a resolution of just the '712 and '291

23   patent claims necessarily would resolve the claims in the thirteen (or more) other asserted patents.

24   Indeed, Corephotonics makes no binding commitment to that effect because the opposite is more

25   likely: litigating only two patents separate from the other thirteen (or more) patents would likely

26   discourage a single, global resolution as the parties await the outcome of the remaining patents at

27   the patent office and Federal Circuit.  A stay instead would allow all claims (if any remain) to

28   proceed on the same schedule and avoids inconsistent results.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

1

**B.      Corephotonics is Not Unduly Prejudiced by a Stay**

2

The Court repeatedly has found in the prior stay orders that the prejudice factor does not

3

weigh against a stay at this early stage of the litigation. Dkt. 100 at 2; Case No. 19-cv-4809, Dkt.

4

27 at 3.[1]   Corephotonics's May 8 motion identifies no new facts to disturb that well-reasoned

5

conclusion.  Indeed, Corephotonics's motion simply rehashes the same arguments that it raised in

6

the May 6 Joint Case Management Statement, which the Court reviewed prior to issuing its May 7

7

Order.  *See* Dkt 29 at 2 (citing Dkt 28).  None of Corephotonics's arguments have merit.

8

To start, Corephotonics cannot be heard to complain that it lacks the financial wherewithal

9

to endure a delay, because Corephotonics is now a wholly-owned subsidiary of Samsung, the large

10

conglomerate.  (Kali Decl. ¶ 16.)  Indeed, that Corephotonics's acquisition by Samsung was

11

negotiated  and  executed  during  the  stay  of  this  litigation  contradicts  any  suggestion  by

12

Corephotonics that its ability to conduct business has been hampered by the stay.

13

Corephotonics claims that some licensees have ceased making royalty payments and that

14

potential licensees have not entered into license agreements during the stay.  (Mot. at 11.)  Neither

15

claim–even if true—supplies a reason to deny a stay, because "courts have consistently found that

16

a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate

17

redress for infringement."  *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029

18

(N.D. Cal. 2014) (*quoting Pragmatus AV v. Facebook, Inc.*, No. 11-cv-02168 EJD, 2011 WL

19

4802958 at *4 (N.D. Cal. Oct. 11, 2011)).  To the extent Corephotonics has disputes with its current

20

licensees, Corephotonics can address those disputes in the appropriate forum with each such

21

licensee, as Mr. Kali ████████████████████████████████. (Kali Decl. ¶

22

21.)  Notably, Mr. Kali does not declare that any action was taken against the other licensee

23

allegedly withholding payments, which ████████████████████████████████

24

███████████. (*Id.*)  Either way, the finite resources of this Court should not be misused for the

25

purpose of imposing pressure on foreign non-parties over irrelevant, unrelated contractual disputes.

26

Corephotonics fails to acknowledge that the reason potential licensees might be unwilling

27

28

---

[1] Corephotonics does not assert any alleged tactical gamesmanship by Apple and the Court has found no such evidence in prior stay orders.  Dkt. 100 at 2; Case No. 19-cv-4809, Dkt. 27 at 3.

Cooley LLP
Attorneys at Law
Palo Alto

to take a license is because the Corephotonics patent portfolio suffers from serious invalidity issues, as evidenced by the many claims that were already invalidated by Apple's IPRs.  The apparent reluctance of potential licensees to agree to pay royalties for invalid patents is no reason to lift the stay, as Corephotonics "should not be entitled to exclude others from practicing invalid claims." *PersonalWeb*, 69 F. Supp. 3d. at 1029.  Even if the Court lifted the stay, the cloud hanging over the validity of the Corephotonics patents would still exist as the IPRs and Federal Circuit proceedings continue.  Corephotonics also claims that due to the nature of the mobile phone business it is "miss[ing] product cycle[s]," but to the extent any of Corephotonics's patents survive the ongoing IPRs and appeals processes, any remaining claims can be redressed through money damages with those potential licensees.  *Pragmatus AV*, 2011 WL 4802958 at *4.

Lastly, Corephotonics asserts that the public has an interest in resolving this case, citing *Software Rights Archive*.  But the posture of that case was entirely different because all of the Federal Circuit appeals and Patent Office proceedings had been exhausted, resulting in the Court determining there was no longer an interest in staying a case that *the plaintiff itself* wanted stayed. *Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-cv-03970-HSG 2019 WL 2077944, (N.D. Cal. May 10, 2019) (noting that plaintiff-patentee SRA "requested to continue the stay for approximately six more months").  Here, the Federal Circuit appeals are pending and numerous IPR petitions directed to the closely related patents asserted in the -4809 case are still pending.

### C.    The Stage of The Litigation Favors Continuing the Stay[2]

Finally, the early stage of the litigation favors continuing the stay in all three Corephotonics cases.  As the Court previously recognized, "[t]he case is still in its beginning stages" as the "the parties have not filed dispositive motions or initiated expert discovery and the Court has not held a claim construction hearing."  *Order Staying Case Pending Inter Partes Review*, Case No. 17-cv-06457, Dkt. 100.

The stage of the IPRs and related appeals also favor continuing the stay.  As this Court has

---

[2] At least one court recently recognized in its analysis of the stage of the litigation factor that the ongoing COVID-19 pandemic also counsels in favor of a stay pending IPR because of the impact it may have on the ability of the parties to meet case deadlines and the possibility of delays while the courts address criminal matters that take priority over patent infringement cases.  *See DivX, LLC v. Netflix, Inc.*, No. 2:19-cv-01602, Dkt. 106, at 5 (C.D. Cal. May 11, 2020).

noted, all of the asserted patents are related and are at different stages of the IPR and appeal processes.  Dkt. 27 at 2.  Corephotonics is appealing claims that were found unpatentable, and Apple is appealing the ones that were found patentable—including in one of the two patents on which Corephotonics proposes to proceed to trial.  Meanwhile, all ten patents in the 19-cv-4809 case are subject to pending IPR petitions.  Case No. 19-cv-4809, Dkt No. 28.  Corephotonics does not address what the Court should do with the claims that were found unpatentable in IPR, or what the Court should do with claims whose validity are still the subject to a pending IPR or appeal at the Federal Circuit (and that might involve additional proceedings at the patent office on remand).  Instead, Corephotonics asks the Court to rush forward and lift the stay in a manner that would waste the Court's and the parties' resources by at least duplicating claim construction, depositions, expert discovery, summary judgment, and even trial.  The most efficient course is to continue the stay for all of the reasons the Court already articulated in the Stay Order.

**IV.  CONCLUSION**

For the foregoing reasons, Apple respectfully requests that the Court deny Corephotonics's motion and continue the stay in all three Corephotonics cases as set forth in the Stay Order.

1    Dated: May 22, 2020                    COOLEY LLP

2                                           /s/ Heidi Keefe
                                            HEIDI KEEFE (178960)
3                                           (hkeefe@cooley.com)
                                            LOWELL MEAD (223989)
4                                           (lmead@cooley.com)
                                            PRIYA B. VISWANATH (238089)
5                                           (pviswanath@cooley.com)
                                            3175 Hanover Street
6                                           Palo Alto, CA  94304
                                            Telephone:    (650) 843-5000
7                                           Facsimile:    (650) 849-7400

8                                           COOLEY LLP
                                            PHILLIP MORTON (*pro hac vice*)
9                                           (pmorton@cooley.com)
                                            1299 Pennsylvania Avenue
10                                          NW, Suite 700
                                            Washington, DC 20004-2400
11                                          Telephone:  (202) 842-7800
                                            Facsimile:  (202) 842-7899
12
                                            *Attorneys for Defendant Apple Inc.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

I certify that counsel of record who are deemed to have consented to electronic service are

3

being served on May 22, 2020, with a copy of this document via the Court's CM/ECF systems

4

per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile,

5

overnight delivery and/or First Class Mail on this date.

6

7

8

*/s/ Heidi Keefe*
Heidi Keefe

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28