1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD., | Case No. 17-CV-06457-LHK |
| Plaintiff, | **ORDER DENYING MOTION TO LIFT STAY** |
| v. | Re: Dkt. No. 107 |
| APPLE, INC., | |
| Defendant. | |

On November 6, 2017, Plaintiff Corephotonics, Ltd. ("Corephotonics") sued Defendant Apple, Inc. ("Apple") in the instant action for infringement of four patents.  ECF No. 1 ("the 2017 action" or "the instant action").

On April 30, 2018, Corephotonics sued Apple for infringement of two patents, one of which was included in the earlier suit.  *Corephotonics, Ltd. v. Apple, Inc.*, Case No. 18-cv-2555-LHK, ECF No. 1 (N.D. Cal. April 30, 2018) ("the 2018 action").

On August 14, 2019, Corephotonics sued Apple for infringement of ten patents. *Corephotonics, Ltd. v. Apple, Inc.*, Case No. 19-cv-4809-LHK, ECF No. 1 (N.D. Cal. Aug. 14, 2019) ("the 2019 action").

The parties acknowledge that the patents asserted in all three actions are related, and as a

United States District Court
Northern District of California

United States District Court
Northern District of California

1    result, the Court related and consolidated the 2018 action with the instant action on May 22, 2018.

2    ECF No. 61.  On October 7, 2019, the Court related the 2019 action to the instant action.  ECF No.

3    104.

4           Additionally, on December 14, 2018, the Court stayed the instant action after the Patent

5    Trial and Appeal Board ("PTAB") instituted inter partes review ("IPR") on Plaintiffs' asserted

6    claims.  ECF No. 100.  On February 6, 2020, the Court also stayed proceedings in the 2019 action.

7    *Corephotonics, Ltd. v. Apple, Inc.*, Case No. 19-cv-4809-LHK, ECF No. 27 (N.D. Cal. Feb. 6,

8    2020).

9           On May 6, 2020, the parties filed a joint case management statement in the 2019 action.

10   *Id.*, ECF No. 28 ("JCMS").  In the JCMS, Apple noted that on April 6, 2020, the PTAB issued a

11   Final Written Decision for the remaining IPR proceeding that challenged the patents at issue in the

12   instant action.  *See id.* at 3, 5-6.  Furthermore, as Apple explained, most of the claims in the instant

13   action and the 2018 action "are subject to Federal Circuit appeals and possible further PTAB

14   proceedings" such that allowing any of the three actions to proceed "would result in . . . having

15   discovery, claim construction, summary judgment, and trial conducted in piecemeal fashion,

16   separate and apart from related claims and patents."  *Id.* at 7.

17          As a result, on May 7, 2020, the Court issued an order continuing the stays in the instant

18   action, the 2018 action, and the 2019 action.  *Id.*, ECF No. 29.  The Court concluded that

19   "proceedings with the [2019 action] [would] risk inconsistent results with the IPR and Federal

20   Circuit proceedings, especially because all three actions involve overlapping products and

21   significant common discovery."  *Id.* at 2-3.

22          Nonetheless, on May 8, 2020, Plaintiff filed a motion to lift the stay in the instant action.

23   ECF No. 107 ("Mot.").  On May 22, 2020, Defendant filed an opposition, ECF No. 109 ("Opp."),

24   and on May 29, 2020, Plaintiff filed a reply.  For the reasons discussed below, the Court DENIES

25   Plaintiff's motion to lift the stay.

26          "The standard for determining whether an existing stay should remain in place is the same

27   as the standard for determining whether a Court should impose a stay in the first place."  *Oyster*

28

2

*Optics, LLC v. Ciena Corp.*, 2019 WL 4729468, at *2 (N.D. Cal. Sept. 23, 2019).  The power to stay proceedings in a case is a matter within the Court's discretion.  *See Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 806 (N.D. Cal. 1998) (citing *Landis v. Am. Water Works & Elec. Co.*, 299 U.S. 248, 254-55 (1936)).  "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)).  Courts have recognized "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings."  *Id.* (citation omitted).

As the Court previously concluded in its May 7, 2020 order continuing the stays in the instant action, the 2018 action, and the 2019 action, proceeding with any of the actions would "risk inconsistent results with the IPR and Federal Circuit proceedings, especially because all three actions involve overlapping products and significant common discovery."  *Corephotonics, Ltd. v. Apple, Inc.*, Case No. 19-cv-4809-LHK, ECF No. 29 at 2-3 (N.D. Cal. May 7, 2020).

Plaintiff nonetheless argues that lifting the stay in the instant action would increase judicial efficiency.  Mot. at 8.  However, as Plaintiff concedes, even apart from the overlapping products and significant common discovery between the instant action and the 2018 and 2019 actions (which are the subject of IPR proceedings and possibly Federal Circuit appeals), one of the patents at issue in the instant action is still pending before the Federal Circuit.  *See* Reply at 4 ("[O]f these two patents [at issue in the instant action], only one (the '712 patent) is the subject of an appeal.").  As a result, proceeding with the instant action would risk inconsistent results with the Federal Circuit and therefore weighs strongly against lifting the stay.

Plaintiff's next argument is that the stay has "severely hindered Corephotonics' ability to further monetize its patents."  Mot. at 11.  However, "courts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement."  *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014) (quotation marks omitted).  As a result, this argument also does not persuade the Court to

United States District Court
Northern District of California

lift the stay.

Finally, Plaintiff argues that the current stage of the litigation favors lifting the stay.  Mot. at 12.  However, the Court concluded the exact opposite in its prior order staying the case pending inter partes review.  *See* ECF No. 100 at 2 ("Here, the parties have not filed dispositive motions or initiated expert discovery and the Court has not held a claim construction hearing, all of which demonstrate that the case is still in its beginning stages.").  Indeed, Plaintiff concedes that discovery remains outstanding and that the Court has not yet ruled on claim construction.  Mot. at 12.  Accordingly, the current stage of the litigation does not favor lifting the stay.

Therefore, the Court, in its discretion, concludes that continuing the stay of proceedings in the instant action is warranted, and therefore, DENIES Plaintiff's motion to lift the stay.  The stay shall remain in effect until the Court orders otherwise.

**IT IS SO ORDERED.**

Dated: June 1, 2020

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

Case No. 17-CV-06457-LHK
ORDER DENYING MOTION TO LIFT STAY