RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
mfenster@raklaw.com
Benjamin T. Wang, State Bar No. 228712
bwang@raklaw.com
Neil A. Rubin, State Bar No. 250761
nrubin@raklaw.com
James S. Tsuei, State Bar No. 285530
jtsuei@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile:  (310) 826-6991

Attorneys for Plaintiff
COREPHOTONICS, LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREPHOTONICS, LTD.<br><br>        Plaintiff,<br><br>vs.<br><br>APPLE INC.<br><br>        Defendant. | Case No. 3:17-cv-06457-JD (Lead Case)<br>Case No. 3:18-cv-02555-JD<br><br>**COREPHOTONICS, LTD.'S MOTION TO LIFT STAY**<br><br>Date: April 14, 2022<br>Time: 10:00 AM<br>Courtroom: 11<br>Before: Hon. James Donato |

## I. INTRODUCTION

This case was **filed over four years ago** in November 2017, and was **stayed over three years ago** pending resolution of Apple's petitions for *inter partes* review (IPR). In denying Corephotonics' prior motion to lift the stay in June 2020, this Court cited concerns about the risk of "inconsistent results with the IPR and Federal Circuit proceedings." Dkt. 112 at 2. But as to the patents that would remain in the case, all of the Federal Circuit appeals are now concluded. Thus, the Court's rationale for continuing the stay no longer exists—there is no longer any risk of inconsistent results with the IPR or Federal Circuit. The Court should thus lift the stay and allow Corephotonics to advance this case to a timely resolution on the patents which have survived Apple's IPRs: the '291 and '712 patents. Delaying this case any further would benefit neither the parties nor the Court, and would only add to the substantial prejudice Corephotonics has already suffered from the years-long stay.

## II. FACTUAL BACKGROUND

### A. The Status of Corephotonics' Patent Infringement Suits

Over four years ago on November 6, 2017, Corephotonics filed a patent infringement suit against Apple in Case No. 17-cv-06457. Dkt. 1.[1] The operative complaint alleges infringement of U.S. Patent Nos. 9,402,032 ("'032 patent"), 9,568,712 ("'712 patent"), 9,185,291 ("'291 patent"), and 9,538,152 ("'152 patent"). Dkt. 42.

On April 30, 2018, Corephotonics filed a second patent infringement suit against Apple concerning the '712 patent and U.S. Patent No. 9,857,568 ("'568 patent"). Case No. 18-cv-02555, Dkt. 1.[2] The two cases have been consolidated. Dkt. 61. Each of the patents-in-suit in the consolidated cases relate to smartphone camera technology, in particular, small form-factor

---

[1] All docket references ("Dkt.") are to docket entries made in the Lead Case No. 17-cv-6457 unless otherwise stated.

[2] On August 14, 2019, Corephotonics filed a third patent infringement suit against Apple concerning patents related to the patents asserted in the -6457 and -2555 cases. Case No. 19-cv-04809, Dkt. 1. That case has also been stayed pending IPR, but Corephotonics is not seeking to lift the stay in the -4809 case at this time given that appeals from the relevant final written decisions are still pending.

telephoto lens assembly and dual lens control and imaging technologies. After two failed motions to dismiss, Apple answered the complaints. Dkt. 92; -2555 Case, Dkt. 18.

As set forth in the Joint Case Management Statement filed on September 20, 2018 (Dkt. 84), the parties have exchanged infringement, invalidity, and damages contentions, and the Court has Court entered a protective order and ESI order (Dkt. 77, 78). The parties have also completed two mediations (on September 14, 2018 and February 11, 2020).

Claim construction is also underway. The parties filed their joint claim construction statement on October 26, 2018. Dkt. 95. Corephotonics filed its opening claim construction brief on November 21, 2018, and Apple filed its responsive claim construction brief on December 7, 2018. Dkt. 96, 98. But on December 14, 2018, following institution of multiple IPRs filed by Apple regarding the asserted patents, the Court *sua sponte* issued an order staying the cases pending resolution of the IPRs. Dkt. 100.

### B.   The Status of Apple's IPRs and the Related Appeals

Starting in May 2018, Apple filed a series of six petitions for *inter partes* review of the asserted patents. As of the date of this motion, all instituted IPRs have reached final written decisions, and the Federal Circuit has issued opinions in each of the resulting appeals. The table below provides a summary of the status of those IPRs and the related appeals.

| IPR No. | Challenged Claims | Status of IPR | Status of Appeal |
|---|---|---|---|
| IPR2018-01146 | '712 patent, claims 1, 2, 6, 7, 12–17, 19 | FWD finding claims 15–17 unpatentable, and claims 1, 2, 6, 7, 12–16, and 19 **not** shown unpatentable | CAFC No. 20-1438; affirmed as to claims 1, 2, 7, 12–13, 15–16, and 19, vacated and remanded as to claims 6 and 14. Deadline to petition for *certiorari* on affirmed claims has passed. On Feb. 11, 2022, the PTAB entered adverse judgment on |

|  |  |  | claims 6 and 14 (Paper 45).[3] |
|---|---|---|---|
| IPR2018-01140 | '032 patent, claims 1, 13–15 | FWD finding claims 1 and 13–15 unpatentable | CAFC No. 20-1424; affirmed. |
| IPR2018-01133 | '152 patent, claims 1–4 | FWD finding claims 1–4 unpatentable | CAFC No. 20-1425; affirmed. |
| IPR2018-01356 | '712 patent, claims 1, 12–14 | Institution Denied | N/A |
| IPR2018-01348 | '291 patent, claims 1–7, 10, 12–13 | Institution Denied | N/A |
| IPR2019-00030 | '568 patent, claims 1–5 | FWD finding all challenged claims unpatentable | CAFC No. 20-1961; affirmed. |

Of the five previously-asserted patents, the '291 patent and the '712 patent have survived Apple's IPR challenges, and there remains no further proceedings concerning these patents that could justify a continued stay on those patents. Corephotonics' appeals of the '032 and '568 patent IPR decisions have been exhausted, so no further proceedings will occur concerning those patents.

As to the '152 patent IPR, the Federal Circuit affirmed the PTAB's finding that claims 1–4 are unpatentable on May 20, 2021. (CAFC No. 20-1425, Dkt. 61.) Following the Supreme Court's decision in *United States v. Arthrex, Inc.*, 141 S.Ct. 1970 (2021), Corephotonics moved for remand to the PTAB so that Corephotonics could request Director Review, and the Federal Circuit remanded. (CAFC No. 20-1425, Dkt. 68.) The petition for Director Review was denied on October 15, 2021. (IPR2018-01133, Paper 37.) Corephotonics has submitted a petition to the Federal Circuit for rehearing and for rehearing *en banc* which is currently being briefed. (CAFC No. 20-1425, Dkt. 79.) While Corephotonics believes that its petition for rehearing is meritorious and that the challenged claims of the '152 patent are valid, experience would suggest that

---

[3] On December 9, 2021, Apple filed a petition for *ex parte* reexamination of claims 3–6, 8–11, and 14 of the '712 patent (USPTO docket 90/014,921). To avoid further delay in this litigation, Corephotonics submitted a statutory disclaimed of the claims challenged in the reexamination. The reexamination petition was denied on February 15, 2022, and adverse judgment was entered in the IPR for claims 6 and 14 under 37 CFR § 42.73(b)(2) on February 11, 2022. There are thus no longer any pending challenges to the '712 patent before the Patent Office.

Corephotonics' chances of ultimately reversing the adverse outcome in the '152 patent IPR are small.

### C. Corephotonics' Prior Motion to Lift the Stay

On May 8, 2020, after the PTAB issued final written decisions in the four instituted IPRs, but before the Federal Circuit appeals were concluded, Corephotonics filed a motion to lift the stay. Dkt. 107. Corephotonics submitted with its motion a declaration detailing the irreparable harm to its business caused by Apple's continued infringement of the asserted patents during the stay. *See id.*, Dkt. 106-6. Corephotonics refers to and incorporates that declaration herein. The Court, however, denied the motion in light of concerns about the risk of "inconsistent results with the IPR and Federal Circuit proceedings." Dkt. 112 at 2.

## III. LEGAL STANDARD

"The standard for determining whether an existing stay should remain in place is the same as the standard for determining whether a Court should impose a stay in the first place." *Oyster Optics, LLC v. Ciena Corp.*, No. 17-CV-05920-JSW, 2019 WL 4729468, at *2 (N.D. Cal. Sept. 23, 2019). Accordingly, in deciding whether to lift a stay pending IPR, courts consider the following three factors: (1) the stage of the litigation, (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party, and (3) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court. *Id.* As set forth below, all three factors weigh in favor of lifting the stay.

## IV. ARGUMENT

### A. There Can Be No More Simplification of the Issues Given that the IPRs and Related Federal Circuit Appeals Have Concluded

Staying litigation pending IPR allows district courts to utilize the expertise of the PTAB in order to simplify the issues for trial. *See Oyster Optics*, 2019 WL 4729468, at *3 (citing *In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268, 1285 (Fed. Cir. 2015)). But now that all of the relevant IPRs **and appeals** are concluded, the basis for the stay, including the Court's concern about the risk of "inconsistent results with the IPR and Federal Circuit proceedings" (Dkt. 112 at 2), no longer exists. Any simplification that was to be obtained from IPRs has already been realized: institution was denied for the '291 patent, the '568, '152, and '032 patents are no longer at issue,

the Federal Circuit has affirmed the patentability of claims 1, 2, 7, 12, 13, 15, 16, and 19 of the '712 patent, and Apple is subject to the estoppel provisions of 35 U.S.C. § 315(e) for the surviving claims. Thus, "the stay has served its purpose of simplifying the case and is no longer warranted or appropriate." *Medtronic, Inc. v. Axonics Modulation Techs., Inc.*, Case No. Case No. SA CV 19-02115-DOC-JDE, Dkt. 68 at 2 (C.D. Cal. Oct. 21, 2021) (lifting stay after the PTAB issued final written decisions despite pending appeals).

Indeed, lifting the stay and allowing the case to proceed as to the '712 and '291 patents would increase judicial efficiency, as this limited case could proceed to trial quickly. The parties have already exchanged infringement, invalidity, and damages contentions, and a majority of the claim construction briefing is completed. Further, as explained in its prior motion to lift the stay, Corephotonics' infringement theories are relatively straightforward and will require only limited discovery regarding the functionality of the accused devices. In the light of the significant work that has already been completed in this case, and the relatively limited, non-complex nature of Corephotonics' claims regarding the '712 and '291 patents, Corephotonics believes this case can be ready for trial in less than a year.

To the extent that Apple intends to argue that this case should be stayed until the Federal Circuit appeals regarding the patents asserted in the -4809 case are concluded, that argument should be rejected. As explained in the prior briefing, resolution of these two cases would likely resolve the entire dispute with Apple, including Corephotonics' claims regarding the asserted patents in the -4809 case, which concern closely related lens and camera technology. Therefore, resolution of this case, whether by trial or settlement, will likely result in global settlement of all of Corephotonics' infringement claims against Apple. There can be no resolution, however, if the stay is continued and trial is delayed even further.

But even if the cases do not settle, any purported concerns about litigating the -4809 case on a separate track are overblown. That case was filed well after the instant -6457 and -2555 cases and will proceed on a later track regardless of the stay. For instance, the parties have not even exchanged contentions or begun claim construction in the -4809 case. The parties can cross-use the discovery obtained in these cases in the -4809 case and can work together to minimize

duplicative discovery. There is also no risk of inconsistent results with the PTAB and the Federal Circuit because there are no overlapping patents. Regardless, "the pendency of an appeal . . . is 'not, in and of itself, a sufficient basis to make the patentee continue to wait to enforce patent rights that it currently holds.'" *Medtronic*, Dkt. 68 at 2–3.

For the same reasons, any argument that the stay should remain in place pending the resolution of Corephotonics' petition for rehearing in its appeal of the '152 patent IPR should be rejected. As the '152 IPR currently stands, the PTAB has found the '152 patent claims unpatentable, and the Federal Circuit has affirmed that finding. Candidly, the odds are against any appellant seeking to reverse a decision of the Federal Circuit by a petition for rehearing. However, should Corephotonics ultimately prevail in changing the outcome for the '152 patent, the Court can address how to proceed on the '152 patent at that time. The pendency of this very late-stage appeal is not a basis for Corephotonics to continue to wait to enforce its rights on the '291 and '712 patents. *Medtronic*, Dkt. 68 at 2–3.

In sum, there is no legitimate reason to continue staying these cases, which have been sitting on the Court's docket for over four years. The IPRs and related appeals have concluded, and continuing the stay will not result in any further simplification of the issues. The Court should lift the stay for this reason alone. *See, e.g.*, *Oyster Optics*, 2019 WL 4729468, at *3 (lifting stay despite pending appeals).

**B.     Corephotonics Will Be Significantly Prejudiced if the Stay Is Continued**

The Court need not consider these next two factors given that the basis for the stay no longer exists. Regardless, they also favor lifting the stay.

As explained in detail in the prior motion, the stay in this case has already caused significant and irreparable harm to Corephotonics's business. Dkt. 106-5 at 7–8, 11, Dkt. 106-6. For example, Apple's continued infringement of Corephotonics' patents has resulted in damaged relationships with its licensees and has severely hindered Corephotonics' ability to further monetize its patents, causing Corephotonics substantial losses. *See Oyster Optics*, 2019 WL 4729468, at *4 (finding that plaintiff would be prejudiced by continuing the stay pending appeals despite the fact that the parties were not direct competitors).

Continuing the stay would also prejudice Corephotonics' "interest in the timely enforcement of its patents." *KIPB LLC v. Samsung Elecs. Co.*, No. 2:19-cv-00056-JRG-RSP, 2019 WL 6173365, at *3 (E.D. Tex. Nov. 20, 2019). Corephotonics has a right to have this case proceed to trial in a timely manner, and allowing the stay to continue, without basis, runs directly counter to that right. Moreover, "[t]he public has an interest in the timely resolution of federal litigation, and that interest is no longer being served by further delaying this case." *Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-CV-03970-HSG, 2019 WL 2077844, at *2 (N.D. Cal. May 10, 2019). This factor strongly favors lifting the stay.

### C. The Stage of the Litigation Favors Lifting the Stay

Despite the stay, the parties and the Court have already invested substantial time and resources in these cases. The parties have exchanged infringement, invalidity, and damages contentions, the Court has held multiple case management conferences and has entered a protective order and ESI order, the pleadings are finalized, most of claim construction briefing is completed, and the parties have completed two mediations.

While discovery still remains, the necessary discovery in this case is relatively limited and can be completed within a few months. This is not a sufficient justification for continuing the stay in any event—"the existence of a stay, on its own, does not justify its perpetuation." *Oyster Optics*, 2019 WL 4729468, at *2; *see also MasterObjects, Inc. v. eBay, Inc.*, No. 16-CV-06824-JSW, 2018 WL 11353751, at *2 (N.D. Cal. Nov. 7, 2018) ("[T]he existence of a stay, on its own, does not justify its perpetuation: this case would remain frozen in its nascent stage if the Court continued the stay."). This case has already been pending for over four years, and stayed for over three of those years. This case simply cannot advance until the stay is lifted. Accordingly, this factor also favors lifting the stay.

### V. CONCLUSION

For the foregoing reasons, Corephotonics respectfully requests that that the Court lift the stay in the -6457 and -2555 cases.

| | | |
|---|---|---|
| DATED: March 10, 2022 | | Respectfully submitted, |
| | | RUSS AUGUST & KABAT |
| | | By: */s/ Marc A. Fenster* |
| | | Marc A. Fenster (CA Bar No. 181067) |
| | | Benjamin T. Wang (CA Bar No. 228712) |
| | | Neil A. Rubin (CA Bar No. 250761) |
| | | James S. Tsuei (CA Bar No. 285530) |
| | | RUSS AUGUST & KABAT |
| | | 12424 Wilshire Boulevard, 12th Floor |
| | | Los Angeles, California  90025 |
| | | Telephone: (310) 826-7474 |
| | | Facsimile: (310) 826-6991 |
| | | mfenster@raklaw.com |
| | | bwang@raklaw.com |
| | | nrubin@raklaw.com |
| | | jtsuei@raklaw.com |
| | | Attorneys for Plaintiff |
| | | Corephotonics, Ltd. |

# CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on March 10, 2022, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

*/s/ Marc A. Fenster*