COOLEY LLP
Heidi Keefe (178960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya Viswanath (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304
Telephone:   (650) 843-5000
Facsimile:     (650) 849-7400

COOLEY LLP
Phillip Morton (pro hac vice)
(pmorton@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842-7800
Facsimile:   (202) 842-7899

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 3:17-cv-06457-JD (lead case) <br> Case No. 5:18-cv-02555-JD <br><br> **APPLE INC. OPPOSITION TO COREPHOTONICS, LTD.'S MOTION TO LIFT STAY** <br><br> Date: April 14. 2022 <br> Time: 10:00 AM <br> Courtroom: 11 <br> Before:  Hon. James Donato |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

APPLE'S OPPOSITION TO MOTION TO LIFT STAY

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................. 1

II. THE COURT SHOULD MAINTAIN THE STAY TO PRESERVE COURT AND PARTY RESOURCES. .............................................................................................. 2

    A. Maintaining the Stay Will Further Simplify the Issues ........................................ 2

    B. The Early Stage of the Litigation Does Not Favor Lifting the Stay ................. 8

    C. Corephotonics Will Not Be Significantly Prejudiced By Continuing the Stay ........................................................................................................................ 8

III. CONCLUSION ..................................................................................................................... 9

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

- i -

APPLE'S OPPOSITION TO MOTION TO LIFT STAY

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Group*,
    879 F.3d 1332 (Fed. Cir. 2018) .................................................................................................. 6

*KIPB LLC v. Samsung Elecs. Co.*,
    No. 2:19-cv-00056-JRG-RSP, 2019 WL 6173365 (E.D. Tex. Nov. 20, 2019) ......................... 9

*Ormco Corp. v. Align Tech., Inc.*,
    498 F.3d 1307 (Fed. Cir. 2007) .................................................................................................. 4

*Oyster Optics, LLC v. Ciena Corp.*,
    No. 17-cv-05920-JSW, 2019 WL 4729468 (N.D. Cal. Sept. 23, 2019) .................................... 9

*Software Rights Archive, LLC v. Facebook, Inc.*,
    No. 12-cv-03970-HSG, 2019 WL 2077844 (N.D. Cal. May 10, 2019) .................................... 9

**Statutes**

35 U.S.C.
    § 112 ........................................................................................................................................... 6
    § 315(e) ...................................................................................................................................... 6

# I. INTRODUCTION

Corephotonics' motion regurgitates the same arguments the Court already rejected in its order denying Corephotonics' prior motion to lift the stay (Dkt. 112 ("Denial Order")), which maintained the previously-ordered stay (Dkt. 100 ("Stay Order")). Corephotonics' motion should be denied for the same reasons the Court previously articulated. Maintaining the stay will dramatically simplify the issues and serve judicial economy given the extensive overlap in asserted patent claim coverage and accused products across the three related Corephotonics actions.[1]

Corephotonics' motion is predicated on narrowly addressing the present dispute as though it were a narrow stand-alone case involving only two patents. But, critically, Corephotonics ignores that it has brought *three* related cases, which in total assert thirteen related patents with overlapping claims against overlapping accused products. Corephotonics' argument already has been rejected by the Court, soundly and for good reason. Indeed, Corephotonics itself admits that the patents across the related actions "concern closely related lens and camera technology." Dkt. 120 at 6. Many asserted patents that share extensive claim language with the '291 or '712 patents are currently subject to pending Federal Circuit invalidity appeals. It would make no sense to partially resume litigation piecemeal now on only two patents before the Federal Circuit addresses the same claim limitations recited in many other asserted patents. As the Court previously determined, "***proceeding with any of the actions would risk inconsistent results with the IPR and Federal Circuit proceedings, especially because all three actions involve overlapping products and significant common discovery***." Denial Order, Dkt. 112 at 3 (internal quotation marks omitted) (emphasis added). That remains true today: a dozen appeals and cross-appeals on the asserted patents are currently pending before the Federal Circuit. In addition, Apple recently filed a Patent Office reexamination request against the '291 patent, which is also pending.

The remaining factors further support a stay. This stayed litigation "is still in its beginning stages"—early in fact discovery and no *Markman* hearing has been held. Stay Order, Dkt. 100 at 2. And the Court has already rejected Corephotonics' claim of alleged prejudice to its licensing activity: "courts have consistently found that a patent licensor cannot be prejudiced by a stay

---

[1] Nos. 3:17-cv-06457-JD, 5:18-cv-2555-JD, and 3:19-cv-4809-JD.

because monetary damages provide adequate redress for infringement." Denial Order, Dkt. 112 at 3 (citation omitted). Corephotonics does not argue that any exigent harmful new prejudice has recently arisen. *See* Dkt. 120 at 7-8.

For these reasons, and as discussed further below, Corephotonics' motion should be denied.

## II.   THE COURT SHOULD MAINTAIN THE STAY TO PRESERVE COURT AND PARTY RESOURCES.

Corephotonics seeks the same relief as in its prior motion to lift the stay as to the '291 and '712 patents and largely rehashes the same arguments. *See* Dkt. 107 (Corephotonics' prior motion). While Corephotonics points to the updated status of some of the invalidity proceedings (while ignoring many others), for all three of the stay factors Corephotonics raises the same arguments it previously raised, which the Court already rejected in the Denial Order. *Compare* Dkt. 120 at 6 ("As explained in the prior briefing, . . ."), 7-8 ("As explained in detail in the prior motion, . . .") *with* Dkt. 107 at 9, 11-12; Denial Order, Dkt. 112. Corephotonics also simply incorporates by reference the employee declaration submitted with its prior denied motion, Dkt. 120 at 5, and submits no new evidence. As such, Corephotonics' motion is effectively a meritless motion for reconsideration that should be denied for the same reasons the Court already determined.

### A.   Maintaining the Stay Will Further Simplify the Issues

The Court's reasoning in the Denial Order remains fully applicable here: "proceeding with any of the actions would 'risk inconsistent results with the IPR and Federal Circuit proceedings, especially because all three actions involve overlapping products and significant common discovery.'" Denial Order, Dkt. 112 at 3. Corephotonics fails to demonstrate any reason to disturb the Court's determination.

Corephotonics' motion downplays the massive overlap across the three related actions, but Corephotonics admits, as it must, that the patents across all three actions "concern closely related lens and camera technology." Dkt. 120 at 6. Corephotonics asserted four patents in the instant -6457 action filed in 2017, an additional patent in the -2555 action filed in 2018 (which was consolidated with the -6457 action), and an additional ten patents in the -4809 action filed in 2019. Corephotonics has now dropped two patents from the -6457 action (the '032 and '568 patents),

Cooley LLP
Attorneys at Law
Palo Alto

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

2

APPLE'S OPPOSITION TO MOTION TO LIFT STAY

leaving thirteen asserted patents overall.  Dkt. 120 at 4.  Corephotonics has also indicated it plans to move for leave to add at least an additional two related patents to the -4809 action after the stay is lifted.  No. 3:19-cv-04809, Dkt. 38 at 6-7.

The three related actions are all at early pre-*Markman* stages.  The consolidated -6457/-2555 action was stayed "in its beginning stages"—"the parties have not filed dispositive motions or initiated expert discovery and the Court has not held a claim construction hearing." Stay Order, Dkt. 100 at 2.  The -4809 action was stayed at an even earlier stage, before discovery commenced.  Order Staying Case and Continuing Case Management Conference ("-4809 Stay Order"), No. 3:19-cv-4809, Dkt. 27 at 3 ("the case is still in its infancy. The Court has not yet held an initial case management conference or set a case schedule.").

Critically, the two patents for which Corephotonics seeks to lift the stay, the '291 and '712, are very similar to many related patents asserted in the related -4809 action that (1) are currently subject to pending Federal Circuit appeals from Patent Office invalidity decisions, (2) share overlapping claim language, and (3) are asserted against the same accused products.  The Patent Office held invalid the vast majority of the challenged claims of these related patents, subject to Corephotonics' pending appeals.

The claim language across these related patents overlaps extensively.  The following charts show the claim limitations recited in the independent claims of the '291 and '712 patents (left column) and claims reciting substantially the same limitations in seven patents asserted in the -4809 case that are subject to Federal Circuit appeals.  For six of these seven patents, the Patent Office found that all challenged claims are unpatentable, and in the seventh patent (the '897 patent) the Patent Office found that most of the challenged claims are unpatentable.  Appendices that set forth these patents' applicable claim language and current invalidity status are submitted herewith as **Exhibits A** and **B**, illustrating the striking similarity of the claim language across these patents.[2]

---

[2] Corephotonics asserted '291 patent claims 1, 2, 3, 4, 5, 6, 7, 10, 12, and 13 in this action; all of those claims are now challenged in Apple's pending request for reexamination.  The parties would likely dispute which claims Corephotonics is permitted to assert at least as to the '712 patent, where the Patent Office entered adverse judgment as to dependent claims 6 and 14 (which ultimately depend from claim 1) after Apple argued that these claims are invalid for obviousness.  *See* IPR2018-01146 (P.T.A.B.), Paper No. 45.  As a matter of law, a broader independent claim cannot

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

3

APPLE'S OPPOSITION TO MOTION TO LIFT STAY

| '291 Patent Claim Limitations | '291 Patent | Related Asserted Patents (Pending on Appeal and Not Subject of Current Motion) | | | |
|---|---|---|---|---|---|
| | | '233 Patent | '942 Patent | '332 Patent | '898 Patent |
| Zoom digital camera | 1, 12 | 1, 10 | 1, 19 | 1, 13 | 1, 12 |
| Wide imaging section that includes a fixed focal length Wide lens with a Wide field of view (FOV) | 1, 12 | 1, 10 | 1, 19 | 1 | 1, 12 |
| Wide imaging section that includes … a Wide sensor | 1, 12 | 1, 10 | 1, 19 | 1 | 1, 12 |
| Wide imaging section operative to provide Wide image data of an object or scene | 1 | 1, 10 | 1, 19 | 1 | 1 |
| a Tele imaging section that includes a fixed focal length Tele lens with a Tele FOV that is narrower than the Wide FOV | 1, 12 | 1, 10 | 1, 19 | 1 | 1, 12 |
| a Tele imaging section that includes … a Tele sensor | 1, 12 | 1, 10 | 1, 19 | 1 | 1, 12 |
| Tele imaging section operative to provide Tele image data of the object or scene; and | 1 | 1, 10 | 1, 19 | 1 | 1 |
| Camera controller operatively coupled to the Wide and Tele imaging sections | 1, 12 | 1 | 1, 19 | 1 | 1 |
| Camera controller configured to combine in still mode at least some of the Wide and Tele image data to provide a fused output image of the object or scene from a particular point of view | 1, 12 | | 9, 13 | 12, 21 | 11, 19 |
| The video output images are provided with a smooth transition when switching between a lower zoom factor (ZF) value and a higher ZF value or vice versa, | 1, 12 | 7, 16, 18 | 4, 6, 7, 22, 24, 25 | | |
| at the lower ZF value the output resolution is determined by the Wide sensor | 1, 12 | 7, 16, 18 | 4, 22 | | |
| at the higher ZF value the output resolution is determined by the Tele sensor. | 1, 12 | 7, 16, 18 | 4, 22 | | |

| '712 Patent Claim Limitations | '712 Patent | Related Asserted Patents (Pending on Appeal and Not Subject of Current Motion) | | |
|---|---|---|---|---|
| | | '277 Patent | '647 Patent | '897 Patent |
| Lens assembly | 1, 15 | 1, 11, 18 | 1, 8 | 1, 17 |

be nonobvious where a dependent claim stemming from that independent claim is invalid for obviousness. *Ormco Corp. v. Align Tech., Inc.*, 498 F.3d 1307, 1319-20 (Fed. Cir. 2007).

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD                                    4                    APPLE'S OPPOSITION TO MOTION TO LIFT STAY

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

| '712 Patent Claim Limitations | '712 Patent | Related Asserted Patents (Pending on Appeal and Not Subject of Current Motion) | | |
|---|---|---|---|---|
| | | '277 Patent | '647 Patent | '897 Patent |
| Plurality of lens elements arranged along an optical axis | 1, 15 | 1, 11, 18 | 1 | 1, 17 |
| At least one surface of at least one of the plurality of lens element is aspheric | 1 | 1, 11, 18 | | |
| Total track length (TTL) of 6.5mm or less | 1 | 1, 11, 18 | 1 | 1, 17 |
| Lens assembly has an effective focal length (EFL) … and a ratio TTL/EFL of less than 1.0 | 1, 15 | 1, 11, 18 | 1, 8 | 1, 17 |
| Plurality of lens elements, in order from object side to an image side | 1, 15 | 1, 11, 18 | 1, 8 | 1, 17 |
| First lens element with focal length f1 and positive refractive/optical power | 1, 15 | 1, 11, 18 | 1, 8 | |
| Second lens element with a focal length f2 and negative refractive power | 1 | 1, 11, 18 | 1, 8 | 11, 25 |
| Third lens element with a focal length f3 | 1 | 1, 11, 18 | 1, 8 | |
| the focal length f1, the focal length f2 and the focal length f3 fulfilling the condition $1.2 \times |f3| > |f2| > 1.5 \times f1$ | 1 | 4, 11 | 1 | 9, 10, 17 |
| Second and/or third lens elements having a negative optical power | 15 | 1, 2, 11, 12, 18, 19 | 1, 11 | |
| Fourth and fifth lens elements | 15 | 3, 13, 18 | 1, 8 | |
| Fourth lens element separated from third lens elements by an air gap greater than TTL/5 | 15 | 9, 18 | 8 | |

The same Apple iPhone products and camera features are accused under all of these patents across all three actions. Corephotonics asserts all of the related '291, '277, '897, and '647 patents against the same iPhone 7 Plus product. Dkt. 42, ¶ 72; No. 3:19-cv-04809, Dkt. 1, ¶¶ 99, 110, 121. Corephotonics asserts the '712 patent against the iPhone 7 Plus, iPhone 8 Plus, and iPhone X products, and accuses one or more of those same products under all of the related '233, '408, '942, and '479 patents. Dkt. 42, ¶ 59; No. 3:19-cv-04809, Dkt. 1, ¶¶ 59, 132, 143, 169.

As the Court previously found, this massive overlap across the three related actions "weighs strongly in favor of a stay, given that the asserted patents are related to [other] asserted patents that are still subject to IPR or Federal Circuit appeal proceedings." -4809 Stay Order, No. 3:19-cv-4809, Dkt. 27 at 3; Denial Order, Dkt. 112 at 2-3 (noting "the overlapping products and significant

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

5

APPLE'S OPPOSITION TO MOTION TO LIFT STAY

common discovery between the instant action and the 2018 and 2019 actions (which are the subject of IPR proceedings and possibly Federal Circuit appeals)"). In addition to informing claim construction issues, the Federal Circuit's pending rulings will also address invalidity over the prior art, including disputes as to whether the cited prior art references disclose and/or render obvious the claim limitations. Those determinations, in turn, may be highly relevant to invalidity and related issues as to the same subject matters as recited in the claims of the '291 and '712 patents.[3] Judicial economy strongly favors the Court maintaining the stay at least until after the Federal Circuit issues its rulings so that the Court and parties can benefit from those rulings before moving forward in litigation with claim construction and other issues on any remaining subset of patents and claims.

Separate from the pending appeals, the '291 patent itself is now subject to another pending invalidity challenge at the Patent Office. Apple recently filed a request for *ex parte* reexamination of all asserted claims of the '291 patent. See **Exhibit C** (reexam request). The request is supported by recent invalidity decisions the Patent Office issued regarding related patents, which is the reason why the request was not filed until after those recent decisions issued. *See id.* at 8-12. The pending reexamination request is another independent reason not to lift the stay at this time. The reexamination will create additional intrinsic record applicable to the '291 patent to be assessed in claim construction, and it may eliminate some or all of the asserted '291 patent claims.

Finally, Corephotonics' pending Federal Circuit rehearing request on the '152 patent is yet another reason to maintain the stay. Corephotonics asserts the '152 patent in the -6457 action alongside the '291 and '712 patents against the same iPhone 7 Plus product. Dkt. 42, ¶ 72. The Federal Circuit affirmed the Patent Office's finding that all asserted claims of the '152 patent are

---

[3] For example, invalidity determinations may directly impact the '291 patent because Apple is not estopped from challenging the validity of the '291 patent; Apple's prior IPR petition against the '291 patent was not instituted. *See* 35 U.S.C. § 315(e) (estoppel arises from IPR only after a final written decision on the merits); Ex. C at 12. As to the '712 patent, a limited statutory estoppel has arisen as to certain claims and prior art challenges (limited, for example, to patents and printed publications that could have been raised in IPR against the claims challenged in IPR), but that estoppel does not affect other issues such as invalidity over system prior art, § 112 invalidity issues, and damages-related issues that account for the prior art such as the well-known *Georgia-Pacific* factors. *See, e.g., Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Group*, 879 F.3d 1332, 1351-52 (Fed. Cir. 2018) (holding that district court should have admitted evidence that "many of the benefits [plaintiff] attributed to the [claimed invention] were already present in the prior art" under "*Georgia-Pacific* factor nine" in determining a reasonable royalty).

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

6

APPLE'S OPPOSITION TO MOTION TO LIFT STAY

invalid. Corephotonics cannot have it both ways. It argues to the Federal Circuit that it should vacate an allegedly unsupported invalidity ruling, but tells this Court to ignore the '152 patent and forge ahead with this action. Yet Corephotonics has not dismissed its '152 patent claim in this Court or its '152 patent appeal in the Federal Circuit; instead, it seeks to preserve the ability to upend the litigation at any moment in the unlikely event that the Federal Circuit later grants rehearing and resurrects the patent. Dkt. 120 at 7. The best course is to maintain the stay.

Corephotonics cites no support for its assumption that the related -4809 action must necessarily "proceed on a later track" than the -6457/-2555 action. Dkt. 120 at 6. The Court has not conducted claim construction in any action, the claim language across the patents overlaps extensively, and the same products are accused in all three actions. The extensive overlap and early stage of litigation strongly support all of the related litigation resuming on the same track as to any remaining claims after the invalidity proceedings are completed, consistent with the Court's reasoning in staying the -4809 action and denying Corephotonics' prior motion to lift the stay of the -6457/-2555 action. *See* -4809 Stay Order, No. 3:19-cv-04809, Dkt. 27 at 2-3; Denial Order, Dkt. 112 at 2-3.

The Court previously rejected Corephotonics' argument to lift the stay for the purpose of attempting to spur a settlement. Dkt. 107 (Corephotonics' prior motion to lift the stay) at 9; Dkt. 112 at 3. Corephotonics does not raise any new argument that would disturb the Court's prior determination. Corephotonics cites no authority that would justify misappropriating the Court's finite resources for the purpose of imposing litigation on a party to pressure that party to settle.

Corephotonics also does not demonstrate how a resolution of only the '712 and '291 patents would necessarily resolve the overall patent dispute between Corephotonics and Apple—which is not even limited to the currently asserted patents, as Corephotonics seeks to add at least two additional patents to this litigation (*see* No. 3:19-cv-04809, Dkt. 38 at 6-7), and Corephotonics has asserted multiple Chinese patents against Apple in litigation in China (Mead Decl., ¶ 5). Corephotonics makes no binding commitment that if Apple prevails here on the '712 and '291 patents then Apple will be absolved of any alleged liability under all Corephotonics patents worldwide. Even if Corephotonics were to make any such commitment, the stay should still be

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

7

APPLE'S OPPOSITION TO MOTION TO LIFT STAY

maintained so that the Court and parties can benefit from the many pending Federal Circuit appeals on the related patents and claim language before moving forward. Corephotonics also could have voluntarily dropped all of its other patent assertions in order to proceed only on the '712 and '291 patents (for example, by providing Apple with an irrevocable covenant not to sue on all other patents and dropping all of its Federal Circuit appeals). Instead Corephotonics seeks to burden the Court and parties with highly inefficient piecemeal serial litigations asserting substantially overlapping claims against the same accused products. The stay should be maintained.

### B. The Early Stage of the Litigation Does Not Favor Lifting the Stay

The remaining two factors support maintaining the stay for the same reasons the Court previously determined. Stay Order, Dkt. 100 at 2; Denial Order, Dkt. 112 at 3-4.

As the Court recognized in the Stay Order, the consolidated -6457/-2555 action "is still in its beginning stages" as "the parties have not filed dispositive motions or initiated expert discovery and the Court has not held a claim construction hearing." Stay Order, Dkt. 100 at 2. When Corephotonics previously moved to lift the stay, raising the same argument it now raises that the case was well-advanced, the Court observed that "the Court concluded the exact opposite." Denial Order, Dkt. 112 at 4. Nothing has changed in the stayed -6457/-2555 action since then. And the related -4809 action has not even commenced discovery. As a whole, the Corephotonics litigation is in its infancy, strongly favoring a stay until after the invalidity reviews are completed.

### C. Corephotonics Will Not Be Significantly Prejudiced By Continuing the Stay

Finally, the Court has already addressed and rejected Corephotonics' complaint that the stay has "severely hindered Corephotonics' ability to further monetize its patents." Denial Order, Dkt. 112 at 3. The Court found that there is no showing of undue prejudice given that Corephotonics seeks only monetary damages in this litigation. *Id*. ("courts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement") (citation omitted). Corephotonics does not allege (let alone demonstrate with evidence) that any significant new prejudice has recently arisen that would justify disturbing the Court's determination; it only refers back to its prior denied motion. Dkt. 120 at 5, 7-8.

Corephotonics' claims of prejudice further ring hollow given that it was acquired *during*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

8

APPLE'S OPPOSITION TO MOTION TO LIFT STAY

*the stay* by global conglomerate Samsung.  *See* Dkt. 106-4 (Declaration of Eran Kali), ¶ 16.  As a wholly-owned subsidiary of Samsung, Corephotonics has more than enough financial wherewithal to endure the stay.

Corephotonics' cited cases are inapposite.  Neither *Oyster Optics* nor *KIPB* involved the extraordinary circumstances at bar here, where Corephotonics asserts thirteen patents across related actions, many asserted patents share substantially the same claim language as the '291 and '712 patents and are subject to pending appeals from decisions that invalidated most of their challenged claims, the '291 patent is subject to a pending reexamination request, and another patent asserted in this action is currently subject to Corephotonics' own pending rehearing request.  *Oyster Optics, LLC v. Ciena Corp.*, No. 17-cv-05920-JSW, 2019 WL 4729468, at *4 (N.D. Cal. Sept. 23, 2019); *KIPB LLC v. Samsung Elecs. Co.*, No. 2:19-cv-00056-JRG-RSP, 2019 WL 6173365, at *3 (E.D. Tex. Nov. 20, 2019).  In *Software Rights*, the plaintiff itself sought to maintain a stay when there was no basis to continue the stay because all Federal Circuit appeals and Patent Office proceedings had been exhausted.  *Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-cv-03970-HSG, 2019 WL 2077844, at *2 (N.D. Cal. May 10, 2019) (noting that plaintiff-patentee SRA "requested to continue the stay for approximately six more months").

### III.  CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court deny Corephotonics' motion and maintain the stay in all three Corephotonics actions.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

9

APPLE'S OPPOSITION TO MOTION TO LIFT STAY

| | |
|---|---|
| Dated: March 24, 2022 | COOLEY LLP<br><br>/s/     Lowell D. Mead<br>HEIDI KEEFE (178960)<br>(hkeefe@cooley.com)<br>LOWELL MEAD (223989)<br>(lmead@cooley.com)<br>PRIYA B. VISWANATH (238089)<br>(pviswanath@cooley.com)<br>3175 Hanover Street<br>Palo Alto, CA  94304<br>Telephone:     (650) 843-5000<br>Facsimile:      (650) 849-7400<br><br>COOLEY LLP<br>PHILLIP MORTON (*pro hac vice*)<br>(pmorton@cooley.com)<br>1299 Pennsylvania Avenue NW, Suite 700<br>Washington, DC 20004-2400<br>Telephone:  (202) 842-7800<br>Facsimile:  (202) 842-7899<br><br>*Attorneys for Defendant Apple Inc.* |

Cooley LLP
Attorneys at Law
Palo Alto

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

10

APPLE'S OPPOSITION TO MOTION TO LIFT STAY

# CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on March 24, 2022, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

/s/ Lowell D. Mead
Lowell D. Mead

Cooley LLP
Attorneys at Law
Palo Alto

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

11

APPLE'S OPPOSITION TO MOTION TO LIFT STAY