RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
mfenster@raklaw.com
Benjamin T. Wang, State Bar No. 228712
bwang@raklaw.com
Neil A. Rubin, State Bar No. 250761
nrubin@raklaw.com
James S. Tsuei (CA Bar No. 285530)
jtsuei@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
COREPHOTONICS, LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREPHOTONICS, LTD. <br><br> Plaintiff, <br><br> vs. <br><br> APPLE INC. <br><br> Defendant. | Case No. 5:17-cv-06457-JD (Lead Case) <br> Case No. 5:18-cv-02555-LHK <br><br> **COREPHOTONICS, LTD.'S REPLY IN SUPPORT OF MOTION TO LIFT STAY** |

The purpose of post-grant proceedings is to provide a quick and cost-effective alternative to litigation—not to allow accused infringers to perpetually delay a patent owner's enforcement of its constitutionally protected rights. But that is precisely what Apple is attempting to do here. All of the IPRs and Federal Circuit appeals concerning the '291 and '712 patents are concluded. Apple nonetheless demands that the stay continue pending appeals in a *different case* concerning *different patents* not at issue here. Apple also seeks to continue the stay because it filed a request for ex parte reexamination of '291 patent the day before its opposition brief was due, and over ***three years*** after its failed IPR on the '291 patent was denied institution.

Apple, however, has not identified a single issue or claim term in this case that might be impacted by the pending appeals or its pending reexam request. Instead, Apple asks this Court to continue the stay on the chance that they "may be" relevant. This is untenable. This case has already been stayed for over three years. There is simply no reason to continue the stay for several more years based on Apple's unsubstantiated speculation.

## I.   Continuing The Stay Will Not Result In Any Further Simplification Of The Issues

### A.   The pending appeals concerning the patents asserted in the -4809 case will have no impact on the '291 and '712 patents asserted in this case.

Apple *does not dispute* that (1) the IPRs and appeals for the '291 and '712 patents—the *only* patents currently at issue in these consolidated cases—are concluded, (2) a stay cannot result in any further simplification of the issues with respect to the concluded IPRs and appeals concerning the '291 and '712 patents, (3) there is no longer any risk of inconsistent results with the IPR and Federal Circuit proceedings, (4) these cases will require only limited discovery and can be brought to trial quickly, likely close to a year, and (5) any discovery obtained in these cases can be used in the -4809 case after the stay is lifted. Apple nonetheless argues that the Court should continue the stay because Federal Circuit appeals regarding IPRs on some of the patents in the -4809 case are still pending. In other words, Apple demands that these cases be stayed pending appeals in *another case* concerning *different patents*. That is nonsensical.

The only issue before the Federal Circuit in the pending appeals is the validity of the patents before it, which *do not include* the '291 and '712 patents. Thus, the Federal Circuit's pending

1  validity determinations will have no impact on the validity of the asserted claims of the '291 and
2  '712 patents, which have already survived IPRs and appeals. Apple's vague speculation that the
3  Federal Circuit's pending rulings "*may be* highly relevant to invalidity and related issues" in this
4  case (Opp. at 6) is insufficient. Tellingly, Apple fails to identify a single issue or claim term
5  currently before the Federal Circuit that may impact this case. Apple's lengthy tables and charts
6  comparing claim language across the different patents at best shows that there is some common
7  and/or similar claim language. They do not somehow establish that the Federal Circuit's pending
8  rulings will bear any relevance to the issues before the Court in these cases.

9  But even assuming that the pending appeals concerning the -4809 patents are relevant, as
10 observed by this Court, the likelihood of the Federal Circuit overturning the PTAB's rulings is
11 extremely low, and it is "far from certain that the Federal Circuit will issue anything more
12 expansive than a one-line, summary affirmance." *MasterObjects, Inc. eBay, Inc.*, No. 4:16-cv-
13 06824-JSW, Dkt. 49 at 4 (N.D. Cal. Nov. 7, 2018) (granting motion to lift stay after IPRs were
14 completed and declining defendant's request to continue the stay pending appeals). *Id.* Thus, any
15 simplification that was to be obtained from the IPRs on the -4809 patents has already been realized,
16 and the PTAB's findings with respect to those patents are now available to this Court. And even
17 in the unlikely event the Federal Circuit provides additional guidance relevant to this case, "the
18 Court is perfectly capable of making adjustments to the scope of the case, as needed, to
19 accommodate any decision the Federal Circuit renders." *Oyster Optics, LLC v. Ciena Corp.*, No.
20 17-CV-05920-JSW, 2019 WL 4729468, at *2 (N.D. Cal. Sept. 23, 2019).

21 Simply put, there is no legitimate reason to continue the stay. Indeed, Apple fails to cite a
22 single case to support continuing a stay—where the relevant IPRs and appeals concerning the
23 patents-in-suit have concluded—based on the pendency of appeals concerning *different patents*
24 asserted in a *different case*.

25 **B.  Apple's concerns about piecemeal litigation are baseless, as the -4809 case is on a later track and is not consolidated with these cases.**

26 Apple's purported concerns about piecemeal litigation are unavailing and not a basis to
27 continue the stay. As explained in the motion, allowing this case to proceed is likely to encourage
28 settlement between the parties. And in patent litigation, settlement of one case often results in

settlement of all active litigation between the parties. Apple cannot and does not dispute this simple fact.[1] Instead, Apple makes bizarre assertions about Corephotonics' purported failure to provide it with an "irrevocable covenant" not to sue on other patents and to drop its Federal Circuit appeals. Opp. at 7–8. This is nonsensical and entirely beside the point. Of course Corephotonics is not going to simply drop all of its patent claims and pending appeals for nothing in return. Corephotonics is, however, willing to enter into discussions regarding a global settlement of the parties' patent dispute. But it is clear that Apple is not interested in the timely resolution of these cases at all, and instead transparently appears determined to delay for as long as possible, as evidenced by its recently filed petition for ex parte reexamination against the '291 patent.

In any event, Apple cannot legitimately dispute that the -4809 case will proceed—and *is proceeding*—on a later track regardless of the outcome of this case. This is not an "assumption"— this is fact, as can easily be confirmed by just a cursory review of the case dockets. Indeed, while the Court expressly related *and consolidated* the instant -6457 and -2555 cases (Dkt. 61), the Court declined to consolidate the "later-filed" -4809 case. -4809 case, Dkt. 16. And this was for good reason: the -4809 case was filed nearly two years after this case, and the parties have not even exchanged contentions or begun claim construction in that case. On the other hand, the parties have already exchanged contentions and completed claim construction briefing in these consolidated cases. Apple's assertion that the Court has "not conducted claim construction in any action" (Opp. at 7) conveniently omits these key facts.

### C.   Apple's other reasons for continuing the stay are without merit.

Apple's reliance on its recent request for reexamination of the '291 patent should be rejected. The mere filing of an *ex parte* reexam request does not support continuing the stay. As held by this Court, "[t]here is no per se rule that patent cases should be stayed pending reexamination, because such a rule 'would invite parties to unilaterally derail' litigation." *Adaptix, Inc. v. HTC Corp.*, No. 5:14-CV-02359-PSG, 2015 WL 12839246, at *1 (N.D. Cal. Aug. 5, 2015); *see also* Software Rts. Archive, LLC v. Facebook, Inc., No. 12-CV-03970-HSG, 2019 WL

---

[1] Apple's assertion that the "Court previously rejected Corephotonics' argument to lift the stay for the purpose of attempting to spur a settlement" (Opp. at 7) is false. The Court's prior order did not mention settlement at all. *See* Dkt. 112.

2077844, at *2 (N.D. Cal. May 10, 2019) (Congress's intent in creating the PTO was "not to allow parties to perpetually delay litigation until they could achieve outcomes deemed favorable to them.").[2] And that is exactly what Apple seeks to do here through its continued efforts at delay through improper serial petitions on the same patent. Apple attempts to justify the timing of its belated request, explaining that it is based on the PTAB's "recent invalidity decisions." Opp. at 6. But those decisions issued *several months ago* in November and December 2021, and concern prior art of which Apple has been aware **for years**. There is no excuse for Apple's abusive litigation practices.

More importantly, Apple does even attempt to explain how continuing the stay could result in any simplification of the issues in the event its reexam request is granted (which remains to be seen). Apple only offers one conclusory sentence, stating that the reexam will "create additional intrinsic record applicable to the '291 patent to be assessed in claim construction, and it may eliminate some or all of the asserted '291 patent claims." Opp. at 6. But critically, Apple does not explain *how* this intrinsic evidence could impact and simplify any of the issues before the Court. For instance, despite claim construction briefing being completed, Apple has not specifically identified a single term or issue in this case that will be affected by the reexam. Apple's vague, generalized speculation falls far short of establishing that a stay will simplify the issues.

Moreover, the PTO's interpretations are not binding on this Court, and, unlike IPR, "no estoppel prevents [Apple] from raising different—or even the same—invalidity grounds following reexamination." *Facebook*, slip op. at 7; *see also Interwoven, Inc. v. Vertical Computer Sys., Inc.*, No. C 10-04645 RS, 2012 WL 761692, at *3 (N.D. Cal. Mar. 8, 2012) ("Unlike *inter partes* reexaminations which 'are guaranteed to finally resolve at least some issues of validity because

---

[2] Indeed, some courts have begun to "rethink" this District's traditional policy favoring stays pending the outcome of PTO proceedings "due to concerns that 'staying a case even in its early stages pending reexamination has not led to the just, speedy, and efficient management of the litigation, but instead has tended to prolong it without achieving sufficient benefits in simplification to justify the delay.'" *Facebook, Inc. v. Blackberry Limited*, Case No. 4:18-cv-05434-JSW, Dkt. 125 at 4 (N.D. Cal. June 15, 2020) (citing *Network Appliance Inc. v. Sun Microsys. Inc.*, No. C-07-06053 EDL, 2008 WL 2168917, at *3 (N.D. Cal. May 23, 2008)); *Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2011 WL 13153233, at *3 (N.D. Cal. Feb. 8, 2011)).

RUSS, AUGUST & KABAT

the requesting party is barred from seeking district court review on any grounds that it could have raised reexamination,' no such estoppel arises from *ex parte* reexaminations."); *TPK Touch Sols., Inc v. Wintek Electro-Optics Corp.*, No. 13-CV-02218-JST, 2013 WL 6021324, at *5 (N.D. Cal. Nov. 13, 2013) (reexamination "takes considerably longer to resolve than IPR and lacks its estoppel benefits"). Thus, any simplification of the issues that "may" result from the reexam is illusory. Indeed, recent PTO statistics reveal that it is far more likely that the claims will be confirmed than canceled. *See* USPTO *Ex Parte* Rexam Filing Data (available at https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_roll_up_21Q1.pdf) (only 13.1% of reexam certificates resulted in the cancellation of all claims). "These statistics cast serious doubt on the conclusion that an EPR—even where [(unlike here)] the claims have initially been rejected—will result in a simplification of the issues." *Longhorn HD LLC. v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG, at *3 n.6, 2022 WL 71652 (E.D. Tex. Jan. 6, 2022).

Finally, Apple's reliance the fact that Corephotonics has requested a rehearing in CAFC No. 20-1425 concerning the '152 patent is also unavailing. The Federal Circuit has entered judgment in that appeal. Corephotonics' request for rehearing is still pending, and the Court should not continue the stay based on events that may not come to pass. In any event, even if rehearing is granted, the case is remanded for Director Review as requested, and the '152 patent claims are found to not be unpatentable, adding this patent back to the case will not disrupt the case schedule. The discovery for the '291 and '712 patents can also be used for this patent.

**II.     Continuing The Stay Will Unduly Prejudice Corephotonics**

While delay, by itself, ordinarily may not constitute prejudice, this Court has found that delay may constitute "undue prejudice" when there is "evidence of dilatory motives or tactics," such as "in the context of successive challenges to validity." *Facebook*, slip op. at 9 (citing *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006)). And here, it is apparent that Apple's primary goal is to delay this case as long as possible, as evidenced by its unprecedented demand to stay these consolidated cases pending the outcome of Federal Circuit appeals in a different case on a different track concerning different patents, as well as its recently filed reexam request, inexplicably filed years after its failed IPR on the same patent (and months

after the other IPRs concluded), and without identifying any issues or terms in this case that may be affected by the pending appeals and reexam. This case has already been stayed for over three years. And all of the Federal Circuit appeals concerning patents asserted in the -4809 case are in the earliest stages, some docketed as recently as February 2022—just last month. Those appeals will take years to conclude. The Court should not accede Apple's request to continue the stay for several more years under the guise of "simplification." *See TPK*, 2013 WL 6021324, at *5 (noting that reexamination "takes considerably longer to resolve than IPR and lacks its estoppel benefits"). To do so would run contrary to the "strong public policy favoring expeditious resolution of litigation." *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989).

Not only is Apple proposing a virtually indefinite delay in this case, Apple is also trying to stretch out the schedule for the IPR appeals it says should justify continuing the stay: earlier today, Apple filed a request for a 60-day extension in one of those appeals (s*ee* Dkt. 11, *Apple Inc. v. Corephotonics, Ltd.*, No. 22-1324 (Mar. 31, 2022 Fed. Cir.), and Apple has indicated it will seek similarly long extensions for the other IPR appeals at issue.

This delay, coupled with the irreparable harm to Corephotonics' licensing business, strongly favors lifting the stay. Apple attempts to dismiss this clear and irreparable harm to Corephotonics because it was acquired by Samsung during the stay. But Apple fails to recognize that Corephotonics' primary business involves the licensing of its patented technology. The mere fact that Samsung acquired Corephotonics, which continues to function and operate as an independent entity, does not somehow negate or disprove the significant losses Corephotonics has already incurred as a direct result of the stay.

Contrary to Apple's assertions, the fact that the court lifted the stay in *Software Rights* despite the *plaintiff's* request to continue the stay only supports that stay should also be lifted here. Indeed, in that case, the Federal Circuit and PTO had not even made final determinations as to all the asserted claims in the case. *See Software Rights*, 2019 WL 2077844, at *2. On the other hand, all of PTO and Federal Circuit proceedings regarding the asserted '712 and '291 patents are concluded.

### III. The Stage Of The Litigation Does Not Favor Continuing The Stay

Apple's assertion that "[n]othing has changed in the stayed -6457/-2555 action since" the Court's prior order (Opp. at 8) only underscores the need to lift the stay. This case has been frozen for over three years. The IPRs and appeals regarding the asserted patents are now completed and it is time to allow these cases to proceed toward some sort of resolution, rather than letting them sit on the Court's docket for several more years, with no apparent benefit to the parties or the Court.

DATED: March 31, 2022                                  Respectfully submitted,

                                                                         RUSS AUGUST & KABAT

By: */s/ Marc A. Fenster*
Marc A. Fenster (CA Bar No. 181067)
Benjamin T. Wang (CA Bar No. 228712)
Neil A. Rubin (CA Bar No. 250761)
James S. Tsuei (CA Bar No. 285530)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California  90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
mfenster@raklaw.com
bwang@raklaw.com
nrubin@raklaw.com
jtsuei@raklaw.com

Attorneys for Plaintiff
Corephotonics, Ltd.

## CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on March 31, 2022, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

*/s/ Marc A. Fenster*