RUSS, AUGUST & KABAT
Marc A. Fenster (CA Bar No. 181067)
Benjamin T. Wang (CA Bar No. 228712)
Neil A. Rubin (CA Bar No. 250761)
James S. Tsuei (CA Bar No. 285530)
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California  90025
Telephone: (310) 826-7474
Facsimile:  (310) 826-6991
mfenster@raklaw.com
bwang@raklaw.com
nrubin@raklaw.com
jtsuei@raklaw.com

*Attorneys for Plaintiff*
Corephotonics, Ltd.

COOLEY LLP
Heidi L. Keefe (178960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya B. Viswanath (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, California  94304
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

COOLEY LLP
Phillip Morton (*Pro Hac Vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue
NW, Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842-7800
Facsimile:    (202) 842-7899

*Attorneys for Defendant*
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| COREPHOTONICS, LTD.,<br><br>      Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>      Defendant. | Case No.  3:17-cv-06457-JD (Lead Case)<br><br>Related Case Nos.<br><br>3:19-cv-04809-JD<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: April 14, 2022<br>Time: 10:00 a.m.<br>Dept.: Courtroom 11<br>Judge: Honorable James Donato |

Plaintiff Corephotonics, Ltd. ("Corephotonics") and Defendant Apple Inc. ("Apple") jointly submit this Case Management Statement in anticipation of the Case Management Conference scheduled for April 14, 2022. (Dkt. No. 43). Each of the above-captioned related patent infringement cases remains stayed by Order of the Court. Corephotonics has moved to lift the stay as to the instant case 3:17-cv-06457-JD, but it has not moved to lift the stay in the related case 3:19-cv-4809-JD. Apple opposes Corephotonics' motion to lift the stay for the reasons explained in Apple's opposition brief. Dkt. 121.

I.   **JURISDICTION AND SERVICE**

This is a patent infringement action. This Court has subject matter jurisdiction over this action at least under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b). All named parties have been served and there are no unresolved issues relating to service of process.

II.  **FACTS**

**Corephotonics' Statement:**

On November 6, 2017, Corephotonics brought a patent infringement suit against Apple in the United States District Court for the Northern District of California. In these consolidated cases, Corephotonics contends that Apple has and continues to willfully infringe five of Corephotonics' patents relating to smartphone camera technology, in particular, small form-factor telephoto lens assembly and dual lens control and imaging technologies. The patents in suit are United States Patent Nos. 9,402,032 (the "'032 patent"), 9,568,712 (the "'712 patent"), 9,185,291 (the "'291 patent"), 9,538,152 (the "'152 patent"), and 9,857,568 (the "'568 patent") (collectively "the Asserted Patents").

Corephotonics respectfully directs the Court to Corephotonics' Complaints, which provide a detailed descriptions of Corephotonics' claims.

A.   **Progress in the Case since the Original Case Management Conference**

Prior to these cases being stayed, the parties had served their respective infringement, validity, and damages disclosures required under Patent Local Rules 3-1, 3-2, 3-3, 3-4, 3-8, and 3-9. Apple filed a motion to dismiss certain willful infringement claims, which the Court denied on October 1, 2018 (see Dkt. No. 90). The parties had filed the joint claim construction and prehearing statement, as

well as their opening and responsive claim construction briefs (see Dkt. Nos. 95, 96, and 98). The case was stayed on December 14, 2018, before the reply claim construction brief was due (see Dkt. No. 100).

Each of the five patents in suit in the instant cases was the subject of one or more IPR petitions filed by Apple:

| Asserted Patent No. | PTAB IPR No. | Date Filed | Status |
|---|---|---|---|
| 9,185,291 | IPR2018-01348 | July 13, 2018 | Institution denied February 4, 2019 and Apple request for rehearing denied August 5, 2019. |
| 9,402,032 | IPR2018-01140 | May 22, 2018 | Claims 1, and 13–15 found unpatentable by PTAB; affirmed on appeal by Federal Circuit on October 25, 2021 (No. 20-1424). |
| 9,538,152 | IPR2018-01133 | May 22, 2018 | Claims 1–4 found unpatentable by PTAB; affirmed on appeal by Federal Circuit on May 20, 2021 (No. 20-1425); petition for rehearing filed and briefing completed March 29, 2022. |
| 9,568,712 | IPR2018-01146 IPR2018-01356 | May 23, 2018 July 6, 2018 | IPR2018-01146: PTAB determined that claims 15–17 shown to be unpatentable and claims 1, 2, 6, 7, 12–14, and 19 were found not unpatentable. On appeal to Federal Circuit (No. 20-1438), affirmed as to claims 1, 2, 7, 12–13, 15–17, and 19 and vacated and remanded to PTAB as to claims 6 and 14. Remand terminated by PTAB on February 11, 2022 following statutory disclaimer of claims 6 and 14. IPR2018-01356: Institution denied February 5, 2019. |
| 9,857,568 | IPR2019-00030 | October 3, 2018 | Claims 1–5 found unpatentable by PTAB; affirmed on appeal by Federal Circuit on October 25, 2021 (No. 20-1961). |

As a result of these IPRs, the claims of the '032, '568, and '152 patents that Corephotonics asserted against Apple in the instant cases have been found to be invalid. These IPR results are final, with the exception of the pending request for rehearing in the '152 IPR appeal.

As to the '712 patent, the PTAB's determination that claims 1, 2, 7, 12–13, and 19 are not shown to be unpatentable and that claims 15–17 are shown to be unpatentable is final, and appeals are exhausted. On December 9, 2021, Apple submitted a petition for *ex parte* reexamination of claims 3–6, 8–11, and 14 (Case No. 90/014,921). On January 11, 2022, Corephotonics submitted a statutory disclaimer of the claims challenged in the *ex parte* reexamination petition, and on February 15, 2022, the reexamination petition was denied.

As to the '291 patent, Apple's IPR petition was denied as stated above. On March 23, 2022, Apple submitted a petition for *ex parte* reexamination challenging claims 1–7, 10–14, 17, and 22 (Case No. 90/014,987). No decision has been made on whether to institute reexamination.

Given that claims of the '712 and '291 patents have been fully and finally resolved in the IPR proceedings some time ago, there is no reason to further delay proceedings in this case that was filed more than four years ago.  While Corephotonics believes that the parties had a fair opportunity to brief issues relating to the current stay separately, Apple has insisted upon inserting extensive argument regarding those issues into its portion of this submission. Apple's conduct reflects an attempt to merely delay for the sake of delay. Apple argues that this Court should allow indefinite delay of consideration of serious claims of patent infringement for which Apple's collateral challenges have been soundly rejected. During the stay of this case, Apple has only continued to expand its extensive and willful infringement of Corephotonics' patents, continuing to sell previously-identified infringing products and releasing new and additional infringing products with full knowledge of its infringement.  Apple has sold billions of dollars worth of infringing devices during the already-lengthy stay of this matter. Apple's gambit of seeking to indefinitely delay its accountability for this massive infringement must come to an end. Apple has demonstrated that it will file serial redundant proceedings (even though repeatedly unsuccessful) which serve little purpose other than delay. The Court should not permit such conduct to continue. Apple's suggestion that this case should wait for the outcomes of its serial challenges to other patents asserted in other cases reflects little more than delay for the sake of delay. Apple does not identify any coherent basis on which proceedings on the patents at issue in this case should be stalled indefinitely.

**Apple's Statement:**

This action is only part of Corephotonics' campaign asserting a total of 13 related patents against the same Apple products between this consolidated action and related action 3:19-cv-4809-JD. The extensive overlap between the related actions is summarized in Apple's opposition to Corephotonics' motion to lift the stay. *See* Dkt. 121 at 1-6. All of the litigation across the three related actions is currently stayed at an early stage. *See id.* at 8; Dkt. 100 at 2 (order staying the -6457/-2555 action "in its beginning stages" where "the Court has not held a claim construction hearing"); Case No. 3:19-cv-4809, Dkt. 27 at 3 (order staying the -4809 action: "the case is still in its infancy. The Court has not yet held an initial case management conference or set a case schedule.").

The Court has already rejected Corephotonics' argument that any of the related cases should proceed separately in inefficient piecemeal litigation, given the extensive overlap across all three actions. As the Court previously explained when maintaining the stay in the -4809 action and reiterated when denying Corephotonics' motion to lift the stay in the -6475/-2555 action, "proceeding with any of the actions would 'risk inconsistent results with the IPR and Federal Circuit proceedings, especially because all three actions involve overlapping products and significant common discovery.'" Dkt. 112 at 3 (quoting Case No. 3:19-cv-4809, Dkt. 29 at 2-3). The same reasoning holds true today. A dozen Federal Circuit appeals are pending that address the invalidity of Corephotonics' related patents whose claim language overlaps extensively with the patents asserted in this action, in addition to the pending invalidity proceedings on the patents asserted in this action noted *supra* in Corephotonics' statement. *See also* Dkt. 121 at 1, 3-5.

On the merits, Apple denies that it infringes any of the asserted claims of the Asserted Patents, contends that the asserted claims are invalid under multiple grounds, and disputes Corephotonics' claims of alleged willfulness.

## III.    LEGAL ISSUES

The principal disputed legal issues are:

- Whether any of the accused products identified in Corephotonics' Complaints and Infringement Contentions directly or indirectly infringe any asserted claims of the Asserted Patents, literally or under the doctrine of equivalents;

1   • Whether Apple induced infringement of the Asserted Patents by its customers or others

2   within the United States;

3   • Whether Apple's alleged infringement of the Asserted Patents was and continues to be

4   willful;

5   • Construction of any disputed patent claim terms from the Asserted Patents;

6   • Whether this case is exceptional under 35 U.S.C. § 285;

7   • Whether Corephotonics is entitled to damages, and if so the amount;

8   • Whether Corephotonics is entitled to injunctive relief to prevent Apple's continuing

9   infringement.

10  Apple's Statement:

11  In addition to the above,

12  • Whether any or all of the claims of the Asserted Patents are invalid;

13  • Whether any or all of the claims of the Asserted Patents are patent-ineligible.

14  **IV.     MOTIONS**

15      As noted above, Apple's motion to dismiss certain willful infringement claims was denied (see

16  Dkt. No. 90).

17      Pending before the Court is Corephotonics' motion to lift the stay in this case (see Dkt. No.

18  120). This motion is noticed to be heard at the same time as this case management conference.

19  Amendment of Infringement Contentions to Add Apple Products Introduced After

20  Corephotonics' Infringement Contentions Were Served

21  **Corephotonics' Statement**: On September 21, 2018, between when Corephotonics served its

22  Patent Local Rules 3-1 contentions and when the case was stayed, Apple introduced its iPhone XS and

23  XS Max product models. Corephonics believes these models infringe the '712 patent, and was in the

24  process of meeting and conferring with Apple to add these two models to the case when the stay was

25  entered (see Dkt. No. 84 at 4.) During the more than three years that the stay has been in place, Apple

26  introduced additional product models that Corephotonics believes infringe the '712 and/or '291

27  patents. As set forth in Corephotonics' proposed schedule, Corephotonics requests that it be permitted

28  a brief period of time to amend its '712 and '291 patent infringement contentions to add products the

1   iPhone XS and XS Max and any products that were introduced while the stay was in place.

2   **Apple's Statement:** The most efficient path for the Court and the parties is to maintain the

3   stay across the three related Corephotonics actions until after the pending invalidity proceedings are

4   completed, and conduct one efficient litigation at that time, rather than engaging in highly inefficient

5   piecemeal litigation.  Corephotonics's proposal would have the Court expend its resources conducting

6   serial *Markman* proceedings, multiple rounds of dispositive motions, and multiple trials.  *See* Dkt. 121

7   at 1, 7-8.  Indeed, by Corephotonics's own admission most of the asserted patents and claims already

8   have been invalidated, and the remaining proceedings are likely to further narrow if not moot the

9   remaining patents.  Corephotonics can identify any products that it contends are relevant to the case,

10  to the extent any valid asserted claims remain, all at once after the pending invalidation proceedings

11  have completed.  The best course to serve judicial economy thus is to first permit the Court and parties

12  to receive the full benefit of completing the many pending invalidity proceedings and then this

13  litigation can proceed in an efficient manner.

14  **V.      AMENDMENTS OF PLEADINGS**

15        No amendment of pleadings is necessary at this time.

16  **VI.     EVIDENCE PRESERVATION**

17        The parties have reviewed the District's Guidelines Relating to Electronically Stored

18  Information ("ESI"). The parties have met and conferred regarding taking reasonable and proportional

19  steps to preserve evidence relevant to the issues reasonably evident in this action, and an Order on ESI

20  discovery was entered on June 26, 2018.

21  **VII.    DISCLOSURES**

22        The parties served their initial disclosures on April 11, 2018, and supplemental initial

23  disclosures on June 6, 2018.

24  **VIII.   DISCOVERY**

25        **A.      Discovery to Date**

26        The parties have exchanged initial sets of discovery requests and responses. Both parties have

27  produced documents, including the documents required by Patent L.R. 3-2 and 3-4.

28

**B.      E-Discovery Order and Protective Order Issues**

The Protective Order and Order on ESI discovery were entered on June 26, 2018.

**C.      Issues Relating to Privilege and Privilege Log**

The parties will continue to work cooperatively to reach agreement on issues concerning privilege and privilege logs that is consistent with the needs of the case.

**D.      Scope of Anticipated Discovery**

The scope of anticipated discovery remains unchanged from the Case Management Statement filed by the Parties on March 21, 2018. (Dkt. No. 32.)

**E.      Changes to Discovery Limitations**

The parties agree that a one-day, seven hour deposition of an individual deposed in both their individual capacity and in their capacity as a 30(b)(6) representative counts as a single deposition for the purposes of the limit of ten party depositions as in Fed. R. Civ. P. 30(a).  The parties further agree that the depositions of expert witnesses should not count towards the ten deposition limit.  The parties currently do not propose any changes to the default discovery limitations.

**IX.    CLASS ACTION**

This case is not a class action.

**X.      RELATED CASES**

Cases 17-cv-06457 and 18-cv-02555 are consolidated and pending as 3:17-cv-06457-JD. On October 7, 2019, the Court issued an order relating this consolidated case with 3:19-cv-04809-JD. (Dkt. No. 104.)

**XI.    RELIEF**

**Corephotonics' Statement:** Corephotonics seeks a finding of an award of damages resulting from the acts of Apple's infringement, including, without limitation, no less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interests and costs; an award of enhanced damages pursuant to 35 U.S.C. § 284 due to Apple's willful infringement; injunctive relief against Apple engaging in infringement of the Asserted Patents; Corephotonics' costs; and such other relief at law and in equity as the Court may deem just and proper. Corephotonics further outlines its claims for damages below. Corephotonics further seeks a finding that this is an exceptional case under 35 U.S.C. § 285 and an

award of Corephotonics' reasonable attorney's fees in connection with this action. Insofar as the Court does not enter a permanent injunction, Corephotonics seeks a compulsory forward royalty.

**Apple's Statement:** Apple denies the allegations of infringement, including willful infringement, and contends that the asserted patent claims are invalid. Apple has not asserted any counterclaims to date, and it does not currently seek any damages. Apple reserves the right to seek an award of costs, expenses, and/or reasonable attorneys' fees in connection with this action should this prove to be an exceptional case, as well as any other award that the Court deems just and proper.

## XII.   SETTLEMENT AND ADR

The parties have conducted three mediations with the Hon. Mag. Judge Gandhi (Ret.), most recently on May 4, 2021. The parties have not yet reached a resolution through mediation.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have a magistrate conduct all further proceedings including trial and entry of judgment.

## XIV.   OTHER REFERENCES

At this time, the parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.   NARROWING ISSUES

Currently, the parties have no suggestions to expedite the presentation of evidence at trial or any requests to bifurcate issues, claims, or defenses.

## XVI.   EXPEDITED TRIAL PROCEDURE

At this time, the parties do not believe that this case is appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVII.   SCHEDULING

**Corephotonics' Statement**: When this case was stayed, the case was approximately 13 months before trial. (Dkt. No. 67.) Corephotonics proposes resuming the case with approximately the same timeline as in the prior scheduling order, subject to any adjustments that are required by the Court's calendar:

| **Scheduled Event** | **Prior Date** | **Proposed Date** |
|---|---|---|
| Plaintiff's Reply Brief on Claim Construction | December 14, 2018 | April 22, 2022 |
| Plaintiff to Amend Infringement Contentions to Add Apple Products Introduced Since Infringement Contentions Served | N/A | April 29, 2022 |
| Claim Construction Hearing | January 17, 2019 | May 26, 2022 10:00 a.m. |
| Close of Fact Discovery | May 3, 2019 | September 9, 2022 |
| Opening Expert Reports | June 3, 2019 | October 10, 2022 |
| Rebuttal Expert Reports | July 2, 2019 | November 8, 2022 |
| Close of Expert Discovery | July 26, 2019 | December 2, 2022 |
| Last Day to File Dispositive Motions (one per side in the entire case) and *Daubert* Motions | **Motions:** August 22, 2019 **Responses:** September 19, 2019 **Replies:** October 3, 2019 | **Motions:** December 22, 2022 **Responses:** January 19, 2023 **Replies:** February 2, 2023 |
| Hearing on Dispositive Motions | October 24, 2019 | March 2, 2023 10:00 a.m. |
| Final Pretrial Conference | December 19, 2019 | April 27, 2023 1:30 p.m. |
| Jury Trial | January 13, 2020 | May 22, 2023 |
| Length of Trial | 5 days | 5 days |

**Apple's Statement:** The Court should maintain the stay of litigation across the three related Corephotonics actions for the reaons previously articulated by the Court in ordering and maintaining the stay (Dkt. 100, 112) and reiterated in Apple's recent opposition to Corephotonics' motion to lift the stay (Dkt. 121).  The much more efficient course for the Court and parties is to permit the pending invalidity proceedings to conclude before this litigation resumes, on one track, with one updated claim construction proceeding that accounts for all of the new relevant intrinsic record that has been generated during the stay, with Corephotonics asserting any remaining asserted patents and asserted claims against any Apple products that Corephotonics may properly accuse.

The Court should reject Corephotonics' attempt to wastefully burden the Court and parties with inefficient piecemeal litigation by resuming litigation now on only a small subset of the thirteen (or more) related patents Corephotonics asserts against Apple, when Corephotonics will later seek to proceed on additional closely-related patents with overlapping claim scope against the same products.

1    Corephotonics' proposed schedule fancifully imagines that the years of newly-developed

2   intrinsic record and Federal Circuit rulings during the stay have no bearing on claim construction, such

3   that the parties could simply pick up where they left off with Corephotonics' reply claim construction

4   brief.  Not so.  Since the stay was imposed, Corephotonics is now on record with hundreds of pages

5   of new arguments attempting to distinguish the prior art, all of which is relevant new intrinsic evidence

6   for consideration in claim construction.  *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1360-

7   62 (Fed. Cir. 2017).  For example, during the stay, Corephotonics raised new arguments to the Patent

8   Office attempting to distinguish invalidating prior art based on its view of the meaning of the claim

9   terms "fuse" and "particular point of view," which are both recited in the asserted claims of the '291

10   patent asserted in this action.  *See*, *e.g.*, IPR2020-00862, Paper 35 (Final Written Decision) at 66, 67;

11   Dkt. 95 (JCCS) at 5-6 (noting disputed language in '291 patent including "fused" output image "from

12   a particular point of view").  That Patent Office proceeding is now under review on appeal at the

13   Federal Circuit.  Similar issues exist with respect to the '712 patent in view of proceedings at the

14   Patent Office, for example regarding the meaning of the term "TTL."

15    Thus, the outdated claim construction submissions in this litigation will already need to be

16   redone in any event, and the many pending Federal Circuit appeals on the closely-related patents with

17   substantially the same claim language will further inform claim construction across the related actions,

18   including the subset of patents that were subject to the outdated prior claim construction briefing in

19   2018.  *See* Dkt. 121 at 3-6; Dkt. 95, 96, 98 (prior claim construction filings in 2018).  Rather than

20   waste the Court's time with serial claim construction proceedings addressing substantially overlapping

21   claim language on an incomplete record, as Corephotonics proposes, the Court should maintain the

22   stay until a later appropriate time to conduct a single updated claim construction proceeding.

23    Corephotonics' misguided effort to rush forward with inefficient piecemeal litigation is further

24   underscored by its ill-advised proposal to add new accused products *after* completing *Markman*

25   briefing, which makes no sense.  The Patent Local Rules rightly contemplate that the parties exchange

26   infringement and invalidity contentions *before* moving forward with claim construction positions in

27   order to properly inform the *Markman* issues for the Court and the parties.  *See* P.L.R. 3-1, 3-3, 4-1 *et*

28

11

*seq*.  Again, the best course here is to maintain the stay in order to enable a much more efficient and properly-staged single track of litigation after conclusion of the pending invalidity proceedings.

## XVIII. TRIAL

Corephotonics and Apple have demanded that the case be tried by jury.

**Corephotonics' Statement:**

To the extent a trial occurs, Corephotonics currently expects that trial will take approximately five (5) days, which was the length that the parties estimated prior to the cases being stayed. (Dkt. No. 32 at 7.)

**Apple's Statement:**

Apple believes that it is premature to address the potential length of trial at this time because the scope and size of any case that may be presented at trial still remains to be determined, including potential impacts arising from upcoming rulings in the pending Federal Circuit appeals. Corephotonics' citation to an outdated prior statement from years ago "prior to the cases being stayed" is misplaced and moot in view of Corephotonics' subsequent expansion of the litigation and the progress of invalidity proceedings, which have dramatically reshaped the litigation since then.

## XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to paragraph 19 of the Standing Order for All Judges re Contents of Joint Case Management Statement, the parties have filed Certifications of Interested Entities or Persons as required by Local Rule 3-15.

**Corephotonics' Statement**: Samsung Electronics Benelux B.V. owns a majority of the outstanding shares of Corephotonics. No publicly-held corporation owns 10% or more of Corephotonics' stock.

## XX.   PROFESSIONAL CONDUCT

The parties confirm that all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.   OTHER MATTERS

The parties' statements pursuant to Patent Local Rule 2-1 remain unchanged from the Case Management Statement filed by the Parties on March 21, 2018. (Dkt. No. 32 at 8–10.)

1

2    Dated:  April 7, 2022                       RUSS AUGUST & KABAT

3

4                                     */s/ Marc A. Fenster*
                                     Marc A. Fenster

5                                     *Attorneys for Plaintiff Corephotonics, LTD.*

6

7    Dated:  April 7, 2022                       COOLEY LLP

8

9                                         */s/ Heidi L. Keefe*
                                     Heidi L. Keefe

10                                   *Attorneys for Defendant Apple Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **FILER'S ATTESTATION**

2

     I, Marc A. Fenster, am the ECF user whose identification and password are being used to file

3

the instant document. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all counsel whose

4

electronic signatures appear above provided their authority and concurrence to file this document.

5

6

7

                      */s/ Marc A. Fenster*

8

                      Marc A. Fenster

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
**3:17-cv-6457-JD**