RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
mfenster@raklaw.com
Benjamin T. Wang, State Bar No. 228712
bwang@raklaw.com
Neil A. Rubin, State Bar No. 250761
nrubin@raklaw.com
James S. Tsuei, State Bar No. 285530
jtsuei@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone:  (310) 826-7474
Facsimile:   (310) 826-6991

Attorneys for Plaintiff
COREPHOTONICS, LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| COREPHOTONICS, LTD. | Case No. 3:17-cv-06457-JD (Lead Case) |
| Plaintiff, | Case No. 3:18-cv-02555-JD |
| vs. | **PLAINTIFF COREPHOTONICS, LTD.'S AND DEFENDANT APPLE INC.'S JOINT STATEMENT WITH PROPOSED CASE SCHEDULES** |
| APPLE INC. | |
| Defendant. | |

**JOINT STATEMENT WITH PROPOSED CASE SCHEDULES**

RUSS, AUGUST & KABAT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RUSS, AUGUST & KABAT

The Court held a case management conference in these cases on April 14, 2022. Dkt. 127. The Court lifted the stay in *Corephotonics, Ltd. v. Apple, Inc.*, 3:17-cv-06457-JD and further directed Plaintiff Corephotonics, Ltd. ("Corephotonics") and Defendant Apple Inc. ("Apple") (together, the "Parties") to file a joint statement with a proposed schedule by April 28, 2022. *See id.* The Parties respectfully file the proposed case schedules below, which contain the Parties' competing proposals for deadlines in this case.  The agreed-upon dates through Markman are in italics.

| Event | Corephotonics Proposed Date | Apple Proposed Date |
|---|---|---|
| CMC Conference | *Thursday, April 14, 2022* | *Thursday, April 14, 2022* |
| PLR 3-1, 3-2 Amended Infringement Contentions[1] | *Friday, May 6, 2022* | *Friday, May 6, 2022* |
| PLR 3-3, 3-4 Amended Invalidity Contentions[2] | *Tuesday, June 21, 2022* | *Tuesday, June 21, 2022* |
| PLR 4-1 Exchange of Additional Terms | *Wednesday, July 6, 2022* | *Wednesday, July 6, 2022* |
| PLR 4-2 Exchange of Constructions / Extrinsic Evidence | *Tuesday, July 26, 2022* | *Tuesday, July 26, 2022* |
| PLR 3-8 Damages Contentions | *Monday, August 8, 2022* | *Monday, August 8, 2022* |
| PLR 4-3 JCCS | *Thursday, August 18, 2022* | *Thursday, August 18, 2022* |
| PLR 3-9 Responsive Damages Contentions | *Wednesday, September 7, 2022* | *Wednesday, September 7, 2022* |
| PLR 4-4 CC Discovery Close | *Thursday, September 15, 2022* | *Thursday, September 15, 2022* |
| PLR 4-5(a) Plaintiff Opening CC Brief | *Thursday, September 29, 2022* | *Thursday, September 29, 2022* |
| PLR 4-5(b) Defendant Responsive CC Brief | *Thursday, October 13, 2022* | *Thursday, October 13, 2022* |
| PLR 4-5(c) Plaintiff Reply CC Brief | *Thursday, October 20, 2022* | *Thursday, October 20, 2022* |
| PLR 4-6 CC Hearing / Tech Tutorial (subject to Court availability) | *Thursday, November 3, 2022* | *Thursday, November 3, 2022* |
| Fact Discovery Cut Off | Monday, January 30, 2023 | Friday, May 19, 2023 |

---

[1] Amendments to infringement contentions shall be governed by Patent Local Rule 3-6.

[2] Amendments to invalidity contentions shall be governed by Patent Local Rule 3-6.

| Expert Opening | Wednesday, February 15, 2023 | Tuesday, June 20, 2023 |
|---|---|---|
| Expert Rebuttal | Wednesday, March 15, 2023 | Thursday, July 20, 2023 |
| Expert Discovery Cut Off | Friday, March 31, 2023 | Tuesday, August 29, 2023 |
| Dispositive / Daubert Motions Due | Friday, April 14, 2023 | Thursday, September 28, 2023 |
| Pretrial Conference (subject to Court availability) | Thursday, August 24, 2023 | Tuesday, February 20, 2024 |
| Trial (subject to Court availability) | Monday, September 18, 2023 | Monday, March 11, 2024 |

## I. COREPHOTONICS'S STATEMENT

Corephotonics respectfully requests the Court adopt the deadlines set forth in its proposal. Corephotonics's proposal follows the Court's statement during the April 14, 2022 hearing that this 2017 case should proceed to trial as soon as the Court can accommodate it in its schedule, but that the Court expected it would be 18 months before the Court could do so. Corephotonics's proposal allows for trial as early as 17 months after April 14, to permit the Court flexibility in setting trial close to 18 months, whereas Apple's proposal sets trial at least 23 months after April 14. Apple provides no adequate justification for its 23-month schedule, particularly where this case was filed in 2017, was litigated for over a year prior to the stay, and where the Court indicated an 18-month schedule would be proper.

The parties' competing proposals agree on dates up through the claim construction hearing, but diverge thereafter. Apple proposes more than 13 months of fact discovery (calculated from the date of the April 14 hearing), which is an excessive amount for a two-patent case with a relatively limited number of patent claims and asserted products. It is even longer than the 10 months of fact discovery that had been initially ordered in this case in 2018, before this case was stayed and when it still involved *four* asserted patents. *See* Dkt. 38. The parties can certainly complete fact discovery by Corephotonics's suggested deadline of January 30, 2023, which gives the parties more than enough time to conduct the discovery they need.

Apple identifies only speculative and unsupported reasons why the case schedule should be unnecessarily prolonged. Apple's objection to the end of the fact discovery period "overlapping with the year-end holidays" does not support its proposal. The parties need not wait until the end

RUSS, AUGUST & KABAT

1    of the fact discovery to conduct discovery, and neither does Corephotonics intend to. Apple's

2    objection that there might be potential "newly accused products" and "potentially new claims"

3    similarly does not justify its extended fact discovery period. This is not a case involving dozens of

4    accused products. It is a two-patent case, involving technology that is not extraordinarily complex.

5    The accused products are Apple's iPhones, and Apple has released only limited number of iPhone

6    models since this case was stayed which Corephotonics might seek to add to the case. These are

7    not circumstances justifying yet more delay which Apple seeks to inject into the case.

8    **II.    APPLE'S STATEMENT**

9            Apple took the Court's instructions to work out an agreed schedule seriously, working with

10   Corephotonics's counsel to reach agreement where possible.  As reflected in this statement, the

11   parties were able to agree on a schedule through *Markman*.  Unfortunately, the parties were not

12   able to reach agreement on the remainder of the schedule because Corephotonics refused to

13   entertain any schedule that set trial later than 18 months from the CMC, and have in fact proposed

14   a schedule of 17 months, shorter than even the Court suggested at the CMC.

15          Apple's proposed schedule should be adopted as it provides a few extra months before

16   trial: (1) to give the Court a reasonable period of time to study the complex record in this case and

17   prepare its *Markman* order while allowing a sufficient period of time after the Court's *Markman*

18   order to conduct fact discovery with the benefit of the Court's rulings, and (2) to avoid  schedule

19   conflicts that would be created by conducting the final months of fact discovery overlapping with

20   the holidays in November and December, as Corephotonics proposes.

21          Corephotonics proposed post-Markman schedule should be rejected because it would

22   require jamming an extensive amount of fact discovery on a large number of accused products into

23   a much shorter period of time overlapping with the year-end holidays.  Indeed, Corephotonics has

24   refused to reveal all of the newly accused products and potentially new claims it may attempt to

25   add into this case, which may further expand the discovery that needs to be conducted.  Moreover,

26   there is still much work left to do given how little discovery took place before the stay.  The parties

27   had not taken any depositions, had not conducted third party discovery, and had exchanged only a

28   small amount of written discovery.  The complexity of the discovery to be done is compounded

RUSS, AUGUST & KABAT

**JOINT STATEMENT WITH PROPOSED CASE SCHEDULES**

by the fact that Corephotonics' two asserted patents are asserted against different features in Apple's accused products, requiring substantially different discovery.  Apple's proposed schedule will give the Court and the parties sufficient time to prepare this complex matter for trial in a reasonable time period that is only a few months later than Corephotonics demands.

Regarding amendments to contentions, Apple agrees that all amendments by both Apple and Corephotonics should be governed by Patent Local Rule 3-6, including any additions of new products or any newly asserted claims by Corephotonics.

1    DATED: April 28, 2022

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

RUSS AUGUST & KABAT

By: */s/ Marc A. Fenster*
Marc A. Fenster (CA Bar No. 181067)
Benjamin T. Wang (CA Bar No. 228712)
Neil A. Rubin (CA Bar No. 250761)
James S. Tsuei (CA Bar No. 285530)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California  90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
mfenster@raklaw.com
bwang@raklaw.com
nrubin@raklaw.com
jtsuei@raklaw.com

Attorneys for Plaintiff
Corephotonics, Ltd.

COOLEY LLP

*/s/       Heidi L. Keefe*
HEIDI KEEFE (178960)
(hkeefe@cooley.com)
LOWELL MEAD (223989)
(lmead@cooley.com)
PRIYA B. VISWANATH (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

PHILLIP MORTON (*pro hac vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue
NW, Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842-7800
Facsimile:  (202) 842-7899

*Attorneys for Defendant Apple Inc.*

RUSS, AUGUST & KABAT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUSS, AUGUST & KABAT

## CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on April 28, 2022, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

*/s/ Marc A. Fenster*