RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
mfenster@raklaw.com
Benjamin T. Wang, State Bar No. 228712
bwang@raklaw.com
Neil A. Rubin, State Bar No. 250761
nrubin@raklaw.com
James S. Tsuei, State Bar No. 285530
jtsuei@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
COREPHOTONICS, LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREPHOTONICS, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC.<br><br>Defendant. | Case No. 3:17-cv-06457-JD (Lead Case)<br>Case No. 3:18-cv-02555-JD<br><br>**COREPHOTONICS, LTD.'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Date: June 16, 2022<br>Time: 10:00 AM<br>Courtroom: 11<br>Before: Hon. James Donato |

RUSS, AUGUST & KABAT

1

## I.     INTRODUCTION

2

After Corephotonics served its infringement contentions, and during the more than three

3

years this case was stayed, Apple has continued to introduce new products that infringe

4

Corephotonics' patents. Other developments also occurred during the stay, including a statutory

5

disclaimer of certain claims by Corephotonics. This disclaimer was made to bring an end to

6

Apple's serial challenges to the '712 patent claims before the patent office, so that the stay in this

7

case could finally be lifted. Pursuant to Patent Local Rule 3-6 and the parties' proposed schedules

8

(Dkt. 128), Corephotonics respectfully requests leave to amend its infringement contentions and

9

other Patent Local Rule 3-1 disclosures to address these developments.

10

## II.     THE PROPOSED AMENDMENTS

11

Corephotonics proposes amended Patent Local Rule 3-1 disclosures (Ex. 3) that

12

consolidate its two prior 3-1 disclosures (Exs. 1 and 2), remove extraneous material and correct a

13

factual error, make amendments to add newly announced products that Corephotonics and Apple

14

were in the process of meeting and conferring about when the stay was entered, address changes

15

to the claims of the '712 patent during the stay, and add accused products that Apple introduced

16

during the stay.

17

In particular, Corephotonics proposes to amend Exhibit G to its contentions (charting the

18

'712 patent against the iPhone X) to remove claim 14, which is no longer part of the '712 patent,

19

and to designate previously charted claims 1, 12, and 13 as asserted claims, rather than just claims

20

that were charted because claim 14 depended upon them, as well as to add the iPhone XS and XS

21

Max, which were introduced shortly before the stay was entered. (Exs. 7, 8.) Associated with this

22

amendment, Corephotonics proposes corresponding changes to its disclosures under Patent Local

23

Rule 3-1(a), (b), (c), and (d), including an explanation for why the theory presented in a single

24

chart applies to the three models X, XS, and XS Max. (Ex. 3 at 2–6, 11.)

25

Corephotonics also proposes to add Exhibit K, to chart claims 1, 12, and 13 of the '712

26

patent against the iPhone 11 Pro, 11 Pro Max, and 12 Pro models introduced during the stay, based

27

upon a theory of infringement that is substantially similar to the theory set forth in Exhibit G. (Ex.

28

9.) Associated with this amendment, Corephotonics proposes corresponding changes to its

RUSS, AUGUST & KABAT

**COREPHOTONICS, LTD.'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**

disclosures under Patent Local Rule 3-1(a), (b), (c), and (d), including an explanation for why the theory presented in a single chart applies to the three models 11 Pro, 11 Pro Max, and 12 Pro. (Ex. 3 at 2–3, 6–8, 11.)

Corephotonics further proposes to add Exhibit L, to chart claims 1–5, 10, 12, and 13 of the '291 patent against iPhone 11, iPhone 11 Pro, iPhone 11 Pro Max, iPhone 12, iPhone 12 mini, iPhone 12 Pro, iPhone 12 Pro Max, iPhone 13, iPhone 13 mini, iPhone 13 Pro, iPhone 13 Pro Max, iPad Pro 11-inch (2nd generation), iPad Pro 11-inch (3rd generation), iPad Pro 12.9-inch (4th generation), and iPad Pro 12.9-inch (5th generation) models introduced during the stay. (Ex. 10.) This is a subset of the claims already charted against the iPhone 7 Plus. (Ex. 4.) Associated with this amendment, Corephotonics proposes corresponding changes to its disclosures under Patent Local Rule 3-1(a), (b), (c), and (d), including an explanation for why the theory presented in a single chart applies to the models the chart pertains to. (Ex. 3 at 2–3, 8–12.)

Corephotonics makes two further small but substantive changes in its proposed amendment. First, it amends its Patent Local Rule 3-1(h) disclosure regarding the '712 patent to correct an obvious error and reduce the alleged damages period. In its prior 3-1(h) disclosure Corephotonics alleged that Apple began infringing the '712 patent on September 7, 2016, when the iPhone 7 Plus was introduced. However, the '712 patent had not yet been published or issued on September 7, 2016. The amended disclosure corrects this error and moves the start of the '712 patent damages period to no earlier than October 6, 2016. (Ex. 3 at 13–14.) Second, Corephotonics amends its Patent Local Rule 3-1(i) disclosure regarding willfulness to address developments in the IPRs and reexamination request while the stay was in place. (Ex. 3 at 14–15.)

## III.   FACTUAL BACKGROUND

### A.   The Stay

This case was stayed between December 14, 2018 and April 14, 2022 (Dkts. 100, 127). While the Court entered the stay without a formal motion, it was Apple that suggested a stay should be entered (Dkt. 84 at 4–4; Dkt. 99), and Apple repeatedly opposed lifting the stay (Dkts. 109, 121).

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

### B.   Corephotonics' Existing Infringement Contentions

Corephotonics previously served infringement contentions on April 11, 2018 and May 30, 2018. (Exs. 1 and 2.) There were two separate sets of infringement contentions because this case is the result of consolidating two different cases, filed several months apart. As relevant to this motion, these contentions asserted claims 1–7, 10, 12, and 13 of the '291 patent against the iPhone 7 Plus, claims 15, 16, and 19 of the '712 patent against the iPhone 7 Plus and iPhone 8 Plus, and claim 14 of the '712 patent against the iPhone X.[1]  (Ex. 1 at 1–2; Ex. 2 at 1.) As part of asserting claim 14 of the '712 patent against the iPhone X, Corephotonics provided a chart showing how the iPhone X satisfies claims 1, 12, and 13 (which claim 14 depends on). Apple was therefore on notice that Corephotonics believed the iPhone X infringed each of claims 1, 12, and 13 and of how Corephotonics believed each limitation of these claims was satisfied.

### C.   Apple's Invalidity Contentions and IPRs

Apple served invalidity contentions on May 29, 2018 and August 29, 2018. In the August 29, 2018 contentions, Apple fully addressed the issue of validity for claims 1, 12, and 13, in addition to claim 14 of the '712 patent, identifying all four of these claims as "Asserted Claims." (Ex. 14 at 50.) Indeed, Apple provided obviousness theories for claims 1, 12, and 13 that are distinct (relying on different combinations of references) from its obviousness theories for claim 14. (*Id.*)

Apple also challenged the patentability of claims 1, 12, and 13, in addition to claim 14 in its two IPR petitions challenging the '712 patent. IPR2018-01146, Paper 2 at 12. IPR2018-01356, Paper 2 at 10. Indeed, in one IPR, Apple relied upon a different theory of invalidity for claims 1, 12, and 13 (anticipation) that for claim 14 (obviousness). IPR2018-01146, Paper 2 at 12.

---

[1] In these contentions, Corephotonics also charted certain claims of U.S. Patent Nos. 9,402,032, 9,538,152, and 9,857,568 against Apple products that have subsequently been determined to be invalid by the PTAB. While the PTAB determination in the '152 IPR is the subject of a pending appeal, Corephotonics does not presently propose any amendments to contentions that involve these three patents, and it will not address them further in this brief.

**COREPHOTONICS, LTD.'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**

**D.      Corephotonics' Prior Effort to Amend Its Contentions to Add the iPhone XS and XS Max**

The stay halted Corephotonics's prior effort to amend its contentions to add Apple's iPhone XS and XS Max products to this case. Apple publicly announced the XS and XS Max products in an event held on September 12, 2018 (https://www.youtube.com/watch?v=QcfO6cIyjKg). In a filing dated September 27, 2018, Corephotonics indicated that it would seek to amend its contentions to add the XS and XS Max products, and Apple indicated that it opposed, citing the need for further information from Corephotonics. (Dkt. 84 at 4.) Corephotonics conducted a further investigation, and on November 12, 2018 emailed Apple's counsel concerning its proposed amendments, to which Apple's counsel responded on November 19, 2018 that they were "hopeful that we can work this out." (Ex. 11) On November 27, 2018, at Apple's request, Corephotonics provided a copy of the proposed amendments. (*Id.*) On December 14, 2018, after the stay had been entered, Apple's counsel finally indicated that would not agree to the proposed amendment. (*Id.*)

**E.      Additional Apple Products Are Announced During the Stay**

During the more than three years that the stay was in place, Apple introduced three further model years of products, including the iPhone 11, iPhone 11 Pro, iPhone 11 Pro Max, iPhone 12, iPhone 12 mini, iPhone 12 Pro, iPhone 12 Pro Max, iPhone 13, iPhone 13 mini, iPhone 13 Pro, iPhone 13 Pro Max, iPad Pro 11-inch (2nd generation), iPad Pro 11-inch (3rd generation), iPad Pro 12.9-inch (4th generation), and iPad Pro 12.9-inch (5th generation). *See, e.g.*, "September Event 2019 – Apple," https://www.youtube.com/watch?v=-rAeqN-Q7x4; "Apple Event – October 13 [2020]," https://www.youtube.com/watch?v=-rAeqN-Q7x4; "Apple Event – September 14 [2021]," https://www.youtube.com/watch?v=EvGOlAkLSLw; "Apple unveils new iPad Pro with breakthrough LiDAR Scanner and brings trackpad support to iPadOS," https://www.apple.com/newsroom/2020/03/apple-unveils-new-ipad-pro-with-lidar-scanner-and-trackpad-support-in-ipados/; "Apple introduces new iPad Pro featuring breakthrough M1 chip, ultra-fast 5G, and stunning 12.9-inch Liquid Retina XDR display," https://www.apple.com/newsroom/2021/04/apple-unveils-new-ipad-pro-with-m1-chip-and-stunning-liquid-retina-xdr-display/.

COREPHOTONICS, LTD.'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS

RUSS, AUGUST & KABAT

### F.   Apple's 2021 *Ex Parte* Reexamination Request and Corephotonics' Statutory Disclaimer

In mid-2021, the various IPR challenges to the patents asserted in this case were reaching final resolution, and Corephotonics was eager to see the stay—approaching its third anniversary—lifted. In particular, Apple's challenge to the '291 patent had been denied institution (IPR2018-01348, Papers 9, 11) and the Federal Circuit had decided Apple's appeal of the PTAB's decision in Apple's instituted IPR challenge to the '712 patent (*Apple Inc. v. Corephotonics, Ltd.*, Case No. 20-1438, Dkt. 46 (June 23, 2021)). In its opinion, the Federal Circuit had affirmed the PTAB's determinations that claims 1, 12, 13, and 19 were not unpatentable, but it had vacated and remanded the PTAB's determination that claim 14 was not unpatentable.

On December 9, 2021, while the remand of the '712 patent IPR was pending and more than four years after Corephotonics first filed a complaint against Apple asserting the '712 patent, Apple filed a request for *Ex Parte* Reexamination, challenging claim 14, among other claims. (Ex. 12.) This reexamination request did not challenge claims 1, 12, and 13, because Apple was subject to estoppel for these claims pursuant to 35 U.S.C. § 315(e). (Ex. 12 at 1–2.)

At this point, Corephotonics faced the prospect of considerable further expense and delay responding to Apple's third attempt to challenge the '712 patent before the Patent Office. Corephotonics anticipated that Apple would point to this reexamination as a reason to maintain the stay of this case, as indeed Apple pointed to the reexamination request that it subsequently filed against the '291 patent in opposing Corephotonics' motion to lift the stay. (Dkt. 121 at 6.) It also faced uncertain further expense and delay responding to the remanded IPR proceeding concerning claim 14 and the likely further appeals from that remand proceeding.

Accordingly, while no agency or court had ever made a finding—preliminary or final—that claim 14 of the '291 patent was invalid, Corephotonics entered a statutory disclaimer pursuant to 35 U.S.C. § 253(a), relinquishing its rights in claims 3–6, 8–11, and 14 (the claims challenged in the reexamination request). (Ex. 13). This disclaimer rendered both the remanded IPR proceeding and the reexamination request moot. The IPR has been terminated, and the reexamination request denied.

1

2

## IV.    LEGAL STANDARD

Patent Local Rule 3-6 states: "Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause." "[T]he primary question of good cause is a party's diligence, and 'in considering the party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence.'" *Fluidigm Corp. v. IONpath, Inc.*, 2020 WL 5073938, at *4 (N.D. Cal. Aug. 25, 2020) (citation omitted). Upon finding sufficient diligence, the court must next determine whether the nonmoving party would suffer prejudice if the motion to amend were to be granted. *Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 12-0630-LHK (PSG), 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013). In this context, prejudice is typically found when amending infringement or invalidity contentions would disrupt the case schedule or other court orders. *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 7386136, at *3 (N.D. Cal. Dec. 21, 2016).

## V.    ARGUMENT

### A.    Corephotonics Has Been Diligent in Seeking the Proposed Amendments

Corephotonics could not have sought leave to make the proposed amendments between December 14, 2018 and April 14, 2022, while the stay was in place. It is bringing this motion 22 days after the stay was lifted, in accordance with the schedule proposed by the parties 8 days ago. (Dkt. 128.)

#### 1.    Adding '712 Patent Claims 1, 12, and 13 as "Asserted" and Not Merely Charted Claims Against the iPhone X

As explained above, Corephotonics' reason for adding claims 1, 12, and 13 as "asserted" and not merely charted against the iPhone X is the fact that claim 14 is no longer part of the '712 due to Corephotonics' February 2022 statutory disclaimer. When Corephotonics served its May 30, 2018 infringement contentions, it reasonably believed that there was no reason to multiply the number of claims at issue by asserting the parents of claim 14, because Apple's infringement of claim 14 is clear. In particular, the limitation added by claim 14 requires an "F # smaller than 2.9," and Apple clearly states that the F # of the iPhone X is 2.4. (*See* Ex. 3 at 4.) Corephotonics could

**COREPHOTONICS, LTD.'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**

RUSS, AUGUST & KABAT

1   not reasonably have foreseen in 2018 that Apple would file a reexamination request in December

2   2021 that challenged claim 14 but be estopped from doing so for claims 1, 12, or 13, or that

3   disclaiming claim 14 would be a way to dispose of that reexamination request. More generally,

4   Corephotonics could not reasonably have anticipated a situation where IPRs and/or reexaminations

5   would result in claim 14 being removed from the patent, while its parent claims 1, 12, and 13—

6   which as a general matter should be more likely to be invalidated than claim 14—remain in the

7   patent.

8        There was no lack of diligence on Corephotonics' part to fail to foresee these unlikely

9   circumstances, and Corephotonics has sought this amendment at the earliest reasonable

10  opportunity to address these circumstances.

### 2. Adding the iPhone XS and XS Max as Accused Products for the '712 Patent

13       As explained above, Corephotonics raised the issue of adding the iPhone XS and XS Max

14  with Apple within two weeks of when they were publicly announced and was met with Apple's

15  opposition to the amendment and requests for further information. It is difficult to understand how

16  Apple opposed the request to add these products in good faith, given that their lens assemblies

17  appear to be identical in material respects to the lens assembly of the already accused iPhone X.

18  Nonetheless, Corephotonics worked diligently to address Apple's concerns, receiving assurances

19  that Apple's counsel was "hopeful that we can work this out." (Ex. 11.) Corephotonics only

20  received Apple's position on the Corephotonics's proposed amendments to its claim chart after the

21  stay was entered. (*Id.*) Corephotonics was reasonably diligent in seeking to add these products,

22  both before the stay and after it was lifted.

### 3. Adding the Products Introduced During the Stay (Exhibits K and L)

25       Corephotonics was not privy to Apple's future product plans (to the extent that Apple itself

26  knew its 2021 product plans in 2018) and obviously could not have foreseen which 2019, 2022,

27  and 2021 products to accuse of infringement before the case was stayed in 2018. It has acted

28  diligently to add these products after the stay was lifted.

RUSS, AUGUST & KABAT

1

#### 4.     Other Amdendments

2        Corephotonics has also been diligent in making its proposed amendments to its Patent

3   Local Rule 3-1(h) and (i) disclosures. As to the correction to the 3-1(h) '712 patent damages period,

4   Corephotonics could have recognized this evident error in its original contentions earlier. Ideally,

5   Corephotonics could have found and corrected the error before the original contentions were ever

6   served. However, it has sought promptly to correct the error after recognizing it—in a way that

7   benefits Apple by reducing the alleged '712 patent damages period.

8        As to the added 3-1(i) willfulness facts, all of these involve events that occurred in the IPR

9   and reexamination proceedings while the stay was in place, and Corephotonics has acted diligently

10  to add them once the stay was lifted.

11       **B.     Apple Is Not Prejudiced by the Proposed Amendments**

12           **1.     Adding '712 Patent Claims 1, 12, and 13 as "Asserted" and Not**

13           **Merely Charted Claims Against the iPhone X**

14       As explained above, Apple has always considered claims 1, 12, and 13 to be worthy of

15  addressing seriously in this case and the related proceedings. It treated them as "Asserted Claims"

16  in its original invalidity contentions (Ex. 14 at 50) and presented invalidity theories specifically

17  tailored to these claims, both in its invalidity contentions and in its two IPR petitions. Even to the

18  extent that Apple wanted to present new invalidity theories for these claims, it is subject to IPR

19  estoppel under 35 U.S.C. § 315(e), substantially limiting the new theories it could seek to present.

20       Apple has also already had every reason to develop non-infringement arguments for the

21  limitations of claims 1, 12, and 13, and it has already prepared a claim construction brief addressing

22  claim 1. (Dkt. 98 at 1–10.) In short, little to no additional work on Apple's part will be required

23  (or perhaps even possible) as a result of facing claims 1, 12, and 13 of the '712 patent now,

24  compared to facing claim 14 in the absence of the statutory disclaimer and amendment, and there

25  is ample time to address any new issues in the more than 16 months between now and trial, even

26  under Corephotonics' proposed schedule. (Dkt. 128.)

27

28

**COREPHOTONICS, LTD.'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

1

    **2.      Adding the iPhone XS and XS Max as Accused Products for the

            '712 Patent and Adding the Products Introduced During the

            Stay (Exhibits K and L)**

Adding the XS and XS Max, along with the products introduced during the stay will require some further work by the parties and may potentially raise new issues for validity or claim construction. But this is the unavoidable result of Apple introducing additional infringing products immediately before and during the lengthy stay that Apple itself sought. Apple is not prejudiced by need to address its own new products in this litigation. Moreover, these products can be addressed without any changes to the parties proposed schedules which specification provide time to produce documents concerning the new products and address any invalidity or claim construction issues. (Dkt. 128.)

    **3.      Other Amendments**

Apple is not prejudiced by the other amendments. The Patent Local Rule 3-1(h) amendment reduces the '712 patent damages period, which is a benefit to Apple, and Apple is not prejudiced by having to address additional facts in the 3-1(i) amendment showing its continued willful infringement during the stay.

## VI.    CONCLUSION

For the foregoing reasons, Corephotonics respectfully requests that that the Court grant it leave to amend its Patent Local Rule 3-1 disclosures as proposed herein.

**COREPHOTONICS, LTD.'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**

RUSS, AUGUST & KABAT

1   DATED:  May 6, 2022                    Respectfully submitted,

2                                          RUSS AUGUST & KABAT

3                                          By: */s/ Marc A. Fenster*
                                           Marc A. Fenster (CA Bar No. 181067)
4                                          Benjamin T. Wang (CA Bar No. 228712)
                                           Neil A. Rubin (CA Bar No. 250761)
5                                          James S. Tsuei (CA Bar No. 285530)
                                           RUSS AUGUST & KABAT
6                                          12424 Wilshire Boulevard, 12th Floor
                                           Los Angeles, California  90025
7                                          Telephone: (310) 826-7474
                                           Facsimile: (310) 826-6991
8                                          mfenster@raklaw.com
                                           bwang@raklaw.com
9                                          nrubin@raklaw.com
                                           jtsuei@raklaw.com

10                                         Attorneys for Plaintiff
11                                         Corephotonics, Ltd.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RUSS, AUGUST & KABAT

**CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served on May 6, 2022, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

*/s/ Marc A. Fenster*