# EXHIBIT J

# UNITED STATES PATENT AND TRADEMARK OFFICE

## BEFORE THE PATENT TRIAL AND APPEAL BOARD

APPLE INC.,
Petitioner,

v.

COREPHOTONICS LTD.,
Patent Owner.

IPR2018-01146
Patent 9,568,712 B2

Before MARC S. HOFF, BRYAN MOORE, and
MONICA S. ULLAGADDI, *Administrative Patent Judges.*

ULLAGADDI, *Administrative Patent Judge.*

JUDGMENT
Adverse Judgment After
Institution of Trial
*37 C.F.R. § 42.73(b)*

# I. INTRODUCTION

Apple Inc. ("Petitioner") requested an *inter partes* review of claims 1, 2, 6, 7, 12–17, and 19 (the "challenged claims") of U.S. Patent No. 9,568,712 B2 (Ex. 1001, "the '712 patent"). Paper 2 ("Petition" or "Pet."). On December 7, 2018, we entered a Decision on Institution (Paper 8, "Inst. Dec.") instituting an *inter partes* review as to all of the challenged claims on all of the grounds set forth in the Petition. On December 14, 2019, we entered a Final Written Decision (Paper 37, "FWD") concluding that Petitioner had established, by a preponderance of evidence, that claims 15–17 were unpatentable under 35 U.S.C. § 102 as anticipated by Eggert. FWD, 38. We also concluded that Petitioner had not established that claims 1, 2, 7, 12, 13, 15, 16, and 19 were unpatentable under 35 U.S.C. § 102 as anticipated by Konno by a preponderance of the evidence. *Id.* We further concluded that Petitioner had not established that claims 6 and 14 were unpatentable under 35 U.S.C. § 103 as obvious over Konno and Bareau by a preponderance of the evidence. *Id.*

Our Final Written Decision was appealed to the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit"). The Federal Circuit issued a Decision that affirmed the anticipation finding with respect to claims 1, 2, 7, 12, 13, and 19 in our Final Written Decision, vacated the determination of nonobviousness with respect to claims 6 and 14, and remanded to the Board for further proceedings consistent with its opinion. *Apple Inc. v. Corephotonics, Ltd.*, 861 F. App'x 443, 451, 453 (Fed. Cir. 2021). Petitioner subsequently requested, via combined petition, panel rehearing and rehearing en banc. The Federal Circuit denied this request on October 6, 2021 and issued its mandate on October 13, 2021.

Patent Owner emailed the Board on January 13, 2022, indicating that "[o]n January 11, 2022, the Patent Owner (which holds a 100% interest in the '712 patent) filed a statutory disclaimer that disclaimed claims 3–6, 8–11, and 14 of the '712 patent." Ex. 3001. Patent Owner represented the following:

> The parties have conferred and Petitioner has indicated to Patent Owner that the disclaimer of claims 6 and 14 (the only claims remaining in the IPR) is to be construed as a request for adverse judgement under 37 CFR § 42.73(b)(2). Petitioner also believes that statutory authority for termination of an instituted proceeding under 35 USC 317(a) requires a "joint request of the petitioner and the patent owner." Because Petitioner believes that Patent Owner is seeking to avoid the legal significance of their disclaimer as a request for adverse judgment under § 42.73(b)(2), Petitioner will not join any request to terminate.

*Id.* Patent Owner took the following position:

> 37 CFR § 42.73(b)(2) does not apply by its plain terms, as 9 instituted claims (claims 1, 2, 7, 12, 13, 15–17, and 19) remain in the patent un-disclaimed and remain part of the instituted IPR trial. Patent Owner expects that a certificate will issue in due course, confirming certain of these claims and canceling others, in accordance with the Board's Dec. 4, 2019 final written decision and the Federal Circuit's October 13, 2021 mandate. As for 35 USC 317(a) (concerning settlements) that provides one, non-exclusive way of terminating an IPR. While the conditions for § 317 to apply are not met here, Patent Owner does not believe that means that the Board must continue work on issues that have been rendered moot.

*Id.*

## II. ANALYSIS

Actions construed as a request for adverse judgment include "[c]ancellation or disclaimer of a claim such that the party has no remaining

claim in the trial." 37 C.F.R. § 42.73(b). Here, Patent Owner has disclaimed claims 6 and 14 (along with unchallenged claims 3–5 and 8–11) of the '712 patent under 35 U.S.C. § 253 according to the procedures set forth in 37 C.F.R. § 1.321(a). Ex. 3002, 1. We agree with Petitioner that 37 C.F.R. § 42.73(b) provides that the Board should construe Patent Owner's statutory disclaimer to be a request that the Board enter adverse judgment against it with respect to claims 6 and 14, the only claims at issue, in this proceeding. Ex. 3001; *see also Unified Patents, LLC v. Arsus, LLC*, IPR2020-00948, Paper 18 at 2 (PTAB Jan. 27, 2021) (construing statutory disclaimer of all challenged claims as request for adverse judgment), *aff'd*, Case No. 2021-1648, 2021 WL 5315423 (Fed. Cir. Nov. 16, 2021). Having reviewed the Disclaimer (Ex. 3002), we determine that entry of adverse judgment against Patent Owner with respect to claims 6 and 14 of the '712 patent is appropriate.

Claims 1, 2, 7, 12, 13, 15–17, and 19 are no longer part of this IPR proceeding because we made a final judgment with regard to these claims and that judgment has not been reversed or vacated. *See* 37 C.F.R. § 42.2 ("A decision is final only if it disposes of all necessary issues with regard to the party seeking judicial review, *and does not indicate that further action is required*." (emphasis added)). As such, these claims are not "in the trial" within the meaning of 37 C.F.R. § 42.73(b)(2). The Federal Circuit remanded the Decision as to only claims 6 and 14. As such, our determination of adverse judgment does not apply to claims 1, 2, 7, 12, 13, 15–17, and 19. Patent Owner's Disclaimer of claims 6 and 14 means that Patent Owner has no claims remaining in the present proceeding.

## III. ORDER

In consideration of the foregoing, it is hereby:

ORDERED that adverse judgment is entered under 37 C.F.R. § 42.73(b) against Patent Owner with respect to claims 6 and 14 of the '712 patent; and

FURTHER ORDERED that this proceeding is terminated.

For PETITIONER:

Michael Parsons
Andrew Ehmke
Jordan Maucotel
Philip Woo
David O'Brien
HAYNES AND BOONE, LLP
michael.parsons.ipr@haynesboone.com
andy.ehmke.ipr@haynesboone.com
jordan.maucotel@haynesboone.com
philip.woo@haynesboone.com
david.obrien@haynesboone.com

For PATENT OWNER:

Neil Rubin
C. Jay Chung
Reza Mirzaie
RUSS AUGUST & KABAT
nrubin@raklaw.com
jchung@raklaw.com
rmirzaie@raklaw.com