RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
mfenster@raklaw.com
Benjamin T. Wang, State Bar No. 228712
bwang@raklaw.com
Neil A. Rubin, State Bar No. 250761
nrubin@raklaw.com
James S. Tsuei, State Bar No. 285530
jtsuei@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile:  (310) 826-6991

Attorneys for Plaintiff
COREPHOTONICS, LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| COREPHOTONICS, LTD.<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>APPLE INC.<br><br>　　　　　Defendant. | Case No. 3:17-cv-06457-JD (Lead Case)<br>Case No. 3:18-cv-02555-JD<br><br>**COREPHOTONICS, LTD.'S RESPONSE TO APPLE INC.'S MOTION TO CONTINUE AND CONSOLIDATE MOTION HEARING**<br><br>Date: June 30, 2022<br>Time: 10:00 AM<br>Courtroom: 11<br>Before: Hon. James Donato |

Case No. 3:17-cv-06457-JD

**RESPONSE TO MOTION TO CONTINUE AND CONSOLIDATE MOTION HEARING**

Corephotonics' motion for leave to amend infringement contentions was filed on May 6 and originally noticed for a hearing on June 16. *See* Dkt. 129 ("Corephotonics' motion for leave"). At Apple's request, Corephotonics agreed to stipulate to a 2-week extension to the deadline for Apple's response and to reset the hearing date from June 16 to June 30. *See* Dkts. 131 & 132. Briefing on Corephotonics' motion was completed on June 10, 2022. *See* Dkt. 135.

Apple's present motion to continue and consolidate, which it filed on June 16, asks the Court to continue the June 30 hearing to July 28, and to consolidate it with the hearing for Apple's forthcoming motion for leave to amend invalidity contentions which it anticipated would be filed on June 21. *See* Dkt. 136 ("motion to continue"), at 1. Apple filed its motion for leave to amend its invalidity contentions just yesterday, on June 21, 2022 at 10:18 p.m. Dkt. 137 ("Apple's motion for leave"). *See* Declaration of James S. Tsuei ("Tsuei Decl.") ¶ 3.

Apple's motion to continue the hearing date for Corephotonics' motion for leave should be denied. Apple asserts that the Court would "benefit from having the full record of briefing on both motions" (Dkt. 136, at 1), even though at the time it made that statement it had not even filed its motion for leave. Now that Apple's motion for leave has been filed, the record is clear: Apple's motion to continue is unsupported by good cause or any other reason justifying further delay.

***First***, Corephotonics' motion for leave involves completely different issues which must be decided separately from those presented in Apple's motion for leave. Corephotonics' motion has been fully briefed since June 10 and is ripe for the Court's consideration. Apple's motion for leave, however, was filed yesterday night and, among other things, seeks to add 33 new invalidity claim charts into the case. *See generally* Dkt. 137, at 5-7. Given the complexity of the arguments and issues raised in Apple's motion for leave, Corephotonics expects it may request an extension for the time to file a response. If so, the July 28 date noticed by Apple would also need to be reset to some future date convenient for the Court.

Moreover, the respective "good cause" facts proffered by Corephotonics and Apple are different as a factual matter, and bear no relevance to one another. For example, whether Apple released new iPhone models when this case was stayed is completely orthogonal to whether

RUSS, AUGUST & KABAT

Apple's trial litigation counsel could and should have disclosed certain prior art that its IPR counsel later found and asserted at the PTAB.

The only aspect of judicial economy that Apple identifies with specificity concerns its "requested amendment to address … newly asserted claims." Dkt. 136, at 1. According to Apple, "[i]f the Court denies Corephotonics' request for leave to assert new claims, that would moot Apple's requested amendment to address those newly asserted claims." *Id.* But that reason operates in ***favor of first deciding Corephotonics' motion for leave***, which, by Apple's own admission, could moot a significant portion of Apple's motion for leave. Apple identifies no other reason why its request should be granted, much less a reason why the Court would "benefit from having the full record of briefing on both motions." In fact, if the Court hears Corephotonics' motion on June 30 as scheduled and issues an order then or soon thereafter (instead of waiting for briefing on Apple's motion for leave to be completed), that at minimum would clarify and potentially narrow the scope of the issues to be resolved for Apple's motion for leave.

Finally, Apple even failed to meet the minimum requirements set forth in Civil L.R. 6-3 (under which its motion to continue is filed). Civil L.R. 6-3 required Apple to, among other things, identify "the substantial harm or prejudice that would occur" were the June 30 hearing date not moved. *See* Civil L.R. 6-3(a)(3). Apple's motion, however, articulates nothing addressing this factor. In sum, Apple failed to demonstrate good cause supporting its motion to continue.

***Second***, the hearing for Corephotonics's motion has already been once delayed (to accommodate Apple's request for more time). Dkt. 132. The Court can, and should, maintain the June 30 hearing date for Corephotonics's motion. An order on Corephotonics's motion for leave would establish, with certainty, the scope of the infringement case, which in turn would help scope the claim construction proceedings and discovery that the parties are already undertaking.

At this point, Apple has repeatedly tried to delay this case through procedural motions and collateral attacks on Corephotonics' patents. As the Court remarked before it granted Corephotonics' motion to lift the stay in this case: "I don't want to keep holding this up. . . . It's ridiculous for a 2017 case. This is not that complicated"; "I'm not going to make it extraordinary

Case No. 3:17-cv-06457-JD

**RESPONSE TO MOTION TO CONTINUE AND CONSOLIDATE MOTION HEARING**

by stretching [this case] out until Halley's Comet comes back." Dkt. 126, at 7:25-8:7. The Court can, and should, hear Corephotonics' motion for leave on June 30 as scheduled. Apple has not shown good cause why that should not be the case both as a general matter or with the specific factors set forth in Local Rule 6-3.

DATED: June 22, 2022                    Respectfully submitted,

                                        RUSS AUGUST & KABAT

                                        By: */s/ Marc A. Fenster*
                                        Marc A. Fenster (CA Bar No. 181067)
                                        Benjamin T. Wang (CA Bar No. 228712)
                                        Neil A. Rubin (CA Bar No. 250761)
                                        James S. Tsuei (CA Bar No. 285530)
                                        RUSS AUGUST & KABAT
                                        12424 Wilshire Boulevard, 12th Floor
                                        Los Angeles, California  90025
                                        Telephone: (310) 826-7474
                                        Facsimile: (310) 826-6991
                                        mfenster@raklaw.com
                                        bwang@raklaw.com
                                        nrubin@raklaw.com
                                        jtsuei@raklaw.com

                                        Attorneys for Plaintiff
                                        Corephotonics, Ltd.

**CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served on June 22, 2022, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

*/s/ Marc A. Fenster*