# EXHIBIT P

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

APPLE INC.,
Petitioner,

v.

COREPHOTONICS LTD.,
Patent Owner

_____

**Declaration of José Sasián, PhD
under 37 C.F.R. § 1.68**

Sasián Decl. *Inter Partes* Review of U.S. 9,402,032

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................2

II. QUALIFICATIONS AND PROFESSIONAL EXPERIENCE .......................3

III. LEVEL OF ORDINARY SKILL IN THE ART ..............................................7

IV. RELEVANT LEGAL STANDARDS ................................................................9

 A. Anticipation ................................................................................................10

 B. Obviousness ................................................................................................10

V. OVERVIEW OF THE '032 PATENT ..............................................................11

 A. Summary of the Patent ..............................................................................11

 B. Prosecution History of the '032 Patent ....................................................14

VI. CLAIM CONSTRUCTION ..............................................................................16

 A. "Effective Focal Length (EFL)" ...............................................................17

 B. "Total Track Length (TTL)" ....................................................................17

VII. IDENTIFICATION OF HOW THE CLAIMS ARE UNPATENTABLE ....18

 A. Claims 1 and 13 are anticipated by Ogino ..............................................18

  1. Summary of Ogino ..............................................................................18

  2. Detailed Analysis ................................................................................23

 B. Claims 14 and 15 are obvious over the combination of Ogino and Chen II ................................................................................................................40

  1. Summary of Chen II ...........................................................................40

  2. Reasons to combine Ogino and Chen II ..........................................42

  3. Detailed Analysis ................................................................................51

VIII. CONCLUSION ..................................................................................................67

IX. APPENDIX .........................................................................................................68

Sasián Decl. *Inter Partes* Review of U.S. 9,402,032

microscopes, and lenses for fast speed photography. I also have consulted in the area of plastic optics. I hold patents and patent applications related to lens systems.

14. I have been a topical editor and reviewer for the peer-reviewed journals Applied Optics and Optical Engineering. I am a fellow of the International Society for Optics and Photonics (SPIE), a fellow of the Optical Society of America (OSA), and a lifetime member of the Optical Society of India.

15. I have served as a co-chair for the conferences "Novel Optical Systems: Design and Optimization" (1997-2006), "Optical systems alignment, tolerancing, and verification" (2007-2017), and "International Optical Design Conference," (2002). I have taught in Japan (2014, 2016, and 2017) the course: Advanced Lens Design: Art and Science.

16. I have been a co-editor of approximately 21 published conference proceedings from SPIE. I am the author of the book, "Introduction to Aberrations in Optical Imaging Systems," by Cambridge University Press, 2013. I am named as an inventor on approximately 13 U.S. patents.

17. My *curriculum vitae* (Ex.1004), includes a more detailed summary of my background, experience, and publications.

### III. LEVEL OF ORDINARY SKILL IN THE ART

18. I understand there are multiple factors relevant to determining the level of ordinary skill in the pertinent art, including (1) the levels of education and

Sasián Decl.                                      *Inter Partes* Review of U.S. 9,402,032

experience of persons working in the field at the time of the invention; (2) the sophistication of the technology; (3) the types of problems encountered in the field; and (4) the prior art solutions to those problems.

19. I am familiar with multi-lens optical systems (including those found in portable devices such as mobile phones). I am also aware of the state of the art at the time the application resulting in the '032 patent was filed. I have been informed by Apple's counsel that the earliest alleged priority date for the '032 patent is July 4, 2013. Based on the technologies disclosed in the '032 patent, I believe that a person having ordinary skill in the art ("POSITA") would include someone who had, at the priority date of the '032 patent, (i) a Bachelor's degree in Physics, Optical Sciences, or equivalent training, as well as (ii) approximately three years of experience in designing multi-lens optical systems. Such a person would have had experience in analyzing, tolerancing, adjusting, and optimizing multilens systems, and would have been familiar with the specifications of lens systems. In addition, a POSITA would have known how to use lens design software such as Codev, Oslo, or Zemax, and would have taken a lens design course.

20. Lack of work experience could have been remedied by additional education, and vice versa. Such academic and industry experience would be necessary to appreciate what was obvious and/or anticipated in the industry and

Sasián Decl.                                          *Inter Partes* Review of U.S. 9,402,032

what a POSITA would have thought and understood at the time. Based on this criteria, as of the relevant time frame for the '032 patent, I possessed at least such experience and knowledge of a POSITA. Some of my past students would have qualified as POSITAs, hence am qualified to opine on the '032 patent.

21.   For purposes of this Declaration, in general, and unless otherwise noted, my statements and opinions, such as those regarding my experience and the understanding of a POSITA generally (and specifically related to the references I consulted herein), reflect the knowledge that existed in the field as of July 4, 2013. Unless otherwise stated, my understanding and analysis below is consistent with the level of a POSITA prior to the priority date of the '032 patent.

## IV.   RELEVANT LEGAL STANDARDS

22.   I understand that prior art to the '032 patent includes patents and printed publications in the relevant art that predate the priority date of the alleged invention recited in the '032 patent. For purposes of this Declaration, I have been asked to apply July 4, 2013, the earliest alleged priority date, as the priority date.

23.   I am not an attorney. In preparing and expressing my opinions and considering the subject matter of the '032 patent, I am relying on certain basic legal principles that counsel have explained to me. These principles are reviewed below.