# EXHIBIT W

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

APPLE INC.,
Petitioner,

v.

COREPHOTONICS, LTD.,
Patent Owner.
_____

Case No. IPR2020-00896
U.S. Patent No. 10,317,647
_____

DECLARATION OF TOM D. MILSTER, Ph.D.
PURSUANT TO 37 C.F.R. § 1.68

Case Nos. IPR2020-00896
U.S. Patent No. 10,317,647

# TABLE OF CONTENTS

I. BACKGROUND ................................................................................... 1

II. SUMMARY OF OPINIONS ................................................................ 1

III. EDUCATIONAL AND EMPLOYMENT BACKGROUND ....... 4

IV. LEVEL OF ORDINARY SKILL IN THE ART (POSITA) ..... 10

V. RELEVANT LEGAL STANDARDS FOR ANTICIPATIONAND OBVIOUSNESS ................................................................. 13

VI. OVERVIEW OF THE '647 PATENT .................................... 17

    A. Overview of the '647 Patent .......................................... 17

    B. Multiple Element Lens Design ....................................... 23

VII. CLAIM CONSTRUCTION ..................................................... 27

VIII. PRIOR ART REFERENCES ................................................ 28

    A. Ogino (Ex. 1005) ............................................................. 28

    B. Chen II (Ex. 1008) ........................................................... 33

    C. Bareau ............................................................................... 37

    D. Kingslake (Ex. 1013) ....................................................... 40

    E. Hsieh (Ex. 1025) .............................................................. 41

    F. Beich (Ex. 1007) .............................................................. 43

IX. OBVIOUSNESS OF CHALLENGED CLAIMS 4 AND 6-12 . 45

Case Nos. IPR2020-00896
U.S. Patent No. 10,317,647

    A.    GROUND 2 - The Petition Fails to Demonstrate that Ogino in view of Chen II renders claims 1 and 4 unpatentable. .................. 45

        1.    Claim 1 and 4 ................................................................ 45

        2.    Dependent Claims 2-6 ................................................. 67

    B.    GROUND 3 - The Petition Fails to Demonstrate that Ogino in view of Chen II and Bareau renders claims 2, 3, 5 and 8-11 unpatentable. ............................................................................ 68

        1.    A POSITA would not have modified Ogino in view of Chen II and Bareau to render claims 2, 3 and 5 unpatentable. .............. 68

        2.    A POSITA would not have modified Ogino in view of Chen II and Bareau to render claims 8-11 unpatentable. ...................... 74

    C.    GROUND 4 - The Petition Fails to Demonstrate that Ogino in view of Chen II, Bareau and Kingslake renders claim 6 unpatentable. ............................................................................ 78

    D.    GROUND 5 - The Petition Fails to Demonstrate that Hsieh in view of Beich renders claim 7 unpatentable. ......................................... 85

    E.    GROUND 6 - The Petition Fails to Demonstrate that Chen in view of Iwasaki and Beich renders claim 12 unpatentable. .................... 87

X.    DECLARATION ............................................................................ 89

Case Nos. IPR2020-00896
U.S. Patent No. 10,317,647

## IV.    LEVEL OF ORDINARY SKILL IN THE ART (POSITA)

18.   I understand that in evaluating the validity of the '647 patent claims, the content of a patent or printed publication prior art should be interpreted the way a person of ordinary skill in the art would have interpreted the prior art as of the effective filing date of the challenged patent.

19.   I understand that factors that may be considered in determining the level of ordinary skill in the art at the time of the effective filing date of the challenged patents include: (1) the educational level of the inventor; (2) type of problems encountered in the art; (3) prior art solutions to those problems; (4) rapidity with which innovations are made; (5) sophistication of the technology; and (6) educational level of active workers in the field.

20.   Dr. Sasián at ¶19 in his declaration believes that a "person having ordinary skill in the art ("POSITA") would include someone who had, at the priority date of the '647 Patent, (i) a Bachelor's degree in Physics, Optical Sciences, or equivalent training, as well as (ii) approximately three years of experience in designing multi-lens optical systems. Such a person would have had experience in analyzing, tolerancing, adjusting, and optimizing multi-lens systems for manufacturing, and would have been familiar with the specifications of lens systems and their fabrication." Dr. Sasián further states that "a

Case Nos. IPR2020-00896
U.S. Patent No. 10,317,647

POSITA would have known how to use lens design software such as Codev, Oslo, or Zemax, and would have taken a lens design course or had equivalent training." I have applied the same definition of a POSITA in this declaration.

21. I understand that the '647 patent shares a specification with and claims priority to U.S. App. No. 15/817,235 filed Nov. 19, 2017, and issued as U.S. Patent No. 10,324,277, which is a continuation of U.S. App. No. 15/418,925 filed on Jan. 30, 2017, and issued as U.S. Patent No. 9,857,568, which is a continuation-in-part of U.S. App. No. 15/170,472 filed on Jun. 1, 2016, and issued as U.S. Patent No. 9,568,712, which is a continuation of U.S. App. No. 14/932,319 filed Nov. 4, 2015, and issued as U.S. Patent No. 9,402,032, which is a continuation of U.S. App. No. 14/367,924 filed on Jun. 22, 2014, now abandoned. (Ex. 1001, '647 patent at 1:6–17.) I also understand that U.S. App. No. 14/367,924 was a § 371 application from international patent application PCT/IB2014/062465 filed June 20, 2014 and is related to and claims priority from U.S. Provision Patent Application No. 61/842,987 filed July 4, 2013. (Ex. 1001, '647 patent at 1:15–21.)

22. I understand that this means that the material disclosed in the specification of the '647 patent was also contained in the January 30, 2017 patent application that led to the '568 patent.

Case Nos. IPR2020-00896
U.S. Patent No. 10,317,647

23. I understand that the '647 patent also claims priority by a series of continuations and continuations-in-part to a provisional patent application that was filed on July 4, 2013. (Ex. 1001, '647 patent at 1:5–12.) I understand that this means that portions of the '647 patent specification were disclosed in the July 4, 2013 provisional patent application, while other portions may have been added in the January 30, 2017 application leading to the '568 patent.

24. I understand that a claim of the '647 patent is entitled to July 4, 2013 effective filing date if there is a written description in that provisional application that demonstrates that the inventors had possession of the invention recited in the claim at the time the July 4, 2013 application was filed. I understand that if there is not sufficient written description to demonstrate possession of the invention recited in the claim, then that claim is entitled to the January 30, 2017 effective filing date.

25. Dr. Sasián applies July 4, 2013, the earliest alleged priority date, as the priority date for claims 1-6 and 8-11 and applies January 30, 2017 as the priority date for claims 7 and 12. Ex. 1003, Sasián Decl. at ¶ 22. My opinions in reply to Dr. Sasián also use these priority dates.

Case Nos. IPR2020-00896
U.S. Patent No. 10,317,647

26. I would have met the requirements of a POSITA on June 13, 2013. I have used the perspective of a POSITA at that time to form my opinions in reply to Dr. Sasián's opinions.

## V. RELEVANT LEGAL STANDARDS FOR ANTICIPATIONA ND OBVIOUSNESS

27. I have been informed of the legal standards for establishing patent invalidity in *inter partes* review proceedings before the Patent Trial and Appeal Board.

28. I understand that the petitioner must prove invalidity of a patent claim by a preponderance of the evidence, that is, the evidence must be sufficient to show that a fact or legal conclusion is more likely than not.

29. I understand that a claim may be anticipated if (1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention; or (2) the claimed invention was described in a patent or published application, in which the patent or application names another inventor and was effectively filed before the effective filing date of the claimed invention.

30. I understand that, once the claims of a patent have been properly construed, the next step in determining anticipation of a patent claim requires a