# EXHIBIT X

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

APPLE INC.,
Petitioner,

v.

COREPHOTONICS, LTD.,
Patent Owner.
_____

Case No. IPR2020-00878
U.S. Patent No. 10,330,897
_____

DECLARATION OF TOM D. MILSTER, Ph.D.
PURSUANT TO 37 C.F.R. § 1.68

Exhibit 2001
IPR2020-00878
Page 1 of 82

Case Nos. IPR2020-00878
U.S. Patent No. 10,330,897

TABLE OF CONTENTS

I. BACKGROUND ................................................................................... 1

II. SUMMARY OF OPINIONS ................................................................ 1

III. EDUCATIONAL AND EMPLOYMENT BACKGROUND ...... 4

IV. LEVEL OF ORDINARY SKILL IN THE ART (POSITA) ....... 9

V. RELEVANT LEGAL STANDARDS FOR OBVIOUSNESS .. 13

VI. OVERVIEW OF THE '897 PATENT .................................. 16

VII. CLAIM CONSTRUCTION .................................................... 22

VIII. PRIOR ART REFERENCES ................................................. 23

    A. Ogino ............................................................................ 23

    B. Bareau .......................................................................... 28

    C. Kingslake ..................................................................... 31

    D. Chen ............................................................................. 32

    E. Iwasaki ......................................................................... 35

    F. Beich ............................................................................. 35

IX. OBVIOUSNESS ........................................................................ 36

    A. Ground 2 – Obviousness of Claims 2, 5, 6, 18, and 21–23 over Ogino in view of Bareau ............................................................ 36

    B. Ground 3 – Obviousness of Claims 3, 8, 19, and 24 over Ogino in view of Bareau and Kingslake ...................................................... 61

Case Nos. IPR2020-00878
U.S. Patent No. 10,330,897

    C.    Ground 4 – Obviousness of Claims 16 and 30 over Chen in view of Iwasaki and Beich ................................................................................ 68

X.    DECLARATION ........................................................................................ 72

XI.    APPENDIX ................................................................................................. 73

    A.    Ogino Example 5 modified for f-number 2.8 ................................. 73

    B.    Modified Chen Example 1 .............................................................. 76

ii

Exhibit 2001
IPR2020-00878
Page 3 of 82

Case Nos. IPR2020-00878
U.S. Patent No. 10,330,897

08-CV-4798, United States District Court for the District of Minnesota; *American Medical Systems, Inc. and Laserscope v. Biolitec, Inc., Biolitec AG, Biolitec SIA, Ceramoptec Industries, Inc., Ceramoptec GmbH and Andaoptec, LTD*, Civil Action No. 3:08-CV-30061-MAP, United States District Court for the District of Massachusetts, as well in an arbitration matter between Corephotonics Ltd. and Ningbo Sunny Opotech Co., Ltd., Case No. HKIAC/A19025.

16. A copy of my CV further describing my experience is attached as exhibit 2002.

## IV.   LEVEL OF ORDINARY SKILL IN THE ART (POSITA)

17. I understand that in evaluating the validity of the '897 patent claims, the content of a patent or printed publication prior art should be interpreted the way a person of ordinary skill in the art would have interpreted the prior art as of the effective filing date of the challenged patent claims.

18. I understand that factors that may be considered in determining the level of ordinary skill in the art at the time of the effective filing date of the challenged patents include: (1) the educational level of the inventor; (2) type of problems encountered in the art; (3) prior art solutions to those problems; (4)

Case Nos. IPR2020-00878
U.S. Patent No. 10,330,897

rapidity with which innovations are made; (5) sophistication of the technology; and (6) educational level of active workers in the field.

19. In his declaration, Dr. Sasián offers his opinion that a person having ordinary skill in the art ("POSITA"):

> would include someone who had, at the priority date of the '897 Patent, (i) a Bachelor's degree in Physics, Optical Sciences, or equivalent training, as well as (ii) approximately three years of experience in designing multi-lens optical systems. Such a person would have had experience in analyzing, tolerancing, adjusting, and optimizing multi-lens systems for manufacturing, and would have been familiar with the specifications of lens systems and their fabrication. In addition, a POSITA would have known how to use lens design software such as Code V, Oslo, or Zemax, and would have taken a lens design course or had equivalent training.

(Ex. 1003, Sasián Decl., ¶¶ 19–20.) I have applied the same definition of a POSITA in this declaration.

20. As noted above, the level of ordinary skill is assessed as of the effective filing date. I understand that this effective filing data may be different for different claims within a patent. I understand that the '897 patent claims priority by a series of continuations to an application that was filed on January 30, 2017 and issued as U.S. Patent No. 9,857,568. (Ex. 1001, '897 patent at 1:5–

10

Exhibit 2001
IPR2020-00878
Page 13 of 82

Case Nos. IPR2020-00878
U.S. Patent No. 10,330,897

10.) I understand that this means that the material disclosed in the specification of the '897 patent was also contained in the January 30, 2017 patent application that led to the '568 patent.

21. I understand that the '897 patent also claims priority by a series of continuations and continuations-in-part to a provisional patent application that was filed on July 4, 2013. (Ex. 1001, '897 patent at 1:5–12.) I understand that this means that portions of the '897 patent specification were disclosed in the July 4, 2013 provisional patent application, while other portions may have been added in the January 30, 2017 application leading to the '568 patent.

22. I understand that a claim of the '897 patent is entitled to July 4, 2013 effective filing date if there is a written description in that provisional application that demonstrates that the inventors had possession of the invention recited in the claim at the time the July 4, 2013 application was filed. I understand that if there is not sufficient written description to demonstrate possession of the invention recited in the claim, then that claim is entitled to the January 30, 2017 effective filing date.

23. In his declaration, Dr. Sasián appears to assume that the relevant effective filing date for assessing the level of skill in the art is July 4, 2013. (Ex. 1003, Sasián Decl., ¶¶ 18–21.) The only claims that Dr. Sasián contends have

11

Exhibit 2001
IPR2020-00878
Page 14 of 82

Case Nos. IPR2020-00878
U.S. Patent No. 10,330,897

a January 30, 2017 priority date are claims 16 and 30. (Ex. 1003, Sasián Decl., ¶ 33.)[10] For these reasons, I understand that Apple and Dr. Sasián do not dispute that the challenged claims other than claims 16 and 30 have an effective filing date of July 4, 2013. For the purposes of evaluating the level of skill in the art, I have considered the level of skill in the art as of January 30, 2017 for claims 16 and 30, and as of July 4, 2013 for the other challenged claims. Unless I specifically note otherwise, I do not believe that any of my opinions would change if I had assumed a July 4, 2013 date for claims 16 and 30 or a January 30, 2017 for any of the other claims.

24.   I would have met the requirements of a POSITA on July 4, 2013 as well as on January 30, 2017. Some of my past students would also have qualified as POSITAs on these dates. Thus I am qualified to opine on the issues in this IPR.

---

[10] At the end of this paragraph, Dr. Sasián refers to "the priority date of claims 7 and 12" rather than 16 and 30, but I understand this to be a typographical error. Claim 7 is not challenged in the IPR, and none of the discussion of the paragraph applies to claim 7 or 12.