# EXHIBIT Y

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

APPLE INC.,
Petitioner

v.

COREPHOTONICS LTD.,
Patent Owner

_____

Case IPR2018-01140
Patent 9,402,032 B2

_____

**PATENT OWNER'S RESPONSE TO
PETITION FOR *INTER PARTES* REVIEW
OF U.S. PATENT NO. 9,402,032**

TABLE OF CONTENTS

I.     INTRODUCTION          1

II.    BACKGROUND          3

A.   Overview of the '032 Patent (Ex. 1001)................................................................................3

B.   Complexity of the Design of Multiple Lens Assemblies, Like the Patented Invention ..................................7

III.   LEGAL STANDARD FOR PETITION REVIEW          11

IV.    LEVEL OF A PERSON OF ORDINARY SKILL IN THE ART (POSITA)          12

V.     CLAIM CONSTRUCTION          13

A.   Legal Standard .....................................................................................................................13

B.   Total Track Length (TTL).....................................................................................................14

C.   "Effective Focal Length (EFL)"............................................................................................20

VI.    THE PETITION FAILS TO ESTABLISH THAT OGINO ANTICIPATES CLAIMS 1 AND 13     20

A.   Apple Fails to Show that Ogino Discloses a Lens Assembly with TTL / EFL < 1 ..........................................21

B.   Apple also Fails to Show that Ogino's Disclosure of "Telephoto" Lens Assemblies Implicitly Discloses TTL / EFL < 1 ...........................................................................................27

VII.   THE PETITION FAILS TO ESTABLISH THAT CLAIMS 14 AND 15 ARE OBVIOUS OVER OGINO IN VIEW OF CHEN II          29

A.   Apple Fails to Show that it Would be Obvious for a POSITA to Modify Ogino Example 6 with the CG Element Removed....................................................................................................29

B.   Apple Fails to Show that there is Any Reason Other than Hindsight for a POSITA to Modify Ogino Based on Chen II ..............................................................................................................31

   1.   The Petition fails to show sufficient factual support for purported motivation to combine nor its applicability to the '032 patent. ................................................................................................... 32
   2.   The Petition fails to show that a POSITA would have understood that replacing the second lens of Ogino with a meniscus lens from Chen II would yield a predictable result. .................................................................. 34
   3.   The Petition further errs by relying on *further* modifications to the Ogino-Chen II combination to obtain an operable design, but not providing a rationale for those further modifications besides hindsight. ..................... 41

VIII.  CONCLUSION   47

§42.65(a) ("Expert testimony that does not disclose the underlying facts or data on which the opinion is based is entitled to little or no weight."); *Edmund Optics, Inc. v. Semrock, Inc.*, IPR2014-00583, Paper 50 at 8 (PTAB, Sep. 9, 2015) (affording little or no weight to "experts' testimony that does little more than repeat, without citation to additional evidence, the conclusory arguments of their respective counsel."). Nor may the petition rely on the expert declaration to remedy any gaps in the petition itself. 37 C.F.R. §42.6(a)(3) ("Arguments must not be incorporated by reference from one document into another document"); *see also Cisco Systems, Inc. v. C-Cation Techs.*, LLC, IPR2014-00454, Paper 12 at 9 (PTAB, Aug. 29, 2014) ("This practice of citing the Declaration to support conclusory statements that are not otherwise supported in the Petition also amounts to incorporation by reference.").

## IV. Level of a Person of Ordinary Skill in the Art (POSITA)

A person of ordinary skill in the art ("POSITA") would have possessed an undergraduate degree in optical engineering, electrical engineering, or physics, with the equivalent of three years of experience in optical design at the time of the effective filing date of the '032 patent, July 4, 2013. Ex. 2013, ¶ 15. Apple vaguely, and inappositely, asserts that a POSITA would be "familiar with the specifications of lens systems." Pet. at 7. Notably, Apple provides no evidence that a POSITA

would be familiar with the specifications of lens systems for <u>miniature</u> cameras, let alone miniature <u>telephoto</u> cameras.

## V.   Claim Construction

### A.   Legal Standard

The Petition asserts that it "presents claim analysis in a manner consistent with **plain and ordinary meaning** in light of the specification," *i.e.*, the standard used in District Court, including the above-referenced litigation between the Petitioner and Patent Owner. Pet. at 8 (emphasis added) (citing *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005)). The Board should thus interpret the claims under the *Phillips* standard, rather than the broadest reasonable interpretation standard, in accord with the Petition. *See SAS Institute, Inc. v. Iancu*, 138 S.Ct. 1348, 1357 (2018) ("[T]the petitioner's contentions, not the Director's discretion, define the scope of the litigation all the way from institution through to conclusion.").

Even if the Board were to apply the BRI standard, the Federal Circuit has cautioned that "[t]he protocol of giving claims their broadest reasonable interpretation does not include giving claims a legally incorrect interpretation divorced from the specification and the record evidence." *In re Smith Int'l, Inc.*, 871 F.3d 1375, 1382 (Fed. Cir. 2017) (citations and internal quotations omitted). The specification must be considered, to determine whether it "proscribes or precludes some broad reading of the claim term" and to ensure that the interpretation of the