# EXHIBIT Z

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE PATENT TRIAL AND APPEAL BOARD

---

APPLE INC.,
Petitioner

v.

COREPHOTONICS LTD.,
Patent Owner

---

Case IPR2018-01146
Patent 9,658,712 B2

---

**PATENT OWNER'S RESPONSE TO PETITION FOR *INTER PARTES* REVIEW OF U.S. PATENT NO. 9,568,712**

# Table of Contents

I. Introduction ........ 1

II. Background ........ 4

A. Overview of the ’712 Patent (Ex. 1001) ........ 4

B. Complexity of the Design of Multiple Lens Assemblies, Like the Patented Invention ........ 7

III. Legal Standard for Petition Review ........ 11

IV. Level of a Person of Ordinary Skill in the Art (POSITA) ........ 12

V. Claim Construction ........ 13

A. Legal Standard ........ 13

B. Total Track Length (TTL) ........ 14

C. “Effective Focal Length (EFL)” and “Optical Power” ........ 19

VI. The Petition Fails to Establish that Konno Anticipates Claims 1, 12-13, 15-16, and 19 ........ 20

VII. The Petition Fails to Establish that Claims 6 and 14 are Obvious over Konno in view of Bareau ........ 26

A. The Evidence Shows that the ’712 Patent Itself Identified the Problem that Apple Asserts as the Motivation, thus the Petition’s Ground Fundamentally Relies on Impermissible Hindsight ........ 26

B. Apple Further Fails to Show that its Unmotivated Modifications of Konno to Add the F# < 2.9 Limitation Would Have Been Obvious for a POSITA to Try and Achieve Predictable Results ........ 32

VIII. The Petition Fails to Establish that Claims 15-17 are Anticipated by Eggert (U.S. Pat. No. 3,388,956) ........ 40

IX. Conclusion ........ 42

To the extent that the petition relies on an expert declaration, it must be more than conclusory and disclose the facts underlying the opinion. *See* 37 C.F.R. §42.65(a) ("Expert testimony that does not disclose the underlying facts or data on which the opinion is based is entitled to little or no weight."); *Edmund Optics, Inc. v. Semrock, Inc.*, IPR2014-00583, Paper 50 at 8 (PTAB, Sep. 9, 2015) (affording little or no weight to "experts' testimony that does little more than repeat, without citation to additional evidence, the conclusory arguments of their respective counsel."). Nor may the petition rely on the expert declaration to remedy any gaps in the petition itself. 37 C.F.R. §42.6(a)(3) ("Arguments must not be incorporated by reference from one document into another document"); *see also Cisco Systems, Inc. v. C-Cation Techs.*, LLC, IPR2014-00454, Paper 12 at 9 (PTAB, Aug. 29, 2014) ("This practice of citing the Declaration to support conclusory statements that are not otherwise supported in the Petition also amounts to incorporation by reference.").

## IV. Level of a Person of Ordinary Skill in the Art (POSITA)

A person of ordinary skill in the art ("POSITA") would have possessed an undergraduate degree in optical engineering, electrical engineering, or physics, with the equivalent of three years of experience in optical design at the time of the effective filing date of the '712 patent, July 4, 2013. Ex. 2013, ¶ 15. Apple vaguely, and inappositely, asserts that a POSITA would be "familiar with the specifications of lens systems." Pet. at 8. Notably, Apple provides no evidence that a POSITA

would be familiar with the specifications of lens systems for <u>miniature</u> cameras, let alone miniature <u>telephoto</u> cameras.

## V. Claim Construction

### A. Legal Standard

The Petition asserts that it "presents claim analysis in a manner consistent with **<u>plain and ordinary meaning</u>** in light of the specification," *i.e.*, the standard used in District Court, including the above-referenced litigation between the Petitioner and Patent Owner. Pet. at 8 (emphasis added) (citing *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005)). The Board should thus interpret the claims under the *Phillips* standard, rather than the broadest reasonable interpretation standard, in accord with the Petition. *See SAS Institute, Inc. v. Iancu*, 138 S.Ct. 1348, 1357 (2018) ("[T]the petitioner's contentions, not the Director's discretion, define the scope of the litigation all the way from institution through to conclusion.").

Even if the Board were to apply the BRI standard, the Federal Circuit has cautioned that "[t]he protocol of giving claims their broadest reasonable interpretation does not include giving claims a legally incorrect interpretation divorced from the specification and the record evidence." *In re Smith Int'l, Inc.*, 871 F.3d 1375, 1382 (Fed. Cir. 2017) (citations and internal quotations omitted). The specification must be considered, to determine whether it "proscribes or precludes some broad reading of the claim term" and to ensure that the interpretation of the claims is "not inconsistent with the specification." *Id.* at 1383. Rather, claims must