# EXHIBIT AB

Paper No. 12

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

APPLE INC.,
Petitioner,

v.

COREPHOTONICS, LTD.,
Patent Owner.
_____

Case No. IPR2020-00878
U.S. Patent No. 10,330,897
_____

PATENT OWNER'S RESPONSE

Case No. IPR2020-00878
U.S. Patent No. 10,330,897

TABLE OF CONTENTS

I. INTRODUCTION ................................................................................... 1

II. SUMMARY OF ARGUMENT ............................................................... 1

III. OVERVIEW OF THE '897 PATENT ..................................................... 7

IV. LEGAL STANDARDS .......................................................................... 12

V. LEVEL OF ORDINARY SKILL IN THE ART (POSITA) ..... 14

VI. CLAIM CONSTRUCTION .................................................................. 16

VII. PRIOR ART REFERENCES ................................................................ 17

    A. Ogino ............................................................................................ 17

    B. Bareau .......................................................................................... 21

    C. Kingslake ..................................................................................... 24

    D. Chen ............................................................................................. 25

    E. Iwasaki ......................................................................................... 28

    F. Beich ............................................................................................ 28

VIII. ARGUMENT ......................................................................................... 30

    A. Ground 2 – Claims 2, 5, 6, 18, and 21–23 Are Not Obvious over Ogino in view of Bareau ................................................................. 30

    B. Ground 3 – Claims 3, 8, 19, and 24 Are Not Obvious over Ogino in view of Bareau and Kingslake .................................................... 56

    C. Ground 4 – Claims 16 and 30 Are Not Obvious over Chen in view of Iwasaki and Beich ........................................................................ 63

Case No. IPR2020-00878
U.S. Patent No. 10,330,897

IX.   CONCLUSION ................................................................ 68

Case No. IPR2020-00878
U.S. Patent No. 10,330,897

The petitioner cannot satisfy its burden of proving obviousness by employing "mere conclusory statements." *Magnum*, 829 F.3d at 1380. As the Federal Circuit has explained, "obviousness concerns whether a skilled artisan not only *could have made* but *would have been motivated to make* the combinations or modifications of prior art to arrive at the claimed invention." *Belden Inc. v. Berk-Tek LLC*, 805 F.3d 1064, 1073 (Fed. Cir. 2015); *Hulu, LLC v. Sound View Innovactions, LLC*, Case No. IPR2018-00582, Paper 34 at 21–22 (Aug. 5, 2019) (informative).

## V.   LEVEL OF ORDINARY SKILL IN THE ART (POSITA)

In his declaration, Dr. Sasián offers his opinion that a person having ordinary skill in the art ("POSITA"):

> would include someone who had, at the priority date of the '897 Patent, (i) a Bachelor's degree in Physics, Optical Sciences, or equivalent training, as well as (ii) approximately three years of experience in designing multi-lens optical systems. Such a person would have had experience in analyzing, tolerancing, adjusting, and optimizing multi-lens systems for manufacturing, and would have been familiar with the specifications of lens systems and their fabrication. In addition, a POSITA would have known how to use lens design software such as Code V, Oslo, or Zemax, and would have taken a lens design course or had equivalent training.

14

Case No. IPR2020-00878
U.S. Patent No. 10,330,897

(Ex. 1003, Sasián Decl., ¶¶ 19–20.) Corephotonics' expert Dr. Milster has applied the same definition of ordinary skill in his analysis. (Ex. 2001, Milster Decl., ¶ 19.)

The '897 patent claims priority by a series of continuations to an application that was filed on January 30, 2017 and issued as U.S. Patent No. 9,857,568. (Ex. 1001, '897 patent at 1:5–10.) The '897 patent also claims priority by a series of continuations and continuations-in-part to a provisional patent application that was filed on July 4, 2013. (Ex. 1001, '897 patent at 1:5–12.)

In his declaration, Dr. Sasián appears to assume that the relevant effective filing date for assessing the level of skill in the art is July 4, 2013. (Ex. 1003, Sasián Decl., ¶¶ 18–21.) The only claims that Dr. Sasián contends have a January 30, 2017 priority date are claims 16 and 30. (Ex. 1003, Sasián Decl., ¶ 33.) Apple and Dr. Sasián do not appear to dispute that the challenged claims other than claims 16 and 30 have an effective filing date of July 4, 2013. For the purposes of evaluating the level of skill in the art, Dr. Milster has considered the level of skill in the art as of January 30, 2017 for claims 16 and 30, and as of July 4, 2013 for the other challenged claims, and this response does the same. (Ex. 2001, Milster Decl., ¶ 23.) However, none of the arguments set

15

Case No. IPR2020-00878
U.S. Patent No. 10,330,897

forth herein would change if one assumed a July 4, 2013 date for claims 16 and 30 or a January 30, 2017 for any of the other claims. (*See id.*)

## VI.   CLAIM CONSTRUCTION

Apple's petition applies two claim constructions for terms that the Board has previously construed in IPRs concerning U.S. Patent No. 9,402,032 and 9,568,712, patents to which the '897 patent claims priority:

> Effective Focal Length (EFL): "the focal length of a lens assembly."
>
> Total Track Length (TTL): "the length of the optical axis spacing between the object-side surface of the first lens element and one of: an electronic sensor, a film sensor, and an image plane corresponding to either the electronic sensor or a film sensor."

(Paper 2 at 7–8; IPR2018-01140, Paper 37 at 10–18.) The Board also adopted these same constructions in IPR2019-00030 concerning the '568 patent, which contains the same specification as the '897 patent. (IPR2019-00030, Paper 32 at 8, 14–15.)

The Board's Institution Decision applied these constructions, but invited the parties to address the proper construction of "Total Track Length," in light of a different construction for this term proposed by Apple in IPR2020-00877. (Paper 7 at 8–9.)

16