# EXHIBIT AC

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

APPLE INC.,
Petitioner,

v.

COREPHOTONICS, LTD.,
Patent Owner.

_____

Case No. IPR2020-00896
U.S. Patent No. 10,317,647

_____

PATENT OWNER'S RESPONSE

TABLE OF CONTENTS

I. INTRODUCTION ................................................................................. 1

II. OVERVIEW OF THE '647 PATENT .......................................... 1

    A. Multiple Element Lens Design ......................................... 7

III. LEVEL OF ORDINARY SKILL ............................................... 11

IV. CLAIM CONSTRUCTION ...................................................... 11

V. OVERVIEW OF THE ASSERTED PRIOR ART .................... 12

    A. Ogino (Ex. 1005) ............................................................ 12

    B. Chen II (Ex. 1008) .......................................................... 17

    C. Bareau (Ex. 1012) .......................................................... 21

    D. Kingslake (Ex. 1013) ..................................................... 23

    E. Hsieh (Ex. 1025) ............................................................ 24

    F. Beich (Ex. 1007) ............................................................ 26

VI. PATENTABILITY OF CHALLENGED CLAIMS ................... 28

    A. GROUND 2 - The Petition Fails to Demonstrate that Ogino in view of Chen II renders claims 1 and 4 unpatentable. .................. 28

        1. Claim 1 and 4 ........................................................ 28

        2. Dependent claims 2-6 ............................................ 51

    B. GROUND 3 - The Petition Fails to Demonstrate that Ogino in view of Chen II and Bareau renders claims 2, 3, 5 and 8-11 unpatentable. ................................................................................ 51

      1.      A POSITA would not have modified Ogino in view of Chen II and Bareau to render claims 2, 3 and 5 unpatentable. .............. 52

      2.      A POSITA would not have modified Ogino in view of Chen II and Bareau to render claims 8-11 unpatentable. ...................... 58

C.     GROUND 4 - The Petition Fails to Demonstrate that Ogino in view of Chen II, Bareau and Kingslake renders claim 6 unpatentable. ............................................................................. 63

D.     GROUND 5 - The Petition Fails to Demonstrate that Hsieh in view of Beich renders claim 7 unpatentable. ........................................ 70

E.     GROUND 6 - The Petition Fails to Demonstrate that Chen in view of Iwasaki and Beich renders claim 12 unpatentable. .................. 73

VII.  PETITIONER FAILS TO MEET ITS BURDEN FOR CHALLENGED CLAIM ................................................................. 74

VIII. CONCLUSION ............................................................................ 75

Case No. IPR2020-00896
U.S. Patent No. 10,317,647

### III. LEVEL OF ORDINARY SKILL

Petitioner offers that a "person having ordinary skill in the art ("POSITA") would include someone who had, at the priority date of the '647 Patent, (i) a Bachelor's degree in Physics, Optical Sciences, or equivalent training, as well as (ii) approximately three years of experience in designing multi-lens optical systems." Pet. at 7. Further, "[s]uch a person would have had experience in analyzing, tolerancing, adjusting, and optimizing multi-lens systems for manufacturing, and would have been familiar with the specifications of lens systems and their fabrication." *Id.* Petitioner also submits that "a POSITA would have known how to use lens design software such as Codev, Oslo, or Zemax, and would have taken a lens design course or had equivalent training." *Id.* Patent Owner does not disagree with Dr. Durand's definition of a POSITA. Ex. 2001, Milster Decl., ¶20.

### IV. CLAIM CONSTRUCTION

Petitioner notes that two terms, "Effective Focal Length (EFL)" and "Total Track Length (TTL)," have previously been construed in relation to other patents that share a common specification with the '647 Patent. Pet. at 8. Specifically, the Board construed these two terms in IPR2018-01140 as follows:

11