# EXHIBIT AD

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

APPLE INC.,
Petitioner,

v.

COREPHOTONICS, LTD.,
Patent Owner.

_____

Case No. IPR2020-00897
U.S. Patent No. 10,324,277

_____

PATENT OWNER'S RESPONSE

Case No. IPR2020-00897
U.S. Patent No. 10,324,277

TABLE OF CONTENTS

I. INTRODUCTION ................................................................................. 1

II. OVERVIEW OF THE '277 PATENT ........................................... 2

   A. Description of the '277 Patent .......................................................... 2

   B. Multiple Element Lens Design ......................................................... 8

III. LEVEL OF ORDINARY SKILL ............................................... 12

IV. CLAIM CONSTRUCTION ...................................................... 12

V. OVERVIEW OF THE ASSERTED PRIOR ART ................... 13

   A. Ogino (Ex. 1005) ............................................................................ 13

   B. Bareau (Ex. 1012) .......................................................................... 21

VI. PATENTABILITY OF CHALLENGED CLAIMS .................. 23

   A. GROUND 1 – The Petition Fails to Demonstrate that Claims 1-3 and 5-8 are Unpatentable Over the Combination of Ogino Example 4 and Bareau. ............................................................................... 31

      a. Petitioner ignores the manufacturability of the lenses. ............... 31
      b. Petitioner's proposed assembly has overlapping lenses in the region of the optical rays. ................................................................... 32
      c. Results of the combination violate the teachings of Bareau. ...... 35
      d. Petitioner's process would have been contrary to a POSITA's goal of improving performance. ............................................................. 37
      e. Dependent claims 2, 3, and 5-8. .................................................. 39

   B. GROUND 2 – The Petition Fails to Demonstrate that Claims 1-24 are Unpatentable Over the Combination of Ogino Example 5 and Bareau. ............................................................................................ 40

    1.    The Petition Fails to Demonstrate that Claims 11-17 are Unpatentable Over the First Modification of Ogino Example 5 in view of Bareau. ................................................................. 40

        a.    Petitioner ignores the manufacturability of the lenses. ............................. 40

        b.    Petitioner's proposed assembly has overlapping lenses in the region of the optical rays. ................................................................................................. 41

        c.    Petitioner's process would have been contrary to a POSITA's goal of improving performance. ............................................................................... 43

        d.    Petitioner's differing results for Example 5 of Ogino are not explained. .. 45

        e.    Petitioner's lens dimensions would not have been acceptable to a POSITA. ..................................................................................................... 47

        f.    Petitioner tries to combine two modifications to Exampel 5 of Ogino with no explanation. ........................................................................................... 49

    2.    The Petition Fails to Demonstrate that Claims 1-10 and 18-24 are Unpatentable Over the Second Modification of Ogino Example 5 in view of Bareau. ................................................................. 50

        a.    Petitioner ignores the manufacturability of the lenses. ............................. 50

        b.    Petitioner's process would have been contrary to a POSITA's goal of improving performance. ............................................................................... 51

        c.    Petitioner ignores how a POSITA would actually design a lens. ............. 52

        d.    Petitioner's differing results for Example 5 of Ogino are not explained. .. 53

        e.    Dependent claims 2-10, 12-17 and 19-24. ................................................ 54

VII.  PETITIONER FAILS TO MEET ITS BURDEN FOR CHALLENGED CLAIM .................................................................. 54

VIII. CONCLUSION .................................................................................. 55

Case No. IPR2020-00897
U.S. Patent No. 10,324,277

## III. LEVEL OF ORDINARY SKILL

Petitioner offers that a "person having ordinary skill in the art ("POSITA") would include someone who had, at the priority date of the '277 Patent, (i) a Bachelor's degree in Physics, Optical Sciences, or equivalent training, as well as (ii) approximately three years of experience in designing multi-lens optical systems." Pet. at 7. Further, "[s]uch a person would have had experience in analyzing, tolerancing, adjusting, and optimizing multi-lens systems for manufacturing, and would have been familiar with the specifications of lens systems and their fabrication." *Id.* Petitioner also submits that "a POSITA would have known how to use lens design software such as Codev, Oslo, or Zemax, and would have taken a lens design course or had equivalent training." *Id.* Patent Owner does not disagree with Petitioner's definition of a POSITA. Ex. 2001, ¶20.

## IV. CLAIM CONSTRUCTION

Petitioner notes that two terms, "Effective Focal Length (EFL)" and "Total Track Length (TTL)," have previously been construed in relation to other patents that share a common specification with the '277 Patent. Pet. at 8. Specifically, the Board construed these two terms in IPR2018-01140 as follows:

12