COOLEY LLP
Heidi Keefe (178960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya Viswanath (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304
Telephone:     (650) 843-5000
Facsimile:      (650) 849-7400

COOLEY LLP
Phillip Morton (*pro hac vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue
NW, Suite 700
Washington, DC 20004-2400
Telephone:     (202) 842-7800
Facsimile:      (202) 842-7899

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.,<br><br>                Plaintiff,<br><br>      v.<br><br>APPLE INC.,<br><br>                Defendant. | Case No. 3:17-cv-06457-JD (lead case)<br>Case No. 5:18-cv-02555-JD<br><br>**APPLE INC.'S OPPOSITION TO COREPHOTONICS, LTD.'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Date: June 30, 2022<br>Time: 10:00 AM<br>Courtroom: 11<br>Before:  Hon. James Donato |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     FACTUAL BACKGROUND ............................................................................... 2

    A.      History of Corephotonics's Patent Assertions for the '712 and '291 Patents ........ 2

    B.      Patent Office Proceedings on the '712 and '291 Patents ................................ 3

    C.      Corephotonics's Proposed Amended Infringement Contentions ......................... 4

III.    LEGAL STANDARDS ....................................................................................... 6

IV.     COREPHOTONICS'S '712 PATENT AMENDMENTS SHOULD BE
    REJECTED ........................................................................................................ 7

    A.      Corephotonics Cannot Show Good Cause for Expanding the Asserted
        Claims for the '712 Patent ..................................................................... 7

    B.      Apple is Prejudiced by Corephotonics's Claim Expansion for the '712
        Patent ................................................................................................. 9

    C.      Corephotonics's Amendment Should Be Rejected Because of Collateral
        Estoppel Resulting from the Adverse Judgment. .................................... 10

V.      COREPHOTONICS'S '291 PATENT AMENDMENTS SHOULD BE
    REJECTED ........................................................................................................ 12

    A.      Corephotonics Has Not Articulated Any Good Cause for Adding A Brand
        New Infringement Theory to Sweep In 15 New Accused Products .................... 12

    B.      Apple Would Be Prejudiced by Corephotonics's Brand New Infringement
        Theory ............................................................................................... 15

VI.     CONCLUSION .................................................................................................. 16

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

- i -

APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Advanced Micro Devices, Inc. v. LG Elecs., Inc.*,
  No. 14-cv-01012-SI, 2017 WL 732896 (N.D. Cal. Feb. 24, 2017) ........................................ 6

5

*Apple Inc. v. Corephotonics, Ltd.*,
6
  861 F. App'x 443 (Fed. Cir. 2021) ............................................................................... 3, 11

7

*Aylus Networks, Inc. v. Apple Inc.*,
  No. C-13-4700 EMC, 2015 WL 12976113 (N.D. Cal. June 2, 2015) ................................... 6

8

*Capella Photonics, Inc. v. Cisco Sys., Inc.*,
9
  No. 14-cv-03348-EMC, 2019 WL 2359096 (N.D. Cal. June 4, 2019)........................... 7, 8, 9

10

*CBS Interactive, Inc. v. Etilize, Inc.*,
  257 F.R.D. 195 (N.D. Cal. 2009) ..................................................................................... 6

11

*Cisco Sys., Inc. v. Capella Photonics, Inc.*,
12
  No. 20-cv-01858-EMC, 2020 WL 4923697 (N.D. Cal. Aug. 21, 2020) ...................... 10, 12

13

*Koninklijke Philips N.V. v. Acer Inc.*,
  No. 18-cv-1885-HSG, 2019 WL 652868 (N.D. Cal. Feb. 15, 2019).................................. 6

14

*LG Elecs. Inc. v. Q-Lity Computer Inc.*,
15
  211 F.R.D. 360 (N.D. Cal. 2002) ..................................................................................... 6

16

*Littlejohn v. United States*,
  321 F.3d 915 (9th Cir. 2003).......................................................................................... 11

17

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
18
  467 F.3d 1355 (Fed. Cir. 2006)................................................................................ 6, 9, 16

19

*Ohio Willow Wood Co. v. Alps S., LLC*,
  735 F.3d 1333 (Fed. Cir. 2013)....................................................................................... 11

20

*Regents of Univ. of Minn. v. LSI Corp.*,
21
  926 F.3d 1327 (Fed. Cir. 2019)....................................................................................... 10

22

*Soverain Software, LLC v. Victoria's Secret Direct Brand Mgmt., LLC*,
  778 F.3d 1311 (Fed. Cir. 2015)....................................................................................... 11

23

*Trusted Knight Corp. v. IBM*,
24
  No. 19-cv-01206-EMC, 2021 WL 5205522 (N.D. Cal. Nov. 9, 2021) ................................ 7

25

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
  236 F. Supp. 3d 1110 (N.D. Cal. 2017) ............................................................................ 6

26

27

28

Cooley LLP
Attorneys at Law
Palo Alto

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

- ii -

**Apple's Opposition to Motion to Amend Infringement Contentions**

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**Statutes**

35 U.S.C.
§ 112(d) ............................................................................................................................ 7
§ 112(e) .......................................................................................................................... 11
§ 253 ................................................................................................................................. 3
§ 315(e)(2) ....................................................................................................................... 8

**Other Authorities**

37 C.F.R.
§ 42.73(a) ....................................................................................................................... 10
§ 42.73(d)(3) .................................................................................................................... 4
§ 42.73(d)(3) .................................................................................................................. 11
§ 42.73(d)(3)(i) ............................................................................................................... 10

Local Rule 3-6 .................................................................................................................... 6

Cooley LLP
Attorneys at Law
Palo Alto

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

- iii -

Apple's Opposition to Motion to Amend
Infringement Contentions

**I.    INTRODUCTION**

This case was stayed so that Apple's *inter partes* review (IPR) petitions could simplify and narrow (or eliminate) the issues of non-infringement and invalidity that would need to be addressed in the district court.  Apple's IPR's did precisely that – resulting in the elimination of the majority of the asserted patents and half of the asserted claims from this case.  Corephotonics's proposed amendments to its infringement contentions seek to do the opposite, vastly expanding this case by adding new claims and new infringement theories, all of which it could have asserted at the outset of the case.  Corephotonics's failure to assert those claims and theories previously is without excuse, let alone good cause, and its belated attempt to do so now should be rejected.

For the '712 patent, Corephotonics seeks to add claims 1, 12 and 13, claims that are incorporated by reference into previously asserted claim 14, a claim that Corephotonics *voluntarily* disclaimed to avoid invalidity findings in then pending *ex parte* reexamination and IPR proceedings.  To start, Corephotonics cannot demonstrate the diligence required for amending contentions under the Patent Local Rules, because Corephotonics absolutely could have asserted claims 1, 12 and 13 at the outset of this case given that it asserted claim 14, which depends from those claims.  Corephotonics provides no good reason for its delay in doing so.  Regardless, Corephotonics's proposed amendment also must be rejected now because it can no longer assert those claim.  Corephotonics's voluntary disclaimer of dependent claim 14 resulted in an adverse judgment, which has collateral estoppel effect on its assertion of the claims from which it depends, claims 1, 12 and 13.

For the '291 patent, Corephotonics vastly expands its infringement allegations with a new theory of infringement based on a feature that also existed in the original accused products released at the time of the complaint and before the stay, including the iPhone 8 Plus and iPhone X.  Corephotonics thus could have and should have alleged infringement by that feature before the stay, and it has not offered—and cannot offer—any excuse to explain its failure to do so.  In any event, Corephotonics's new allegation is inconsistent with its prior infringement theory and finds no basis in the claims.

Contrary to Corephotonics's representations to the Court at the April 14, 2022 Case

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

- 1 -

APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

Management Conference, Corephotonics's proposed amendments will "mushroom" the scope this case with new claims and new theories.   Aside from the limited "Other Amendments,"[1] Corephotonics's Motion should be denied.

## II.   FACTUAL BACKGROUND

### A.   History of Corephotonics's Patent Assertions for the '712 and '291 Patents

Corephotonics filed its first lawsuit against Apple on November 6, 2017, asserting the '712 and '291 patents, and two other patents[2] that were invalidated in IPR.  (Dkt. No. 1).  Corephotonics filed a second lawsuit on April 30, 2018, asserting the '712 patent against the iPhone X and an additional patent[3] that was invalidated in IPR.  (Case No. 18-cv-02555, Dkt. No. 1).  On April 11, 2018, Corephotonics served infringement contentions asserting claims 15, 16, and 19 of the '712 patent against the iPhone 7 Plus and iPhone 8 Plus, and claims 1-7, 10, and 12-13 of the '291 patent against the iPhone 7 Plus.   (Ex. 1.).   On May 30, 2018, served supplemental infringement contentions asserting claim 14 of the '712 patent against the iPhone X.  (Ex. 2.).  On December 14, 2018, the Court *sua sponte* entered an order staying the case pending resolution of *inter partes* review proceedings, finding in part that a stay should be entered because of the potential that the case could be simplified by invalidation of Corephotonics's claims.  (Dkt. No. 100 at 2.)

The table below briefly summarizes the asserted claims and accused products for the '712 and '291 patents when the case was stayed in December 2018.

| Status of Corephotonics's Assertions as of December 2018 | | |
| --- | --- | --- |
| **Patent** | **Asserted Claims** | **Accused Products** |
| '712 | 14, 15, 16, 19 | iPhone 7 Plus<br>iPhone 8 Plus<br>iPhone X |
| '291 | 1-7, 10, 12-13 | iPhone 7 Plus |

[1] Apple does not oppose Corephotonics's amendment of its Infringement Contentions to (1) reduce the period of any alleged damages and (2) to incorporate additional alleged "facts" regarding Corephotonics's allegations of willful infringement (which Apple denies).

[2] U.S. Patent Nos. 9,402,032 and 9,538,152.

[3] U.S. Patent No. 9,857,568

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

- 2 -

APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

### B.      Patent Office Proceedings on the '712 and '291 Patents

**'291 Patent:**[4] On July 13, 2018, Apple filed an IPR petition challenging claims 1-7, 10, and 12-13 of the '291 patent.  Morton Decl. Ex. C.  The '291 IPR petition was denied institution on February 4, 2019.  Morton Decl. Ex. D.

**'712 Patent:** On May 23, 2018, Apple filed an *inter partes* review (IPR) petition challenging claims 1, 2, 6, 7, 12-17 and 19 of the '712 patent[5], which was instituted on December 7, 2018.  Morton Decl. Exs. A-B.  The PTAB issued a final written decision on December 4, 2019, finding claims 15-17 unpatentable and claims 1, 2, 6, 7, 12-14 and 17-19 not unpatentable.  Morton Decl. Ex. E.   Apple appealed to the Federal Circuit Court of Appeals.  On June 23, 2021, the Federal Circuit reversed and remanded to the PTAB to address the obviousness of claims 6 and 14, and affirmed the PTAB's decision that claims 15-17 are unpatentable and claims 1, 2, 7, 12-13 and 19 are not unpatentable.  *Apple Inc. v. Corephotonics, Ltd.*, 861 F. App'x 443 (Fed. Cir. 2021). The parties fully briefed the obviousness issues remanded to the PTAB in November and December 2021.  Morton Decl. Ex. F.

Apple filed an *ex parte* reexamination request on December 9, 2021 challenging unasserted claims 3-6, 8-11 and asserted claim 14 of the '712 patent based on a different combination of prior art than had been relied upon in the instituted IPR.  Morton Decl. Ex. G ('712 reexam petition).

On January 11, 2022, Corephotonics filed a statutory disclaimer under 35 U.S.C. § 253 with the PTO, which disclaimed claims 3-6, 8-11 and 14 of the '712 patent.  Morton Decl., Ex. H. Corephotonics's disclaimer had two effects on the ongoing proceedings addressing the validity of asserted claim 14 of the '712 patent.  First, the PTO denied Apple's *ex parte* reexamination petition in reliance on Corephotonics's disclaimer, because all of the challenged claims had been disclaimed.  Morton Decl., Ex. I.  Second, because of Corephotonics's voluntary decision to disclaim claims 6 and 14, the PTAB entered an adverse judgment against claims 6 and 14 pursuant

---

[4] As noted in Dkt. No. 130, an *ex parte* reexamination request was instituted on all asserted claims of the '291 patent

[5] Apple filed a second inter partes review petition on July 6, 2018 challenging claims 1, 12, 13 and 14.  Morton Decl. Ex. L.  This second petition was denied on discretionary grounds on February 5, 2019.  Morton Decl. Ex. M.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD                                    - 3 -                          APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

to 37 C.F.R. 42.73(d)(3). Morton Decl., Ex. J.

When the stay was lifted in April 2022, the asserted claims and accused products were substantially narrowed, eliminating three of the four asserted claims for the '712 patent and one of the accused products (the iPhone X), as reflected in the table below (IPR narrowing in green):

| Status of Corephotonics's Assertions in April 2022 | | |
|---|---|---|
| **Patent** | **Asserted Claims** | **Accused Products** |
| '712 | ~~14, 15, 16,~~ 19 | iPhone 7 Plus |
| | | iPhone 8 Plus |
| | | ~~iPhone X[6]~~ |
| '291 | 1-7, 10, 12-13 | iPhone 7 Plus |

### C.      Corephotonics's Proposed Amended Infringement Contentions

Corephotonics sought to lift the stay in this case based its statement to this Court that discovery would be limited because "there's not that much [discovery] that's necessary."  2022-04-14 Hr'g Tr. at 10:24-11:5.  When the Court asked what changes Corephotonics planned to make to its infringement contentions, Corephotonics's counsel represented to the Court that it would be adding products that had been released since the case was stayed.  *Id.* at 11:17-20, 12:1-24.  When the Court expressed concerns about Corephotonics's assertions in the case "mushrooming," Corephotonics represented to the Court that "It's not mushrooming, Your Honor."  *Id.* at 11:21-24. Corephotonics's counsel did not reveal to the Court that it would be seeking to add new claims and new infringement theories to its amended infringement contentions.

On May 6, 2022, Corephotonics filed its Motion seeking leave to amend its infringement contentions.   (Dkt. No. 129).   Unfortunately, the Court was prescient, and the proposed infringement contentions attached to the Motion indeed  "mushroomed" the scope of this case. First, Corephotonics added three new, previously unasserted claims and six new accused products

---

[6] The iPhone X was no longer an accused product after the IPR narrowing because only disclaimed claim 14 of the '712 patent was asserted against that product.

Cooley LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD                                    - 4 -                    APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

to its contentions for the '712 patent.  Second, Corephotonics dramatically changed its infringement

theory for the '291 patent to sweep in a large number of new products.

      If Corephotonics's amendments are accepted, the scope of this case will "mushroom"

substantially, quadrupling the number of claims asserted for the '712 patent and increasing the

number of accused products ten-fold, as highlighted in the table below (proposed <span style="color:red">new assertions in

red</span>; <span style="color:green">IPR narrowing in green</span>):

| Corephotonics's Assertions in the May 6, 2022 Proposed Infringement Contentions | | |
|---|---|---|
| **Patent** | **Asserted Claims** | **Accused Products** |
| '712 | <span style="color:red">1, 12, 13</span><br><span style="color:green">14, 15, 16,</span> 19 | iPhone 7 Plus<br>iPhone 8 Plus<br><span style="color:green">~~iPhone X~~</span><br><span style="color:red">iPhone X</span><br><span style="color:red">iPhone XS</span><br><span style="color:red">iPhone XS Max</span><br><span style="color:red">iPhone 11 Pro</span><br><span style="color:red">iPhone 11 Pro Max</span><br><span style="color:red">iPhone 12 Pro</span> |
| '291 | 1-7, 10, 12-13 | iPhone 7 Plus<br><span style="color:red">iPhone 11</span><br><span style="color:red">iPhone 11 Pro</span><br><span style="color:red">iPhone 11 Pro Max</span><br><span style="color:red">iPhone 12 Mini</span><br><span style="color:red">iPhone 12</span><br><span style="color:red">iPhone 12 Pro</span><br><span style="color:red">iPhone 12 Pro Max</span><br><span style="color:red">iPhone 13</span><br><span style="color:red">iPhone 13 mini</span><br><span style="color:red">iPhone 13 Pro</span><br><span style="color:red">iPhone 13 Pro Max</span><br><span style="color:red">iPad Pro 11-inch (2nd gen)</span><br><span style="color:red">iPad Pro 11-inch (3rd gen)</span><br><span style="color:red">iPad Pro 12.9-inch (4th gen)</span><br><span style="color:red">iPad Pro 12.9-inch (5th gen)</span> |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

- 5 -

APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

1  **III.   LEGAL STANDARDS**

2        "Patent Local Rule 3-6 provides that amendment of either infringement or invalidity

3  contentions 'may be made only by order of the Court upon a timely showing of good cause.'" *Aylus*

4  *Networks, Inc. v. Apple Inc.*, No. C-13-4700 EMC, 2015 WL 12976113, at *1 (N.D. Cal. June 2,

5  2015). Good cause means that a party "'acted with diligence in promptly moving to amend' after a

6  circumstance supporting amendment occurs." *Id.* (quoting *O2 Micro Int'l Ltd. v. Monolithic Power*

7  *Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006)). "The party seeking to amend its contentions bears

8  the burden of establishing diligence." *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201

9  (N.D. Cal. 2009). The moving party must establish diligence in two ways: "(1) diligence in

10 discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for

11 amendment has been discovered." *Koninklijke Philips N.V. v. Acer Inc.*, No. 18-cv-1885-HSG,

12 2019 WL 652868, at *1 (N.D. Cal. Feb. 15, 2019). "Where the moving party is unable to show

13 diligence, there is 'no need to consider the question of prejudice,' although a court in its discretion

14 may elect to do so." *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-cv-01012-SI, 2017

15 WL 732896, at *2 (N.D. Cal. Feb. 24, 2017) (quoting *O2 Micro Int'l*, 467 F.3d at 1368).

16       "The local patent rules in the Northern District of California ... requir[e] both the plaintiff

17 and the defendant in patent cases to provide early notice of their infringement and invalidity

18 contentions, and to proceed with diligence in amending those contentions when new information

19 comes to light in the course of discovery. The rules thus seek to balance the right to develop new

20 information in discovery with the need for certainty as to the legal theories." *O2 Micro*, 467 F.3d

21 at 1365-66. "[T]he philosophy behind amending claim charts is decidedly conservative, and

22 designed to prevent the 'shifting sands' approach to claim construction." *Verinata Health, Inc. v.*

23 *Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017) (*quoting LG Elecs. Inc. v.*

24 *Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002)). The Northern District's Patent Local

25 Rules were "designed to require parties to crystallize their theories of the case early in the litigation

26 and to adhere to those theories once they have been disclosed." *O2 Micro*, 467 F.3d at 1366 n.12.

27

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD                              - 6 -                    APPLE'S OPPOSITION TO MOTION TO AMEND
                                                                                INFRINGEMENT CONTENTIONS

IV.     **CORE PHOTONICS'S '712 PATENT AMENDMENTS SHOULD BE REJECTED**

A.      **Corephotonics Cannot Show Good Cause for Expanding the Asserted Claims for the '712 Patent**

Corephotonics's proposed amendment should be rejected because Corephotonics cannot show good cause for its request to replace disclaimed (and effectively invalid) claim 14 with three newly asserted claims, claims 1, 12 and 13 of the '712 patent. Corephotonics cannot credibly argue that it could not have asserted claims 1, 12 and 13 earlier in the case because Corephotonics asserted dependent claim 14, a claim that incorporates by reference all of the limitations of claims 1, 12 and 13.[7] 35 U.S.C. § 112(d) ("A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers."). Moreover, Corephotonics does not contend that it learned of any new discovery that it did not have access to when it chose to assert only claim 14 earlier in the case. Courts in the Northern District addressing similar circumstances routinely reject efforts to swap out unasserted claims following IPRs. *See Trusted Knight Corp. v. IBM,* No. 19-cv-01206-EMC, 2021 WL 5205522, at *2-3 (N.D. Cal. Nov. 9, 2021) (denying motion to amend infringement contentions to add previously unasserted claims 18 months into litigation and after IPR institution decisions); *Capella Photonics, Inc. v. Cisco Sys., Inc.*, No. 14-cv-03348-EMC, 2019 WL 2359096, at *3-6 (N.D. Cal. June 4, 2019) (denying motion to amend infringement contentions

---

[7] Claims 1, 12, 13 and 14 of the '712 patent are recited below:

1.      A lens assembly, comprising: a plurality of refractive lens elements arranged along an optical axis, wherein at least one surface of at least one of the plurality of lens elements is aspheric, wherein the lens assembly has an effective focal length (EFL), a total track length (TTL) of 6.5 millimeters or less and a ratio TTL/EFL of less than 1.0, and wherein the plurality of lens elements comprises, in order from an object side to an image side, a first lens element with a focal length f1 and positive refractive power, a second lens element with a focal length f2 and negative refractive power and a third lens element with a focal length f3, the focal length f1, the focal length f2 and the focal length f3 fulfilling the condition $1.2 \times |f3| > |f2| > 1.5 \times f1$.

12.     The lens assembly of claim 1, wherein the first lens element has an Abbe number greater than 50 and the second lens element has an Abbe number smaller than 30.

13.     The lens assembly of claim 12, wherein the first lens element has a convex object-side surface and a convex or concave image-side surface and wherein the second lens element is a meniscus lens having a convex object-side surface.

14.     The lens assembly of claim 13, wherein a lens assembly F # is smaller than 2.9.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD                              - 7 -                    APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

1   to add previously unasserted claims after completion of IPR proceedings because that would "start

2   litigation anew after losing round one.").

3        Given the lack of any good cause, Corephotonics must live with the strategic decision it

4   made at the outset of this case to assert only claims 14, 15, 16 and 19 of the '712 patent.  (Ex. 1

5   (asserting claims 15, 16 and 19 against the iPhone 7 Plus and iPhone 8 Plus); Ex 2 (asserting claim

6   14 against the iPhone X).  If Corephotonics wanted to accuse Apple of infringing other claims in

7   the '712 patent, including the claims from which claim 14 depends, it should have done so in its

8   original infringement contentions, and had no reason to wait until after nearly four years of IPR

9   proceedings that narrowed the scope of this case as intended.  *See Capella*, 2019 WL 2359096,

10  at *4.

11       Corephotonics's brief suggests that its motive for adding claims 1, 12 and 13 this late in the

12  case is simply to gain a strategic advantage by adding claims subject to estoppel under 35 U.S.C.

13  315(e)(2).  (Dkt. No. 129 at 7-8 ("Corephotonics could not reasonably have foreseen in 2018 that

14  Apple would file a reexamination request in December 2021 that challenged claim 14 but be

15  estopped from doing so for claims 1, 12 or 13, or that disclaiming claim 14 would be a way to

16  dispose of that reexamination request.")).  Corephotonics's gamesmanship should not be

17  countenanced.  Corephotonics does not cite any authority for the proposition that its strategic

18  manipulation of proceedings at the USPTO to dispose of a pending invalidation of an asserted claim

19  demonstrates diligence under the Patent Local Rules.  *See Capella*, 2019 WL 2359096, at *4

20  (denying amendment where patent owner "exhausted its first bite" at the Patent Office and

21  "exercise[d] no diligence in putting at issue the claims [it] now belatedly seeks to amend into this

22  case").

23       Finally, the mere fact that disclaimed claim 14 depended from claims 1, 12 and 13 does not

24  demonstrate diligence---rather, as discussed above, it shows the opposite.  Corephotonics claims

25  that it did not assert those claims because it did not see a "reason to multiply the number of claims

26  at issue." (Dkt. No. 129 at 7).  Corephotonics' assertion that it was trying to avoid "multiplying"

27  claims by only asserting a dependent claim is belied by the fact that, for the other remaining patent

28  in this case (the '291 patent), Corephotonics did not avoid "multiplying" the proceedings, asserting

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD                    - 8 -                    APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

1  2 independent claims and 9 dependent claims against a single product in its initial contentions.

2  Ex. 1 at 1).

3       Corephotonics proposed amendment would further upend the policies underlying the

4  Northern District's Patent Local Rules, which requires plaintiffs to crystallize their infringement

5  theories early in the case in order to avoid a "shifting sands" approach to litigation.  Granting

6  Corephotonics permission to replace asserted claims where the outcome in IPR was unfavorable

7  for Corephotonics (disclaiming claim 14 to avoid an invalidity finding) would negate the purpose

8  of IPRs to be, in part, a cost effective alternative to litigating invalidity in the district court.

9  Allowing Corephotonics to amend its contentions in this matter would be no different than

10 proceeding through a jury trial and appeal on the validity of claim 14, dismissing the case as to

11 claim 14 while on remand, and then asking the Court to conduct a second trial on the exact same

12 issues for claims 1, 12 and 13.  Such a result would inject chaos into every future litigation where

13 unasserted claims survive an IPR challenge by allowing the plaintiff to avoid adhering to the

14 theories of the case disclosed early in the litigation  *O2 Micro*, 467 F.3d at 1366 n.12.

15      Because Corephotonics has not demonstrated diligence, Corephotonics's requested

16 amendments for the '712 patent infringement contentions should be denied.

17      **B.**     **Apple is Prejudiced by Corephotonics's Claim Expansion for the '712 Patent**

18      Because Corephotonics has not shown diligence for its requested amendment to its '712

19 patent infringement contentions, there is "no need to consider the question of prejudice." *O2 Micro*,

20 467 F.3d at 1368.  But even if Corephotonics had shown diligence, Apple would be manifestly

21 prejudiced by the proposed amendment because Apple relied on Corephotonics's claim selection

22 and reasonably believed this case would be narrowed after the reduction of the asserted claims in

23 IPR.  *See Cappella*, 2019 WL 2359096, at *5 ("Defendants have litigated this case for many years

24 through the IPR proceedings and appeals, and they reasonably believed that upon prevailing before

25 the PTO and an appeal, this litigation would be near completion . . . [I]t would be highly prejudicial

26 to force Defendants to engage piecemeal in a whole new round of litigation.").  At this late date,

27 after Corephotonics made strategic choices to assert (and not assert) and then disclaim asserted

28 claims against Apple, Apple would be severely prejudiced by Corephotonics's wholesale

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD                              - 9 -              APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

replacement of claims.  The fact that the limitations of claims 1, 12 and 13 were part of claim 14 does not lessen the prejudice to Apple, which was not on notice of Corephotonics's intent to assert previously non asserted claims when it disclosed its invalidity and claim construction theories earlier in the case or when it filed its IPR petitions.

### C.  Corephotonics's Amendment Should Be Rejected Because of Collateral Estoppel Resulting from the Adverse Judgment.[8]

As discussed above, Corephotonics made the voluntary decision to disclaim Claim 14 to terminate both the pending IPR and *ex parte* reexamination proceedings challenging the validity of that asserted claim, which Corephotonics then used in support of its arguments to lift the stay in this case.  Because Corephotonics voluntarily chose to disclaim claim 14 during a pending IPR proceeding, the PTAB entered adverse judgment against Corephotonics with respect to that claim.  Morton Decl., Ex. J ("it is hereby ORDERED that adverse judgment … against Patent Owner with respect to claims 6 and 14 of the '712 patent").  That adverse judgment has far reaching conclusive effects on Corephotonics, as the PTAB's adverse judgment "disposes of <u>all</u> issues that were, or by motion reasonably could have been, raised and decided."  37 C.F.R. § 42.73(a) (emphasis added).  There can be no dispute that the issue of the validity of claim 14 of the '712 patent had been raised and was going to be decided in the remanded IPR proceeding.  *Apple,* 861 F. App'x 443; Morton Decl., Ex. F.

Specifically, the adverse judgment on claim 14 estops Corephotonics from "taking action inconsistent with the adverse judgment" including but not limited to "obtaining in any patent … a claim that is not patentably distinct from a finally refused or cancelled claim."  37 C.F.R. § 42.73(d)(3)(i).  This estoppel, which the Federal Circuit has noted is consistent with the mandates of "traditional principles of res judicata and collateral estoppel," precludes Corephotonics from any assertion of claims with the same subject matter scope as claim 14.  *See Regents of Univ. of Minn. v. LSI Corp.*, 926 F.3d 1327, 1345 n.5 (Fed. Cir. 2019); *see also Cisco Sys., Inc. v. Capella*

---

[8] Apple reserves the right to pursue other collateral estoppel arguments for any of the asserted claims based on other proceedings, including but not limited to patent office proceedings challenging other related Corephotonics patents.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD                    - 10 -                    APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

1

*Photonics, Inc.*, No. 20-cv-01858-EMC, 2020 WL 4923697, at *5 (N.D. Cal. Aug. 21, 2020) ("The PTAB's finding of invalidity should be entitled to particular deference, because there is a strong interest in finality") (*citing* 37 C.F.R. § 42.73(d)(3)).  Indeed, the Federal Circuit has held, applying traditional collateral estoppel principles, that "[i]f the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies."  *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013).

Collateral estoppel clearly applies here.  In the Ninth Circuit, a party invoking issue preclusion (collateral estoppel) must show (1) "the issue at stake is identical to an issue raised in the prior litigation; (2) the issue was actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action."  *Littlejohn v. United States*, 321 F.3d 915, 923 (9th Cir. 2003).  Here, all the elements of collateral estoppel are clearly met based on the PTAB's adverse judgment on claim 14.  First, the same *issues* are at stake in the IPR and in this case – whether the limitations of claims 1, 12 and 13 (all of which are included in dependent claim 14[9]) are patentable.  Morton Decl., Exs. F, J.  The Federal Circuit has repeatedly held that complete identity of claims is not necessary for a finding of collateral estoppel.  *Soverain Software, LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1319 (Fed. Cir. 2015) ("Complete identity of claims is not required to satisfy the identity-of-issues requirement for claim preclusion."); *Ohio Willow Wood*, 735 F.3d at 1342 ("Our precedent does not limit collateral estoppel to patent claims that are identical.  Rather, it is the identity of the *issues* that were litigated that determines whether collateral estoppel should apply.") (emphasis in original).   Second, the issue of patentability was actually litigated in the IPR, as the parties litigated the issue in the initial IPR proceedings, appealed it to the Federal Circuit, and briefed the obviousness of the claim limitations on remand.  (Morton Decl., Exs. E, J; *Apple*, 861 F. App'x 443).  Third, the determination was "a critical and necessary part of the judgment" in the IPR, as the adverse judgment entered against Corephotonics disposing of claim 14 was the sole basis for concluding the IPR remand proceedings on claim 14.  (Morton Decl., Ex. J).  Given the identical subject matter covered by claims 1, 12 and 13, Corephotonics should be

---

[9] 35 U.S.C. 112(e)

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD                    - 11 -                    APPLE'S OPPOSITION TO MOTION TO AMEND
                                                                      INFRINGEMENT CONTENTIONS

1  precluded from pursuing those claims due to collateral estoppel.  *Cisco*, 2020 WL 4923697

2  (invalidating reissue patent claims that were "substantially identical" to claims invalidated in IPR

3  based on collateral estoppel).

4  **V.   COREPHOTONICS'S '291 PATENT AMENDMENTS SHOULD BE REJECTED**

5   **A.   Corephotonics Has Not Articulated Any Good Cause for Adding A Brand New**

6   **Infringement Theory to Sweep In 15 New Accused Products**

7  Corephotonics's proposal to add fifteen new accused products to its infringement

8  contentions for the '291 patent should be rejected because it is a transparent attempt to multiply the

9  accused products asserted against Apple based on a frivolous infringement theory that, even though

10  it is meritless, could have been made earlier against products that were accused in this case prior to

11  the stay.

12  Corephotonics's original contentions for the '291 patent asserted an infringement theory

13  against only the iPhone 7 Plus based on a feature that allegedly "fuses images from the wide-angle

14  and telephoto camera[s]" in order to "provide a fused output image." Specifically, among other

15  requirements, claim element 1[d] of the '291 patent requires a "camera controller configured to

16  combine in still mode at least some of the Wide and Tele image data to provide *a fused output*

17  *image* of the object or scene from a particular point of view." (Dkt. No. 1, Ex. C at 13:10-13). In

18  its original contentions, Corephotonics asserted that Apple's iPhone 7 Plus infringed this limitation

19  because the dual aperture camera in the device "intelligently fuses *images from the wide-angle and*

20  *telephoto cameras* to improve image quality," as shown in the excerpt below:

21

| Claim | Claim Element | Accused Product |
|---|---|---|
| | | only the telephoto camera is in use. When zoomed, the Dual camera intelligently fuses images from the wide-angle and telephoto cameras to improve image quality. This process is transparent to the user and happens automatically when you take pictures using AVCapturePhotoOutput or AVCaptureStillImageOutput. The point at which the cross over from wide-angle to telephoto happens depends on a variety of factors including current focus position, current zoom factor, and current exposure. Because the Dual camera can change at unpredictable times between formats with different ISO ranges and focal lengths, certain AVCaptureDevice manual control APIs are not supported, as the preservation of locked or custom control values would result in visually jarring jumps in focus position, exposure, or white balance when changing between cameras. When using the Dual camera AVCaptureDevice, the following manual control API restrictions apply: |

28  Ex. 4 at 6 (highlighting in original). Critically, Corephotonics did not assert that any other then-

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD                                      - 12 -                    APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

existing accused Apple product, such as the iPhone 8 Plus and iPhone X, infringed the '291 patent. Those other products do not include the accused functionality in the iPhone 7 Plus that "intelligently fuses images from the wide-angle and telephoto cameras."

Corephotonics's proposed amendments to its '291 infringement contentions to include 15 new accused products present an entirely different (and frivolous) theory which, for the first time, accuses a feature that Corephotonics could have accused in its original infringement contentions because that feature existed in products already in existence at the time of those original infringement contentions,  such as the iPhone 8 Plus and iPhone X.  Specifically, in its proposed amendment, Corephotonics dispenses with the prior theory accusing the feature of "intelligently fus[ing] images from the wide-angle and telephoto cameras … ." Instead, Corephotonics now attempts to accuse a different feature (which previously existed), demonstrated by a purported "experiment" in which the coloration of the image is changed when one of the image apertures (Wide) is covered.



| Claim | Claim Element | Accused Product |
|---|---|---|
|  |  | The following still photograph was captured using the same Accused Product, with the only change being that the aperture of the claimed tele ("wide" in Apple's terminology) imaging section was covered to block light from entering it: |

Cooley LLP
Attorneys at Law
Palo Alto

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

- 13 -

Apple's Opposition to Motion to Amend
Infringement Contentions

1

2

3

4

5

6

7

8



9    Ex. 10 at 6-8.  Based solely on these two images, Corephotonics summarily asserts in conclusory

10   fashion that the Accused Devices "*must be combining* at least some of the wide image data … with

11   at least some of the tele image data."  *Id.* at 8 (emphasis added).

12          The functionality shown in these images existed in Apple iPhones with dual aperture

13   cameras, including the iPhone 8 Plus, iPhone X, iPhone XS and iPhone XS Max, which were

14   released at the time of Corephotonics's original infringement contentions and/or before the case

15   was stayed ("Pre-stay Non-Accused Products").[10]  Chen Decl. ¶ 8.  Tellingly, all of the Pre-stay

16   Non-Accused Products were the subject of other Corephotonics infringement allegations prior to

17   the stay, but Corephotonics never asserted the '291 patent against any of the Pre-Stay Non-accused

18   Products; nor did Corephotonics argue that the same feature, which was released and existed in

19   those devices, infringed the '291 patent.

20          Corephotonics has not provided any excuse, let alone demonstrated any diligence for

21   belatedly adding this new infringement theory.  If Corephotonics believed that Apple's products

22   infringed the '291 patent based on a feature that existed in products at the time of its original

23   contentions, Corephotonics could have and should have done so then.   Corephotonics's motion

24   identifies no new information that it received in discovery or elsewhere that justified asserting this

25   new theory for the first time now.  Indeed, Corephotonics included only one sentence in the motion

26   addressing Corephotonics's alleged diligence, relying only on the fact that Apple introduced new

27

28   ────────────────
[10] iPhone 8 Plus (released September 2017), iPhone X (released November 2017), iPhone XS and
XS Max (released September 2018)

Cooley LLP
Attorneys at Law
Palo Alto

Case No. 3:17-cv-06457-JD (lead case)                                  Apple's Opposition to Motion to Amend
Case No. 5:18-cv-02555-JD                       - 14 -                         Infringement Contentions

1 products.  (Dkt No. 129 at 8.)  But those new products did not introduce this feature.  Indeed, that

2 Corephotonics does not seek to add this new theory for any of the Pre-Stay Non-Accused Products,

3 even though the same feature exists in those products, impliedly concedes that Corephotonics has

4 no excuse for its failure to disclose this theory previously.

5        Corephotonics failure to identify any diligence for bringing a brand new infringement

6 theory into the case at this late date mandates that Corephotonics's proposed amendments for the

7 '291 patent be rejected.

8        **B.**    **Apple Would Be Prejudiced by Corephotonics's Brand New Infringement**

9              **Theory**

10        The proposed amendment also should be rejected because Apple would be severely and

11 unfairly prejudiced: Corephotonics's new theory dramatically changes and expands the scope of

12 Corephotonics's infringement allegations in a manner inconsistent with its prior infringement

13 theory and claim interpretation.  Apple's prior invalidity contentions, claim construction positions,

14 and IPRs for the '291 patent family were all premised on Corephotonics's infringement theory and

15 claim interpretation that requires "fus[ing] images from the wide-angle and telephoto camera" in

16 order to "provide a fused output image."  (*See also* Complaint, ¶ 15 (describing the invention as

17 "Images from both of these cameras can be fused together … ."; Dkt. No. 96, at 15 (Corephotonics

18 proposing construing "fused output image" as requiring combining Wide image data and Tele

19 image data); Ex. L, IPR2020-00905, Patent Owner Response, at 25-26 (Corephotonics arguing in

20 IPR for continuation patent to '291 patent that fusion requires "transferring image data from the

21 secondary still image into the output image").  Indeed, inconsistent with their new theory,

22 Corephotonics expressly distinguished prior art in a related IPR on the basis that fusion in the patent

23 requires "transferring image data from the secondary still image into the output image."  Ex. K,

24 IPR2020-00905, Patent Owner Response, at 25-26. The feature accused in Corephotonics's

25 proposed amendment, however, changes white balance and exposure settings of the image sensor

26 in the Ultra Wide camera based on statistics collected from the Wide camera *before* the photo is

27 captured by the Ultra Wide camera.  Chen Decl. ¶ 7.  No image data from the Wide camera is

28 combined with image data from the Ultra Wide camera to create a "fused image" as required by

Cooley LLP
Attorneys at Law
Palo Alto

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

- 15 -

Apple's Opposition to Motion to Amend
Infringement Contentions

the claims – indeed, no image is even captured with the Wide camera.   Chen Decl. ¶ 7. Corephotonics's new contention that this functionality meets the claimed "combining" and "fusion" limitations vastly broadens the purported meaning of these limitations to include any use of information from one camera aperture to influence an image taken with the other camera aperture, contradicting its previous representations.

Apple could not have anticipated that Corephotonics would seek to vastly broaden its view of the scope of the asserted claims with this new infringement theory.  Had Apple known about this previously undisclosed theory, Apple could have searched for different prior art and considered additional and different invalidity theories in its invalidity contentions—and in its IPR petitions, which could have changed the outcome of the IPR proceedings.

Again, allowing Corephotonics to change its infringement theory after IPRs are completed would inject chaos into this and future cases, defeating the purpose of this district's patent local rules to require the parties "to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed."  *O2 Micro*, 467 F.3d at 1366 n.12.

## VI.   CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court deny Corephotonics's Motion, other than the "Other Amendments."

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

- 16 -

APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

1    Dated:   June 3, 2022                          COOLEY LLP

2                                                   /s/ Heidi L. Keefe
                                                    HEIDI KEEFE (178960)
3                                                   (hkeefe@cooley.com)
                                                    LOWELL MEAD (223989)
4                                                   (lmead@cooley.com)
                                                    PRIYA B. VISWANATH (238089)
5                                                   (pviswanath@cooley.com)
                                                    3175 Hanover Street
6                                                   Palo Alto, CA  94304
                                                    Telephone:    (650) 843-5000
7                                                   Facsimile:    (650) 849-7400

8                                                   COOLEY LLP
                                                    PHILLIP MORTON (*pro hac vice*)
9                                                   (pmorton@cooley.com)
                                                    1299 Pennsylvania Avenue
10                                                  NW, Suite 700
                                                    Washington, DC 20004-2400
11                                                  Telephone:  (202) 842-7800
                                                    Facsimile:  (202) 842-7899
12

13                                                  *Attorneys for Defendant Apple Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD                           - 17 -        APPLE'S OPPOSITION TO MOTION TO AMEND
                                                                 INFRINGEMENT CONTENTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served on June 3, 2022, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

/s/ Heidi L. Keefe
Heidi L. Keefe

Cooley LLP
Attorneys at Law
Palo Alto

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

- 18 -

Apple's Opposition to Motion to Amend
Infringement Contentions