# Cooley

Heidi L. Keefe                                                                                                    Via ECF
T: +1 650 843 5001
hkeefe@cooley.com

March 1, 2023

District Judge James Donato
United States District Court
San Francisco Courthouse
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:     *Corephotonics, Ltd. v. Apple Inc.*, Case Nos. 3:17-cv-06457-JD (lead case), 5:18-cv-02555-JD**

Dear Judge Donato:

Pursuant to the Court's Standing Order for Discovery in Civil Cases, Apple respectfully seeks an order compelling Corephotonics to disclose requested discovery that is highly relevant to potentially dispositive standing and license issues and to Corephotonics's claims for damages and injunctive relief and other issues.  Counsel for Apple certifies that the parties met and conferred on February 3, 2023 pursuant to the Court's Standing Order and the Civil Local Rules.

<u>Background.</u>  Corephotonics originally filed this action in 2017, seeking royalty damages and a permanent injunction for alleged patent infringement.  (Dkt. 1.)  At the time, Corephotonics was apparently an independent company.  (*Id.*, ¶ 7.)  After some initial discovery, in late 2018 the case was stayed pending *inter partes* review ("IPR") at the Patent Office.  During the stay, in 2019, Corephotonics was acquired by a Samsung entity.  (*See* Dkt. 106-4, ¶ 16.)  The Court lifted the stay in Spring 2022.  Dkt. 127.  After three previously-asserted patents were invalidated in IPR, Corephotonics currently asserts two patents.  In Summer 2022, the Court granted Corephotonics's motion to accuse numerous additional Apple products that had been released during the stay.  (Dkt. 146.)

As explained further below, Corephotonics is deliberately withholding facts that will shed light on the truth about its business dealings and undermine its desire for an exorbitant damages award, including documentation regarding Samsung's acquisition of Corephotonics, including the acquisition agreement(s), associated diligence documentation, and documents disclosing post-acquisition relationships.

<u>Relief requested.</u>  Apple requests that the Court order Corephotonics to promptly disclose the responsive discovery that Corephotonics is withholding relating to Samsung's acquisition of Corephotonics, including documents relating to associated diligence, agreement(s), and post-acquisition agreements and relationships (RFPs 39-41 and 43-49 and Interrogatory No. 14).

Corephotonics refuses to disclose any documents or information regarding Samsung's acquisition of Corephotonics in 2019 and regarding Corephotonics's agreements and business relationships with Samsung after the acquisition.  The responsive documents and information are indisputably discoverable and relevant to a wide range of issues, and there is no undue burden in producing them.



District Judge James Donato
March 1, 2023
Page Two

As an initial matter, the requested materials are relevant to the issue of standing in this action because they will reveal the extent to which any Samsung entity may need to be a party to this litigation pursuant to applicable agreement terms and/or corporate control.  If the Samsung entity that owns Corephotonics maintains substantial control over decisions regarding the asserted patents and/or this litigation, that entity may need to be a party to this action, or otherwise the action may need to be dismissed.[1]

In addition, these documents are independently relevant to a license defense that may shield Apple from any alleged liability in this case depending on relevant corporate relationships among Corephotonics and Samsung entities.[2]

Beyond those potentially dispositive issues, the requested discovery is highly relevant to damages issues, such as under the factors of a *Georgia-Pacific* patent damages analysis.[3]  For example, this discovery will reveal the consideration provided to acquire Corephotonics and its assets including the patents-in-suit as well as its pending patent litigation claims against Apple and others, which is relevant to a reasonable royalty determination.  It will also reveal any valuations expressly or implicitly attributed to the patents-in-suit (or broader sets of patents and/or portfolios) and/or rights and activities relating to the patents in connection with applicable Samsung entities, including the extent to which Samsung entities are expressly or implicitly licensed under the patents-in-suit, all providing relevant data points for the purported value of a reasonable royalty.  Corephotonics states on its website that it has ongoing business relationships with Samsung entities but refuses to disclose the requested discovery revealing the nature and extent of those relationships.[4]

The responsive documentation will also reveal the broader business positions of Corephotonics at all potentially applicable dates of "hypothetical negotiation" for each accused product's first alleged infringement, in addition to a "book of wisdom" damages analysis that considers information after the date of first alleged infringement.  Most of the Apple products that Corephotonics accuses of infringement in this action were not commercially released until after Samsung acquired Corephotonics in early 2019.[5]

---

[1] *See*, *e.g.*, *Propat Intern. Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1191 (Fed. Cir. 2007) (finding lack of standing where a third-party "retains an economic interest in the patent and a substantial measure of control over decisions affecting the patent rights," including "an equity interest in the proceeds of licensing and litigation activities, a right to notice of licensing and litigation decisions and the right to veto such decisions as long as the veto power was not exercised unreasonably, and the unrestricted power to bar [plaintiff] from transferring its interest in the patent to a third party"); *Lone Star Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225 (Fed. Cir. 2019) (discussing that plaintiff-patentee must possess "all substantial rights" and finding that plaintiff-assignee did not have statutory standing by itself due to "restrictions on enforcement and alienation" controlled by a third-party).

[2] Apple can provide relevant confidential documentation supporting this defense to the Court if requested.

[3] Corephotonics's operative Damages Contentions point to the *Georgia-Pacific* factors (articulated by *Georgia Pacific v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) and commonly applied in patent cases), and Apple may also rely on the *Georgia-Pacific* factors in its responsive damages defense.

[4] Corephotonics's website touts its close post-acquisition business ties with Samsung, but Corephotonics refuses to produce discovery regarding the underlying agreements and business relationships. https://corephotonics.com/about/ ("Following acquisition, Corephotonics is a Samsung innovation center" and "operates in close collaboration with Samsung System LSI Image Sensor Business").

[5] *See* Dkt. 129-4 at 2-3.  All of the accused iPhone 11, iPhone 12, iPhone 13, and iPad product lines were released after Samsung acquired Corephotonics.



District Judge James Donato
March 1, 2023
Page Three

This discovery is also highly relevant to Corephotonics's claim for a permanent injunction, including the basis (or lack thereof) for Corephotonics's claim of irreparable harm given the fact that Corephotonics is owned and backed by one of the world's largest electronics companies.

The relevance of the requested documentation further includes potential witness bias issues insofar as Corephotonics's fact witnesses obtained consideration and/or interests through the acquisition, and secondary considerations factors relating to Apple's invalidity defense of obviousness (for example, revealing that the two patents-in-suit did not specifically drive any significant value in the acquisition, confirming the fact that these patents do not provide foundational innovations).

Corephotonics is improperly withholding this highly relevant discovery that will undermine Corephotonics's case.  According to public reports,[6] Samsung paid a reported $155 million to acquire Corephotonics, presumably including all of Corephotonics's tangible assets, software technologies, intellectual property, personnel, agreements, etc., including a large worldwide patent portfolio with scores of patents[7], and including Corephotonics's claim against Apple in the litigation that was pending before this Court.  All of that information reasonably indicates that the value of a non-exclusive license royalty for only one company (Apple), for only the two remaining asserted U.S. patents, should be only a tiny fraction of the purchase price.  Apple needs this discovery to properly defend itself against an overreaching damages claim by Corephotonics against Apple that may far exceed the $155 million purchase price for the entire company.  Apple also needs this discovery to help rebut the story that Corephotonics apparently wants to tell of a smaller innovator that was unfairly wronged by a large company, when in fact Corephotonics is owned by Samsung and enjoys close business relationships with various Samsung entities that Corephotonics refuses to reveal.

Corephotonics has not meaningfully rebutted the extensive relevance of these documents to this wide range of issues, and has not shown any undue burden in producing the responsive discovery.  During meet and confer, Corephotonics indicated that some responsive documents might contain certain information that is deemed confidential by a Samsung entity that Corephotonics might redact, but the Court's Protective Order (Dkt. 77) protects disclosure of confidential information in this case, and Corephotonics did not indicate that any Samsung entity has actually raised any objection or other issue. Any third-party confidential information would be an issue for the applicable entity, not for Corephotonics, and Corephotonics needs to take appropriate steps to clear their production or present any objections by Samsung for resolution by the parties and/or the Court.

For these reasons, Apple respectfully requests that the Court order Corephotonics to promptly disclose the requested discovery.

---

[6] *See*, *e.g.*, https://www.crunchbase.com/acquisition/samsung-electronics-acquires-corephotonics--b1fe5e20.
[7] *See*, *e.g.*, https://corephotonics.com/patents/ (listing scores of U.S. patents, many of which have foreign counterparts).



District Judge James Donato
March 1, 2023
Page Four

Sincerely,

*/s/ Heidi L. Keefe*

Heidi L. Keefe


Counsel for Apple Inc.

Attachments: Ex. A (RFP responses) and Ex. B (interrogatory response)

# EXHIBIT A

RUSS AUGUST & KABAT
Marc A. Fenster (SBN 181067)
*mfenster@raklaw.com*
Benjamin T. Wang (SBN 228712)
*bwang@raklaw.com*
Neil A. Rubin (SBN 250761)
*nrubin@raklaw.com*
James S. Tsuei (SBN 285530)
*jtsuei@raklaw.com*
12424 Wilshire Boulevard, 12FL
Los Angeles, California 90025
310/826-7474 – Telephone
310/826-6991 – Facsimile

*Attorneys for Plaintiff*
COREPHOTONICS, LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.<br><br>   *Plaintiff,*<br><br>  v.<br><br>APPLE, INC.,<br><br>   *Defendant.* | Case No. 3:17-cv-06457-JD (LEAD)<br>Case No. 5:18-cv-02555-JD<br><br>**PLAINTIFF COREPHOTONICS, LTD.'S RESPONSES TO DEFENDANT APPLE INC.'S SECOND SET OF REQUESTS FOR PRODUCTION** |

RUSS, AUGUST & KABAT

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules for the Northern District of California, plaintiff Corephotonics, Ltd. ("Corephotonics"), by and through its attorneys, hereby responds defendant Apple Inc.'s ("Apple") Second Set of Requests for Production (No. 39-63). Corephotonics' investigation continues and is ongoing, and further investigation and discovery may lead to additions, modifications, or changes to Corephotonics' responses.

## **PRELIMINARY STATEMENT**

The responses herein are made solely for the purposes of this action. These responses are subject to, and without waiver of, any objections as to the competency, propriety, authenticity, relevancy, materiality, privilege, and admissibility, and to any and all other objections on any grounds that would require the exclusion of statements contained herein.

The following responses are based upon the facts and information currently known and available to Corephotonics and given without prejudice to Corephotonics' right to amend or supplement to add any facts or information that it may later recall or discover as discovery and Corephotonics' investigation continues. Corephotonics further reserves the right to amend or supplement any or all of the matters contained in these responses with facts or information that it learns were omitted by inadvertence, mistake, or excusable neglect; as additional facts are ascertained, and contentions are made in this litigation; and as terms used in the asserted claims of the patents-in-suit are construed.

Specific objections to each request are made on an individual basis in Corephotonics' responses below. In addition to the specific objections, Corephotonics makes certain general objections (the "General Objections") to these requests. These General Objections are raised by issues that are common to each and every individual request. These General Objections hereby incorporated by reference into the specific response made to each separate request. For particular emphasis, Corephotonics has, from time to time, expressly included one or more of the General Objections as specific objections in the responses below.

Corephotonics response to these requests is based upon the facts and information currently known and available to it. All responses and production provided herein are subject to amendment

RUSS, AUGUST & KABAT

or supplementation by Corephotonics as discovery and Corephotonics' investigation continues. Corephotonics reserves the right to supplement, amend, modify, or alter its responses to these requests.

The assertion of any objection to any of the requests is neither intended as, nor shall in any way be deemed, a waiver of Corephotonics' right to assert that or any other objection at a later date, including any evidentiary objections to any document or thing that it produces in discovery. No incidental or implied admissions are intended by the responses below.

## **GENERAL OBJECTIONS**

1.     Corephotonics objects to Apple's Second Set of Requests for Production to Corephotonics, including the definitions and instructions listed therein, and to each individual interrogatory to the extent they purport to impose on Corephotonics obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules for this District, or any order or ruling by the Court in this action. Corephotonics shall not comply with any purported obligation not imposed by law.

2.     Corephotonics objects to the requests to the extent they request information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, or any other privilege or restriction on discovery. Corephotonics will not produce information protected by such privileges or restrictions. Any inadvertent or unintentional disclosure of such information shall not be deemed a waiver of any applicable privilege. Corephotonics further reserves the right to object that some information is so confidential and sensitive that it should not be provided absent additional protections adequate to ensure its confidentiality.

3.     Corephotonics objects to each request to the extent it requests documents that are subject to non-disclosure or confidentiality agreements, protective orders, or other agreements or any applicable law having privacy, confidentiality or non-disclosure provisions, which prohibit the disclosure by Corephotonics of the third party's information.

4.     Corephotonics objects to each individual request to the extent they call for information that is not relevant to a claim or defense that a party has pled in this action.

RUSS, AUGUST & KABAT

Corephotonics' production of documents and things in response to these requests intended to be, and shall not be construed as, an admission by Corephotonics that any matter referenced in the requests is relevant to any party's claim or defense in this action.

5. Corephotonics objects to these requests to the extent they are overbroad in time or scope, unduly burdensome, and otherwise not proportional to the needs of the case pursuant to Federal Rule of Civil Procedure 26(b)(1).

6. Corephotonics objects to these requests to the extent that they are oppressive, harassing, oppressive, vague, ambiguous, unintelligible, or require Corephotonics to speculate as to the meaning intended.

7. Corephotonics objects to these requests to the extent that they contain express or implied assumptions of fact or law with respect to matters at issue in this case. Apple's production of documents or things in response to these requests are not intended to be, and shall not be construed as, an agreement or concurrence by Corephotonics with Apple's characterization of any facts, circumstances, or legal obligation; and Corephotonics expressly reserves the right to contest any such characterizations.

8. Corephotonics objects to these requests to the extent that they are compound.

9. Corephotonics objects to each and every request, definition, and instruction, to the extent that they call for legal conclusions.

10. Corephotonics objects to each and every request, definition, and instruction, to the extent that they do not identify the materials sought with reasonable particularity.

11. Corephotonics objects to each request that includes the terms "any," "every," "all," or "each," to the extent that it seeks the identification of "any," "every," "all," or "each" person, document, or information as overly broad, unduly burdensome, and not proportional pursuant to Rule 26(b)(1).

12. Corephotonics objects to the definitions of "Plaintiff," "Corephotonics," "You," or "Your," to the extent Apple's definition purports to impose duties beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules, or any order or ruling by the Court in this action. Further, Apple's definition of these terms refers to "entities," which Apple has not defined.

PLAINTIFF'S RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

RUSS, AUGUST & KABAT

The failure to define the defined term on which the definitions of Plaintiff," "Corephotonics," "You," or "Your" is defined renders the definition of these terms vague, ambiguous, and unintelligible.

13.    Corephotonics objects to these requests to the extent that they purport to require Corephotonics to search for and provide documents or things that are not within its possession, custody, or control.

14.    Corephotonics objects to each and every request as unduly burdensome and not proportional to the extent that it requires the production of materials equally available to Apple.

15.    Corephotonics incorporates by reference each of the foregoing General Objections set forth herein above into each specific response set forth below as if set forth in full therein. An answer to a response shall not be construed as a waiver of any applicable or general objection to a response.

16.    Corephotonics further reserves the right to amend the General Objections and its objections to the specific requests set forth herein.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST NO. 39:

All Documents regarding the acquisition of Corephotonics by Samsung Electronics (see, e.g., https://corephotonics.com/about/: "In 2019 Corephotonics was acquired by Samsung Electronics"), including all agreements, corporate documentation, and documentation submitted to any governmental authorities regarding the acquisition.

### RESPONSE TO REQUEST NO. 39:

Corephotonics incorporates its General Objections recited above as if set forth fully herein. Corephotonics objects to this Request as seeking information that is not relevant to any claim or defense in this action. Corephotonics objects to this Request to the extent it seeks documents that are publicly available or are equally accessible to Defendant, and to the extent it seeks documents that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to

the extent it is not limited in temporal scope. Corephotonics further objects to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the mediation privilege, or any other privilege, protection, or restriction on discovery. Corephotonics further objects to this Request to the extent that Defendant seeks to impose obligations that are broader than or inconsistent with the District's local rules, the Court's rules and orders, and the schedule issued in this case.

Subject to and without waiving the foregoing objections, Corephotonics is willing to meet and confer regarding this Request.

**REQUEST NO. 40:**

All Documents regarding diligence performed in connection with the acquisition of Corephotonics.

**RESPONSE TO REQUEST NO. 40:**

Corephotonics incorporates its General Objections recited above as if set forth fully herein. Corephotonics objects to this Request as seeking information that is not relevant to any claim or defense in this action. Corephotonics objects to this Request to the extent it seeks documents that are publicly available or are equally accessible to Defendant, and to the extent it seeks documents that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to the extent it is not limited in temporal scope. Corephotonics further objects to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the mediation privilege, or any other privilege, protection, or restriction on discovery. Corephotonics further objects to this Request to the extent that Defendant seeks to impose obligations that are broader than or inconsistent with the District's local rules, the Court's rules and orders, and the schedule issued in this case.

Subject to and without waiving the foregoing objections, Corephotonics is willing to meet and confer regarding this Request.

RUSS, AUGUST & KABAT

1

**REQUEST NO. 41:**

2

3      All Documents exchanged or provided between Corephotonics and any Samsung

4   Corporate Entity (including representatives thereof) in connection with the acquisition of

5   Corephotonics, including without limitation diligence documentation (including without limitation

6   any Documents placed in a diligence data room), Documents reflecting or describing

7   Corephotonics and/or any Samsung Corporate Entity, term sheets, draft agreements, and

    Documents regarding post-acquisition plans and expectations.

8

**RESPONSE TO REQUEST NO. 41:**

9      Corephotonics incorporates its General Objections recited above as if set forth fully herein.

10  Corephotonics objects to this Request as seeking information that is not relevant to any claim or

11  defense in this action. Corephotonics objects to this Request to the extent it seeks documents that

12  are publicly available or are equally accessible to Defendant, and to the extent it seeks documents

13  that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this

14  Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated

15  to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to

16  the extent it is not limited in temporal scope. Corephotonics further objects to this Request to the

17  extent that it calls for the production of documents protected by the attorney-client privilege, the

18  work product doctrine, the common interest doctrine, the mediation privilege, or any other

19  privilege, protection, or restriction on discovery. Corephotonics further objects to this Request to

20  the extent that Defendant seeks to impose obligations that are broader than or inconsistent with the

21  District's local rules, the Court's rules and orders, and the schedule issued in this case.

22      Subject to and without waiving the foregoing objections, Corephotonics is willing to meet

23  and confer regarding this Request.

24  **REQUEST NO. 42:**

25      All Documents reflecting all valuations, summaries, opinions, appraisals, analyses, or other

26  descriptions or assessments of any of Corephotonics' litigations against Apple, including without

27  limitation any such description or assessment in connection with the acquisition of Corephotonics.

28

RUSS, AUGUST & KABAT

**RUSS, AUGUST & KABAT**

**RESPONSE TO REQUEST NO. 42**:

Corephotonics incorporates its General Objections recited above as if set forth fully herein. Corephotonics objects to this Request as seeking information that is not relevant to any claim or defense in this action. Corephotonics objects to this Request to the extent it seeks documents that are publicly available or are equally accessible to Defendant, and to the extent it seeks documents that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to the extent it is not limited in temporal scope. Corephotonics further objects to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the mediation privilege, or any other privilege, protection, or restriction on discovery. Corephotonics further objects to this Request to the extent that Defendant seeks to impose obligations that are broader than or inconsistent with the District's local rules, the Court's rules and orders, and the schedule issued in this case.

Subject to and without waiving the foregoing objections, Corephotonics will conduct a reasonable search for and produce relevant, responsive, non-privileged documents in Corephotonics' possession, custody or control to the extent any exist. Discovery is ongoing, and Corephotonics reserves the right to further supplement this response.

**REQUEST NO. 43**:

All agreements between Corephotonics and any Samsung Corporate Entity.

**RESPONSE TO REQUEST NO. 43**:

Corephotonics incorporates its General Objections recited above as if set forth fully herein. Corephotonics objects to this Request as seeking information that is not relevant to any claim or defense in this action. Corephotonics objects to this Request to the extent it seeks documents that are publicly available or are equally accessible to Defendant, and to the extent it seeks documents that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to

the extent it is not limited in temporal scope. Corephotonics further objects to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the mediation privilege, or any other privilege, protection, or restriction on discovery. Corephotonics further objects to this Request to the extent that Defendant seeks to impose obligations that are broader than or inconsistent with the District's local rules, the Court's rules and orders, and the schedule issued in this case.

Subject to and without waiving the foregoing objections, Corephotonics is willing to meet and confer regarding this Request.

**REQUEST NO. 44:**

Documents sufficient to show the rights that Samsung Corporate Entities have held relating to the Asserted Patents and/or this litigation.

**RESPONSE TO REQUEST NO. 44:**

Corephotonics incorporates its General Objections recited above as if set forth fully herein. Corephotonics objects to this Request as seeking information that is not relevant to any claim or defense in this action. Corephotonics objects to this Request to the extent it seeks documents that are publicly available or are equally accessible to Defendant, and to the extent it seeks documents that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to the extent it is not limited in temporal scope. Corephotonics further objects to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the mediation privilege, or any other privilege, protection, or restriction on discovery. Corephotonics further objects to this Request to the extent that Defendant seeks to impose obligations that are broader than or inconsistent with the District's local rules, the Court's rules and orders, and the schedule issued in this case.

Subject to and without waiving the foregoing objections, Corephotonics is willing to meet and confer regarding this Request.

RUSS, AUGUST & KABAT

Case No. 5:17-cv-06457-LHK
PLAINTIFF'S RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

**REQUEST NO. 45:**

All Documents regarding Corephotonics' role as a Samsung innovation center (see, e.g., https://corephotonics.com/about/: "Following acquisition, Corephotonics is a Samsung innovation center, specializing in cameras and photographical user experience.").

**RESPONSE TO REQUEST NO. 45:**

Corephotonics incorporates its General Objections recited above as if set forth fully herein. Corephotonics objects to this Request as seeking information that is not relevant to any claim or defense in this action.  Corephotonics objects to this Request to the extent it seeks documents that are publicly available or are equally accessible to Defendant, and to the extent it seeks documents that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to the extent it is not limited in temporal scope. Corephotonics further objects to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the mediation privilege, or any other privilege, protection, or restriction on discovery. Corephotonics further objects to this Request to the extent that Defendant seeks to impose obligations that are broader than or inconsistent with the District's local rules, the Court's rules and orders, and the schedule issued in this case.

Subject to and without waiving the foregoing objections, Corephotonics is willing to meet and confer regarding this Request.

**REQUEST NO. 46:**

All Documents regarding Corephotonics' operation in collaboration with any Samsung Corporate Entities (see, e.g., https://corephotonics.com/about/: "While remaining an independent company it operates in close collaboration with Samsung System LSI Image Sensor Business").

**RESPONSE TO REQUEST NO. 46:**

Corephotonics incorporates its General Objections recited above as if set forth fully herein. Corephotonics objects to this Request as seeking information that is not relevant to any claim or defense in this action. Corephotonics objects to this Request to the extent it seeks documents that

RUSS, AUGUST & KABAT

are publicly available or are equally accessible to Defendant, and to the extent it seeks documents that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to the extent it is not limited in temporal scope. Corephotonics further objects to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the mediation privilege, or any other privilege, protection, or restriction on discovery. Corephotonics further objects to this Request to the extent that Defendant seeks to impose obligations that are broader than or inconsistent with the District's local rules, the Court's rules and orders, and the schedule issued in this case.

Subject to and without waiving the foregoing objections, Corephotonics is willing to meet and confer regarding this Request.

**REQUEST NO. 47:**

All Documents regarding Corephotonics' financial relationship(s) with any Samsung Corporate Entity, including without limitation any financial interest held in Corephotonics by any Samsung Corporate Entity, any credit or debt obligations between Corephotonics and Samsung Corporate Entity, and any transfer of revenue or financial interest between Corephotonics and Samsung Corporate Entity.

**RESPONSE TO REQUEST NO. 47:**

Corephotonics incorporates its General Objections recited above as if set forth fully herein. Corephotonics objects to this Request as seeking information that is not relevant to any claim or defense in this action. Corephotonics objects to this Request to the extent it seeks documents that are publicly available or are equally accessible to Defendant, and to the extent it seeks documents that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to the extent it is not limited in temporal scope. Corephotonics further objects to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege, the

RUSS, AUGUST & KABAT

work product doctrine, the common interest doctrine, the mediation privilege, or any other privilege, protection, or restriction on discovery. Corephotonics further objects to this Request to the extent that Defendant seeks to impose obligations that are broader than or inconsistent with the District's local rules, the Court's rules and orders, and the schedule issued in this case.

Subject to and without waiving the foregoing objections, Corephotonics is willing to meet and confer regarding this Request.

**REQUEST NO. 48:**

All Documents regarding Corephotonics' business relationship(s) with any Samsung Corporate Entities.

**RESPONSE TO REQUEST NO. 48:**

Corephotonics incorporates its General Objections recited above as if set forth fully herein. Corephotonics objects to this Request as seeking information that is not relevant to any claim or defense in this action. Corephotonics objects to this Request to the extent it seeks documents that are publicly available or are equally accessible to Defendant, and to the extent it seeks documents that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to the extent it is not limited in temporal scope. Corephotonics further objects to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the mediation privilege, or any other privilege, protection, or restriction on discovery. Corephotonics further objects to this Request to the extent that Defendant seeks to impose obligations that are broader than or inconsistent with the District's local rules, the Court's rules and orders, and the schedule issued in this case.

Subject to and without waiving the foregoing objections, Corephotonics is willing to meet and confer regarding this Request.

**REQUEST NO. 49:**

All Documents regarding Corephotonics' reporting relationship(s) with any Samsung Corporate Entities, including organizational charts, descriptions of corporate structure, hierarchy,

RUSS, AUGUST & KABAT

and reporting relationships, and including all reports, updates, summaries, and other documentation provided by Corephotonics to any Samsung Corporate Entity.

**RESPONSE TO REQUEST NO. 49:**

Corephotonics incorporates its General Objections recited above as if set forth fully herein. Corephotonics objects to this Request as seeking information that is not relevant to any claim or defense in this action. Corephotonics objects to this Request to the extent it seeks documents that are publicly available or are equally accessible to Defendant, and to the extent it seeks documents that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to the extent it is not limited in temporal scope. Corephotonics further objects to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the mediation privilege, or any other privilege, protection, or restriction on discovery. Corephotonics further objects to this Request to the extent that Defendant seeks to impose obligations that are broader than or inconsistent with the District's local rules, the Court's rules and orders, and the schedule issued in this case.

Subject to and without waiving the foregoing objections, Corephotonics is willing to meet and confer regarding this Request.

**REQUEST NO. 50:**

Documents sufficient to describe the ownership of Corephotonics and/or ownership of shares in Corephotonics since the inception of Corephotonics.

**RESPONSE TO REQUEST NO. 50:**

Corephotonics incorporates its General Objections recited above as if set forth fully herein. Corephotonics objects to this Request to the extent it seeks documents that are publicly available or are equally accessible to Defendant, and to the extent it seeks documents that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to the extent it is

PLAINTIFF'S RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

RUSS, AUGUST & KABAT

DATED: November 21, 2022       RUSS AUGUST & KABAT


By:      /s/ Marc A. Fenster
_____
         Marc A. Fenster

         *Attorneys for Plaintiff*
         COREPHOTONICS, LTD.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUSS, AUGUST & KABAT

# CERTIFICATE OF SERVICE

I certify that counsel of record is being served on November 21, 2022, with a copy of this document via Electronic Mail on this date.

_/s/ Marc A. Fenster_

# EXHIBIT B

1   RUSS AUGUST & KABAT
2   Marc A. Fenster (SBN 181067)
    *mfenster@raklaw.com*
3   Benjamin T. Wang (SBN 228712)
    *bwang@raklaw.com*
4   Neil A. Rubin (SBN 250761)
    *nrubin@raklaw.com*
5   James S. Tsuei (SBN 285530)
    *jtsuei@raklaw.com*
6   12424 Wilshire Boulevard, 12FL
7   Los Angeles, California 90025
    310/826-7474 – Telephone
8   310/826-6991 – Facsimile
9   *Attorneys for Plaintiff*
    COREPHOTONICS, LTD.

10

11              **UNITED STATES DISTRICT COURT**

12             **NORTHERN DISTRICT OF CALIFORNIA**

13                **SAN FRANCISCO DIVISION**

14
    COREPHOTONICS, LTD.                    Case No. 3:17-cv-06457-JD (LEAD)
15                                          Case No. 5:18-cv-02555-JD
                *Plaintiff*,
16                                          **PLAINTIFF COREPHOTONICS, LTD.'S**
                                            **RESPONSES TO DEFENDANT APPLE**
17          v.                              **INC.'S SECOND SET OF**
                                            **INTERROGATORIES**
18   APPLE, INC.,

19              *Defendant*.

20

21

22

23

24

25

26

27

28

RUSS, AUGUST & KABAT

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules for the Northern District of California, plaintiff Corephotonics, Ltd. ("Corephotonics"), by and through its attorneys, hereby responds defendant Apple Inc.'s ("Apple") Second Set of Interrogatories (No. 10-14). Corephotonics' investigation continues and is ongoing, and further investigation and discovery may lead to additions, modifications, or changes to Corephotonics' responses.

## **PRELIMINARY STATEMENT**

The responses herein are made solely for the purposes of this action. These responses are subject to, and without waiver of, any objections as to the competency, propriety, authenticity, relevancy, materiality, privilege, and admissibility, and to any and all other objections on any grounds that would require the exclusion of statements contained herein.

The following responses are based upon the facts and information currently known and available to Corephotonics and given without prejudice to Corephotonics' right to amend or supplement to add any facts or information that it may later recall or discover as discovery and Corephotonics' investigation continues. Corephotonics further reserves the right to amend or supplement any or all of the matters contained in these responses with facts or information that it learns were omitted by inadvertence, mistake, or excusable neglect; as additional facts are ascertained, and contentions are made in this litigation; and as terms used in the asserted claims of the patents-in-suit are construed.

Specific objections to each interrogatory are made on an individual basis in Corephotonics' responses below. In addition to the specific objections, Corephotonics makes certain general objections (the "General Objections") to these interrogatories. These General Objections are raised by issues that are common to each and every individual interrogatory. These General Objections hereby incorporated by reference into the specific response made to each separate Interrogatory. For particular emphasis, Corephotonics has, from time to time, expressly included one or more of the General Objections as specific objections in the responses below.

RUSS, AUGUST & KABAT

Corephotonics' response to each individual Interrogatory is submitted without prejudice to, and without in any respect waiving, any General Objections not expressly set forth in that response. Accordingly, the inclusion in any response below of any specific objection to a specific Interrogatory is neither intended as, nor shall in any way be deemed, waiver of any General Objection or of any other specific objection made.

The assertion of any objection to any of the Interrogatories is neither intended as, nor shall in any way be deemed, a waiver of Corephotonics' right to assert that or any other objection at a later date. No incidental or implied admissions are intended by the responses below. These responses are neither intended as, nor shall in any way be deemed, an admission or representation that further information relevant to the subject matter of the Interrogatories does not exist. Furthermore, these responses are given without prejudice to Corephotonics' right to use or rely on additional information at any time, including at trial.

## **GENERAL OBJECTIONS**

1.      Corephotonics objects to Apple's Second Set of Interrogatories to Corephotonics, including the definitions and instructions listed therein, and to each individual interrogatory to the extent they purport to impose on Corephotonics obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules for this District, or any order or ruling by the Court in this action. Corephotonics shall not comply with any purported obligation not imposed by law.

2.      Corephotonics objects to each individual interrogatory to the extent they purport to seek information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or restriction on discovery. Corephotonics will not produce information protected by such privileges. Moreover, the inadvertent disclosure of information protected by such privileges and protections shall not constitute a waiver of the applicable privilege or protection either as to the information inadvertently disclosed or as to any other information.

3.      Corephotonics reserves the right to object that some information is so confidential and sensitive that it should not be provided absent additional protections adequate to ensure its confidentiality.

RUSS, AUGUST & KABAT

4.      Corephotonics objects to each interrogatory to the extent it requests information that is subject to non-disclosure or confidentiality agreements, protective orders, or other agreements or any applicable law having privacy, confidentiality or non-disclosure provisions, which prohibit the disclosure by Corephotonics of the third party's information.

5.      Corephotonics objects to each individual interrogatory to the extent they call for information that is not relevant to a claim or defense that a party has pled in this action. Corephotonics' responses to the interrogatories are not intended to be, and shall not be construed as, an admission by Corephotonics that any matter referenced in the Interrogatories is relevant to any party's claim or defense in this action.

6.      Corephotonics objects to these interrogatories to the extent they are overbroad in time or scope, unduly burdensome, and otherwise not proportional to the needs of the case pursuant to Federal Rule of Civil Procedure 26(b)(1).

7.      Corephotonics objects to these interrogatories to the extent that they are oppressive, harassing, oppressive, vague, ambiguous, unintelligible, or require Corephotonics to speculate as to the meaning intended.

8.      Corephotonics objects to these interrogatories to the extent that they contain express or implied assumptions of fact or law with respect to matters at issue in this case. Apple's responses to these interrogatories are not intended to be, and shall not be construed as, an agreement or concurrence by Corephotonics with Apple's characterization of any facts, circumstances, or legal obligation; and Corephotonics expressly reserves the right to contest any such characterizations.

9.      Corephotonics objects to these interrogatories to the extent that they are compound, having multiple separate subparts. Each subpart will be counted as an individual interrogatory in determining the number of Interrogatories served upon Corephotonics.

10.     Corephotonics objects to each and every interrogatory, definition, and instruction, to the extent that they call for legal conclusions.

11.     Corephotonics objects to each and every interrogatory, definition, and instruction, to the extent that they do not identify the materials sought with reasonable particularity.

RUSS, AUGUST & KABAT

12.     Corephotonics objects to each interrogatory that includes the terms "any," "every," "all," or "each," to the extent that it seeks the identification of "any," "every," "all," or "each" person, document, or information as overly broad, unduly burdensome, and not proportional pursuant to Rule 26(b)(1).

13.     Corephotonics objects to the definitions of "Plaintiff," "Corephotonics," "You," or "Your," to the extent Apple's definition purports to impose duties beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules, or any order or ruling by the Court in this action. Further, Apple's definition of these terms refers to "entities," which Apple has not defined. The failure to define the defined term on which the definitions of Plaintiff," "Corephotonics," "You," or "Your" is defined renders the definition of these terms vague, ambiguous, and unintelligible.

14.     Corephotonics objects to the definition of "Instrumentality," as Apple's definition of this term refers to "other instrument," which Apple has not defined and is vague, ambiguous, and unintelligible.

15.     Corephotonics objects to these interrogatories to the extent that they purport to require Corephotonics to search for and provide information that is not within its possession, custody, or control.

16.     Corephotonics incorporates by reference each of the foregoing General Objections set forth herein above into each specific response set forth below as if set forth in full therein. An answer to an interrogatory shall not be construed as a waiver of any applicable or general objection to an interrogatory.

17.     Corephotonics further reserves the right to amend the General Objections and its objections to the specific interrogatory set forth herein.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 10:

State in detail the complete factual and legal bases for Your contention(s) regarding any damages sought in this lawsuit from Apple, including without limitation the form(s) of damages sought, the amount sought, the complete basis and theories for Your damages claim(s), the smallest

RUSS, AUGUST & KABAT

1   applicable privilege. Corephotonics objects to this interrogatory on the grounds that it is premature.

2   Corephotonics objects to this interrogatory because it seeks the disclosure of expert opinions.

3         Subject to and without waiving its Specific or General Objections, Corephotonics responds

4   as follows: Corephotonics believes that damages discovery is incomplete at this stage in the case,

5   having not received Defendant's witness(es) on sales and marketing and/or licensing. Moreover,

6   Corephotonics expects the subject matter of this Interrogatory to be the subject of expert opinion(s)

7   to be served in accordance with the anticipated case schedule and rules of this Court and District.

8   In the absence of expert opinion (which is premature at this time), Corephotonics has not

9   determined which methodology or methodologies (including the hypothetical negotiation method

10  described in *Georgia Pacific v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970),

11  the analytic method, the income method, the market method, etc., or some combination thereof)

12  should be used in determining a reasonable royalty in this case, including for example the inputs

13  and conclusions to be drawn regarding the incremental value of the inventions of the asserted

14  patents to the Accused Products. Corephotonics expects to produce or has already produced

15  agreements and licenses to which it is a party and on which it intends to rely for purposes of its

16  damages contentions in this case. Corephotonics further may rely on agreements produced by

17  Defendant as well as other agreements identified during the regular course of discovery or in the

18  context of expert disclosures. Corephotonics has responded based only upon such information and

19  documents presently available to and specifically known to Corephotonics. If Corephotonics learns

20  additional information as its investigation progresses, Corephotonics will supplement and/or

21  amend this response accordingly.

22  **<u>INTERROGATORY NO. 14:</u>**

23        Describe in detail all past and present relationships between Corephotonics and any

24  Samsung Corporate Entity, including without limitation complete descriptions of all relationships

25  between Corephotonics and Samsung Corporate Entities relating to intellectual property licensing,

26  corporate ownership, intellectual property ownership, financial matters (for example, revenues,

27  profits, debts, credit, and financial holdings), real property ownership, employment, and other

28

RUSS, AUGUST & KABAT

corporate and/or business relationships and an identification, by Bates number, of all agreements reflecting or constituting such relationships.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to the foregoing General Objections, Corephotonics objects to this interrogatory to the extent it seeks information that is not relevant to any claim or defense in this case. Corephotonics further objects to the extent this interrogatory is overly broad, not proportional to the needs of the case, unduly burdensome, vague, ambiguous, undefined, not calculated to lead to the discovery of admissible evidence, including without limitation to the extent it seeks discovery concerning "real property ownership, employment, and other corporate and/or business relationships." Corephotonics further objects to the extent this interrogatory seeks publicly available information that readily could be collected and obtained by Defendant at its own burden and expense. Corephotonics further objects to this interrogatory to the extent it seeks information protected by attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege or immunity doctrines.

Subject to and without waiving the foregoing objections, Corephotonics responds as follows: Corephotonics is a subsidiary of Samsung Electronics Benelux B.V. Further, Corephotonics will produce and has produced documents from which Defendant may derive information responsive to any reasonable scope of this Interrogatory pursuant to Fed. R. Civ. P. 33(d), including without limitation: the documents Bates stamped COREPH003143-COREPH003167; COREPH003189-COREPH003193; COREPH000749-COREPH000753; COREPH000745-COREPH000748; COREPH003030-COREPH003053; COREPH003168-COREPH003188; COREPH000738-COREPH000741; COREPH000735-COREPH000737.

Corephotonics reserves its right to supplement its response to this interrogatory in response to further discovery, including through expert opinions to be offered at the appropriate time or any other event that implicates the information provided in this response.

RUSS, AUGUST & KABAT

DATED: November 21, 2022          RUSS AUGUST & KABAT


                                  By:      */s/ Marc A. Fenster*
                                  Marc A. Fenster

                                  *Attorneys for Plaintiff*
                                  COREPHOTONICS, LTD.

Case No. 5:17-cv-06457-LHK
PLAINTIFF'S RESPONSES TO SECOND SET OF INTERROGATORIES

RUSS, AUGUST & KABAT

1

**CERTIFICATE OF SERVICE**

2      I certify that counsel of record is being served on November 21, 2022, with a copy of this

3  document via Electronic Mail on this date.

4                                              _____/s/ *Marc A. Fenster*_____