

12424
WILSHIRE
BOULEVARD

12TH FLOOR

LOS ANGELES
CALIFORNIA
90025

TELEPHONE
310.826.7474

FACSIMILE
310.826.6991

Marc A. Fenster
mfenster@raklaw.com

March 20, 2023

**Via CM/ECF**

The Honorable James Donato
United States District Court
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA

      Re:   *Corephotonics Ltd. v. Apple Inc.,*
             Case No. 3:17-cv-06457-JD (N.D. Cal.) (lead case)

Dear Judge Donato:

Pursuant to the Court's March 6, 2023 order (Dkt. 167), Plaintiff Corephotonics, Inc. ("Corephotonics") provides this response to Defendant Apple Inc.'s ("Apple") discovery letter brief dated March 1, 2023 (Dkt. 163).

Apple requests extensive discovery into Corephotonics' business operations and relationships with its affiliates and parent corporation. Apple premises that request on only speculative arguments of relevance, counterfactual assertions, and a theory, supported by no specific evidentiary showing, that Corephotonics' parent corporation (or some other Samsung entity) *might* have an interest in the Asserted Patents that could require it to be joined to the case as a co-plaintiff. That discovery, both unwarranted and not proportional to the needs of the case, should be denied.

**Background and the Meet-and-Confer Process**

Corephotonics filed the first of these two consolidated patent infringement cases against Apple in November 2017. The case was stayed pending IPRs in December 2018 (Dkt. 100) and was re-opened in April 2022 (Dkt. 127). While this case was stayed, Samsung Electronics Co. Ltd. acquired Corephotonics in early 2019, which was widely reported in the news media. Also during the stay, Corephotonics filed a related case, 3:19-cv-04809-JD, on August 14, 2019, wherein Corephotonics disclosed Samsung Electronics Benelux B.V. as owning a majority of the outstanding shares of Corephotonics. Dkt. 8, Case No. 3:19-cv-04809-JD (N.D. Cal.).[1]

---

[1] On or around December 6, 2022, Apple served a document subpoena on Samsung Electronics America, Inc., seeking wide-ranging discovery into Corephotonics' financial, business, and corporate relationships with other Samsung entities. *See* Ex. A (Apple subpoena to Samsung), at 4-7.



The parties conducted discovery-related discussions throughout January and February 2023, including meeting and conferring telephonically on February 2, 2023. During that meet-and-confer, Apple's counsel stated that Apple was seeking discovery into the Samsung acquisition of Corephotonics (and Corephotonics' relationships with Samsung entities) because such discovery might produce information relevant to damages and "standing" issues in the case. On the same call, Corephotonics requested that Apple provide a written explanation setting forth the basis of its belief that the Samsung-related discovery was both relevant and proportional.

On February 7, 2023, Apple provided correspondence contending, among other things, that the discovery into Samsung's 2019 acquisition of Corephotonics could be relevant to "damages" (on the theory that the price paid by Samsung for Corephotonics could inform Corephotonics' damages claims against Apple), and that a "Samsung entity may need to be a party to this litigation pursuant to" the terms of the 2019 acquisition, and that the discovery might be relevant to "secondary considerations factors" (although no specific secondary consideration factor was identified). *See* Ex. B (Apple 2/7/2023 letter), at 3. Corephotonics responded on February 15, 2023, requesting, in view of Apple's speculative statements as to the relevance of the Samsung-related discovery, that Apple provide an "additional identification of relevance or authority supporting [its] request." *See* Ex. C (Corephotonics 2/15/2023 letter), at 4. Apple did not respond further and filed its discovery brief on March 1, 2023. Dkt. 163.

### Discussion

Apple's letter brief fails to show that it seeks relevant, necessary information proportional to the needs and issues in this case. Its arguments not only rest on speculative assertions of fact about Samsung or Corephotonics, they are broadly and similarly applicable to any patent infringement case where the patentee is owned by or acquired by another company. Apple fails to cite any legal authority supporting its generalized relevance theory for discovery into a patentee's parent corporation or its business affiliates and third parties.

*First*, Apple contends that discovery into Samsung's 2019 acquisition of Corephotonics will "reveal the extent to which any Samsung entity may need to be a party to this litigation pursuant to applicable agreement terms and/or corporate control." Dkt. 163, at 2. Apple, however, articulates no reason why it believes any Samsung entity would "need to be a party" to the case. Neither does Apple explain what factual basis exists for a belief that Corephotonics does not hold the legal rights in the Asserted Patents necessary for standing to sue for patent infringement. Apple's insinuation otherwise is thus speculative and rests on simply the fact that Samsung acquired Corephotonics in 2019. Likewise, Apple's reliance on the *Propat* and *Lone Star* cases is inapposite, as those cases concern standing where a third party (not joined to a case as a plaintiff) assigned something less than all "substantial rights" in a patent to a plaintiff suing for infringement. Apple has not suggested that to be the case here—and nor could it. The patents remain owned by Corephotonics, and Samsung's 2019 acquisition was a shares-only acquisition. Corephotonics remains a distinct corporate entity and the record owner of the Asserted Patents. Indeed, Corephotonics has never assigned any of the Asserted Patents to any Samsung entity. The mere fact of a corporate acquisition does not suddenly create an obligation for Corephotonics to prove a negative.

2

Case 3:17-cv-06457-JD   Document 169   Filed 03/20/23   Page 3 of 4



*Second*, Apple contends that there exists a "license defense" that may shield Apple from any alleged liability in this case depending on the relevant corporate relationships among Corephotonics and Samsung entities." Dkt. 163, at 2. Apple's letter brief does not meaningfully articulate its argument here. During a telephonic meet-and-confer with Apple on March 13, 2023 regarding other discovery issues, Apple's counsel verbally informed Corephotonics of some details of its theoretical "license defense." At this stage, Apple has not provided enough information about this defense, either to Corephotonics or the Court, for it to be weighed in the analysis concerning Apple's requests for Samsung-related discovery. Further, any license theory that Apple might put forward is an affirmative defense. Apple has not, however, alleged such a defense in its pleadings in this matter. Apple's Answer (Dkt. 92) alleges no such defense, and Apple has never sought leave to amend its answer to assert such a defense.

*Third*, Apple argues that Samsung's 2019 acquisition of Corephotonics impacts damages issues. Dkt. 163, at 2-3. Apple first says that information about Samsung's 2019 acquisition and Corephotonics' role within the broader Samsung conglomerate could inform the parties' positions at dates of the hypothetical negotiation, provided that the dates of the hypothetical negotiation are, conveniently, assumed to be after the acquisition. Since the hypothetical negotiation would, as a matter of law, take place at the time of first infringement, it would be long before 2019, as Corephotonics filed this case (alleging infringement) long before 2019. Apple's arguments run counter to well-established Federal Circuit precedent. *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356, 1363–64 (Fed. Cir. 2006) ("[T]he hypothetical negotiation relates to the date of first infringement."). Apple also fails to explain its allusion to its requested discovery as possibly usable under a "book of wisdom" approach to damages issues.

*Fourth*, Apple contends that its requested discovery would inform whether Corephotonics deserves injunctive relief for Apple's infringement. Dkt. 163, at 3. Apple says that Corephotonics being "owned and backed by one of the world's largest electronics companies" could be relevant to its claim of irreparable harm. This argument, too, goes otherwise unexplained and unsupported by any authority, and thus cannot serve as a basis for granting Apple's requested relief.

*Fifth*, Apple contends that discovery into Samsung's 2019 acquisition might unearth facts pertinent to the bias of Corephotonics' fact witnesses and to certain secondary considerations issues. Dkt. 163, at 3. Apple's generic "possible bias" argument is both not specific to Samsung's acquisition of Corephotonics and is applicable to virtually any case where a patentee was acquired, at any point in time, by another company. Finally, Apple suggests that the purchase price that Samsung paid for its acquisition might somehow influence damages issues.

Apple's arguments do not support its broad and highly non-specific discovery requests. At most, Apple suggests that the actual acquisition agreement is somehow relevant information. While Apple fails to coherently articulate its basis even for discovery of the acquisition agreement itself, Apple offers no explanation of any kind for any information beyond that agreement.

For these reasons, Corephotonics respectfully requests that the Court deny Apple's requests for relief.

3



4

Sincerely,

/s/ *Marc A. Fenster*

Marc A. Fenster
Counsel for Corephotonics Ltd.

4