# EXHIBIT B



Lowell D. Mead
T: +1 650 843 5734
lmead@cooley.com

Via Email

February 7, 2023

James S. Tsuei
jtsuei@raklaw.com
Russ, August & Kabat
12424 Wilshire Blvd.
12th Floor
Los Angeles, CA 90025

**Re: *Corephotonics Ltd. v. Apple Inc.,* Case No. 3:17-cv-06457-JD**

Dear James:

This memorializes the parties' meet and confer on February 3, 2023 regarding the following issues. Please take note that while Apple would much prefer that Corephotonics voluntarily and promptly provide the requested relevant documents and information (as discussed in Apple's January 20, 2023 correspondence, during our meet and confer, and further below), Apple will have no choice but to seek relief from the Court in the event that Corephotonics declines to do so.

- **Documents and information disclosing Corephotonics's financials and revenues (e.g., RFP 53 and Interrogatory No. 10)**

Corephotonics declined to agree to produce responsive documents and information. Apple explained that these documents are relevant at least to Corephotonics's claims to damages and other relief, and there is no undue burden in producing them. For example, they are relevant to numerous factors in evaluating a reasonable royalty, such as under the factors of a *Georgia-Pacific* damages analysis including royalties received and profits achieved relating to the claimed inventions and the financial and business positions of Corephotonics at all potentially applicable dates of "hypothetical negotiation" for the accused products' first alleged infringement of each patent, in addition to a "book of wisdom" damages analysis that considers information after the date of first alleged infringement. They are also relevant to Corephotonics's claim for a permanent injunction, including the basis (or lack thereof) for Corephotonics's claim of irreparable harm by showing Corephotonics's financial-related statuses at all relevant time periods.

Please provide no later than Tuesday, February 14, 2023 a fulsome commitment in writing to timely produce the responsive documents.

- **Damages-related documents such as valuations, analyses, and other assessments of Corephotonics's business and/or IP (e.g., RFPs 30, 57)**

Corephotonics committed that it is collecting responsive documents and will either produce them or withhold one or more responsive documents on grounds of privilege or attorney work product. Apple noted that it does not necessarily agree that any responsive documents are properly withheld from disclosure but agreed to revisit such issues after Corephotonics produces and/or notifies Apple that it is withholding responsive documents.





We expect Corephotonics to provide a substantive update on this collection and production no later than February 17, 2023.

- **Corephotonics communications with potential and actual licensees (e.g., RFPs 11, 24-26 and Interrogatory No. 6)**

Corephotonics indicated that it plans to provide only a selective, self-serving production of communications with actual, potential, and/or prospective licensees that Corephotonics believes supports its claim for injunctive relief, while withholding other responsive communications with actual, potential, and/or prospective licensees. As we discussed during our call, Corephotonics's approach is improper. All responsive documents and information need to be produced regardless of whether or not Corephotonics believes they support its litigation positions. The requested documents and information are relevant at least to damages-related issues as well as Corephotonics's claim for injunctive relief by revealing the full scope and content of communications with actual, potential, and/or prospective licensees bearing upon Corephotonics's licensing activities.

Please provide no later than Tuesday, February 14, 2023 a fulsome commitment in writing to timely produce the responsive documents.

- **Documents and information relating to litigation funding providers, including without limitation Longford Capital Fund II, LP (see Dkt. 152) (e.g., RFPs 19, 52, 60-63 and Interrogatory No. 13)**

Corephotonics declined to produce documents and information regarding its litigation funding, including disclosure of the agreement terms reflecting interest and control relating to the patents-in-suit and/or this litigation. As discussed during our call, the requested documents and information are discoverable for relevance on numerous grounds, including standing and damages. With respect to standing, the problem is that a non-party to this suit (litigation funder Longford Capital) holds an economic interest and measure of control over decisions regarding the assertion of the patents-in-suit that may require Longford Capital to be a party to this lawsuit. *See*, *e.g.*, *Propat Intern. Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1191 (Fed. Cir. 2007) (finding lack of standing where a third-party "retains an economic interest in the patent and a substantial measure of control over decisions affecting the patent rights," including "an equity interest in the proceeds of licensing and litigation activities, a right to notice of licensing and litigation decisions and the right to veto such decisions as long as the veto power was not exercised unreasonably, and the unrestricted power to bar [plaintiff] from transferring its interest in the patent to a third party"); *Lone Star Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225 (Fed. Cir. 2019) (discussing that plaintiff-patentee must possess "all substantial rights" and finding that plaintiff-assignee did not have statutory standing by itself due to "restrictions on enforcement and alienation" controlled by a third-party); *Longbeam Technologies LLC v. Amazon.com, Inc.*, Civ. No. 21-1559 (D. Del. Aug. 17, 2022) (granting order to compel discovery regarding litigation funding entity in view of "concerns about [plaintiff]'s standing to pursue this action and whether it has complied with the Court's standing order regarding third-party litigation funding arrangements"—the ordered "discovery may include, but is not necessarily limited to, documents and testimony from [plaintiff]'s principals relevant to the issues of standing and third-party litigation funding, including the nature and extent of IP Edge's interests in this litigation and the asserted patents"); *Nimitz Technologies LLC v. CNET Media, Inc.*, Civ. No. 21-1247, D.I. 27; Civ. No. 21-1362, D.I. 21; Civ. No. 21-1855, D.I. 22; Civ. No. 22-413, D.I. 18 (D. Del. Nov. 10, 2022) (ordering disclosure of documents relating to real parties in interest with interests relating to patent assertions); *Nimitz Technologies LLC v. CNET Media, Inc.*, 2022 WL 17338396 (D. Del. Nov. 30, 2022) (further memorandum order discussing rationale for ordering disclosure regarding third-party litigation funding); *In re Nimitz*, No. 2023-103 (Fed. Cir. Dec. 8, 2022) (denying mandamus petition seeking to vacate order compelling disclosure of documents).





Corephotonics has refused to disclose any information regarding Longford Capital's interests relating to this action and/or relating to the asserted patents, raising a serious question as to whether Corephotonics alone has standing to proceed as plaintiff in this action. In addition to the standing concerns, the requested documents may be relevant to damages-related issues.

To the extent Corephotonics claims any attorney work product protection over any portions of the responsive documents and information, Corephotonics may provide, at least initially, only redacted disclosures limited to disclosure of agreement terms that bear upon Longford Capital's interests relating to this action and/or relating to the asserted patents. In addition, Corephotonics may provide the unredacted responsive documents to the Court *in camera* in unredacted form, so that the Court can evaluate the standing issue.

Please provide no later than Tuesday, February 14, 2023 a commitment in writing to timely provide the requested disclosures.

- **Documents relating to Samsung's acquisition of Corephotonics in 2019, including without limitation documents relating to associated diligence, agreement(s), and post-acquisition integration and business operation, and relating to any post-acquisition agreements with any Samsung corporate entities relating to IP, including without limitation patent license agreements (e.g., RFPs 39-41, 43-49 and Interrogatory Nos. 13-14)**

Corephotonics refused to disclose any documents or information regarding Samsung's acquisition of Corephotonics in 2019 and regarding Corephotonics's agreements and relationships with Samsung post-acquisition. As we explained, the responsive documents and information are indisputably discoverable and relevant to a wide range of issues, and there is no undue burden in producing them. The relevance includes damages-related issues, for example, revealing the consideration provided to acquire Corephotonics and its assets including the patents-in-suit as well as its pending patent litigation claims against Apple and others, which is relevant to a reasonable royalty determination, any valuations expressly or implicitly attributed to the patents-in-suit (or broader sets of patents and/or portfolios) and/or rights and activities relating to the patents, and the extent to which Samsung entities may be expressly or implicitly licensed under the patents-in-suit. The relevance also includes standing issues, by revealing the extent to which any Samsung entity may need to be a party to this litigation pursuant to applicable agreement terms. The relevance also includes secondary considerations factors relating to obviousness, potential witness bias issues to the extent Corephotonics's witnesses obtained consideration and/or interests through the acquisition, and other issues.

Corephotonics indicated that the responsive documents may include information that is deemed confidential to a Samsung entity, but there is a Protective Order governing disclosure of confidential information in this case, and Corephotonics did not indicate that there has been any objection or other issue actually raised by any Samsung entity. Any third-party confidential information would be an issue for the applicable entity, not for Corephotonics, and Corephotonics needs to take appropriate steps to provide notice and obtain consent or any objections that Apple and the Court can then address directly.

Please provide no later than Tuesday, February 14, 2023 a fulsome commitment in writing to timely produce the responsive documents and information.

- **Source code and physical materials relating to Corephotonics's purported embodiments of its technology and/or pre-suit discussions with Apple (e.g., RFP 6)**





Corephotonics committed that it is working on gathering the responsive materials and committed that it will provide a substantive update within two weeks, by Friday, February 17, 2023.

- **Documents filed and/or served in adversarial proceedings relating to the asserted patents or relating to foreign counterpart patents (e.g., RFPs 54-55)**

Corephotonics committed that it is working on gathering the responsive documents and committed that it will produce responsive documents within two weeks, by Friday, February 17, 2023.

- **Interrogatory No. 1 (conception and reduction to practice) and Interrogatory No. 2 (first public disclosure of alleged inventions of asserted claims).**

Corephotonics committed that it is working on gathering responsive information with the named inventors and patent prosecutors, and expects to provide a supplement within 2-3 weeks, with a substantive update within two weeks, by Friday, February 17, 2023.

- **Interrogatory No. 4 (secondary indicia of non-obviousness).**

Corephotonics committed that it will provide "in short order" a supplement including information similar to what was previously provided in IPR proceedings. For any information beyond that, Corephotonics committed to provide a substantive update within two weeks, by Friday, February 17, 2023.

- **Interrogatory No. 5 (disclosure describing asserted claims practiced by Corephotonics or licensees).**

Corephotonics committed that it is working on evaluating potentially responsive information as to whether the asserted claims have been practiced, and will timely supplement to the extent responsive information is developed. Corephotonics committed to provide a substantive update within two weeks, by Friday, February 17, 2023.

- **Interrogatory No. 8 (disclosure of basis for any claim for injunctive relief).**

Corephotonics committed that it will provide within two weeks, by Friday, February 17, 2023, a supplement including information similar to what was previously provided during the stay of litigation. Apple explained that Corephotonics needs to timely provide a complete current response, not limited to the high-level and limited previously-provided information, to enable Apple to develop its responsive discovery and defenses accordingly without undue prejudice. Please provide a substantive update within two weeks, by Friday, February 17, 2023.

- **Interrogatory No. 9 (disclosure of basis for willfulness claim).**

Corephotonics stated that it is evaluating whether it needs to provide a supplement at this time. Please provide a substantive update within two weeks, by Friday, February 17, 2023.

- **Interrogatory No. 10, Rule 26(a)(1)(A)(iii) disclosures, and Damages Contentions (complete legal and factual bases for Corephotonics's damages claims).**

Corephotonics indicated that it planned to withhold responsive information until after the close of fact discovery, to reveal it for the first time only in Corephotonics's damages expert report. Apple explained that Corephotonics's approach would deeply prejudice Apple's defense of this case, including the ability to develop responsive factual discovery, and finds no basis in the Federal Rules or Local Rules and





would result in preclusion against Corephotonics under Rule 37. Apple encouraged Corephotonics to review the case cited in Apple's January 20, 2023 letter, *MLC Intellectual Property, LLC v. Micron Tech.*, 10 F.4th 1358, 1369-1373 (Fed. Cir. 2021), which you apparently had not read.

Corephotonics indicated that it had not seen in Apple's document production any Apple license agreements or Apple financial/revenue information. Apparently Corephotonics's outside counsel has not reviewed Apple's document production and did not review Apple's First Supplemental Responsive Damages Contentions served September 9, 2022 which explicitly discussed and cited the Apple license agreements by production number at APPL_COREP_00049812-0049919 (which were produced more than four years ago) and stated as follows:

> Corephotonics does not explain why it cannot provide damages contentions as required by Patent L.R. 3-8 based upon the information currently available to Corephotonics. In addition to Corephotonics's own license agreements and other information available to Corephotonics, **Apple has produced damages-related discovery including numerous license agreements to which Apple is a party, sales and revenue information for accused products, component cost information, and other discovery**, but Corephotonics's contentions fail to specifically address any discovery of record in this case other than totaling certain numbers of units sold. In addition, Corephotonics's contentions fail to address the extensive publicly available information regarding the accused products, such as information regarding accused and non-accused features of the accused products, sales and marketing practices and associated materials, third-party market and competitive analyses and related information, and technical information, as well as the accused products themselves that are commercially available for purchase, use, and inspection by Corephotonics.

As produced to Corephotonics and reiterated in that disclosure several months ago, sales and revenue and component cost information is located in Apple's production, including at bates numbers APPL_COREP_00055814 and APPL_COREP_00072157 - APPL_COREP_00074424.

Corephotonics bears the burden of proof on damages and currently faces a serious risk of preclusion regarding its damages claims by failing to provide the responsive discovery. Apple is currently deeply prejudiced in its defense of this case by Corephotonics withholding the purported support and positions underlying its damages claims.

Please provide no later than Tuesday, February 14, 2023 a fulsome commitment in writing to timely provide a complete current response to Interrogatory No. 10.

- **Interrogatories No. 11 (Corephotonics's response to Apple's prior art invalidity contentions) and No. 12 (Corephotonics's response to Apple's section 112 invalidity contentions).**

Corephotonics objects on burden grounds to providing a complete response, but indicated that it would be open to providing a substantive response to a narrowed subset of invalidity grounds. While not conceding that Corephotonics's objection is meritorious, in the interest of compromise, Apple will identify a narrowed subset for response.

Finally, with respect to potential case schedule after *Markman*, given that the Court has not yet entered a scheduling order, the parties discussed the Court's standing order and practice regarding setting a case management conference after the *Markman* ruling issues. The parties agreed that the Court's *Markman* ruling may substantially affect the scope and nature of discovery, and agreed that after the *Markman*





ruling issues the parties will confer regarding an appropriate schedule for the remainder of the case, to be addressed at a post-*Markman* ruling case management conference.
Sincerely

*/s/ Lowell D. Mead*

Lowell D. Mead

cc: Corephotonics's counsel of record (via email)