# EXHIBIT C



12424
WILSHIRE
BOULEVARD

12TH FLOOR

LOS ANGELES
CALIFORNIA
90025

TELEPHONE
310.826.7474

FACSIMILE
310.826.6991

James S. Tsuei
jtsuei@raklaw.com

February 15, 2023

**Via Electronic Mail**

Lowell Mead
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304
lmead@cooley.com

Re: *Corephotonics Ltd. v. Apple Inc.,*
Case No. 3:17-cv-06457-JD (N.D. Cal.)

Dear Lowell:

I write in response to Apple's January 20, 2023 and February 7 correspondence regarding purported deficiencies in Corephotonics' document production and interrogatory responses. While we generally disagree with your characterizations of deficiencies and Apple's attempt to unilaterally impose time limits on when Corephotonics will provide certain requested discovery, we appreciate your time during the February 3, 2023 meet and confer to work out most issues. We further address the issues discussed as follows.

### Apple's Document Requests

***Documents regarding Corephotonics' financial and revenues***: Corephotonics is collecting and will produce non-privileged documents showing Corephotonics' financial information and revenues.



*"Damages-related" documents such as valuations, analyses, and other assessments of Corephotonics' business and/or IP*: Corephotonics is collecting and will produce non-privileged valuations and analyses of Corephotonics business and/or intellectual property.

*Corephotonics communications with potential and actual licensees*: We object to and disagree with your characterization that Corephotonics "plans to provide only a selective, self-serving production of communications with actual, potential, and/or prospective licensees." We disagreed with your unsupported assertion during our February 3 meet-and-confer and continue to do so. As best understood, Apple is seeking documents supporting an imagined counter-narrative, where a Corephotonics licensee became more willing to pay Corephotonics more license fees after learning that Apple refused to take a license, or perhaps where a former Corephotonics licensee has come back to ask for a license after learning about Apple's lawsuit. Corephotonics can search for such documents, but they are exceptionally unlikely to exist. Nonetheless, Corephotonics agrees to provide non-email communications with potential and actual licensees relating to Corephotonics' technology.

*Documents and information relating to litigation funding*: We disagree with your assertions that discovery of litigation funding documents relating to this litigation, including the terms of any such agreements for litigation funding, would pertain to any issue, claim or defense in this case. You have provided no basis for your entirely speculative assertion that Corephotonics does not possess all substantial rights in the Asserted Patents, and the *Propat* and *Lone Star* opinions cited in your February 7 letter, which discuss a standing issue in the context of certain licenses to third parties for asserted patents, are irrelevant and inapposite to the discovery sought here. As you know, Corephotonics is the owner of and possesses all substantial rights in the Asserted Patents. If you contend that any licenses Corephotonics has granted raises any issue of standing, please identify such license.

Your reliance on the *Longbeam* and *Nimitz* cases is also inapposite. The *Longbeam* order issued because, among other things, plaintiff Longbeam failed to disclose, plaintiff Longbeam allegedly failed to identify in its Fed.

2



R. Civ. P. 7.1 disclosure its "apparent relationship with patent monetization entity IP Edge," and Longbeam's USPTO filings allegedly "confirm[ed] Longbeam is an extension of IP Edge," and that correspondence for Longbeam with the PTO was "an '@ip-edge.com' email address." Dkt. 33, at 1, 1:21-cv-01559-CFC (D. Del.) (objections to plaintiff's Fed. R. Civ. P. 7.1 disclosure). Likewise, the *Nimitz* orders involve Judge Connolly's April 18, 2022 Standing Order Regarding Disclosure Statements Regarding Third-Party Funding Arrangements, which the Court determined that there existed evidence that "[plaintiff] Nimitz and the LLC plaintiffs [in other cases]" represented by the same counsel "may not have complied with the Third-Party Funding Order, as none of those parties had disclosed a funding arrangement with IP Edge." Apple, and Apple's counsel, are both aware that Longford Capital Fund II, LP is not an "extension" of Corephotonics or vice versa. Neither this District nor this Court maintain a standing order that imposes the additional disclosure requirements set forth in Judge Connolly's Third-Party Standing Order. And, in any event, complying with Civil L.R. 3-15, Corephotonics has disclosed that both Longford Capital Fund II, LP and Russ August and Kabat, L.L.P. as entities with interests in the subject matter of this case. *See* Dkt. 152.

In this District, litigation funding materials are not "relevant to any party's claim or defense," nor are they "proportional to the needs of the case." *Space Data Corp. v. Google LLC*, No. 16-CV-03260 BLF (NC), 2018 WL 3054797, at *1 (N.D. Cal. June 11, 2018); *see also MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019) (denying motion to compel discovery into litigation funding arrangements, stating: "Micron is not entitled to the discovery it seeks because it is not relevant. MLC has complied with the local rules and disclosed persons and entities with a financial interest in this case as defined by 28 U.S.C. § 455(d)(1), (3) and (4)"); *NantWorks, LLC v. Niantic, Inc.*, No. 20-CV-06262-LB, 2022 WL 1500011, at *2 (N.D. Cal. May 12, 2022) ("fee and litigation funding agreements" are generally discoverable only when there is "a specific, articulated reason to suspect bias or conflicts of interest." (quoting *MLC*). Despite our request that you do so, you have not provided anything other than speculative and conclusory assertions as to Corephotonics' alleged lack of standing as a basis for seeking discovery into



Corephotonics' litigation funding details. If you have any additional identification of relevance or authority supporting your request, please provide it.

***Documents relating to Samsung's acquisition of Corephotonics in 2019***: During our February 3 meet-and-confer, we requested that you identify, in writing, the relevance of your requested discovery into Samsung's acquisition of Corephotonics in 2019. You stated, during the meet-and-confer, that such discovery might be "relevant for damages" issues in the case. Your February 7 letter provides no additional detail except conclusory assertions that such discovery is relevant to "damages-related issues," an entirely speculative and unsupported statement that some "Samsung entity may need to be a party to this litigation pursuant to" the terms of the 2019 acquisition of Corephotonics, and that the discovery might be relevant to "secondary considerations factors" (although no particular secondary consideration factor is identified in your letter). On this record, Apple has not demonstrated the relevance or proportionality of the discovery it seeks into the 2019 acquisition. If you have any additional identification of relevance or authority supporting your request, please provide it.

***Source code and physical materials relating to Corephotonics' technology***: Corephotonics agrees to produce and is in the process of collecting source code and physical materials relating to Corephotonics' technology. Certain source code and lens design files (e.g., Zemax files) relating to Corephotonics' technology has already been electronically produced in this case as a part of Corephotonics' Patent Rule 3-2 production and has been in your possession since at least 2018. Similarly, Apple has possessed physical samples of Corephotonics' products for many years, and has not returned them despite Corephotonics' request that Apple do so. In any event, we further intend to make additional source code material available for inspection at our offices and will provide an update when it is available.

***Documents from proceedings in foreign jurisdictions***: As we indicated during our February 3 meet-and-confer, Corephotonics is in the process of collecting and producing documents filed or served in foreign proceedings, and has already produced responsive documents of this nature.

4



**Apple's Interrogatories**

*Interrogatory No. 1*: Corephotonics is searching for further responsive information and intends to provide supplemental information in response to this interrogatory as it becomes available.

*Interrogatory No. 2*: Corephotonics is searching for further responsive information, including information related to the 2014 Mobile World Congress in Barcelona, and intends to provide supplemental information in response to this interrogatory as it becomes available.

*Interrogatory No. 4*: Corephotonics expects to provide a supplemental response within two weeks. Apple is already aware of Corephotonics's contentions regarding secondary indicia from parallel proceedings.

*Interrogatory No. 5*: Despite the difficulties we expressed during the meeting, Corephotonics will continue to investigate and intends to provide a supplemental response to this interrogatory.

*Interrogatory No. 6*: Corephotonics expects to provide supplemental information in response to this interrogatory if appropriate and after further investigation.

*Interrogatory No. 8*: Corephotonics expects to provide supplemental information in response to this interrogatory if appropriate and after further investigation.

*Interrogatory No. 9*: Corephotonics will further provide supplementation on a rolling basis as Apple produces more discovery on this same issue.

*Interrogatory No. 10*: As we noted during our February 3 meet-and-confer, Apple appears to be seeking a premature damages expert report through its dispute relating to this Interrogatory. Further, your February 7 letter falsely asserts, among other things, that "Apple encouraged Corephotonics to

5



review" *MLC Intell. Prop., LLC v. Micron Tech., Inc*., 10 F.4th 1358, 1369 (Fed. Cir. 2021), which in any event does not support the blanket, open-ended discovery into Corephotonics' damages theories at this stage of the case. Nonetheless, Corephotonics is willing to work with Apple to identify specific types of information, such as the identity of licenses that Corephotonics may rely on for establishing what it will contend reflects the reasonable royalty rate for the Asserted Patents, and to supplement its discovery responses accordingly.

***Interrogatory No. 11 and No. 12***: We raised our concern that Apple was seeking a premature expert validity rebuttal expert report against all of Apple's vague and excessively burdensome invalidity contentions. Apple agreed to consider whether it would identify a few high-priority contentions, which it has not yet done as of the date of this letter.

\* \* \*

We appreciate your time and progress that we made together in resolving these issues.

Sincerely,

/s/ *James S. Tsuei*

James S. Tsuei
Counsel for Corephotonics Ltd.

6