COOLEY LLP
HEIDI KEEFE (178960)
(HKEEFE@COOLEY.COM)
LOWELL MEAD (223989)
(LMEAD@COOLEY.COM)
PRIYA VISWANATH (238089)
(PVISWANATH@COOLEY.COM)
3175 HANOVER STREET
PALO ALTO, CA  94304
TELEPHONE:      (650) 843-5000
FACSIMILE:      (650) 849-7400

COOLEY LLP
STEPHEN SMITH (*PRO HAC VICE*)
STEPHEN.SMITH@COOLEY.COM
PHILLIP MORTON (*PRO HAC VICE*)
(PMORTON@COOLEY.COM)
1299 PENNSYLVANIA AVENUE NW, SUITE 700
WASHINGTON, DC 20004-2400
TELEPHONE:  (202) 842-7800
FACSIMILE:  (202) 842-7899

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.,<br><br>   Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>   Defendant. | Case No. 3:17-cv-06457-JD (lead case)<br>Case No. 5:18-cv-02555-JD<br><br>**APPLE'S NOTICE OF NEW EVIDENCE AND ADMINISTRATIVE MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL CLAIM CONSTRUCTION BRIEFING**<br><br>Date: May 4, 2023<br>Time: 10:00 a.m.<br>Courtroom: 11<br>Judge: Hon. James Donato<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Civ. L.R. 7-11, in advance of the claim construction hearing scheduled for May 4, 2023, Apple respectfully requests that the Court grant leave for the parties to submit supplemental claim construction briefing regarding a newly-disputed claim term that is likely dispositive as to non-infringement or invalidity as to one of the two patents-in-suit. As explained below, this issue arises from a filing Corephotonics submitted to the Patent Office on April 24, 2023 that constitutes newly-created relevant intrinsic evidence forming part of the patent's prosecution history.

Apple respectfully suggests that it may be prudent for the Court to continue the claim construction hearing to a later convenient date in order to accommodate the supplemental briefing, or alternatively schedule an additional hearing to account for the supplemental briefing.

Corephotonics has indicated that it disputes Apple's claim construction position and objects to supplementing the claim construction proceedings[1], but Corephotonics's objection is meritless because Corephotonics itself chose to create this relevant new prosecution history with its recent filing, and Federal Circuit precedent requires resolution of the parties' claim construction dispute. *O2 Micro International, Ltd. v. Beyond Innovation Technology Co.*, 521 F.3d 1351, 1362-63 (Fed. Cir. 2008).

### Background: Means-Plus-Function Construction in '291 Patent Reexamination

Corephotonics has asserted in this litigation that Apple infringes claims 1-7, 10, 12, and 13 of U.S. Patent No. 9,185,291 ("'291 patent") and certain claims of U.S. Patent No. 9,568,712. In May 2022, the Patent Office ordered *ex parte* reexamination to evaluate the invalidity of claims 1-7, 10-14, 17, and 22 of the '291 patent over certain prior art. Claim 1 and dependent claims 2-7, 10, and 11 are apparatus claims reciting a digital camera with components operative to perform certain functions, while claim 12 and dependent claims 13, 14, 17, and 22 are method claims reciting steps substantially similar to the functions recited in the apparatus claims. One of the components in claim 1 is a "camera controller" recited as performing certain functions. (*See* '291 patent (Dkt. 1-3), claim 1.)

In December 2022, the Patent Office issued a non-final office action ("Office Action") addressing the challenged claims. Apple submitted a copy of the Office Action to the Court. (Dkt.

---

[1] Specifically, Corephotonics stated: "We do not agree that Apple is free to simply re-open claim construction briefing, which was completed long ago, to assert new claim construction positions for the first time less than a week before the claim construction hearing. Apple's proposed submission is unauthorized."

1   155-1.)  The Office Action rejected method claims 12, 13, 17, and 22 as invalid over the prior art.  (*Id*.
2   at 9-14.)  Regarding the apparatus claims, the Office Action determined that the "camera controller"
3   element in claim 1 is subject to a means-plus-function claim construction under 35 U.S.C. § 112(f),
4   and thus limited to certain structures for performing the claimed functions as disclosed in the
5   specification.  (*Id*. at 4-9.)  Specifically, the Office Action determined that the "camera controller"
6   element in the apparatus claims should be construed as a means-plus-function element corresponding
7   with certain algorithms disclosed in '291 patent Figures 5 and 6.  (*Id*. at 5-8.)  Based on that
8   construction, the Office Action determined that the cited prior art does not disclose the "camera
9   controller" element.  (*Id*. at 15-18.)  At the same time, the Office Action determined that the same
10  prior art renders obvious method claims reciting substantially similar functions.  (*See id*. at 9-14.)[2]

11  The Office Action specifically advised Corephotonics:  "**If Patent Owner does not intend to
12  have any of these limitations interpreted under 35 U.S.C. § 112(f), Patent Owner may:**

13  **(1) amend the claim limitation(s) to avoid it/them being interpreted under 35 U.S.C. §
14  112(f) (e.g., by reciting sufficient structure to perform the claimed function), or**

15  **(2) present a sufficient showing that the claim limitation recites sufficient structure to
16  perform the claimed function so as to avoid it being interpreted under 35 U.S.C. § 112(f)**."  (*Id*.
17  at 6 (emphasis added).)

18  The Office Action set Corephotonics's response to be due within two months, by February 22,
19  2023.  (*Id*. (summary cover page).)  At that time, the claim construction hearing in this action was set
20  for the following day, February 23, 2023.  (Dkt. 154.)  On January 25, 2023, Corephotonics filed a
21  petition seeking a two-month extension for its response to the Office Action.  (Ex. A.)  Corephotonics
22  claimed that it needed two additional months beyond February 23, 2023 to prepare its response despite
23  its alleged "substantial efforts and resources devoted to this reexamination," including to find an expert
24  to opine upon "complex technical issues in the response."  (*Id*. at 1-2, 5-6.)  The Patent Office granted
25  that extension, making Corephotonics's response due no later than April 24, 2023.

---

[2] The Office Action also determined that dependent method claim 14, which is not asserted in this litigation, was not rendered obvious by the prior art.  (*Id*. at 17-18.)

**Corephotonics Asks the Patent Office to Confirm the Means-Plus-Function Claims**

Corephotonics waited until the last day of its extended four-month response period to file its response to the Office Action. However, rather than provide the lengthy substantive response that it suggested was underway, Corephotonics provided only two pages of substance with no submission from an expert. (Ex. B ("Response") at 7-9.) In response to the rejection of method claims 12, 13, 17, and 22 as invalid over the prior art, Corephotonics canceled those claims. (*Id*. at 8-9.) As a result, the remaining '291 claims asserted by Corephotonics in this action are apparatus claims 1-7 and 10.

In response to the Office Action's advisement regarding means-plus-function construction under 35 U.S.C. § 112(f) of apparatus claims 1-7, 10, and 11, Corephotonics did not amend the claims and did not present a showing that the "camera controller" claim limitation recites sufficient structure so as to avoid means-plus-function interpretation. Instead, Corephotonics requested that the Patent Office confirm those claims over the prior art: "**Patent Owner respectfully requests that the Office terminate the instant reexamination and issue a reexamination certificate confirming the validity of claims 1-7, 10-11, and 14 of the '291 Patent**." (*Id*. at 9 (emphasis added).) Given that the Patent Office's only stated basis for confirming those claims was the means-plus-function claim construction, and given that Corephotonics declined to do what the Patent Office directed it to do if it "does not intend to have any of these limitations interpreted under 35 U.S.C. § 112(f)," Corephotonics necessarily embraced the means-plus-function interpretation of the "camera controller" element in order to secure confirmation. Assuming that the Patent Office proceeds to confirm those claims as Corephotonics requests, Corephotonics will be collaterally estopped from arguing a contrary position. *See*, *e.g.*, *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342-43 (Fed. Cir. 2013).

Despite the foregoing points, Corephotonics's Response states that it purportedly "reserves all rights and objections with respect to the Examiner's claim interpretation" and purportedly "reserves the right to traverse or otherwise disagree with the claim interpretations set forth in the Office Action." (Ex. B at 7.) But Corephotonics already decided to <u>not</u> dispute the Patent Office's claim interpretation. It declined the opportunity to amend its claims or present a contrary showing, and instead affirmatively requested that the Patent Office confirm the claims based on the means-plus-function interpretation.

1    Thus, Corephotonics is improperly attempting to embrace the means-plus-function construction to
2    avoid invalidity at the Patent Office while avoiding means-plus-function construction in this Court.

3                          **The Parties Dispute the Claim Construction**

4          In this litigation, neither party previously contended that the "camera controller" element in
5    '291 apparatus claim 1 and its dependent claims was subject to means-plus-function construction. The
6    parties originally focused on other claim construction issues. As a practical matter, given that
7    Corephotonics also asserted corresponding '291 method claims 12 and 13 that do not contain that
8    "camera controller" element, means-plus-function construction of the apparatus claims would not have
9    affected infringement and invalidity issues for the parallel method claims. However, now that
10   Corephotonics has cancelled '291 claims 12 and 13, leaving only apparatus claims asserted, the new
11   means-plus-function construction that Corephotonics recently embraced is potentially dispositive on
12   non-infringement as to this patent.[3] Alternatively, if the apparatus claims were not subject to means-
13   plus-function construction, then they would be invalid for the reasons presented in the reexamination.

14         Prior to this motion, Corephotonics declined to stipulate to a means-plus-function construction
15   and indicated that it objects to supplementing the claim construction proceedings. However,
16   longstanding Federal Circuit precedent requires that "[w]hen the parties present a fundamental dispute
17   regarding the scope of a claim term, it is the court's duty to resolve it." *O2 Micro*, 521 F.3d at 1362-
18   63; *Eon Corp. IP Holdings LLC v. Silver Spring Networks, Inc.*, 815 F.3d 1314, 1318-23 (Fed. Cir.
19   2016). Corephotonics's recent April 24, 2023 submission to the Patent Office, as well as the Office
20   Action to which Corephotonics responded, constitute new prosecution history for the '291 patent that
21   is directly relevant for claim construction. "The prosecution history consists of the complete record
22   of the proceedings before the PTO, including reexamination proceedings." *Infinity Prods., Inc. v. Oki*

---

[3] While Corephotonics's Response alluded to the "broadest reasonable interpretation" ("BRI") standard for construing the claims in reexamination as opposed to the narrower interpretation that district courts apply under *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005), the Patent Office's use of the BRI standard here only further supports the application of a means-plus-function construction. The claim element construed as a means-plus-function element narrowly limits the claim scope to specific structures described in the patent specification and equivalents thereof (*see* 35 U.S.C. § 112(f) and Ex. A at 6), which is a narrower interpretation than would apply without means-plus-function construction. Where the <u>broadest</u> reasonable interpretation is a narrow means-plus-function construction, the construction under *Phillips* would not be any broader and would not avoid means-plus-function treatment.

*Data Am., Inc.*, 987 F.3d 1053, 1059 (Fed. Cir. 2021) (citation omitted; cleaned up).  It is well-settled that a "patentee's statements during reexamination can be considered during claim construction." *Id*. (citing *Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012)).  Claim construction briefing in this case was originally completed in October 2022, but then in December 2022 the Patent Office issued its Office Action and on April 24, 2023 Corephotonics filed its Response.  This relevant new prosecution history justifies supplementing the claim construction proceedings.

Addressing this dispute is not only required by Federal Circuit precedent, but also timely as the Court has not yet conducted a claim construction hearing.  Indeed, under *O2 Micro*, supplemental claim construction would be appropriate here even if the Court had already issued a claim construction ruling.  *E.g.*, *MLC Intellectual Property, LLC v. Micron Tech., Inc.*, Case No. 14-cv-03657-SI, 2018 WL 4616255, at *5-6 (N.D. Cal. Sept. 26, 2018) (conducting supplemental claim construction after original *Markman* ruling based on reexamination proceedings, over patentee's objection—"To the extent that the file history changed as a result of the *ex parte* reexamination and there is an actual dispute between the parties, the Court must reconsider claim construction.").  "[C]laim construction disputes that arise before trial are not waived when both parties and the court are aware of the dispute." *Id*. at *5; *GPNE Corp. v. Apple Inc.*, 830 F.3d 1365, 1371-72 (Fed. Cir. 2016) (holding that party did not waive claim construction dispute that it argued during trial "before the case went to the jury").

Apple respectfully proposes a briefing schedule where Corephotonics can first explain its purported basis for attempting to avoid means-plus-function construction, and then Apple can respond:

- Corephotonics supplemental brief of no more than 5 pages, to be filed within two weeks of the Court's ruling on this motion;
- Apple supplemental response brief of no more than 5 pages, to be filed within two weeks after Corephotonics's supplemental brief is filed.

A proposed order and declaration are submitted herewith.  In addition, in the interests of judicial economy, the Court may find it appropriate to continue the claim construction hearing currently scheduled for May 4, 2023 to a later available date, or alternatively schedule an additional hearing, to account for the supplemental briefing.  Apple does not object to a continuance and is prepared to confer with Corephotonics to propose dates that are mutually available for the Court and the parties.

| | | |
|---|---|---|
| 1 | Dated: April 27, 2023 | COOLEY LLP |
| 2 | | |
| 3 | | /s/ Heidi Keefe<br>HEIDI KEEFE (178960) |
| 4 | | (hkeefe@cooley.com)<br>LOWELL MEAD (223989) |
| 5 | | (lmead@cooley.com)<br>PRIYA B. VISWANATH (238089) |
| 6 | | (pviswanath@cooley.com)<br>3175 Hanover Street |
| 7 | | Palo Alto, CA  94304<br>Telephone:   (650) 843-5000 |
| 8 | | Facsimile:    (650) 849-7400 |
| 9 | | COOLEY LLP<br>STEPHEN SMITH (*pro hac vice*) |
| 10 | | stephen.smith@cooley.com<br>PHILLIP MORTON (*pro hac vice*) |
| 11 | | (pmorton@cooley.com)<br>1299 Pennsylvania Avenue |
| 12 | | NW, Suite 700<br>Washington, DC 20004-2400 |
| 13 | | Telephone:  (202) 842-7800<br>Facsimile:  (202) 842-7899 |
| 14 | | *Attorneys for Defendant Apple Inc.* |