RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
mfenster@raklaw.com
Benjamin T. Wang, State Bar No. 228712
bwang@raklaw.com
Brian D. Ledahl, State Bar No. 186579
bledahl@raklaw.com
Neil A. Rubin, State Bar No. 250761
nrubin@raklaw.com
James S. Tsuei, State Bar No. 285530
jtsuei@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
COREPHOTONICS, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.<br><br>                Plaintiff,<br><br>vs.<br><br>APPLE INC.<br><br>                Defendant. | Case No. 3:17-cv-06457-JD (Lead Case)<br>Case No. 3:18-cv-02555-JD<br><br>**COREPHOTONICS, LTD.'S RESPONSE IN OPPOSITION TO APPLE INC.'S NOTICE OF NEW EVIDENCE AND ADMINISTRATIVE MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL CLAIM CONSTRUCTION BRIEFING**<br><br>Date: May 4, 2023<br>Time: 10:00 AM<br>Courtroom: 11<br>Before: Hon. James Donato |

Case No. 3:17-cv-06457-JD

**RESPONSE TO NOTICE OF NEW EVIDENCE AND ADMINSTRATIVE MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL CLAIM CONSTRUCTION BRIEFING**

**TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................1

II. APPLE WAIVED ITS ARGUMENT AND NOW BRINGS A STRATEGICALLY LATE MOTION ....................................................................................1

III. APPLE RAISES A FUTILE ARGUMENT BASED ON IRRELEVANT PATENT OFFICE PROCEEDINGS ..............................................................................2

IV. APPLE MISAPPLIES THE ELEMENTS OF COLLATERAL ESTOPPEL ....................4

V. CONCLUSION ...............................................................................................................5

Case No. 3:17-cv-06457-JD     i

**RESPONSE TO NOTICE OF NEW EVIDENCE AND ADMINSTRATIVE MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL CLAIM CONSTRUCTION BRIEFING**

# TABLE OF AUTHORITIES

**Cases**

*Diebold Nixdorf, Inc. v. Int'l Trade Comm'n*,
    899 F.3d 1291 (Fed. Cir. 2018)......................................................................................... 2

*Eon Corp. IP Holdings LLC v. Silver Spring Networks, Inc.*,
    815 F.3d 1314 (Fed. Cir. 2016)......................................................................................... 2

*In re Donaldson* Co.,
    16 F.3d at 1194USPQ2d at 1850).................................................................................... 3

*In re Man Mach. Interface Techs. LLC*,
    822 F.3d 1282 (Fed. Cir. 2016)......................................................................................... 3

*Infinity Prods., Inc. v. Oki Data Am., Inc.*,
    987 F.3d 1053 (Fed. Cir. 2021)......................................................................................... 3

*Janjua v. Neufeld*,
    933 F.3d 1061 (9th Cir. 2019) .......................................................................................... 4

*Krippelz v. Ford Motor Co.*,
    667 F.3d 1261 (Fed. Cir. 2012)......................................................................................... 3

*O2 Micro, International, Ltd. v. Beyond Innovation Technology Co.*,
    521 F.3d 1351 (Fed. Cir. 2008)......................................................................................... 2

*Ohio Willow Wood Co. v. Alps S., LLC*,
    735 F.3d 1333 (Fed. Cir. 2013)......................................................................................... 5

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005)................................................................................. 3, 4, 5

*Williamson v. Citrix Online, LLC*,
    792 F.3d 1339 (Fed. Cir. 2015) (emphasis added) .......................................................... 3

**Statutes**

35 U.S.C. 112(f)..................................................................................................................... 2, 5

## I.     INTRODUCTION

Less than one week before the *Markman* hearing in this case (which Apple already continued once), Apple now seeks another continuation to submit more briefing about whether the term "camera controller" in the '291 patent should be construed as a means-plus-function term—an construction that Apple never previously raised. The Court should deny Apple's late motion.

Until the eleventh-hour motion on Friday, despite two rounds of patent rule claim construction exchanges and two full rounds of briefing, including the "camera controller" term, neither party contended that the "camera controller" term should receive means-plus-function treatment. The parties already identified, briefed, and even agreed on constructions for portions of the "camera controller" term in 2018 (during the first round of claim construction briefing at Dkts. 95, 96, 98) and in late 2022 (*see* Dkts. 147, 148, 150, 151, 153). Then, about four months ago, Apple notified the Court regarding the non-final Office Action's construction of "camera controller" as a means-plus-function term (Dkt. 155), but Apple did not take any position that means-plus-function analysis should apply. Apple strategically chose not to do so. Even now, Apple fails to identify what construction it proposes and provides none of the information Apple was obliged to disclose long ago in the joint claim construction statement.

Apple waived its requested relief by failing to timely raise this issue. Further, the reexamination procedure changed nothing relevant to claim construction. In its motion, Apple misapplies the law on collateral estoppel, which does not support its requested relief. Apple's motion to continue the claim construction hearing and to reopen claim construction briefing, more than half a year after it closed, should be denied.

## II.    APPLE WAIVED ITS ARGUMENT AND NOW BRINGS A STRATEGICALLY LATE MOTION

Apple waived its right to argue for a means-plus-function interpretation of the "camera controller" term when it chose to not identify that term by the agreed deadline of July 6, 2022 to identify terms for construction. Dkt. 128, at 1. Apple chose to not brief "camera controller" under means-plus-function construction by the October 20, 2022 deadline for briefing. *Id.* Thus, Apple

Case No. 3:17-cv-06457-JD                                1

**RESPONSE TO NOTICE OF NEW EVIDENCE AND ADMINSTRATIVE MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL CLAIM CONSTRUCTION BRIEFING**

waived its right to dispute this claim term. Apple's cited cases apply when parties *timely* raised disputed terms. *O2 Micro, International, Ltd. v. Beyond Innovation Technology Co.*, 521 F.3d 1351, 1357 (Fed. Cir. 2008) (noting that the parties timely raised the dispute during claim construction); *Eon Corp. IP Holdings LLC v. Silver Spring Networks, Inc.*, 815 F.3d 1314, 1317 (Fed. Cir. 2016) (noting dispute raised during "claim construction proceedings"). Neither *O2 Micro* nor any of Apple's other cited authorities grant all parties a blanket license to freely ignore the Court's deadlines for claim construction disclosures and briefing and to continue manufacturing new claim construction disputes after the deadlines.

This whole time, neither the claims nor the specification of the '291 patent changed. Corephotonics has made no amendments to the '291 patent during the reexamination, which Apple initiated to attempt a further challenge to the '291 patent after its IPR petition was unsuccessful. *See* Dkt. 122, at 2, 3-5. Apple knew the Office Action proposed applying means-plus-function treatment to "camera controller" since December 2022, yet Apple delayed until April 27, 2023, just seven days before the claim construction hearing, to seek leave to raise and argue that term for the first time. *See* Dkt. 155-1. Nothing excuses Apple's four-month delay, especially when claim construction briefing closed more than six months ago. Like when the Court rejected Apple's similar arguments against lifting the stay in this case, Apple's motion again attempts to delay Corephotonics' claims for infringement. Dkt. 126, at 7:13-8:7. It should be denied.

### III.    APPLE'S RELIANCE ON THE EX PARTE PROCEEDINGS IS MISPLACED

Apple fails to show why the *ex parte* reexamination proceedings have any effect on claim construction, much less good cause to reopen claim construction briefing and continue the hearing.

Both now and six months ago during claim construction briefing, the law presumes that "camera controller" is not a means-plus-function term because "camera controller" does not use the words "means for" followed by a function. *Diebold Nixdorf, Inc. v. Int'l Trade Comm'n*, 899 F.3d 1291, 1298 (Fed. Cir. 2018). Neither the Examiner's Office Action nor Corephotonics' response, which objected to the Examiner's means-plus-function finding, affect or overcome that presumption. "Application of 35 U.S.C. 112(f) is driven **by the claim language**, not by applicant's

intent or mere statements to the contrary included in the specification or made during prosecution." MPEP 2181(I) (citing *In re Donaldson* Co., 16 F.3d at 1194, 29 USPQ2d at 1850) (emphasis added), *available at* https://www.uspto.gov/web/offices/pac/mpep/s2181.html. After considering the presumption, the Court looks at "whether **the words of the claim** are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure." *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1348 (Fed. Cir. 2015) (emphasis added). Thus, the test is whether the claim contains "means for" and whether the element recites structure.

Although reexamination creates prosecution history that informs non-means-plus-function analysis as well as analysis of corresponding structure *after* a determination that means-plus-function construction applies, neither the Office Action nor Corephotonics' response has any effect on whether to construe "camera controller" under the rebuttable presumption against means-plus-function interpretation in the first place. Courts may also look to the intrinsic file history for prosecution history disclaimer, but here Apple makes no suggestion that prosecution history disclaimer applies, likely because Apple cannot point to anything disclaimed by Corephotonics. Apple cites no case suggesting that a new office action would suddenly require means plus function treatment for the "camera controller" term in the asserted claims. Neither of Apple's cases *Infinity Prods., Inc. v. Oki Data Am., Inc.*, 987 F.3d 1053, 1059 (Fed. Cir. 2021) nor *Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012) use prosecution history to determine whether means-plus-function interpretation applies to a term.

Further, an examiner's interpretation of the claim in a non-final office action has no binding effect on decisions of this Court. Here, the Examiner used the "broadest reasonable interpretation" standard to interpret the claims, but the law requires this Court to construe the claims pursuant to their "plain and ordinary meaning" under *Phillips*, a different standard altogether. *See* Dkt. 171-2, at 8; *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005); *In re Man Mach. Interface Techs. LLC,* 822 F.3d 1282, 1286 (Fed. Cir. 2016). The Examiner's treatment of the '291 patent claims' "camera controller" phrase particularly has no weight where, as here, the parties have both agreed to and argued for narrower constructions of portions of that phrase under *Phillips*.

### IV.   APPLE OVERLOOKS THE ELEMENTS OF COLLATERAL ESTOPPEL

Apple errs by arguing that collateral estoppel prevents Corephotonics from arguing against means-plus-function treatment of "camera controller." In this Circuit, collateral estoppel requires that all four following elements be met: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019).  None of these elements have been met.

Factor 1 is not met because the issue before this Court (the construction of "camera controller" under the plain and ordinary meaning per *Phillips*) differs from the issue before the Examiner (the construction under the broadest reasonable interpretation). Likewise, factor 2 is not met, first, because the proper *Phillips* construction of the "camera controller" term was not before the Patent Office, and second, because the broadest reasonable interpretation of "camera controller" (to the extent even relevant to claim construction here) was not "actually litigated." In this Circuit, "an issue is actually litigated when an issue is raised, ***contested, and submitted for determination***." *Janjua*, 933 F.3d at 1066 (emphasis added). Though the Examiner *sua sponte* raised the issue in December 2022, and Corephotonics had an *opportunity* to contest it, Corephotonics instead asked the Examiner to confirm the claims, while reserving its right to dispute the means-plus-function application in the future. Thus, Corephotonics and the Examiner agreed that claim 1 of the '291 patent is allowable (albeit for different reasons).

Because the claims under reexamination remain pending and because the Examiner has not yet responded to Corephotonics' request that the claims be confirmed despite its objections to means-plus-function treatment, the issue in the reexamination has not been "decided in the prior proceedings." Under factor (3), reexamination remains open, and the Examiner has yet to consider and respond to Corephontonics' reply, so the full opportunity to litigate the issue has not yet passed. Under factor (4), Corephotonics admittedly requested that the Examiner "terminate the instant reexamination and issue a reexamination certificate" *without* resolving the means-plus-function dispute. Dkt. 171 at 3 (admitting that "Corephotonics already decided to not dispute the

Patent Office's claim interpretation"). Thus, the Patent Office is expected to resolve the merits of validity without resolving the means-plus-function dispute under factor (4).

Apple's cases do not circumvent these four required elements of collateral estoppel. In *Ohio Willow Wood*, the Court resolved a dispute about whether the same issue was previously litigated by another District Court under factor (1) when a later case asserted patent claims that had "different language" but otherwise were "substantially similar" to other claims previously held invalid. *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1341–42 (Fed. Cir. 2013). That case does say claims similar to those previously invalidated by the Eastern District of Texas are identical issues under factor (1) despite minor wording differences, but the case does not address the remaining elements of collateral estoppel and does not otherwise allow Apple to circumvent the four required elements based on Patent Office reexamination. *Id.*

Finally, Apple appears to argue that Corephotonics is estopped because the Office Action gave notice to Corephotonics that "Patent Owner may" optionally dispute the means-plus-function interpretation. Dkt. 171 at 2.[1] In response, Corephotonics made its position clear: Corephotonics reserved "the right to contend that the limitation 'camera controller' is not subject to 35 U.S.C. 112(f)" for at least six reasons, and specifically noted the Examiner had "not evaluated any claim limitations … under *Phillips*." Dkt. 171-2, at 8. Apple cannot show Corephotonics should be estopped from by its explicit reservation of rights in a Patent Office proceeding involving an issue different from one facing the Court.

## V.     CONCLUSION

Because Apple waived its right to seek means-plus-function construction and because Corephotonics' response to the office action constitutes neither disclaimer nor collateral estoppel, the Court should deny Apple's motion.

---

[1] Apple's heading "Corephotonics Asks the Patent Office to Confirm the Means-Plus-Function Claims" is misleading because it suggests, incorrectly, that Corephotonics either argued for or agreed to the Examiner's means-plus-function treatment. Dkt. 171 at 3.

| | |
|---|---|
| DATED: May 1, 2023 | Respectfully submitted, |
| | RUSS AUGUST & KABAT |
| | By: */s/ James S. Tsuei*<br>Marc A. Fenster (CA Bar No. 181067)<br>Benjamin T. Wang (CA Bar No. 228712)<br>Brian D. Ledahl (CA Bar No. 186579)<br>Neil A. Rubin (CA Bar No. 250761)<br>James S. Tsuei (CA Bar No. 285530)<br>RUSS AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, California  90025<br>Telephone: (310) 826-7474<br>Facsimile: (310) 826-6991<br>mfenster@raklaw.com<br>bwang@raklaw.com<br>bledahl@raklaw.com<br>nrubin@raklaw.com<br>jtsuei@raklaw.com<br>ptong@raklaw.com |
| | Attorneys for Plaintiff<br>Corephotonics, Ltd. |

Case No. 3:17-cv-06457-JD    6

**RESPONSE TO NOTICE OF NEW EVIDENCE AND ADMINSTRATIVE MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL CLAIM CONSTRUCTION BRIEFING**

# CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on May 1, 2023, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

*/s/ James S. Tsuei*

Russ, August & Kabat

Case No. 3:17-cv-06457-JD    7

**RESPONSE TO NOTICE OF NEW EVIDENCE AND ADMINSTRATIVE MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL CLAIM CONSTRUCTION BRIEFING**