RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
mfenster@raklaw.com
Benjamin T. Wang, State Bar No. 228712
bwang@raklaw.com
Neil A. Rubin, State Bar No. 250761
nrubin@raklaw.com
James S. Tsuei, State Bar No. 285530
jtsuei@raklaw.com
Peter Tong, State Bar No. 300347
ptong@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
COREPHOTONICS, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREPHOTONICS, LTD. <br><br> Plaintiff, <br><br> vs. <br><br> APPLE INC. <br><br> Defendant. | Case No. 3:17-cv-06457-JD (Lead Case) <br> Case No. 5:18-cv-02555-JD <br><br> **COREPHOTONICS, LTD.'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS** <br><br> Hearing: September 21, 2023 <br> Time: 10:00 AM <br> Courtroom: 11 <br> Before: Hon. James Donato |

**TABLE OF CONTENTS**

I.  INTRODUCTION ..................................................................................................................1

II. THE PROPOSED AMENDMENTS ....................................................................................2

III. LEGAL STANDARD............................................................................................................2

IV. FACTUAL BACKGROUND ................................................................................................3

    A.  Filing, Initial Contentions, and Stay ..........................................................................3

    B.  After the Stay, the Court Allowed Amended Contentions to Add Apple's Annual Products..........................................................................................................3

    C.  2022-2023 Repeat: Apple's New iPhone 14 Series...................................................4

V.  ARGUMENT..........................................................................................................................7

    A.  Corephotonics Diligently Investigated the iPhone 14 Series and Sought to Amend, Except When Prevented by National Unrest.............................................7

    B.  Apple Suffers No Unfair Prejudice if Leave is Granted, But Both Parties Will Suffer Needless Litigation Expense if Leave is Denied ..............................................8

VI. CONCLUSION......................................................................................................................9

Case No. 3:17-cv-06457-JD      i

**COREPHOTONICS, LTD.'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**

# **TABLE OF AUTHORITIES**

**Cases**

*Apple Inc. v. Samsung Elecs. Co. Ltd.*,
    No. 12-0630-LHK (PSG), 2013 WL 3246094 (N.D. Cal. June 26, 2013) .......................... 2

Fluidigm Corp. v. IONpath, Inc.,
    2020 WL 5073938 (N.D. Cal. Aug. 25, 2020) ................................................................ 2

*Internap Corp. v. Noction, Inc.*,
    C-15-03014-JD, ECF No. 74 (N.D. Cal. Jan. 6, 2016) ......................................................... 2

*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*,
    No. 14-CV-00876-RS (JSC), 2016 WL 7386136 (N.D. Cal. Dec. 21, 2016) ..................... 2

## I. INTRODUCTION

Pursuant to Patent Local Rule 3-6, Corephotonics moves for leave to amend its infringement contentions. The motion is noticed for hearing on September 21, 2023 at 10:00 am.

Apple recently began selling iPhone 14 models that infringe Corephotonics' patent, and these iPhones should be included in this case. Around this time last year, the Court granted leave to amend to add the 2021 iPhone 13 series and other recent iPhone models to the case. Dkt. 146 (granting Dkt. 137 filed June 21, 2022). From September through October 2022, Apple released the iPhone 14, iPhone 14 Plus, iPhone 14 Pro, and iPhone 14 ProMax (collectively "iPhone 14 series") with similarly infringing features. After Corephotonics diligently investigated infringement of the iPhone 14 series and formed a Rule 11 basis to allege infringement of Patent No. 9,185,291, Corephotonics met and conferred with Apple seeking leave to amend its infringement contentions to add the latest iPhone 14 models to this case. The basis for infringement by the new devices is the same as that for devices already at issue in this case. Including them will not add complexity to this case, nor will it lead to new infringement, validity, or claim construction issues. Even if any such new issues were added by these new products (that appear to function the same as the iPhone 13 products already in the case with respect to the asserted patent), adequate time remains in discovery to address them, and the Court has not yet construed the claims.

Apple has no good reason to oppose, especially in view of the Court granting leave to add the iPhone 13 products last year for the same reason and on the same timeline. Dkt. 146. The Court found that "neither party will be prejudiced by the amendments given that discovery remains open and no claims have been construed yet." *Id.* This finding still applies now. The Markman hearing remains months away, on October 5, 2023, with fact discovery cutoff even further away on November 17, 2023. Dkt. 175. The infringement theory remains unchanged. The asserted patent and asserted claims remain unchanged. No new prior art, claim construction issues, or IPR issues arise. Apple will not suffer any unfair prejudice from the amended contentions. In fact, both Apple and Corephotonics will benefit from the efficiency of adding the iPhone 14 to this case compared to Corephotonics filing a new complaint to separately relitigate the iPhone 14 case in parallel.

Russ, August & Kabat

## II. THE PROPOSED AMENDMENTS

Corephotonics proposes amended Patent Local Rule 3-1 disclosures (redlined in Ex. 2, Ex. 3) that adds Apple's latest phone models, the iPhone 14 series, as an accused product. In particular, Corephotonics proposes to amend the Exhibit L attachment (Ex. 3 to this motion) of its infringement contentions (Ex. 2 to this motion) to chart the '291 Patent against the iPhone 14 series. These amendments add descriptions of the iPhone 14 series and how they infringe the currently asserted claims under the same infringement theories. The amendments do not add new patents or assert new claims.

## III. LEGAL STANDARD

Patent Local Rule 3-1 requires an initial disclosure of asserted claims and infringement contentions. Patent Local Rule 3-6 permits amendments to the infringement contentions "by order of the Court upon a timely showing of good cause." "The patent local rules are not an iron cage and they afford some degree of flexibility, particularly before claim construction has taken place." *Internap Corp. v. Noction, Inc.*, C-15-03014-JD, ECF No. 74 (N.D. Cal. Jan. 6, 2016) (Donato, J.) (denying motion to strike amended contentions and warning against burdening the Court with wasteful litigation tactics) (copy attached as Ex. 4).

"[T]he primary question of good cause is a party's diligence, and 'in considering the party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence.'" *Fluidigm Corp. v. IONpath, Inc.*, 2020 WL 5073938, at *4 (N.D. Cal. Aug. 25, 2020) (citation omitted). Upon finding sufficient diligence, the court must next determine whether the nonmoving party would suffer prejudice if the motion to amend were to be granted. *Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 12-0630-LHK (PSG), 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013). In this context, prejudice is typically found when amending infringement or invalidity contentions would disrupt the case schedule or other court orders. *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 7386136, at *3 (N.D. Cal. Dec. 21, 2016). This Court has repeatedly held that before claim construction and before the end of discovery, no prejudice results. Ex. 4 ("claim construction is

RUSS, AUGUST & KABAT

still months away"); Dkt. 146 ("neither party will be prejudiced by the amendments given discovery remains open and no claims have been construed yet").

## IV.   FACTUAL BACKGROUND

### A.   Filing, Initial Contentions, and Stay

Corephotonics filed this case in November 2017, alleging that the iPhone 7 series and 8 series infringed patents including 9,185,291 ('291 Patent) and 9,568,712 ('712 Patent), among others. Dkt. 1. Corephotonics previously served infringement contentions on April 11, 2018 and May 30, 2018. Corephotonics served two separate sets of infringement contentions because this case results from consolidating two different cases filed several months apart. These initial contentions asserted claims of the '291 patent against the iPhone 7 Plus and claims of the '712 patent against the iPhone 7 Plus, iPhone 8 Plus, and iPhone X.

Apple suggested to stay the case (Dkt. 84 at 4–4; Dkt. 99), and the Court stayed the case from December 14, 2018 through April 14, 2022 (Dkts. 100, 127). Apple then repeatedly opposed lifting the stay (Dkts. 109, 121).

### B.   After the Stay, the Court Allowed Amended Contentions to Add Apple's Annual Products

Every year around September or October, Apple continued to release new iPhones that infringe Corephotonics' patents. The products include the iPhone X, XS, and XS Max series released in 2018, the iPhone 11 series released in 2019, the iPhone 12 series released in 2020, and the iPhone 13 series released in 2021. The stay prevented Corephotonics from adding these new products to the case until April 2022. Dkt. 124. Corephotonics moved for leave (Dkt. 129) to amend its infringement contentions to add these products, but Apple opposed. Dkt. 133.

The Court granted leave to add Apple's new products to the case. Dkt. 146. In its order, the Court wrote that "neither party will be prejudiced by the amendments given that discovery remains open and no claims have been construed yet. Both parties may amend their contentions by August 8, 2022." *Id.*

### C. 2022-2023 Repeat: Apple's New iPhone 14 Series

Then, Apple did it again. Apple released its iPhone 14 series phones from September 16 through October 7, 2022, and these phones continue to infringe the asserted '291 Patent.

Corephotonics diligently tested these phones for infringement. Apple does not make its source code public, and Apple will not provide iPhone 14 source code in discovery until the Court grants leave to add them to the case. Thus, Corephotonics had to obtain and test samples of the iPhone 14 series. Corephotonics obtained the phones on October 12 and 27, 2022. Ex. 10 ¶ 2. Without the source code, Corephotonics then needed to devise tests to determine how their internal algorithms operate. Corephotonics tested the multiple cameras in each of the iPhone 14, iPhone 14 Pro, and iPhone 14 ProMax in various ways to determine which patents they infringe. Testing involved custom setups and procedures, and not every test yielded conclusive results. The lengthy testing resulted in privileged work product dated October 18, 30, 31; November 3, 8, 16, 17, 19, 20, 22, 27, 28, 30, 31; Dec. 22, 28, and 29 of 2022; Jan. 3, 4, 10, 16; Mar. 9, 14, 16; and Apr. 16, 17, 18 of 2023 being sent from Corephotonics to its counsel. Ex. 1 ¶ 11.

From late 2022 through the present, Corephotonics repeatedly experienced business disruptions due to major civil unrest in Israel. Ex. 10 ¶ 7. Corephotonics is an operating Israeli company in Tel-Aviv, and its employees and leaders work in Israel. Protests and civil unrest disrupted Corephotonics' testing of the iPhone 14 series, especially from January through March 2023. *Id.* The civil unrest results from Israeli Prime Minister Netanyahu's proposed reforms to overhaul the country's judicial system. *See generally, e.g.,* Exs. 6–9. The reforms significantly reduce the power of Israeli Courts and allow for easier legislative overrides, upsetting the nation's system of checks and balances and challenging the integrity of its judicial system. Protesters are worried that the reforms allow Prime Minister Netanyahu to pack, control, and override the courts to escape his charges of fraud, breach of trust, and bribery. Ex. 6 at 1; Ex. 7 at 2–3.

The severity and impact cannot be understated. Israeli President Herzog warned that Israel was "on the verge of legal and social collapse." Ex. 6 at 4. The BBC reports that "[s]ince the start of the year, huge weekly protests have been held by people opposed to the government's reform plans. The scale of the protests has escalated, with hundreds of thousands of people packing the

streets in towns and cities across the country." Ex. 7 at 2; *see* Ex. 8 (describing scale of protests). These protests regularly shut down city infrastructure, preventing Corephotonics employees from getting to work to test the iPhone 14 series. Ex. 10 ¶ 7. At times, "masses of protesters . . . had taken over junctions and main roads in Tel Aviv, Jerusalem and around the country." Ex. 8 at 6. It was so bad that "police officers mounted on horses tried to push protesters off the road but retreated after failing to budge the crowd." *Id.* Protesters blocked downtown and parts of the Ayalon Highway of Tel Aviv. *Id.* at 8. The protests are frequent, not isolated, events. The protests repeat weekly, sometimes lasting for days.




Ex. 9 at 1, 4 (hundreds of thousands of protesters marching from Tel Aviv to Jerusalem over five days in scorching heat).




Ex. 8 at 7–8 (protesters blocking the Ayalon Highway in Tel Aviv).

To support the integrity of its country's judicial system, Corephotonics implemented a policy allowing all its employees to protest whenever they wanted, *with full pay*, and without counting against vacation days. Ex. 10 ¶ 4. Because of this, Corephotonics employees, including those involved with testing the iPhone 14 series, regularly participate in the mass civil protests. *Id.* ¶¶ 5–6. These staffing shortages repeatedly disrupted Corephotonics' business, including testing of the iPhone 14 series. *Id.* ¶¶ 4–7.

Despite these difficulties, Corephotonics managed to complete its analysis of the iPhone 14 series against many patents. Infringement testing concluded shortly after April 18, 2023, and Corephotonics promptly notified Apple that Corephotonics intended to amend its contentions to add the iPhone 14 on April 27, 2023 and asked if Apple opposes. Ex. 5 at 5. Counsel for Corephotonics and Apple conferred, sending several emails back and forth. At Apple's request, Corephotonics sent its amended contentions and basis for the amendments to Apple's counsel on July 5, 2023. *Id.* at 2. On July 25, 2023, Apple informed Corephotonics that it opposes giving leave for amending the infringement contentions to add the iPhone 14 series to this case. *Id.* at 1.

On May 23, 2023, the Court issued a scheduling order setting the *Markman* hearing for October 5, 2023 and the fact discovery deadline for November 17, 2023. Dkt. 175. On April 27, 2023, Apple filed a motion for supplemental claim construction based on events that occurred during USPTO reexamination of the asserted patents. Dkt. 171. Corephotonics argued the new terms were waived and futile (Dkt. 172), but the Court granted Apple's motion and continued the *Markman* hearing until October 5, 2023. Dkt. 173. Apple has yet to raise any claim construction issues related to the iPhone 14 series. The Court also held a settlement conference on June 29, 2023. Dkt. 176.

In parallel with preparing for the settlement conference, collecting claim construction evidence, and filing its supplemental claim construction briefing by July 10, Corephotonics prepared and served its amended contentions to Apple's counsel on July 5, 2023. Dkts. 176, 177; Ex. 5 at 2–3.

## V.   ARGUMENT

### A.   Corephotonics Diligently Investigated the iPhone 14 Series and Sought to Amend, Except When Prevented by National Unrest

Corephotonics could not have included the iPhone 14 series when filing the case in 2017 because Apple did not release these models until September and October 2022. Corephotonics diligently obtained samples of these phones in Israel and promptly tested them against many Corephotonics patents. Because Apple would not give Corephotonics the source code of the iPhone 14 series, testing the iPhone 14 series proved difficult and time intensive, especially for patents claims relating to processes within a smartphone's processor. Corephotonics performed extensive and ongoing testing from October 2022 through April 2023, except when interrupted by the Israeli protests. After forming a Rule 11 basis for infringement based on the testing, Corephotonics promptly informed Apple's counsel and sought leave to add the iPhone 14 series to the case on April 27, 2023. After back-and-forth emails between counsel (in parallel with addressing the new claim construction issues that Apple raised), Corephotonics served its proposed amended contentions and basis for the amendments to Apple's counsel on July 5, 2023.

The Court previously ruled that, under similar facts, Corephotonics was diligent and permitted to add Apple's previous annual iterations of iPhones to this case. Dkt. 146. When Corephotonics moved to add the 2021 iPhone 13 series (released around September 2021), the Court ruled, "Both parties may amend their contentions by August 8, 2022." *Id.* Now, Apple again released its iPhone 14 series from September through October 2022. After many custom tests, Corephotonics notified Apple's counsel and served proposed infringement contentions adding those products on July 5, 2023, well before the previous year's deadline of August 8.

Corephotonics acted with every motivation to investigate and add the iPhone 14 series to this case as quickly as possible. Corephotonics wants to timely assert its Constitutional patent right to collect its fair, reasonable royalty for infringement by the iPhone 14 series. To that end, Corephotonics wants to quickly seek discovery of the iPhone 14 series so Corephotonics can begin preparing its expert infringement report.

On the other hand, Apple has the opposite motivation and repeatedly sought to delay this case. *See* Dkts. 109, 121 (opposing lifting the stay). Apple has not raised any specific lack of diligence and appears opposed to this motion just to keep the iPhone 14 series out of this case to reduce its damages at trial. Ex. 5 at 1 (giving no specific justification).

Apple might argue that Corephotonics should have prioritized this case over the integrity of Israel's judicial system and acted more diligently while Israel was rocked by protests that shut down the country's infrastructure. But the Court has stated, "[t]he patent local rules are not an iron cage and they afford some degree of flexibility, particularly before claim construction has taken place," and the Court reminded parties to give "professional civility and courtesy." Ex. 4. Corephonics asks Apple to show such flexibility and courtesy here in view of Israel's crisis.

  **B.**  **Apple Suffers No Unfair Prejudice if Leave is Granted, But Both Parties Will Suffer Needless Litigation Expense if Leave is Denied**

In its previous order permitting Corephotonics to amend its initial infringement contentions to add Apple's latest products, the Court found that "neither party will be prejudiced by the amendments given that discovery remains open and no claims have been construed yet. Both parties may amend their contentions by August 8, 2022." Dkt. 146. The same finding still applies now, when Apple has again released new infringing products in 2022, both the *Markman* and discovery deadlines remain months away, and Corephotonics served Apple with a copy of the proposed amended contentions before August 8 of 2023.

Apple is not unfairly prejudiced by any need to address its own new products in this litigation. Because the proposed amendments to infringement contentions merely add Apple's latest iPhone 14 series of smartphones under the same infringement theory against the same claims of the presently asserted '291 Patent, Apple will suffer no unfair prejudice. No new claims are being asserted. No new prior art could realistically be raised. No new claim construction issues arise, and even if they did, Apple had a chance to raise this with the Court before the October 5, 2023 *Markman* hearing. Indeed, Apple proposed new terms for construction based on recent events of USPTO reexamination proceedings, but Apple has not identified any new claim construction issues from the amended infringement contentions. The infringement theory remains unchanged,

so Apple need not develop new noninfringement theories. If Apple needs new discovery about its own iPhone 14's, Apple has months to seek and/or produce it before November 17, 2023.

Apple has likely known for a long time that its iPhone 14 series were at risk of being added to this lawsuit. During the stay from 2018–2022, Apple continually released annual iterations of infringing products, and Corephotonics sought and obtained leave to add those products to this case. Apple likely considered the infringement risk when internally designing the iPhone 14 series back in 2021–2022, and it should have been no surprise to Apple that Corephotonics is seeking leave to add them to this case.

Not only will granting the motion cause no unfair prejudice to Apple, but denying the motion will needlessly raise the cost of litigation for both parties. Corephotonics could not have accused the 2022 iPhone 14 series in its initial 2017 complaint. So, to resolve Corephotonics' allegation of the iPhone 14 series infringing the same '291 Patent at issue in this case, Corephotonics will be forced to file a new lawsuit for the iPhone 14 series. Then, the parties will wastefully relitigate the same pleadings, prepare the same infringement and invalidity contentions, and reconduct the same discovery in parallel with this case. Here, the multitrillion dollar company, Apple, appears to be attempting to force these unnecessary expenses on the much smaller company Corephotonics—the very "wasteful litigation tactics" the Court has warned against before "[s]anctions will be imposed." Ex. 4.

## VI.   CONCLUSION

For the foregoing reasons, Corephotonics respectfully asks the Court to order that Corephotonics's amended infringement contentions adding the iPhone 14 series are deemed served with leave to amend as of their email delivery on July 5, 2023 to Apple's counsel.

DATED:  August 9, 2023                    Respectfully submitted,

                                          RUSS AUGUST & KABAT

By: */s/ Marc A. Fenster*
Marc A. Fenster (CA Bar No. 181067)
Benjamin T. Wang (CA Bar No. 228712)
Neil A. Rubin (CA Bar No. 250761)
James S. Tsuei (CA Bar No. 285530)
Peter Tong (CA Bar. No. 300347)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
mfenster@raklaw.com
bwang@raklaw.com
nrubin@raklaw.com
jtsuei@raklaw.com
ptong@raklaw.com

Attorneys for Plaintiff
Corephotonics, Ltd.

# CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on August 9, 2023, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

*/s/ Marc A. Fenster*