1   COOLEY LLP
    Heidi Keefe (178960)
2   (hkeefe@cooley.com)
    Lowell Mead (223989)
3   (lmead@cooley.com)
    Priya Viswanath (238089)
4   (pviswanath@cooley.com)
    3175 Hanover Street
5   Palo Alto, CA  94304
    Telephone:    (650) 843-5000
6   Facsimile:    (650) 849-7400

7   COOLEY LLP
    Phillip Morton (*pro hac vice*)
8   (pmorton@cooley.com)
    1299 Pennsylvania Avenue
9   NW, Suite 700
    Washington, DC 20004-2400
10  Telephone:    (202) 842-7800
    Facsimile:    (202) 842-7899

11
    Attorneys for Defendant
12  Apple Inc.

13

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16              SAN FRANCISCO DIVISION

17

18  COREPHOTONICS, LTD.,                    Case No. 3:17-cv-06457-JD (lead case)
                                            Case No. 5:18-cv-02555-JD
19                  Plaintiff,
                                            **APPLE INC.'S OPPOSITION TO**
20          v.                              **COREPHOTONICS, LTD.'S MOTION**
                                            **FOR LEAVE TO AMEND**
21  APPLE INC.,                             **INFRINGEMENT CONTENTIONS**

22                  Defendant.              Date: September 21, 2023
                                            Time: 10:00 AM
23                                          Courtroom: 11
                                            Before:  Hon. James Donato
24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................................... 1

II.     FACTUAL BACKGROUND ..................................................................................... 1

III.    LEGAL STANDARDS .............................................................................................. 3

IV.     COREPHOTONICS FAILS TO ESTABLISH GOOD CAUSE. ....................................... 3

V.      CONCLUSION .......................................................................................................... 7

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD                          - i -          APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*,
  No. C05-03117 MJJ, 2007 WL 2221029 (N.D. Cal. July 30, 2007) ........................................ 4

*Acer, Inc. v. Tech. Props. Ltd.*,
  No. 5:08-cv-00877 JF/HRL, 2010 WL 3618687 (N.D. Cal. Sept. 10, 2010) .......................... 3

*Aylus Networks, Inc. v. Apple Inc.*,
  No. C-13-4700 EMC, 2015 WL 12976113 (N.D. Cal. June 2, 2015) ..................................... 3

*Biogenex Labs., Inc. v. Ventana Med. Sys. Inc.*,
  C-05-860-JF, 2005 WL 1869342 (N.D. Cal. Aug. 5, 2005) ...................................................... 6

*CBS Interactive, Inc. v. Etilize, Inc.*,
  257 F.R.D. 195 (N.D. Cal. 2009) ............................................................................................. 3

*EON Corp. IP Holdings LLC v. Aruba Networks*, *Inc.*
  No. 12-cv-01011-JST, 2013 WL 6001179 (N.D. Cal. Nov. 12, 2013) ................................... 3

*Internap Corp. v. Noction, Inc.*,
  No. 3:15-cv-03014-JD, Dkt. 64 (N.D. Cal. Nov. 24, 2015) ................................................. 5, 6

*Internap Corp. v. Noction, Inc.*,
  No. 3:15-cv-03014-JD, Dkt. 74 (N.D. Cal. Jan. 7, 2016) (Donato, J.) ................................ 5, 6

*Koninklijke Philips N.V. v. Acer Inc.*,
  No. 18-cv-01885-HSG, 2019 WL 652868 (N.D. Cal. Feb. 15, 2019) ............................. 3, 4, 6

*Looksmart Grp., Inc. v. Microsoft Corp.*,
  No. 17-cv-04709-JST, 2019 WL 462987 (N.D. Cal. Feb. 6, 2019) ......................................... 6

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) ............................................................................................ 3, 6

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l*, *Inc.*,
  No. C 09-5235 MMC (MEJ), 2013 WL 4604206 (N.D. Cal. Aug. 28, 2013) ......................... 3

*Trans Video Elecs., Ltd. v. Sony Elecs.*, *Inc.*,
  278 F.R.D. 505 (N.D. Cal. 2011) ............................................................................................. 4

*Word to Info Inc. v. Facebook Inc.*,
  No. 15-cv-03485-WHO, 2016 WL 6276956 (N.D. Cal. Oct. 27, 2016) .................................. 6

**Other Authorities**

Patent Local Rule 3-6 ...................................................................................................................... 3

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

## I.   INTRODUCTION

The Court should deny Corephotonics's motion because Corephotonics was not diligent. No court in this district has ever found good cause to amend infringement contentions under circumstances like those here. Corephotonics waited 11 months to file this motion after the release of the iPhone 14 series products, including 10 months after it admits it had samples of the products. Discovery has been open the entire time. Corephotonics's proposed amendment adds literally only a few words to its contentions, citing only publicly-available information and grouping these products together with other products under the same high-level infringement theory. (Dkt. 179-2, 179-3.) And Corephotonics is not a resource-strapped startup as it misleadingly suggests. It is wholly owned by Samsung, acquired for a reported $155 million, though it refuses to disclose any discovery about its relevant relationships with Samsung as discussed in Apple's pending motion to compel discovery. (Dkt. 163.)

Rules exist for a reason. There is no way that the diligence required by the Patent Local Rules and case law precedent can be satisfied by a well-funded Samsung subsidiary delaying 11 months before moving to add new products under the same theory. Corephotonics does not cite any case granting amended contentions under similar circumstances. Courts in this district routinely deny motions to amend infringement contentions where the plaintiff delays for several months or more. There is no basis to reach a different result here.

## II.   FACTUAL BACKGROUND

This litigation has been pending since November 6, 2017. (Dkt. No. 1.) The case was stayed on December 14, 2018, and the stay was lifted on April 14, 2022. (Dkt. 100, 127.) On May 6, 2022, Corephotonics moved to amend its infringement contentions to accuse products released during the stay, and the Court granted that motion on July 25, 2022. (Dkt. 129, 146.)

Several weeks later, starting in mid-September 2022, Apple publicly introduced iPhone 14, iPhone 14 Plus, iPhone 14 Pro, and iPhone 14 Pro Max ("iPhone 14 series"). (Dkt. 179-5 at 2, 4 (Apple noting the product introductions, and Corephotonics acknowledging that the "iPhone 14 series was released around Sept. 16, 2022").)

According to Corephotonics's papers, it acquired samples of the iPhone 14 series products

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD                        - 1 -

APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

1    weeks later in October 2022 and tested them.  (Mot. at 4, Dkt. 179-10 ¶ 2.)

2          But then, seven months passed.  Corephotonics said nothing to Apple about these products.

3    On April 27, 2023—more than seven months after the products were released—Corephotonics sent

4    an email to Apple stating that it planned to move to amend its contentions, but did not provide a

5    copy of the proposed amendment or any substantive information about what the amendment might

6    contain.  (Dkt. 179-5 at 4.)[1]  The next day, Apple asked Corephotonics to explain its good cause

7    given that the products had been released long ago starting in September 2022.  (*Id.*)

8          Two more weeks passed.  On May 12, 2023, Corephotonics responded but did not provide

9    its proposed amended contentions.  (*Id*. at 3-4.)  The next business day, Apple responded and asked

10   Corephotonics to provide a copy of its proposed amendment.  (*Id*. at 3.)

11         Eight more weeks passed.  On July 5, 2023, Corephotonics finally provided its proposed

12   amended contentions.  (*Id*. at 2.)  As Corephotonics admits, the proposed amendment groups

13   together the iPhone 14 products "under the same infringement theory" as other products and adds

14   a few words and citations to videos and webpages that were publicly available in September 2022.

15   (Mot. at 8; Dkt. 179-2,[2] 179-3.)  The amendment also asserts claims 12 and 13 of the '291 patent,

16   which Corephotonics canceled in the reexamination of the '291 patent.  (*See* Dkt. 178-3 at 4, 8-9.)

17   In response, Apple explained that Corephotonics itself had canceled those claims, and therefore

18   they may not be asserted, and informed Corephotonics that it opposes the amendment due to lack

19   of good cause.  (Dkt. 179-5 at 1-2.)

20         Two more weeks passed.  Corephotonics filed its motion on August 9, 2023.  (Dkt. 179.)

21   _____

22   [1] Corephotonics incorrectly asserts that its April 27, 2023 email to Apple "sought leave to add the iPhone 14 series to the case."  (Mot. at 7.)  Not so.  Corephotonics did not seek leave from the Court, as required by the Patent Local Rules, until it filed the present motion months later on

23   August 9, 2023.

     [2] For example, the proposed amended invalidity contentions cite the following videos that

24   YouTube indicates were posted publicly on September 7, 2023:
       -   https://www.youtube.com/watch?v=FT3ODSg1GFE

25         https://www.youtube.com/watch?v=cgpSBjWutGY
     The proposed amended invalidity contentions also cite the following Apple web sites which were

26   publicly available by September 7, 2022, according to archive.org:
       -   https://www.apple.com/iphone-14/specs/ (available on September 7, 2022 as shown at

27         https://web.archive.org/web/20220801000000*/https://www.apple.com/iphone-14/specs/)
       -   https://www.apple.com/iphone-14-pro/specs/ (available on September 7, 2022 as shown at

28         https://web.archive.org/web/20220801000000*/https://www.apple.com/iphone-14-pro/specs)

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

- 2 -

APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

III.   **LEGAL STANDARDS**

"Patent Local Rule 3-6 provides that amendment of either infringement or invalidity contentions 'may be made only by order of the Court upon a timely showing of good cause.'" *Aylus Networks, Inc. v. Apple Inc.*, No. C-13-4700 EMC, 2015 WL 12976113, at *1 (N.D. Cal. June 2, 2015).  Good cause requires that a party "'acted with diligence in promptly moving to amend' after a circumstance supporting amendment occurs."  *Id.* (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006)).  "The party seeking to amend its contentions bears the burden of establishing diligence."  *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009).  The moving party must establish diligence in two ways: "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered."  *Koninklijke Philips N.V. v. Acer Inc.*, No. 18-cv-01885-HSG, 2019 WL 652868, at *1 (N.D. Cal. Feb. 15, 2019).

Diligence is evaluated based on "how quickly the party moves to amend its contentions." *Acer, Inc. v. Tech. Props. Ltd.*, No. 5:08-cv-00877 JF/HRL, 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010); *O2 Micro*, 467 F.3d at 1367-68 (addressing plaintiff's "delay in moving to amend its infringement contentions" and noting that plaintiff "waited almost three months . . . to serve its proposed amended contentions and two more weeks to formally move to amend"); Pat. L.R. 3-6 (requiring a "timely" showing of good cause).

Where the moving party "did not act diligently in moving to amend its infringement contentions," there is "no need to consider the question of prejudice."  *O2 Micro*, 467 F.3d at 1368.

IV.   **COREPHOTONICS FAILS TO ESTABLISH GOOD CAUSE.**

This case is not a close call on Corephotonics's extreme lack of diligence.  Courts in this district routinely find that plaintiffs failed to demonstrate diligence by delaying three or more months, even where the amendments provide much more new substance than Corephotonics provides here.  *O2 Micro*, 467 F.3d at 1367 (affirming N.D. Cal. district court finding that three months delay was not diligent); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. C 09-5235 MMC (MEJ), 2013 WL 4604206, at *4 (N.D. Cal. Aug. 28, 2013) (two months delay was not diligent); *EON Corp. IP Holdings LLC v. Aruba Networks, Inc.* No. 12-cv-01011-JST,

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD                                                      - 3 -

APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

1    2013 WL 6001179, at *2-3 (N.D. Cal. Nov. 12, 2013) (three months delay was not diligent); *Abbott*

2    *Diabetes Care Inc. v. Roche Diagnostics Corp.*, No. C05-03117 MJJ, 2007 WL 2221029, at *1

3    (N.D. Cal. July 30, 2007) (five month delay was not diligent); *Trans Video Elecs., Ltd. v. Sony*

4    *Elecs., Inc.*, 278 F.R.D. 505, 509 (N.D. Cal. 2011) (four month delay was not diligent); *Acer*, 2010

5    WL 3618687, at *4-5 (no diligence where party did not move for leave until "three months after it

6    began its review and three weeks after that review was completed").

7            Nothing in Corephotonics's motion papers comes anywhere close to establishing the

8    required showing of diligence.  First, Corephotonics misleadingly asserts that it needed to test the

9    products because "Apple would not give Corephotonics the source code of the iPhone 14 series."

10   (Mot. at 7.)  As an initial matter, Corephotonics did not ask Apple to provide source code for the

11   iPhone 14 series.  In fact, Corephotonics never said anything to Apple about the iPhone 14 series

12   for seven months after those products were introduced.  After seven months passed, Corephotonics

13   stated in late April 2023 that it planned to amend its contentions, then delayed another 2.5 months

14   before providing its proposed amendment.  (*See* Dkt. 179-5.)  And even if Corephotonics had asked,

15   Apple would not have been required to provide source code for a product not at issue in the case.

16           Furthermore, Corephotonics has never cited or relied upon any source code for any product

17   in its '291 patent infringement contentions, making its accusation highly disingenuous at best.

18   Instead, for all accused products it relies solely on publicly available information to provide only

19   vague and high-level theories based on consumer-level use of the products.  (Dkt. 179-2, 179-3.)

20           Next, Corephotonics claims that it performed some undisclosed "difficult and time

21   intensive" and "extensive and ongoing" testing between October 2022 and April 2023.  (Mot. at 7.)

22   But Corephotonics's motion papers do not show what testing was allegedly performed or exactly

23   how much time the testing allegedly took.  Setting aside Corephotonics's unsupported allegations,

24   the amended contentions themselves provide nothing more than a few additional words to group

25   the iPhone 14 products with many other accused products under the same high-level infringement

26   theory based on publicly available information.  (Dkt. 179-2, 179-3.)  The additions to the

27   contentions themselves, as shown in redline, could not have reasonably required more than a few

28   hours.  (*See id.*)  The amendment itself does not indicate that Corephotonics did anything more than

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD                    - 4 -

APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

1    reviewing publicly available product specifications and marketing materials. The amendment

2    provides no technical test results or any other indication that Corephotonics performed any

3    laboratory analysis. Corephotonics's claim that it allegedly performed "difficult and time

4    intensive" testing is not supported by its proposed amendment or by any other evidence.

5         Corephotonics attempts to excuse its delay by citing its choice to encourage its employees

6    to participate in civil protests in Israel. As an initial matter, that is completely inapposite and cannot

7    excuse Corephotonics's lack of diligence in this case. Even if the protests had forced Corephotonics

8    to shut down its business for months (which it admits they did not), in any event Corephotonics's

9    multiple technical expert consultants based in the U.S., who have performed extensive other work

10   supporting its litigation against Apple, could have performed testing to develop amended

11   contentions along with Corephotonics's U.S.-based counsel. Corephotonics's counsel also could

12   have reached out to notify Apple in October 2022 or any time thereafter to explain that

13   Corephotonics was considering accusing these products of infringement but was impeded by civil

14   unrest. Corephotonics's counsel and outside experts did none of that, and its present motion does

15   not claim otherwise. Instead, Corephotonics delayed through more than seven months of silence.

16        Regardless, even if the preparation of the proposed amendment somehow required the

17   involvement of Corephotonics employees in Israel (which it did not, as explained above),

18   Corephotonics's purported excuse still would be unavailing because Corephotonics does not allege

19   that the civil protests shut down its business for the 11 months that it delayed. To the contrary, its

20   declarant admits that Corephotonics simply chose to prioritize other work (Dkt. 179-10 ¶ 3) instead

21   of diligently prosecuting this lawsuit that Corephotonics chose to file and affirmatively moved to

22   un-stay last year. (Dkt. 120.)

23        This case is a far cry from and bears no resemblance to the *Internap* case Corephotonics

24   cites. (Mot. at 2, citing *Internap Corp. v. Noction, Inc.*, No. 3:15-cv-03014-JD, Dkt. 74 (N.D. Cal.

25   Jan. 7, 2016) (Donato, J.).) In that case, after the plaintiff served infringement contentions, the

26   defendant took issue with the sufficiency of the disclosures. *See Internap Corp. v. Noction, Inc.*,

27   No. 3:15-cv-03014-JD, Dkt. 64 at 2 (N.D. Cal. Nov. 24, 2015). Twelve days later, the plaintiff

28   served supplemental contentions to address the defendant's complaints and promptly filed a motion

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

- 5 -

APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

1   to amend; the defendant did not dispute that the amendment resolved its complaints, but it

2   nevertheless opposed the amendment and filed a motion to strike the amendment.  *See id*. at 2-3.

3   The Court permitted the amendment and commented on the "basic failure of professional civility

4   and courtesy" in the defendant's conduct, as the Patent Local Rules "are not an iron cage" and they

5   "afford some degree of flexibility" for circumstances like that.  *Internap Corp. v. Noction, Inc.*, No.

6   3:15-cv-03014-JD, Dkt. 74.

7          By contrast here, Corephotonics did not serve a corrected disclosure 12 days after

8   complaints from Apple about insufficiency.  Instead, Corephotonics delayed 11 months—seven

9   months of silence followed by four months before filing its motion—showing more dilatory

10  conduct than any court in this district has ever found to be sufficiently diligent under the Patent

11  Local Rules.  This is not a matter of "flexibility" in the rules for promptly correcting deficient

12  disclosures as in *Internap*.  This is a matter of respecting the Patent Local Rules and case law

13  precedent, which would have little meaning if the Court were to find that Corephotonics was

14  sufficiently diligent here.

15         Corephotonics's suggestion that it might "file a new lawsuit" on the iPhone 14 products

16  does not cure its lack of diligence and does not provide good cause under the Patent Local Rules.

17  (Mot. at 9.)  Any such lawsuit should be barred by the doctrine of claim splitting*.  See*, *e.g.*,

18  *Biogenex Labs., Inc. v. Ventana Med. Sys. Inc.*, C-05-860-JF, 2005 WL 1869342, at *2-3 (N.D.

19  Cal. Aug. 5, 2005).  In any event, because Corephotonics "has not filed separate actions predicated

20  on its proposed amended infringement contentions, any opinion on the propriety of such theoretical

21  actions would be premature."  *Acer*, 2010 WL 3618687, at *5.

22         Finally, because Corephotonics "did not act diligently in moving to amend its infringement

23  contentions," there is "no need to consider the question of prejudice."  *O2 Micro*, 467 F.3d at 1368;

24  *Word to Info Inc. v. Facebook Inc.*,  No. 15-cv-03485-WHO, 2016 WL 6276956, at *6 (N.D. Cal.

25  Oct. 27, 2016) (denying motion to amend contentions due to lack of diligence without consideration

26  of prejudice); *Looksmart Grp., Inc. v. Microsoft Corp.*, No. 17-cv-04709-JST, 2019 WL 462987,

27  at *3 (N.D. Cal. Feb. 6, 2019) (same).

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD                                    - 6 -

APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS

1  **V.    CONCLUSION**

2        For the foregoing reasons, Apple requests that the Court deny Corephotonics's Motion.

3

4  Dated:    August 23, 2023                         COOLEY LLP

5
                                                     /s/ Heidi L. Keefe
6                                                    HEIDI KEEFE (178960)
                                                     (hkeefe@cooley.com)
7                                                    LOWELL MEAD (223989)
                                                     (lmead@cooley.com)
8                                                    PRIYA B. VISWANATH (238089)
                                                     (pviswanath@cooley.com)
9                                                    3175 Hanover Street
                                                     Palo Alto, CA  94304
10                                                   Telephone:    (650) 843-5000
                                                     Facsimile:    (650) 849-7400
11
                                                     COOLEY LLP
12                                                   PHILLIP MORTON (*pro hac vice*)
                                                     (pmorton@cooley.com)
13                                                   1299 Pennsylvania Avenue
                                                     NW, Suite 700
14                                                   Washington, DC 20004-2400
                                                     Telephone:  (202) 842-7800
15                                                   Facsimile:  (202) 842-7899

16                                                   *Attorneys for Defendant Apple Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD                       - 7 -       APPLE'S OPPOSITION TO MOTION TO AMEND
                                                            INFRINGEMENT CONTENTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served on August 23, 2023, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

/s/ Heidi L. Keefe
Heidi L. Keefe

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

- 8 -

APPLE'S OPPOSITION TO MOTION TO AMEND
INFRINGEMENT CONTENTIONS