

Via ECF

Heidi L. Keefe
T: +1 650 843 5001
hkeefe@cooley.com

October 3, 2023

District Judge James Donato
U.S. District Court, San Francisco Courthouse,
Courtroom 11, 19th Floor
450 Golden Gate Avenue,
San Francisco, CA 94102

**Re:** *Corephotonics v. Apple*, Case Nos. 3:17-cv-06457-JD (lead case), 5:18-cv-02555-JD

Dear Judge Donato:

Pursuant to the Standing Order for Discovery in Civil Cases and the Protective Order (Dkt. 77), Apple respectfully requests that the Court enter a protective order prohibiting Corephotonics from disclosing information produced and designated as confidential by Apple under the Protective Order to Dr. Thomas Milster, Corephotonics's paid litigation expert, because he is actively prosecuting pending patent applications in the same field as Apple's highly confidential information produced in this case. Disclosure of Apple's designated confidential discovery to him would present an unavoidable conflict with the Protective Order's Prosecution Bar. The parties conferred telephonically on September 26, 2023 and reached impasse.

**I.   APPLE HAS RELIED ON THE PROTECTIVE ORDER AND PROSECUTION BAR TO PRODUCE HIGHLY CONFIDENTIAL AND SENSITIVE TECHNICAL INFORMATION AND SOURCE CODE**

Apple has produced highly confidential and sensitive technical documents, specifications, designs, and source code comprising and describing Apple's proprietary mobile device camera technologies in the accused Apple products, designated "Confidential – Attorneys' Eyes Only" or "Confidential – Attorneys' Eyes Only – Source Code" under the Protective Order.

The Prosecution Bar in the Protective Order prohibits individuals who view such designated "Attorneys' Eyes Only" confidential information from being involved, "directly or indirectly," in "advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of **mobile device camera technology**." Dkt. 77, ¶ 6(b) (Prosecution Bar) (emphasis added). The Protective Order therefore requires that, before disclosing any confidential information of another party to a proposed expert or consultant, the disclosing party must disclose to the other party all employment, consulting engagements, and pending patent applications relating to the field of mobile device camera technology, and obtain the other party's consent prior to the disclosure. *Id.*, ¶ 12(a) (emphasis added).



Page Two

II. **COREPHOTONICS SEEKS TO DISCLOSE APPLE'S CONFIDENTIAL INFORMATION TO AN EXPERT WITH ACTIVE PATENT APPLICATIONS IN THE RELEVANT TECHNOLOGY FIELD**

On September 11, 2023, Corephotonics disclosed Dr. Thomas D. Milster as a potential expert and provided notice that it seeks to disclose Apple's highly confidential information to Dr. Milster.

Apple timely objected on September 22, 2023, on the grounds that Dr. Milster is a named inventor on multiple pending patent applications on camera technologies.  For example, one of his pending applications is specifically directed to **mobile device camera technology**: a system for "lens testing and atmospheric correction of **images captured by cell phone cameras**."[1]  That application's currently pending claims include a system "for correcting **images captured by a camera module of a mobile device** for atmospheric aberration."[2]  Dr. Milster also has other pending applications directed to camera lens technologies that can be used in mobile devices.[3]

III. **GOOD CAUSE EXISTS TO PREVENT DISCLOSURE OF APPLE'S HIGHLY CONFIDENTIAL INFORMATION TO THIS PROFFERED EXPERT**

Good cause supports entry of a protective order to preclude Dr. Milster from accessing Apple's "Attorneys' Eyes Only" confidential information.  Fed. R. Civ. P. 26(c) (the Court may enter a protective order for "good cause").  The Protective Order provides that for purposes of objecting to another party's proposed expert or consultant, "'good cause' shall include an objectively reasonable concern that the [proposed individual] will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order." Dkt. 77, ¶ 12(c).  Here, Apple has an objectively reasonable concern that Dr. Milster will violate the Prosecution Bar.  To the extent Dr. Milster has any involvement, directly or indirectly, in advising, consulting, or otherwise providing input into the scope of claims in his pending patent applications relating to mobile device camera technology, he will violate the Prosecution Bar.  *Id*., ¶ 6(b).  For example, if the pending claims are rejected by the Examiner and Dr. Milster needs to approve an amendment or argument to distinguish prior art, he will violate the Prosecution Bar.

In addition, even assuming the best intentions, there is a substantial risk that this individual might inadvertently use confidential Apple information when prosecuting his relevant patent applications and claims, thereby violating the Protective Order and risking competitive harm to Apple.  As the Federal Circuit has instructed, "it is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so."  *In re Deutsche Bank Trust Co.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (quotation omitted).  Rather than risk future violation of the Court's Protective Order, the best course is to prohibit this individual from receiving Apple's confidential materials in the first instance.  *Cf.*

---

[1] App. no. 17/796,756, published as U.S. Pub. App. No. 2023/0073901 A1 (available at https://ppubs.uspto.gov/pubwebapp/static/pages/ppubsbasic.html), Abstract, ¶¶ 2, 46, 62.
[2] *Id*., claims 19-20.
[3] *E.g.*, app. no. 17/786,025, published as U.S. Pub. App. No. 2023/0020396 A1.



Page Three

*Avago Techs., Inc. v. IPtronics Inc.*, Case No. 5:10–cv–02863–EJD, 2015 WL 3640626, at *3-4 (N.D. Cal. June 11, 2015) (finding that expert had violated prosecution bar by participating in patent prosecution in the prohibited technical field).

Corephotonics has not identified any unfair prejudice, let alone that which outweighs and justifies the unavoidable conflict and risk. Corephotonics remains free to work with other experts who do not present these specific concerns and may work with Dr. Milster on issues and projects that do not require him to review Apple's designated "Attorneys' Eyes Only" confidential information.

For these reasons, Apple respectfully requests that the Court enter an order prohibiting Corephotonics from disclosing to Dr. Milster any materials or information designated as "Confidential – Attorneys' Eyes Only" or "Confidential – Attorneys' Eyes Only – Source Code" by Apple under the Protective Order.

Sincerely,

*/s/ Heidi L. Keefe*
Heidi L. Keefe
*Counsel for Apple Inc.*