COOLEY LLP
Heidi Keefe (178960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya B. Viswanath (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, California 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

COOLEY LLP
Phillip Morton (*Pro Hac Vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue
NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

*Attorneys for Defendant*
  Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC.<br><br>Defendant. | Case No. 3:17-cv-06457-JD (lead case)<br>Case No. 5:18-cv-02555-JD<br><br>**DEFENDANT'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO AMEND ANSWER**<br><br>Date: December 14, 2023<br>Time: 10 a.m.<br><br>Courtroom 11, 19th Floor<br>450 Golden Gate Avenue,<br>San Francisco, CA 94102 |

**REDACTED VERSION**

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

MOTION TO AMEND ANSWER

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................................... 2

    A. Samsung Acquired Plaintiff Corephotonics After the Answer Was Filed .............. 2

    B. Samsung Covenanted Not to Assert Patents Against Apple ................................... 3

    C. Corephotonics Claimed it was Not Controlled by Samsung ................................... 4

    D. Only After The Court Ordered Production of the Share Purchase Agreement Did Corephotonics Recently Begin Selectively Producing Limited Information ................................................................................................. 4

III. LEGAL STANDARDS ........................................................................................................ 6

IV. ARGUMENT ........................................................................................................................ 7

    A. Leave to Amend Should Be Freely Granted When Justice So Requires ................ 7

        1. Corephotonics Will Not Be Prejudiced by the Amendment ....................... 7

        2. There Has Been No Bad Faith or Undue Delay By Apple ......................... 7

        3. The Proposed Amendment is Not Futile ..................................................... 8

    B. Even If the Good Cause Standard Applies, Good Cause Exists for the Proposed Amended Answer Based on Recent Discovery and Apple's Diligent Pursuit of Samsung-Corephotonics Discovery ......................................... 8

V. CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Eminence Cap. v. Aspeon*,
   316 F.3d 1048 (9th Cir. 2003) .................................................................................................. 6, 7

*Finjan v. Blue Coat Sys.*,
   No. 13-cv-03999-BLF, 2014 WL 6626227 (N.D. Cal. Nov. 20, 2014) ..................................... 8

*Finjan v. Check Point Software Techs.*,
   No. 18-cv-02621-WHO, 2019 WL 1455333 (N.D. Cal. Apr. 2, 2019) ..................................... 6

*Foman v. Davis*,
   371 U.S. 178 (1962) ................................................................................................................ 6, 7

*Fujitsu v. Nanya Tech*,
   No. C 06-6613 CW, 2008 WL 962146 (N.D. Cal. Apr. 08, 2008) ........................................... 8

*Johnson v. Mammoth Recreations*,
   975 F.2d 604 (9th Cir. 1992) .................................................................................................... 8

*Moeller v. Taco Bell Corp.*,
   No. C 02-5849 PJH, 2013 WL 12440996 (N.D. Cal. Nov. 21, 2013) ...................................... 6

*Norton v. Santa Rosa Police Dep't*,
   No. 14-cv-04352-JST, 2015 U.S. Dist. LEXIS 157377 (N.D. Cal. Nov. 19, 2015) ................. 6

*Santa Clara Valley Water Dist. v. Olin Corp.*,
   No. C-07-cv-03756 RMW, 2009 WL 667429 (N.D. Cal. Mar. 13, 2009) ............................... 6

*Synchronoss Techs. v. Dropbox*,
   No. 16-cv-00119-HSG, 2019 WL 95927 (N.D. Cal. Jan. 3, 2019) ....................................... 6, 8

**Other Authorities**

Fed. R. Civ. P.
   15 ........................................................................................................................... 6, 7, 8. 9
   16 ............................................................................................................................ 6, 8, 9

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on **DECEMBER 14, 2023 AT 10:00 A.M.**, or as soon thereafter as the motion may be heard, in the courtroom of the Honorable James Donato, located at Courtroom 11, 19th Floor, San Francisco Courthouse at 450 Golden Gate Ave., San Francisco, CA 94102, Defendant Apple, Inc. ("Apple") will and hereby does move the Court for leave to amend its Answer. The motion is based upon this Notice, the Memorandum of Points and Authorities, the pleadings, all matters of which the Court may take judicial notice, and any other argument or evidence that may be presented in support of this Motion.

**STATEMENT OF RELIEF REQUESTED**

Apple moves for leave to amend its Answers in the consolidated actions as set forth in Exhibits A1 and A2.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **INTRODUCTION**

Defendant Apple, Inc. respectfully seeks leave to amend its existing affirmative defenses to add details that did not exist at the time of Apple's original answer years ago. No new claims or defenses are being added; only recently discovered facts and updates in view of the stay.

The proposed amendments fall into two categories:

- ***Further Facts Supporting Apple's Existing Defenses***: Apple's original answer included affirmative defenses, including non-infringement, equitable defenses, and limitation on damages. Apple seeks to supplement its existing defenses with further supportive facts based on Samsung's acquisition of Corephotonics, which occurred after Apple's original answer was filed, and the documents and discovery responses Corephotonics recently produced in October 2023, which also occurred after Apple's original answer was filed.

- ***Updating the Answer In View of Invalidated Patents No Longer In the Case***: These consolidated cases originally began with five patents and only two patents-in-suit remain. Three of the patents – U.S. Patent Nos. 9,402,032, 9,538,152, and 9,857,568 – were found invalid and cancelled by the Patent Office and Federal Circuit during the stay of this case. The proposed amendment cleans up the answer in view of these changed developments.

Ample reasons exist for allowing the proposed amendments, including because Apple diligently pursued discovery of facts supporting its defenses. It was not until recently,

however, that Corephotonics produced the critical information in its production of the Samsung Share Purchase Agreement and its discovery response confirming that ███████████ ████████████████████████████████████. Rather than piecemeal amend its answer, Apple collected as much information as it reasonably could – notwithstanding Corephotonics's obstructionist behavior necessitating a Court ruling on the pending Samsung discovery dispute – before moving for leave to amend its answer. Any purported delay in amending is attributable to Corephotonics's refusal to timely provide the requested discovery. Because no extension of the case schedule is needed based on the proposed amendment and because Corephotonics cannot identify any prejudice, Apple's motion should be granted.

## II.   FACTUAL BACKGROUND

### A.   Samsung Acquired Plaintiff Corephotonics After the Answer Was Filed

This patent case began with four patents-in-suit, based on a complaint filed by Plaintiff Corephotonics in late 2017. (Dkt. 1.)[1] After some initial briefing (Dkt. 39, 42, 46), Defendant Apple filed its answer to the operative first amended complaint in October 2018. (Dkt. 92; *see also* Dkt. 18 (-2555 Action).) Apple's affirmative defenses included non-infringement, equitable defenses, and limitation on damages. (Dkt. 92 at 13 (First Defense, Third Defense, Fifth Defense); Dkt. 18 (-2555 Action) at 10 (same).) Corephotonics did not challenge the sufficiency of Apple's affirmative defenses.

A few months later, the case was stayed pending *inter partes* review. (Dkt. 100.) The case was stayed from December 2018 to April 2022. (Dkt. 127.)

During the stay, one of Samsung Electronics Co. Ltd.'s ("Samsung SEC") wholly owned subsidiaries, Samsung Electronics Benelux B.V. ("Samsung SEBN"), acquired Plaintiff Corephotonics. As Corephotonics's logo makes clear, it is a "Samsung company":



---

[1] On April 30, 2018, Corephotonics added a patent in a separate suit (No. 18-CV-02555) which has been consolidated with this action.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

2

MOTION TO AMEND ANSWER

(https://corephotonics.com/contact/.) Samsung SEBN acquired all of the shares of Corephotonics Ltd., and Samsung SEC reports in its financial statements that it is the holder of 100% ownership in (1) Corephotonics and (2) Samsung Benelux, where the percentage ownership "represents [Samsung SEC's] ownership of the voting rights in each entity, including subsidiaries' ownerships." (*See* Ex. A1 (Proposed Amended Answer at Third Defense) (citing supporting evidence).)[2]

### B. Samsung Covenanted Not to Assert Patents Against Apple

As the proposed Amended Answer explains, Apple and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. A1 (Proposed Amended Answer at Third Defense); Ex. I.) That agreement contains, among other clauses, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.*) (emphasis added).) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.*) (emphasis added.) ▮▮▮▮ identifies SEC as a "related party" and a company

---

[2] Attached as Ex. A2 is the Amended Answer in the -2555 Action. The proposed amendments mirror Ex. A1, and thus, the arguments and cites herein will only reference Ex. A1.

"with significant influence" on ▇▇▇ (Ex. A1 (Proposed Amended Answer at Third Defense) (citing evidence). SEC and ▇▇▇ have also been identified as affiliates of the Samsung Group. (*Id.*). Corephotonics is thus a Related Entity, governed by the Apple-▇▇▇ because Corephotonics and ▇▇▇ are both controlled by or under common control with Samsung Electronics Co., Ltd. ("Samsung SEC") and/or the Samsung Group. (*Id.*)

### C. Corephotonics Claimed it was Not Controlled by Samsung

After the stay lifted, Apple promptly began seeking discovery into the new developments, including the acquisition and the Samsung/Corephotonics relationship. In October 2022, Apple served interrogatories and requests for production directed at exploring Corephotonics's relationship with Samsung. (*E.g.*, Mead Ex. B (*e.g.*, Rog. 14); Ex. C .) Apple also produced the relevant ▇▇▇ agreement and explained the grounds for its defense and the need for further discovery in correspondence to Corephotonics in March 2023. (Mead Decl., ¶ 6; Ex. I; Ex. D.) Corephotonics refused to fully respond to the discovery requests and the parties' discovery dispute, after meet-and-confers, resulted in a discovery letter and response letter submitted by Apple and Corephotonics in March 2023. (Dkt. 163, 169.) In pertinent part, Corephotonics represented: "Samsung's 2019 acquisition was a ***shares-only acquisition***" and "Corephotonics remains a ***distinct corporate entity***". (Dkt. 169 at 2 (emphasis added).)

Corephotonics resisted all discovery into the Samsung/Corephotonics acquisition, including refusing to produce any share purchase agreements and the related acquisition documents. Corephotonics's position was – absent a written order from the Court – it need not produce any acquisition materials.

### D. Only After The Court Ordered Production of the Share Purchase Agreement Did Corephotonics Recently Begin Selectively Producing Limited Information

During the recent October 2023 *Markman* hearing, the Court specifically ordered Corephotonics to produce the Samsung share purchase agreement ("SPA"). (Ex. E (H'rg. Tr. at 44:13-14).) The Court also stated: "Take some depositions of Corephotonics and Samsung on their relationship." (*Id.* at 46:4-5.) With the initial logjam broken, Corephotonics consequently slowly began producing limited information about the Samsung relationship.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

4

MOTION TO AMEND ANSWER

1   October 10 (Rog. Response): In a recent interrogatory response, Corephotonics admitted
2   for the first time that ███████████████████████████████████ (Ex. F (10/10/Resp
3   to 3rd set of Rogs.) at 5.)  In other words, Corephotonics is *not* an independent entity, but is instead
4   ████████████████████████████████

5   October 13 (Selective Production of Share Purchase Agreements):  Corephotonics
6   selectively produced a few share purchase agreements (but Corephotonics withheld the
7   accompanying schedules).

8   Critically, one of the agreements Corephotonics produced was between Samsung SEC
9   ("Purchaser") and Corephotonics ("Company"), which contained the following clause:

███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████

15  (Ex. G (COREPH077405 at COREPH077459 (§ 11.7) (emphasis added)).)  This new information
16  shed new light on a deal that Corephotonics had previously described as a mere "shares-only
17  acquisition." (Dkt. 169 at 2.)  Instead, this clause confirms that ███████████████
18  ███████████████████████████████████████████████████
19  ███████████████████ In other words, ██████████████████████████
20  █████████████████████████

21  In the face of such stark evidence of Samsung control, Apple has repeatedly requested that
22  Corephotonics produce agreements evidencing that control by Samsung ████████████
23  does not exist.  No such evidence has been produced.[3]  The evidence is entirely one-sided, █████
24  █████████████████████████████████████████████████

25  Prompt Meet-and-Confer: Apple thus promptly notified Corephotonics of Apple's intent
26  to amend its answers (including attaching a proposed amendment) on October 18, and the parties
27  conferred telephonically on October 25, reaching impasse.

---
[3] Apple has also subpoenaed Samsung ████████████████

1  November 3 (Delayed Production of Schedules to Share Purchase Agreements): Corephotonics finally produced the schedules to the Share Purchase Agreements.

### III. LEGAL STANDARDS

Under Rule 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'" *Synchronoss Techs. v. Dropbox*, No. 16-cv-00119-HSG, 2019 WL 95927, at *2 (N.D. Cal. Jan. 3, 2019) (citation omitted). "This policy is 'to be applied with extreme liberality.'" *Eminence Cap. v. Aspeon*, 316 F.3d 1048, 1051 (9th Cir. 2003). The factors relevant to determining amendment under Rule 15 are bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052.

None of the prior scheduling orders set a deadline for the amendment of pleadings (Dkts. 38, 66, 67, 87, 175.) Where, as here, a Court does not set a deadline for amendment and the amendment would not cause a change to the existing case schedule, leave to amend should be freely granted under Rule 15. *See Finjan v. Check Point Software Techs.*, No. 18-cv-02621-WHO, 2019 WL 1455333, at *3 (N.D. Cal. Apr. 2, 2019) (applying Rule 15 where the scheduling order did not set a deadline for amending pleadings and no modification of the case schedule would be required); *Norton v. Santa Rosa Police Dep't,* No. 14-cv-04352-JST, 2015 U.S. Dist. LEXIS 157377, at *3 (N.D. Cal. Nov. 19, 2015) (Rule 16 did not apply "because the Court's scheduling order [ ] did not set a deadline by which the parties must have filed amended pleadings."); *Santa Clara Valley Water Dist. v. Olin Corp.*, No. C-07-cv-03756 RMW, 2009 WL 667429, at *4 (N.D. Cal. Mar. 13, 2009) ("Because the court's case scheduling orders imposed no deadline for amending the pleadings, [Defendant] is not required to show good cause [under Rule 16] for its desire to amend its counterclaim."); *Moeller v. Taco Bell Corp.,* No. C 02-5849 PJH, 2013 WL 12440996 at *1 (N.D. Cal. Nov. 21, 2013) (where "no deadline for amending the pleadings was ever set in a case management or pretrial scheduling order … the applicable standard is provided by Rule 15(a)").

The proposed amendment is fully justified, as discussed below.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

6

MOTION TO AMEND ANSWER

IV. **ARGUMENT**

A. **Leave to Amend Should Be Freely Granted When Justice So Requires**

As noted above, the proposed answer does not seek to add any new claims or defenses. It merely seeks to add additional facts that Corephotonics has known about. None of the factors relevant to determining amendment under Rule 15, such as prejudice to the opposing party, bad faith, undue delay, or futility of the amendment weigh against amendment. *Foman*, 371 U.S. at 182. Leave to amend Apple's answer should thus be granted. Fed. R. Civ. P. 15(a)(2) ("leave to amend shall be freely granted 'when justice so requires'"). *Eminence Cap.*, 316 F.3d at 1051 ("This policy is 'to be applied with extreme liberality.'").

1. **Corephotonics Will Not Be Prejudiced by the Amendment**

Corephotonics cannot claim prejudice by the amendment given that (a) the amendment does not seek to add any new claims or defenses, (b) Corephotonics has been aware of Apple's pursuit of this discovery and aware of the potential defenses arising from the ███████████████ ███ since the case was unstayed, (c) the facts in the answer are facts Corephotonics knew about or long had possession of, (d) Corephotonics has been aware that Apple was waiting for the Court to rule on the discovery dispute, and (e) Corephotonics caused delay through its unwillingness to produce the request information until only recently. Apple is seeking to add further facts to support its existing non-infringement, equitable, and damages defenses that were already known to Corephotonics. Corephotonics has also had access to the relevant information about Samsung's control over it and other entities far longer than Apple. Most importantly, ***no extension of the schedule is needed***. On the parties' meet-and-confer, Corephotonics could not identify any concrete prejudice from the proposed amendment.

2. **There Has Been No Bad Faith or Undue Delay By Apple**

As explained above, Apple diligently pursued discovery of facts supporting its affirmative defenses. Apple promptly produced the relevant ███████████ agreement and sought Court assistance on the Samsung discovery dispute. Apple also explained the grounds for its defense and the need for further discovery in correspondence to Corephotonics back in March 2023. (Ex. D.) Apple also included an explanation of the defense in its rebuttal damages contentions. (Ex. H.)

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

7

MOTION TO AMEND ANSWER

Only recently did Corephotonics produce the highly relevant Samsung Share Purchase Agreement and confirm the ███████████████████████ Apple then promptly proceeded to meet-and-confer on the proposed amendment. There has been no bad faith or undue delay by Apple.

### 3. The Proposed Amendment is Not Futile

Despite Corephotonics's efforts to hide its relationship with Samsung SEC, it is now clear that Samsung SEC controls Corephotonics based on the Share Purchase Agreement and ██████ Samsung SEC is also identified by ███ as a "related party" "with significant influence" on it. (Ex. A1.) Apple should be allowed to use these recently revealed facts to support its existing non-infringement, limitation on damages, and equitable affirmative defenses.

### B. Even If the Good Cause Standard Applies, Good Cause Exists for the Proposed Amended Answer Based on Recent Discovery and Apple's Diligent Pursuit of Samsung-Corephotonics Discovery

As noted above, Rule 15 – not Rule 16 – applies. But even if Rule 16 applies, amendment is proper because Courts regularly find good cause for a proposed amendment where discovery reveals new or additional information that was unavailable before. *E.g.*, *Fujitsu v. Nanya Tech*, No. C 06-6613 CW, 2008 WL 962146, at *2-3 (N.D. Cal. Apr. 08, 2008) (finding good cause to amend more than one year after the amendment deadline because discovery revealed new information); *Finjan v. Blue Coat Sys.*, No. 13-cv-03999-BLF, 2014 WL 6626227, at *2-3 (N.D. Cal. Nov. 20, 2014) (finding good cause to amend nine months after the amendment deadline because defendants could not have uncovered new facts underlying their new asserted defenses before the deadline); *Synchronoss*, 2019 WL 95927, at *2 (finding good cause to support a new unclean hands defense). *See also Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) ("'good cause' standard primarily considers the diligence of the party seeking the amendment.").

The proposed answer does not seek to add any new claims or defenses. Instead, the proposed answer seeks to: (1) supplement existing defenses with additional facts recently shown in discovery, and (2) update the answer regarding developments since the stay (*e.g.*, patents that have been invalidated and that Samsung acquired Corephotonics). Apple diligently pursued

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

8

MOTION TO AMEND ANSWER

discovery of the relevant facts before filing the instant motion.

Apple could not have included these details in its original answer in October 2018 (Dkt. 92) because the facts and arguments Apple seeks to add did not exist at that time (*i.e.* Samsung had not acquired Corephotonics). The case was then stayed for 3.5 years. Upon lifting of the stay, Apple has been diligent in attempting to gather the necessary information to provide as much detail as possible to support its defenses. Rather than seek to serially amend with incomplete facts and a discovery dispute pending before the Court, Apple monitored public statements and sought the Court's ruling on the discovery dispute. Apple served additional discovery requests seeking further information about Samsung's control over Corephotonics. Apple promptly produced the relevant ▮▮▮▮▮▮▮ agreement, explained the grounds for its defense and the need for further discovery in correspondence to Corephotonics in March 2023, and included an explanation of the defense in its rebuttal damages contentions. (Mead Decl., ¶ 6; Ex. D; Ex. H.) On October 5, 2023, the Court ordered Corephotonics to produce Share Purchase Agreements involving Samsung.

The recent production of both the Share Purchase Agreements on October 13, 2023 and Corephotonics's discovery responses served on October 10, 2023, confirmed that Corephotonics is under the control of at least Samsung SEC. Given that Apple promptly amended after receiving this new Court-ordered discovery, Corephotonics cannot claim that Apple was not diligent even if the Rule 16 good cause standard applies.

## V.   CONCLUSION

Apple respectfully moves for leave to amend its answers as attached in Exs. A1 and A2.

Dated: November 6, 2023                                  Respectfully submitted,

COOLEY LLP

By: */s/ Heidi Keefe*
Heidi Keefe (178960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya B. Viswanath (238089)
(pviswanath@cooley.com)
COOLEY LLP
3175 Hanover Street

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

9

MOTION TO AMEND ANSWER

Palo Alto, California  94304
Telephone:(650) 843-5000
Facsimile: (650) 849-7400

COOLEY LLP
Phillip Morton (*Pro Hac Vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842-7800
Facsimile:   (202) 842-7899

*Attorneys for Defendant Apple, Inc.*

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

10

MOTION TO AMEND ANSWER