# EXHIBIT A1

# REDACTED

1
2
3
4
5
6

COOLEY LLP
HEIDI KEEFE (176960)
(HKEEFE@COOLEY.COM)
LOWELL MEAD (223989)
(LMEAD@COOLEY.COM)
PRIYA B. VISWANATH (238089)
(PVISWANATH@COOLEY.COM)
3175 HANOVER STREET
PALO ALTO, CA  94304
TELEPHONE:      (650) 843-5000
FACSIMILE:      (650) 849-7400

7
8
9
10
11

COOLEY LLP
STEPHEN SMITH (*PRO HAC VICE*)
(STEPHEN.SMITH@COOLEY.COM)
PHILLIP MORTON (*PRO HAC VICE*)
(PMORTON@COOLEY.COM)
1299 PENNSYLVANIA AVENUE
NW, SUITE 700
WASHINGTON, DC 20004-2400
TELEPHONE:  (202) 842-7800
FACSIMILE:   (202) 842-7899

12
13

Attorneys for Defendant
Apple Inc.

14

15

UNITED STATES DISTRICT COURT

16

NORTHERN DISTRICT OF CALIFORNIA

17

SAN JOSE DIVISION

18

19
20
21
22
23
24
25
26

COREPHOTONICS, LTD.,

            Plaintiff,

      v.

APPLE INC.,

            Defendant.

Case No.  5:17-cv-06457

**FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

Original Complaint Filed:
November 6, 2017

27

28

## **FIRST AMENDED ANSWER**

1.      Defendant Apple Inc. ("Apple"), hereby answers the First Amended Complaint filed by Plaintiff Corephotonics, Ltd. ("Corephotonics").  Each allegation not expressly admitted is denied. The following numbered paragraphs of this Answer correspond to the numbered paragraphs in the First Amended Complaint, other than with respect to the affirmative defenses, counterclaims, jury demand set forth herein, and the Prayer for Relief.

### **NATURE OF THE ACTION**

2.      Apple admits that this purports to be a civil action for patent infringement under 35 U.S.C. § 1, et seq.

3.      Apple admits that U.S. Patent No. 9,402,032 (the "'032 patent") is entitled "Miniature Telephoto Lens Assembly."  Apple further admits that the face of the '032 patent indicates that it issued on July 26, 2016.  Apple further admits that the face of the '032 patent indicates that Corephotonics was the assignee of the patent on the date of issuance, but Apple is without sufficient information to admit or deny whether Corephotonics is the legal owner of the '032 patent.  Apple further admits that Exhibit A is a copy of the '032 patent.  Except as expressly admitted, Apple denies the remaining allegations in paragraph 3.

4.      Apple admits that U.S. Patent No. 9,568,712 (the "'712 patent") is entitled "Miniature Telephoto Lens Assembly."  Apple further admits that the face of the '712 patent indicates that it issued on February 14, 2017.  Apple further admits that the face of the '712 patent indicates that Corephotonics was the assignee of the patent on the date of issuance, but Apple is without sufficient information to admit or deny whether Corephotonics is the legal owner of the '712 patent.  Apple further admits that Exhibit B is a copy of the '712 patent.  Except as expressly admitted, Apple denies the remaining allegations in paragraph 4.

5.      Apple admits that U.S. Patent No. 9,185,291 (the "'291 patent") is entitled "Dual Aperture Zoom Digital Camera."  Apple further admits that the face of the '291 patent indicates that it issued on November 10, 2015.  Apple further admits that the face of the '291 patent indicates that Corephotonics was the assignee of the patent on the date of issuance, but Apple is without sufficient information to admit or deny whether Corephotonics is the legal owner of the '291 patent.  Apple

further admits that Exhibit C is a copy of the '291 patent.  Except as expressly admitted, Apple denies the remaining allegations in paragraph 5.

6.      Apple admits that U.S. Patent No. 9,538,152 (the "'152 patent") is entitled "High Resolution Thin Multi-Aperture Imaging Systems."  Apple further admits that the face of the '152 patent indicates that it issued on January 3, 2017.  Apple further admits that the face of the '152 patent indicates that Corephotonics was the assignee of the patent on the date of issuance, but Apple is without sufficient information to admit or deny whether Corephotonics is the legal owner of the '152 patent.  Apple further admits that Exhibit D is a copy of the '152 patent.  Except as expressly admitted, Apple denies the remaining allegations in paragraph 6.

7.      Apple denies the allegations in paragraph 7.


**THE PARTIES**

8.      Apple is without sufficient information to admit or deny the allegations in paragraph 8 and therefore denies them.

9.      Apple admits that Apple is a corporation organized and existing under the laws of the State of California.  Apple denies that its principal place of business is 1 Infinite Loop, Cupertino, California.  Apple's principal place of business is One Apple Park, Cupertino, California.

**JURISDICTION AND VENUE**

10.      Apple admits that based on the allegations in the First Amended Complaint, this Court would appear to have subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.      Apple admits that it is subject to this Court's personal jurisdiction for the purposes of this action.  Apple admits that it resides in and has its principal place of business in the Northern District of California.  Apple denies that it has committed any acts of patent infringement.  Apple admits that it has sold and offered for sale Apple products and services in the Northern District of California.  Except as expressly admitted, Apple denies the remaining allegations in paragraph 11.

12.      Apple admits that venue is proper in the Northern District of California for the purposes of this action.  Apple admits that it resides in and has a place of business in this District.  Apple denies

3.

that it has committed any acts of patent infringement.  Except as expressly admitted, Apple denies the remaining allegations in paragraph 12.

## INTRADISTRICT ASSIGNMENT

13.    Apple admits that Civil L.R. 3-2(c) states that cases involving "Intellectual Property Rights" are assigned on a district-wide basis.  Except as expressly admitted, Apple denies the remaining allegations in paragraph 13.

## FACTUAL ALLEGATIONS

### A.  Corephotonics' Alleged Dual Camera Technology Innovations

14.    Apple is without sufficient information to admit or deny the allegations in paragraph 14 and therefore denies them.

15.    Apple is without sufficient information to admit or deny the allegations in paragraph 15 and therefore denies them.

16.    Apple is without sufficient information to admit or deny the allegations in paragraph 16 and therefore denies them.

17.    Apple is without sufficient information to admit or deny the allegations in paragraph 17 and therefore denies them.

18.    Apple admits that certain United States patents appear to be assigned to Corephotonics, including the '032, '712, '291, and '152 patents (collectively, the "Asserted Patents").  Apple is without sufficient information to admit or deny the remaining allegations in paragraph 18 and therefore denies them.

19.    Apple admits that the web site cited in Footnote 1 contains the first quotation listed in paragraph 19.  Apple is without sufficient information to admit or deny the remaining allegations in paragraph 19 and therefore denies them.

20.    Apple is without sufficient information to admit or deny the allegations in paragraph 20 and therefore denies them.

21.    Apple admits that it had discussions with Corephotonics regarding potential business arrangements.  Apple admits that it has independently developed and sold iPhones with two cameras. Apple denies that its independently developed iPhones with two cameras employ any Corephotonics

intellectual property.   Apple is without sufficient information to admit or deny the remaining allegations in paragraph 21 and therefore denies them.

**B.  Apple's Alleged Interest in Corephotonics' Technology and Intellectual Property**

22.     Apple admits that Apple personnel had discussions with Corephotonics personnel. Apple is without sufficient information to admit or deny the remaining allegations in paragraph 22 and therefore denies them.

23.     Apple admits that Apple personnel attended meetings with Corephotonics personnel to discuss a potential business arrangement.  Apple is without sufficient information to admit or deny the allegations in paragraph 23 and therefore denies them.

24.     Apple admits that Apple personnel attended meetings with Corephotonics personnel to discuss a potential business arrangement. Apple is without sufficient information to admit or deny the allegations in paragraph 24 and therefore denies them.

25.     Apple admits that Apple personnel attended meetings with Corephotonics personnel to discuss a potential business arrangement.  Apple is without sufficient information to admit or deny the allegations in paragraph 25 and therefore denies them.

26.     Apple is without sufficient information to admit or deny the allegations in paragraph 26 and therefore denies them.

27.     Apple is without sufficient information to admit or deny the allegations in paragraph 27 and therefore denies them.

28.     Apple admits that Apple personnel attended meetings with Corephotonics personnel to discuss a potential business arrangement.  Apple is without sufficient information to admit or deny the allegations in paragraph 28 and therefore denies them.

29.     Apple admits that Apple personnel attended meetings with Corephotonics personnel to discuss a potential business arrangement.  Apple is without sufficient information to admit or deny the allegations in paragraph 29 and therefore denies them.

30.     Apple is without sufficient information to admit or deny the allegations in paragraph 30 and therefore denies them.

31.     Apple is without sufficient information to admit or deny the allegations in paragraph

1   31 and therefore denies them.

2       32.     Apple is without sufficient information to admit or deny the allegations in paragraph

3   32 and therefore denies them.

4       33.     Apple is without sufficient information to admit or deny the allegations in paragraph

5   33 and therefore denies them.

6       34.     Apple admits that it announced the iPhone 7 Plus on September 7, 2016.  Apple admits

7   that the iPhone 7 Plus included a dual camera configuration.  Apple further admits that the iPhone 7

8   Plus included a telephoto lens.   Apple is without sufficient information to admit or deny the remaining

9   allegations in paragraph 34 and therefore denies them.

10      35.     Apple admits that Apple personnel attended meetings with Corephotonics personnel to

11  discuss a potential business arrangement.  Apple is without sufficient information to admit or deny the

12  allegations in paragraph 35 and therefore denies them.

13      36.     Apple is without sufficient information to admit or deny the allegations in paragraph

14  36 and therefore denies them.

15      37.     Apple admits that Corephotonics sent an email on or about October 31, 2017 alleging

16  that the iPhone 7 Plus and iPhone 8 Plus allegedly infringed the '032, '712, '291 and '152 patents, but

17  the email provided no information supporting Corephotonics' allegations.   Apple admits that

18  Corephotonics filed the original Complaint in this action on November 6, 2017.  Except as expressly

19  admitted, Apple denies the remaining allegations in paragraph 37.

20      38.     Apple admits that its sought patent protection for its own inventions.  Apple does not

21  understand Corephotonics' allegation that "During this time, Corephotonics' patents and related patent

22  applications were significant in the art," and therefore denies the allegation.   Apple is without

23  sufficient information to admit or deny the remaining allegations in paragraph 38 and therefore denies

24  them.

25      39.     Apple admits that it filed U.S. Patent Application No. 14/069,027 (the "'027

26  application").  Apple admits that the '027 application later issued as U.S. Patent No. 9,223,118.  Apple

27  admits that an office action was issued dated February 18, 2015 rejecting the pending claims in the

28  '027 application based on U.S. Pat. App. Pub. No. 2015/0029601A1 (the "Dror application").  Apple

FIRST AMEND. ANS. TO FIRST AMEND. COMPLAINT
ANSWER TO FIRST AMENDED COMPLAINT-

admits that the Dror application claims priority to the same patent application as the '032 and '712 patents. Apple admits that it responded to the February 18, 2015 office action on May 15, 2015 and addressed the rejection based on the Dror application. Apple admits that Romeo Mercado is a named inventor on the '027 application. Apple admits that Romeo Mercado was employed by Apple at the time of the introduction of the iPhone 7 Plus. Apple denies that Romeo Mercado is currently an employee of Apple. Apple is without sufficient information to admit or deny the remaining allegations in paragraph 39 and therefore denies them.

40.     Apple admits that it filed a patent application, U.S. Patent App. No. 14/871,720 (the "'720 application") on September 30, 2015. Apple admits that the '720 application later issued as U.S. Patent No. 9,769,389. Apple admits that Scott Miller is a named inventor on the "'720 application. Apple admits that Scott Miller is currently employed by Apple. Apple admits that the '291 patent was cited in an Information Disclosure Statement during prosecution of the '720 application. Apple is without sufficient information to admit or deny the remaining allegations in paragraph 40 and therefore denies them.

41.     Apple admits that an Information Disclosure Statement filed in the '720 application cited two Corephotonics patent applications. Except as expressly admitted, Apple denies the remaining allegations in paragraph 41.

42.     Apple admits that the '291 patent was cited in a March 24, 2016 Information Disclosure Statement in U.S. Pat. Application No. 14/871,716 (the "'716 application") which later issued as U.S. Patent No. 9,774,787. Apple further admits that the '291 patent was cited in a February 12, 2016 Information Disclosure Statement in U.S. Pat. Application No. 15/043,136 (the "'136 application") which later issued as U.S. Patent No. 9,781,345. Except as expressly admitted, Apple denies the remaining allegations in paragraph 42.

43.     Apple admits that the Dror application was cited in an Information Disclosure Statement in the '720 application. Apple further admits that the Dror application was cited in an Information Disclosure Statement in the '716 application and the '136 application. Except as expressly admitted, Apple denies the remaining allegations in paragraph 43.

44.     Apple admits that U.S. Patent App. Pub. No. 2015/0085174 was identified in a March

24, 2016 Information Disclosure Statement in the '720 application.  Apple further admits that U.S. Patent App. Pub. No. 2015/0085174 was identified in a March 24, 2016 Information Disclosure Statement in the '716 application.  Apple further admits that U.S. Patent App. Pub. No. 2016/0085174 was identified in a February 12, 2016 Information Disclosure Statement in the '135 application. Except as expressly admitted, Apple denies the remaining allegations in paragraph 44.

## FIRST CAUSE OF ACTION

### Alleged Infringement of Patent No. 9,402,032

45.     Apple incorporates its responses to the foregoing paragraphs as though fully set forth herein.

46.     This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 46.

47.     This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple denies that it infringes any valid claim of the '032 patent and therefore denies the allegations in paragraph 47.

48.     This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple denies that it has infringed or continues to infringe the '032 patent.   Apple denies that any alleged infringement of the '032 patent has been or continues to be wanton, deliberate, egregious, and willful.  In view of the lack of specificity in the remaining allegations in paragraph 48, Apple is without sufficient information to admit or deny the remaining allegations in paragraph 48 and therefore denies them.

49.     This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple admits that Corephotonics sent Apple an email on or about October 31, 2017 identifying the '032 patent.  Apple admits that Corephotonics filed the original Complaint on November 6, 2017, four business days after sending the October 31, 2017 email.  In view of the lack of specificity in the remaining allegations in paragraph 49, Apple is without sufficient information to admit or deny the remaining allegations in paragraph 49 and therefore denies them.

50.     This patent is no longer part of the case and has been found invalid.  To the extent a

response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 50.

51.     This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 51.

52.     This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 52.

53.     This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 53.

54.     This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple admits that it publishes information about and provides instructions to end users about the telephoto lens zoom functionality in the iPhone 7 Plus and iPhone 8 Plus.  Apple further admits that it discussed the benefits of the telephoto lens functionality in the iPhone 7 Plus in the video available at the following URL: https://www.youtube.com/watch?v=NS0txu_Kzl8.  As of the date of this Answer, no video is available at the following URL: https://www.youtube.com/watch?v=Q6dsRpVyyWs; therefore, Apple is without sufficient information to admit or deny the allegation relating to this URL.  Apple denies the remaining allegations in paragraph 54.

55.     This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 55.

56.     This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 56.

57.     This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 57.


## SECOND CAUSE OF ACTION

### Alleged Infringement of Patent No. 9,568,712

58.     Apple incorporates its responses to the foregoing paragraphs as though fully set forth herein.

59.     Apple denies the allegations in paragraph 59.

60.    Apple denies that it infringes any valid claim of the '712 patent and therefore denies the allegations in paragraph 60.

61.    Apple denies that it has infringed or continues to infringe the '712 patent.  Apple denies that any alleged infringement of the '712 patent has been or continues to be wanton, deliberate, egregious, and willful.  In view of the lack of specificity in the remaining allegations in paragraph 61, Apple is without sufficient information to admit or deny the remaining allegations in paragraph 61 and therefore denies them.

62.    Apple admits that Corephotonics sent Apple an email on or about October 31, 2017 identifying the '712 patent.  Apple admits that Corephotonics filed the original Complaint on November 6, 2017, four business days after sending the October 31, 2017 email.  In view of the lack of specificity in the remaining allegations in paragraph 62, Apple is without sufficient information to admit or deny the remaining allegations in paragraph 62 and therefore denies them.

63.    Apple denies the allegations in paragraph 63.

64.    Apple denies the allegations in paragraph 64.

65.    Apple denies the allegations in paragraph 65.

66.    Apple denies the allegations in paragraph 66.

67.    Apple admits that it publishes information about and provides instructions to end users about the telephoto lens zoom functionality in the iPhone 7 Plus and iPhone 8 Plus.  Apple further admits that it discussed the benefits of the telephoto lens functionality in the iPhone 7 Plus in the video available at the following URL: https://www.youtube.com/watch?v=NS0txu_Kzl8.  As of the date of this Answer, no video is available at the following URL: https://www.youtube.com/watch?v=Q6dsRpVyyWs; therefore, Apple is without sufficient information to admit or deny the allegation relating to this URL.  Apple denies the remaining allegations in paragraph 67.

68.    Apple denies the allegations in paragraph 68.

69.    Apple denies the allegations in paragraph 69.

70.    Apple denies the allegations in paragraph 70.

**THIRD CAUSE OF ACTION**

1    **Alleged Infringement of Patent No. 9,185,291**

2    71.    Apple incorporates its responses to the foregoing paragraphs as though fully set forth

3    herein.

4    72.    Apple denies the allegations in paragraph 72.

5    73.    Apple denies that it infringes any valid claim of the '291 patent and therefore denies

6    the allegations in paragraph 73.

7    74.    Apple denies that it has infringed or continues to infringe the '291 patent.  Apple denies

8    that any alleged infringement of the '291 patent has been or continues to be wanton, deliberate,

9    egregious, and willful.  Apple admits that the '291 patent was cited during the prosecution of the

10   patents that issued as U.S. Patent Nos. 9,774,787 and 9,781,345.  In view of the lack of specificity in

11   the remaining allegations in paragraph 74, Apple is without sufficient information to admit or deny

12   the remaining allegations in paragraph 74 and therefore denies them.

13   75.    Apple admits that the '291 patent was cited during the prosecution of the patents that

14   issued as U.S. Patent Nos. 9,774,787 and 9,781,345.  Apple admits that it publicly announced and

15   began offering the iPhone 7 Plus after citing the '291 patent during prosecution of the patents that

16   issued as U.S. Patent Nos. 9,774,787 and 9,781,345. Apple admits that Corephotonics sent Apple an

17   email on or about October 31, 2017 identifying the '291 patent.  Apple admits that Corephotonics filed

18   the original Complaint on November 6, 2017, four business days after sending the October 31, 2017

19   email.  In view of the lack of specificity in the remaining allegations in paragraph 75, Apple is without

20   sufficient information to admit or deny the remaining allegations in paragraph 75 and therefore denies

21   them.

22   76.    Apple denies the allegations in paragraph 76.

23   77.    Apple denies the allegations in paragraph 77.

24   78.    Apple denies the allegations in paragraph 78.

25   79.    Apple denies the allegations in paragraph 79.

26   80.    Apple admits that it publishes information about and provides instructions to end users

27   about the dual-aperture camera functionality in the iPhone 7 Plus.  Apple further admits that it

28   discussed the benefits of the dual-aperture camera functionality in the iPhone 7 Plus in the video

1  available at the following URL: https://www.youtube.com/watch?v=NS0txu_Kzl8.  As of the date of

2  this    Answer,    no    video    is    available    at    the    following    URL:

3  https://www.youtube.com/watch?v=Q6dsRpVyyWs;    therefore,    Apple    is    without    sufficient

4  information to admit or deny the allegation relating to this URL.  Apple denies the remaining

5  allegations in paragraph 80.

6      81.    Apple denies the allegations in paragraph 81.

7      82.    Apple denies the allegations in paragraph 82.

8      83.    Apple denies the allegations in paragraph 83.

9

10      **FOURTH CAUSE OF ACTION**

11      **Alleged Infringement of Patent No. 9,538,152**

12      84.    Apple incorporates its responses to the foregoing paragraphs as though fully set forth

13  herein.

14      85.    This patent is no longer part of the case and has been found invalid.  To the extent a

15  response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 85.

16      86.    This patent is no longer part of the case and has been found invalid.  To the extent a

17  response is still necessary, Apple responds as follows: Apple denies that it infringes any valid claim

18  of the '152 patent and therefore denies the allegations in paragraph 86.

19      87.    This patent is no longer part of the case and has been found invalid.  To the extent a

20  response is still necessary, Apple responds as follows: Apple denies that it has infringed or continues

21  to infringe the '152 patent.  Apple denies that any alleged infringement of the '152 patent has been or

22  continues to be wanton, deliberate, egregious, and willful.  In view of the lack of specificity in the

23  remaining allegations in paragraph 87, Apple is without sufficient information to admit or deny the

24  remaining allegations in paragraph 87 and therefore denies them.

25      88.    This patent is no longer part of the case and has been found invalid.  To the extent a

26  response is still necessary, Apple responds as follows: Apple admits that Corephotonics sent Apple an

27  email on or about October 31, 2017 identifying the '152 patent.  Apple admits that Corephotonics filed

28  the original Complaint on November 6, 2017, four business days after sending the October 30, 2017

email.  In view of the lack of specificity in the remaining allegations in paragraph 88, Apple is without sufficient information to admit or deny the remaining allegations in paragraph 88 and therefore denies them.

89.   This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 89.

90.   This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 90.

91.   This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 91.

92.   This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple admits that it publishes information about and provides instructions to end users about the dual-aperture camera functionality in the iPhone 7 Plus.  Apple further admits that it discussed the benefits of the dual-aperture camera functionality in the iPhone 7 Plus in the video available at the following URL: https://www.youtube.com/watch?v=NS0txu_Kzl8.  As of the date of this Answer, no video is available at the following URL: https://www.youtube.com/watch?v=Q6dsRpVyyWs; therefore, Apple is without sufficient information to admit or deny the allegation relating to this URL.  Apple denies the remaining allegations in paragraph 92.

93.   This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 93.

94.   This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 94.

95.   This patent is no longer part of the case and has been found invalid.  To the extent a response is still necessary, Apple responds as follows: Apple denies the allegations in paragraph 95.

## RESPONSE TO PRAYER FOR RELIEF

Apple incorporates by reference all preceding paragraphs of this answer as if fully set forth herein. Apple denies any and all allegations of patent infringement alleged in the Complaint. Apple denies all allegations that Plaintiff is entitled to any relief requested in paragraphs "A" to "F" of the

1 | Complaint's Prayer for relief, or any other relief.

2

3 | **AFFIRMATIVE DEFENSES**

4 | Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens

5 | of proof, Apple asserts the following defenses to the Complaint and reserves its right to assert

6 | additional defenses.

7 | **FIRST DEFENSE – NON-INFRINGEMENT**

8 | Apple does not infringe and has not infringed any asserted claim of the Asserted Patents.  The

9 | accused Apple products do not satisfy the requirements of the asserted claims, and the asserted claims

10 | are invalid and therefore cannot be infringed.  In addition, on information and belief, Apple cannot be

11 | found to infringe any asserted claim of the Asserted Patents after Corephotonics's acquisition by

12 | Samsung Electronics Benelux B.V. based ████████████████████████████████████

13 | █████████████████████████████████████████████████

14 | **SECOND DEFENSE – INVALIDITY**

15 | All asserted claims of the Asserted Patents are invalid for failure to satisfy the conditions of

16 | patentability in 35 U.S.C. §§ 101 et seq., including, but not limited to §§ 101, 102, 103, and/or 112.

17 | **THIRD DEFENSE – EQUITABLE DEFENSES**

18 | Corephotonics' claims are barred, in whole or in part, by estoppel, acquiescence, waiver,

19 | unclean hands, and/or other equitable defenses.

20 | For example, on information and belief, Corephotonics is estopped from pursuing its claims

21 | for infringement of the Asserted Patents based on ████████████████████████████████

22 | ████████████████████████████████████████████████████

23 | ███████████████████████████████████████████

24 | ███████████████████████████████

25 | ███████████████████████████████████████████████

26 | ████████████████████████████████████████████████

27 | █████████████████████████████████████████████████

28 | █████████████████████████████████████████████████

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15       In 2019, Corephotonics was acquired by Samsung Electronics Benelux B.V. ("Samsung
16   Benelux").  On information and belief, Corephotonics and ███████ are both controlled by or under
17   common control with Samsung Electronics Co., Ltd. ("SEC") and/or the Samsung Group.
18        For example, SEC reports in its financial statements that it is the holder of 100% ownership
19   in (1) Samsung Benelux and (2) Corephotonics, where the percentage ownership "represents [SEC's]
20   ownership of the voting rights in each entity, including subsidiaries' ownerships."  *See* Samsung
21   Electronics Co., Ltd. 2022 Business Report for the year ended December 31, 2022.  Similarly, ██████
22   identifies SEC as a "related party" and a company "with significant influence" on ██████  *See*
23   ████████████████████████████████████████████████████████████████████████
24   ████████████  SEC and ███████ have also been identified as affiliates of the Samsung Group.
25   A business group, like the Samsung Group, is defined under applicable Korean law as "a group of
26   companies the business of which is substantially controlled by" the same person and/or company.  *See*
27   https://elaw.klri.re.kr/eng_mobile/viewer.do?hseq=41658&type=sogan&key=38.
28       Apple has performed all obligations under the underlying agreement ██████████████

1  [redacted]

2  [redacted] Accordingly, as

3  of the date of Samsung Benelux's acquisition of Corephotonics, the Patents-in-Suit [redacted]

4  [redacted]

5  [redacted]

6  [redacted]

7  [redacted] Apple is materially prejudiced by Corephotonics' continued assertion of the

8  Patents-in-Suit despite this [redacted]

9  On information and belief, Corephotonics' claims in this action are also barred by the doctrine

10 of unclean hands.  Corephotonics has been aware of t[redacted]

11 [redacted], yet Corephotonics has acted unfairly and/or fraudulently

12 regarding its claims of patent infringement in this action.  Corephotonics has not only refused to

13 acknowledge its obligations to Apple, but Corephotonics and its related Samsung entities haves also

14 improperly resisted Apple's discovery efforts to obtain information about Corephotonics' relationship

15 with SEC and other Samsung entities.  Corephotonics' conduct directly relates to the claims being

16 asserted against Apple in that [redacted] would provide a complete defense.

17 Corephotonics' actions have injured Apple, at least because Apple has been forced to continue to

18 defend against Corephotonics' meritless claims.

19 **FOURTH DEFENSE – NO WILLFULNESS**

20 Corephotonics is barred from obtaining a finding of willfulness or receiving enhanced damages

21 because it has failed to allege egregious conduct on the part of Apple, which is prerequisite for a

22 finding of willfulness and an award of enhanced damages.

23 **FIFTH DEFENSE – LIMITATION ON DAMAGES**

24 Corephotonics' claims for costs and/or damages are barred, in whole or in part, by 35 U.S.C.

25 §§ 286, 287 and/or 288.  On information and belief, Corephotonics' claims for costs and/or damages

26 are also limited by [redacted]

27 [redacted]

28 **RESERVATION OF RIGHTS**

Apple hereby reserves the right to amend its Answer and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which become applicable after the substantial completion of discovery or otherwise in the course of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Apple prays that this Court enter judgment:

A. In favor of Apple, and against Corephotonics, thereby dismissing Corephotonics' Complaint in its entirety, with prejudice, with Corephotonics taking nothing by way of its claims;

B. That Apple has not infringed, and is not now infringing any valid claim of the Asserted Patents, under any subsection of 35 U.S.C. § 271;

C. That all asserted claims of the Asserted Patents are invalid and/or unenforceable;

D. That this case stands out from others and as such is an exceptional case pursuant to 35 U.S.C. § 285 and ordering Corephotonics to pay Apple's reasonable attorneys' fees incurred in this action;

E. That Corephotonics pay all costs incurred by Apple in this action; and awarding Apple all other relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Apple respectfully requests a trial by jury on all issues so triable.

FIRST AMEND. ANS. TO FIRST AMEND. COMPLAINT
ANSWER TO FIRST AMENDED COMPLAINT

| | |
|---|---|
| 1 | Dated: ~~October 15, 2018~~                    COOLEY LLP |
| 2 | |
| 3 |                                         /s/ *Heidi Keefe* |
|   |                                        HEIDI KEEFE (176960) |
| 4 |                                        (hkeefe@cooley.com) |
|   |                                        LOWELL MEAD (223989) |
| 5 |                                        (lmead@cooley.com) |
|   |                                        PRIYA B. VISWANATH (238089) |
| 6 |                                        (pviswanath@cooley.com) |
|   |                                        3175 Hanover Street |
| 7 |                                        Palo Alto, CA  94304 |
|   |                                        Telephone:    (650) 843-5000 |
| 8 |                                        Facsimile:     (650) 849-7400 |
| 9 |                                        COOLEY LLP |
|   |                                        STEPHEN SMITH (*Pro hac vice*) |
| 10 |                                       (stephen.smith@cooley.com) |
|   |                                        PHILLIP MORTON (*Pro hac vice*) |
| 11 |                                       (pmorton@cooley.com) |
|   |                                        1299 Pennsylvania Avenue |
| 12 |                                       NW, Suite 700 |
|   |                                        Washington, DC 20004-2400 |
| 13 |                                       Telephone:  (202) 842-7800 |
|   |                                        Facsimile:    (202) 842-7899 |
| 14 | |
|   |                                        *Attorneys for Defendant Apple Inc.* |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

18.

1

## **<u>CERTIFICATE OF SERVICE</u>**

2          The undersigned certifies that counsel of record who are deemed to have consented to

3    electronic service are being served on [date of the filing], with a copy of this document via the

4    Court's CM/ECF system per Local Rules.  Any other counsel will be served by electronic mail,

5    facsimile, overnight delivery and/or first class mail on this date.

6

7                                            By:  _/s/ Heidi Keefe_

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28