# EXHIBIT B

```
COOLEY LLP
Heidi Keefe (178960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya Viswanath (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

COOLEY LLP
Stephen Smith (Pro hac vice)
(stephen.smith@cooley.com)
Phillip Morton (pro hac vice)
(pmorton@cooley.com)
1299 Pennsylvania Avenue
NW, Suite 700
Washington, DC 20004-2400
Telephone:    (202) 842-7800
Facsimile:    (202) 842-7899

Attorneys for Defendant
Apple Inc.
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.,<br><br>              Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>              Defendant. | Case No. 3:17-cv-06457-JD (lead case)<br>Case No. 5:18-cv-02555-JD<br><br>**DEFENDANT APPLE INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFF COREPHOTONICS, LTD. (NOS. 10-14)** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Apple Inc. ("Apple") hereby requests that Plaintiff Corephotonics, Ltd. ("Corephotonics") answer separately and fully, in writing, under oath, the following interrogatories within thirty (30) days.

Unless specifically indicated, or otherwise required by the context in which the terms and names are used, the following instructions and definitions shall apply.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD
Case No. 5:18-cv-02555-JD

1.

APPLE'S SECOND SET OF INTERROGATORIES TO COREPHOTONICS

## I. DEFINITIONS

As used herein, the following terms shall have the following meaning:

1. **"Plaintiff," "Corephotonics," "You," or "Your"** means Corephotonics and its employees, officers, directors, representatives, related entities, affiliates, successors, predecessors, subsidiaries, parents, attorneys, agents, and other entities acting on its behalf."

2. **"Defendant" or "Apple"** means Apple and all subsidiaries, affiliates, predecessors, companies acquired by, employees, officers, directors, attorneys, and agents.

3. **"Document"** is defined to be synonymous in meaning and equal in scope with the broadest usage of this term in Federal Rules of Civil Procedure 26 and 34, and specifically includes electronically stored information and communications. A draft or non-identical copy is a separate document within the meaning of this term.

4. **Number**. The use of the singular form of any word includes the plural and vice versa and the terms "any," "all," and "each" shall be construed as "any, all, and each," inclusively.

5. **Tense**. The present tense should be construed to include the past and future tense, and vice versa.

6. **"Asserted Patent"** means a patent that Corephotonics in this action alleges has been infringed by Apple, including without limitation U.S. Patent Nos. 9,185,291 and 9,568,712.

7. **"Asserted Claim"** and **"Asserted Claims"** refer to the claims of the Asserted Patents that Corephotonics in this action alleges to have been infringed by Apple, including any claims identified as infringed in Corephotonics's operative Infringement Contentions and any amendments, modifications, or supplements thereof.

8. **"Samsung Corporate Entity"** and **"Samsung Corporate Entities"** encompasses Samsung Electronics Co., Ltd. and all business entities that are direct or indirect subsidiaries or affiliates of Samsung Electronics Co. Ltd., all business entities that include "Samsung" in their English entity name, and all business entities identified at pages 213-218, 307-323, 342-348, and 350-363 of Samsung Electronics Co., Ltd. 2021 Business Report for the Year Ended December 31, 2021 (available at https://images.samsung.com/is/content/samsung/assets/global/ir/docs/2021_4Q_Interim_Report_

Cooley LLP
Attorneys At Law
Palo Alto

Case No. 3:17-cv-06457-JD
Case No. 5:18-cv-02555-JD

2.

APPLE'S SECOND SET OF INTERROGATORIES TO COREPHOTONICS

vF.pdf.). For example, without limitation, each of the following is a Samsung Corporate Entity: Samsung Electronics Co., Ltd.; Samsung Electronics Benelux B.V.; Samsung Electro-Mechanics Co., Ltd.; Samsung Display Co., Ltd.; Samsung Semiconductor, Inc.; Samsung (China) Semiconductor Co., Ltd.; Samsung Electronics America, Inc.; and the entities responsible for each of the System LSI Business, Memory Business, and Display Panel Business.

9. **"Person"** means any natural person, corporation, partnership, joint venture, association, or any other business, legal, or governmental entity, and any functional division thereof.

10. **"All"** and **"each"** shall both be construed as including both all and each.

11. **"And"** and **"or"** shall be construed disjunctively and conjunctively as necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

## II.   INSTRUCTIONS

1. Each interrogatory is to be answered separately, in full, in writing, and under oath, unless all portions of an interrogatory are in good faith objected to, in which event the reasons for all of Your objections shall be stated in detail. If an objection pertains to only a portion of an interrogatory, or to a word, phrase, or clause contained within such interrogatory, You shall state Your objection to that portion, and shall answer the interrogatory to the extent it is not objectionable.

2. If You find the meaning of any term in these interrogatories to be unclear, You should assume a reasonable meaning, state what the assumed meaning is, and respond to the interrogatory on the basis of that assumed meaning.

3. The following interrogatories are continuing and You are reminded of Your obligation for timely supplementation pursuant to Federal Rule of Civil Procedure 26(e).

4. Please take notice that these instructions are submitted for the purposes of discovery and are not to be taken as waiving any objections which may be made at trial to the introduction of evidence on subjects covered by these interrogatories or as an admission at the trial of the relevance or materiality of any of the matters covered by these interrogatories.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD
Case No. 5:18-cv-02555-JD

3.

APPLE'S SECOND SET OF INTERROGATORIES TO COREPHOTONICS

## III.   INTERROGATORIES

**INTERROGATORY NO. 10:**

State in detail the complete factual and legal bases for Your contention(s) regarding any damages sought in this lawsuit from Apple, including without limitation the form(s) of damages sought, the amount sought, the complete basis and theories for Your damages claim(s), the smallest salable patent practicing unit, any features You contend drive demand for the Accused Products, any purportedly comparable license agreements, any alleged competition between Corephotonics and Apple, all facts and evidence relevant to each of the factors identified in *Georgia-Pacific v. United States Plywood*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), a complete description of the hypothetical negotiation as contemplated by *Georgia-Pacific* for each Asserted Patent and/or Accused Product (including without limitation all applicable date(s) of hypothetical negotiation and all relevant facts and circumstances), an identification by Bates number of the documents You intend to rely upon in support of damages, and the names of any witnesses You intend to rely upon in support of damages.

**INTERROGATORY NO. 11:**

For each Asserted Claim, state in detail the complete legal and factual bases for Your contention, if any, that the references presented in the claim charts in Apple's Invalidity Contentions do not anticipate and/or render obvious the Asserted Claim, including identifying each limitation You contend is not disclosed by each specific reference and the factual and legal basis for any such contention, identifying the factual and legal basis for any contention that any of the references would not be combined or that the combination would not disclose a limitation of the Asserted Claim, and identifying each reference You contend is not prior art, including the complete factual and legal basis for all such contentions.

**INTERROGATORY NO. 12:**

State in detail the complete legal and factual bases for Your contention, if any, that the Asserted Claims are not invalid under 35 U.S.C. § 112 for insufficient written description, lack of enablement, and/or indefiniteness, including stating the legal and factual basis for any disagreement with the written description, lack of enablement, and/or indefiniteness arguments in Apple's

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD
Case No. 5:18-cv-02555-JD

4.

APPLE'S SECOND SET OF INTERROGATORIES TO COREPHOTONICS

Invalidity Contentions, and citation to any supporting documents (by Bates number), testimony, and other evidence.

**INTERROGATORY NO. 13:**

State in detail all facts and contentions regarding agreements to which Corephotonics is a party relating to intellectual property and/or assertion thereof (including without limitation license agreements, settlement agreements, covenants not to sue, acquisitions, assignments, litigation funding agreements, agreements relating to patent assertion, agreements involving Longford Capital Fund II, LP, and other agreements relating to patents and/or other intellectual property), including without limitation all facts and contentions relevant to determine whether or not each agreement is a comparable or otherwise relevant agreement in determining damages in this action, and including without limitation all relevant facts and assertions regarding Corephotonics and/or each licensee or other party (for example, regarding accused and/or licensed products, financial information, sales/revenues information, relevant projections, litigation context, or other factors or considerations potentially affecting the license terms) and all relevant contentions regarding the agreement terms (for example, any effective royalty rate, any attribution to one or more particular patent(s) and/or claimed inventions, any attribution to particular licensed products, or any ), and identify with specificity all related evidence.

**INTERROGATORY NO. 14:**

Describe in detail all past and present relationships between Corephotonics and any Samsung Corporate Entity, including without limitation complete descriptions of all relationships between Corephotonics and Samsung Corporate Entities relating to intellectual property licensing, corporate ownership, intellectual property ownership, financial matters (for example, revenues, profits, debts, credit, and financial holdings), real property ownership, employment, and other corporate and/or business relationships and an identification, by Bates number, of all agreements reflecting or constituting such relationships.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD
Case No. 5:18-cv-02555-JD

5.

APPLE'S SECOND SET OF INTERROGATORIES TO COREPHOTONICS

| | |
|---|---|
| Dated:  October 14, 2022 | /s/ Heidi Keefe |
| | COOLEY LLP |
| | HEIDI KEEFE (176960) |
| | (hkeefe@cooley.com) |
| | LOWELL MEAD (223989) |
| | (lmead@cooley.com) |
| | PRIYA B. VISWANATH (238089) |
| | (pviswanath@cooley.com) |
| | 3175 Hanover Street |
| | Palo Alto, CA  94304 |
| | Telephone:     (650) 843-5000 |
| | Facsimile:      (650) 849-7400 |

COOLEY LLP
STEPHEN SMITH (*Pro hac vice*)
(stephen.smith@cooley.com)
PHILLIP MORTON (*Pro hac vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842-7800
Facsimile:    (202) 842-7899

*Attorneys for Defendant Apple Inc.*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD
Case No. 5:18-cv-02555-JD

6.

APPLE'S SECOND SET OF INTERROGATORIES TO COREPHOTONICS

# CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94306. On the date set forth below I served the attached document(s) in the manner described below:

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

Marc Fenster
Benjamin Wang
Brian D. Ledahl
Neil A. Rubin
James S. Tsuei
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
mfenster@raklaw.com
bwang@raklaw.com
bledahl@raklaw.com
nrubin@raklaw.com
jtsuei@raklaw.com

*Attorneys for Plaintiff Corephotonics, Ltd.*

Executed on October 14, 2022, at Palo Alto, California.

*Tracy Gibbs*

_____
Tracy Gibbs

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD
Case No. 5:18-cv-02555-JD

1.

CERTIFICATE OF SERVICE