# EXHIBIT D

# REDACTED

# Mead, Lowell

| | |
|---|---|
| **From:** | Mead, Lowell |
| **Sent:** | Monday, March 13, 2023 8:36 AM |
| **To:** | James Tsuei |
| **Cc:** | corephotonics@raklaw.com; z/Apple-Corephotonics; opp.corephotonics.apple@raklaw.com; Cori McGowens |
| **Subject:** | RE: Corephotonics Ltd. v. Apple Inc., Case No. 3:17-cv-06457-JD (N.D. Cal.) |

James,

In advance of our call at 10:00 am today, below is some additional N.D. Cal. case law for Corephotonics's consideration regarding damages contention discovery. *Twilio, Inc. v. Telesign, Inc.*, Case No. 16-cv-06925-LHK (SVK), 2017 WL 5525929, (N.D. Cal. Nov. 17, 2017) (granting motion to compel plaintiff to "supplement its damages contentions with a reasonable good faith computation of damages" that "must identify the following: royalty base(s); royalty rate(s); date(s) of hypothetical negotiation currently used; factors identified to date that are or will be used in apportionment, and where possible a quantification of those factors"); *X One, Inc. v. Uber Techs., Inc.*, Case No. 16-cv-06060-LHK (SVK) (N.D. Cal. May 23, 2019) (granting motion to compel plaintiff to "amend its response to [defendant]'s Interrogatory No. 18 to identify, based upon the information available to it at this time, its (1) theory of damages; (2) royalty rate; (3) royalty base; (4) apportionment factors; (5) supporting witnesses and documents; and (6) any non-monetary relief"); *THX, Ltd. v. Apple, Inc.*, No. 13-cv-01161-HSG (DMR), 2016 WL 2899506, at *7 (N.D. Cal. May 13, 2016) ("Courts in this district have compelled patent plaintiffs to provide the factual bases for their damages claim through initial disclosures and written discovery, over protestations that responsive information will be forthcoming through expert reports." – granting motion to compel plaintiff "to supplement its response to Apple's damages-related Interrogatory No. 6 and its damages-related disclosures required by Rule 26(a)(1)(A)(iii), to the best of its ability with the information currently available to it" – the "patent plaintiff must respond to interrogatories and provide Rule 26 disclosures based on the information it has or can reasonably be expected to have at that point in the case, subject to subsequent supplementation as the facts develop through discovery.") (citing cases); *Looksmart Grp., Inc. v. Microsoft Corp.*, 386 F. Supp. 3d 1222, 1232-33 (N.D. Cal. 2019) ("At the very least, a party's damages contentions must disclose the basis for its expert's specific theory of recovery." – "A party that plays fast and loose with its damages theories risks having its whole theory struck, as well as additional sanctions."); *Brandywine Commc'ns Techs., LLC v. Cisco Sys., Inc.*, No. C 12-01669 WHA, 2012 WL 5504036, at *2-3 (N.D. Cal. Nov. 13, 2012) (compelling disclosure of plaintiff's damages positions including "royalty rate," "royalty base," and disclosure regarding comparable license agreements).

In addition, in connection with the pending dispute regarding Corephotonics's disclosure of Samsung-related discovery and Corephotonics's response letter brief due March 20, 2023, please note the confidential document produced at APPL_COREP_00306918, ███████████████████████████████████████ We expect that the discovery Corephotonics is withholding will support a showing that Corephotonics ███████████████████████████████████████████. Corephotonics has previously indicated that Samsung Electronics Benelux B.V. ("SEBN") owns a controlling share in Corephotonics. (Dkt. 123 at 12.) Publicly available information indicates that SEBN is ultimately under control of corporate parent Samsung Electronics Co., Ltd., ("SEC"), and SEMCO and SEC have stated in public filings that they are "affiliates" of the same business group – Samsung Group – under Korea's Monopoly Regulation and Fair Trade Act. (*See, e.g.*, Samsung Electronics Business Report for 2020, at 6 (listing SEC and SEBN as affiliates of Samsung Group), 83 (Corephotonics is a consolidated subsidiary of SEC), 235 (SEBN owns 100% of Corephotonics) 80 (SEC owns 100% of SEBN) (available at https://images.samsung.com/is/content/samsung/assets/global/ir/docs/2020_Business_Report.pdf); SEMCO 2021 Audit Report at 55 (available at https://m.samsungsem.com/resources/file/global/ir/shareholders/2021_Audit_Report.pdf).) A translation of this Act defines "affiliate" as "where two or more companies belong to the same business group" and defines "business group"

as "a group of companies the business of which is substantially controlled by" the same person and/or company. (*See* https://elaw.klri.re.kr/eng_mobile/viewer.do?hseq=41658&type=sogan&key=38 )

Best,

Lowell

**Lowell D. Mead**
Cooley LLP
Mobile: (650) 520-0788
Office direct: (650) 843-5734

---

**From:** Mead, Lowell <lmead@cooley.com>
**Sent:** Wednesday, March 8, 2023 7:40 PM
**To:** James Tsuei <jtsuei@raklaw.com>
**Cc:** corephotonics@raklaw.com; z/Apple-Corephotonics <zAppleCorephotonics@cooley.com>; opp.corephotonics.apple@raklaw.com; Cori McGowens <cmcgowens@raklaw.com>
**Subject:** RE: Corephotonics Ltd. v. Apple Inc., Case No. 3:17-cv-06457-JD (N.D. Cal.)

Thanks, James.  Let's do 10:00 am Pacific on Monday.  I will circulate an invite.  We look forward to receiving the supplementation this week.

Thanks,

Lowell

**Lowell D. Mead**
Cooley LLP
Mobile: (650) 520-0788
Office direct: (650) 843-5734

---

**From:** James Tsuei <jtsuei@raklaw.com>
**Sent:** Wednesday, March 8, 2023 12:59 PM
**To:** Mead, Lowell <lmead@cooley.com>
**Cc:** corephotonics@raklaw.com; z/Apple-Corephotonics <zAppleCorephotonics@cooley.com>; opp.corephotonics.apple@raklaw.com; Cori McGowens <cmcgowens@raklaw.com>
**Subject:** Re: Corephotonics Ltd. v. Apple Inc., Case No. 3:17-cv-06457-JD (N.D. Cal.)

**[External]**

Lowell, following up on the below, we are available to confer this coming Monday (3/13) from 10 a.m. to 3 p.m. Pacific.
--
James Tsuei
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
jtsuei@raklaw.com

* * * * * * * * * * * * * * * * * * * * * * * *

IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.
- - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On Mar 7, 2023, at 7:20 AM, James Tsuei <jtsuei@raklaw.com> wrote:

Lowell, thanks for your email. Corephotonics expects to provide supplemental interrogatory responses and additional document productions later this week. We expect to provide an additional supplemental response for Apple's interrogatory 10 later this week which may address your concerns. Nonetheless, we will follow up with our availability to meet and confer.

Thanks,
--
James Tsuei
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
jtsuei@raklaw.com

* * * * * * * * * * * * * * * * * * * * * * * * *

IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.
- - - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

> On Mar 6, 2023, at 10:28 AM, Mead, Lowell <lmead@cooley.com> wrote:
>
> Hi James,
>
> Following up on this message - please let us know.
>
> Best,
>
> Lowell
>
> Lowell Mead
> Office 650 843 5734
> Mobile 650 520 0788
>
>> On Mar 1, 2023, at 2:21 PM, Mead, Lowell <lmead@cooley.com> wrote:
>>
>> Hi James,
>>
>> Following up regarding some discovery issues as discussed in our
>> February 3, 2023 meet and confer and associated correspondence:
>>
>> First, Corephotonics committed in its February 15 letter to provide
>> certain supplemental document production.  We have received
>> Corephotonics's document productions on February 14 and 16.  Can you
>> please provide an update as to which categories of supplementations
>> these productions correspond to, and which categories of supplemental
>> document production per your February 15 letter are still forthcoming?

3

Second, Corephotonics committed to investigate and supplement (as appropriate) with respect to Interrogatory Nos. 1, 2, 4, 5, 6, and 8.  With respect to Interrogatory No. 4, your February 15 letter stated that Corephotonics expected to provide a supplementation within two weeks, which would be today.  Please provide an update regarding the timing of supplementation for these interrogatories.

Third, regarding Interrogatory No. 10, Corephotonics stated:  "Corephotonics is willing to work with Apple to identify specific types of information, such as the identity of licenses that Corephotonics may rely on for establishing what it will contend reflects the reasonable royalty rate for the Asserted Patents, and to supplement its discovery responses accordingly."  As discussed in our February 3 meet and confer and reiterated in Apple's February 7 letter, Apple's position is that Corephotonics needs to provide a much more fulsome disclosure regarding its damages positions in view of the extensive discovery and information that has been made available to Corephotonics, and Apple is materially prejudiced by Corephotonics's refusal to do so.  Merely identifying licenses that Corephotonics may rely on is insufficient.  Please let us know Corephotonics's availability next week for a further meet and confer on this issue so that the parties can attempt to resolve this issue.

Best,
Lowell

**Lowell D. Mead**
Cooley LLP
Mobile: (650) 520-0788
Office direct: (650) 843-5734

---

**From:** Cori McGowens <cmcgowens@raklaw.com>
**Sent:** Wednesday, February 15, 2023 5:46 PM
**To:** Mead, Lowell <lmead@cooley.com>; z/Apple-Corephotonics <zAppleCorephotonics@cooley.com>; opp.corephotonics.apple@raklaw.com
**Cc:** corephotonics@raklaw.com
**Subject:** Corephotonics Ltd. v. Apple Inc., Case No. 3:17-cv-06457-JD (N.D. Cal.)

**[External]**

---

Counsel,

Please see the attached correspondence.
#
Fru#PfJrzhqv
Ohjdo#Dvvlwdqw#wr#Dp|#H1#Kd|ghq/#Shwhu#Wrqj/#Mdp hv#V1#Wvxhl/#Sdxo#D1#
Nurhjhu#dqg#Mrqdwkdq#Pd
Uxvv#Dxjxvw)##Ndedw#
45757#Zlovkluh#Erxohydug/#45wk#Iorru
Orv#Dqjhohv/#Fdoliruqld#<3358#
Pdlq#+643,#590:7:7

[illegible encoded text]

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distr bution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.