# EXHIBIT B

RUSS AUGUST & KABAT
Marc A. Fenster (SBN 181067)
*mfenster@raklaw.com*
Benjamin T. Wang (SBN 228712)
*bwang@raklaw.com*
Neil A. Rubin (SBN 250761)
*nrubin@raklaw.com*
James S. Tsuei (SBN 285530)
*jtsuei@raklaw.com*
12424 Wilshire Boulevard, 12FL
Los Angeles, California 90025
310/826-7474 – Telephone
310/826-6991 – Facsimile

*Attorneys for Plaintiff*
COREPHOTONICS, LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| COREPHOTONICS, LTD.<br><br>                 *Plaintiff,*<br><br>          v.<br><br>APPLE, INC.,<br><br>                 *Defendant.* | Case No. 3:17-cv-06457-JD (LEAD)<br>Case No. 5:18-cv-02555-JD<br><br>**PLAINTIFF COREPHOTONICS, LTD.'S RESPONSES TO DEFENDANT APPLE INC.'S SECOND SET OF REQUESTS FOR PRODUCTION** |

RUSS, AUGUST & KABAT

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules for the Northern District of California, plaintiff Corephotonics, Ltd. ("Corephotonics"), by and through its attorneys, hereby responds defendant Apple Inc.'s ("Apple") Second Set of Requests for Production (No. 39-63). Corephotonics' investigation continues and is ongoing, and further investigation and discovery may lead to additions, modifications, or changes to Corephotonics' responses.

## PRELIMINARY STATEMENT

The responses herein are made solely for the purposes of this action. These responses are subject to, and without waiver of, any objections as to the competency, propriety, authenticity, relevancy, materiality, privilege, and admissibility, and to any and all other objections on any grounds that would require the exclusion of statements contained herein.

The following responses are based upon the facts and information currently known and available to Corephotonics and given without prejudice to Corephotonics' right to amend or supplement to add any facts or information that it may later recall or discover as discovery and Corephotonics' investigation continues. Corephotonics further reserves the right to amend or supplement any or all of the matters contained in these responses with facts or information that it learns were omitted by inadvertence, mistake, or excusable neglect; as additional facts are ascertained, and contentions are made in this litigation; and as terms used in the asserted claims of the patents-in-suit are construed.

Specific objections to each request are made on an individual basis in Corephotonics' responses below. In addition to the specific objections, Corephotonics makes certain general objections (the "General Objections") to these requests. These General Objections are raised by issues that are common to each and every individual request. These General Objections hereby incorporated by reference into the specific response made to each separate request. For particular emphasis, Corephotonics has, from time to time, expressly included one or more of the General Objections as specific objections in the responses below.

Corephotonics response to these requests is based upon the facts and information currently known and available to it. All responses and production provided herein are subject to amendment

PLAINTIFF'S RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

RUSS, AUGUST & KABAT

or supplementation by Corephotonics as discovery and Corephotonics' investigation continues. Corephotonics reserves the right to supplement, amend, modify, or alter its responses to these requests.

The assertion of any objection to any of the requests is neither intended as, nor shall in any way be deemed, a waiver of Corephotonics' right to assert that or any other objection at a later date, including any evidentiary objections to any document or thing that it produces in discovery. No incidental or implied admissions are intended by the responses below.

## GENERAL OBJECTIONS

1.      Corephotonics objects to Apple's Second Set of Requests for Production to Corephotonics, including the definitions and instructions listed therein, and to each individual interrogatory to the extent they purport to impose on Corephotonics obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules for this District, or any order or ruling by the Court in this action. Corephotonics shall not comply with any purported obligation not imposed by law.

2.      Corephotonics objects to the requests to the extent they request information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the mediation privilege, or any other privilege or restriction on discovery. Corephotonics will not produce information protected by such privileges or restrictions. Any inadvertent or unintentional disclosure of such information shall not be deemed a waiver of any applicable privilege. Corephotonics further reserves the right to object that some information is so confidential and sensitive that it should not be provided absent additional protections adequate to ensure its confidentiality.

3.      Corephotonics objects to each request to the extent it requests documents that are subject to non-disclosure or confidentiality agreements, protective orders, or other agreements or any applicable law having privacy, confidentiality or non-disclosure provisions, which prohibit the disclosure by Corephotonics of the third party's information.

4.      Corephotonics objects to each individual request to the extent they call for information that is not relevant to a claim or defense that a party has pled in this action.

Corephotonics' production of documents and things in response to these requests intended to be, and shall not be construed as, an admission by Corephotonics that any matter referenced in the requests is relevant to any party's claim or defense in this action.

5.  Corephotonics objects to these requests to the extent they are overbroad in time or scope, unduly burdensome, and otherwise not proportional to the needs of the case pursuant to Federal Rule of Civil Procedure 26(b)(1).

6.  Corephotonics objects to these requests to the extent that they are oppressive, harassing, oppressive, vague, ambiguous, unintelligible, or require Corephotonics to speculate as to the meaning intended.

7.  Corephotonics objects to these requests to the extent that they contain express or implied assumptions of fact or law with respect to matters at issue in this case. Apple's production of documents or things in response to these requests are not intended to be, and shall not be construed as, an agreement or concurrence by Corephotonics with Apple's characterization of any facts, circumstances, or legal obligation; and Corephotonics expressly reserves the right to contest any such characterizations.

8.  Corephotonics objects to these requests to the extent that they are compound.

9.  Corephotonics objects to each and every request, definition, and instruction, to the extent that they call for legal conclusions.

10.  Corephotonics objects to each and every request, definition, and instruction, to the extent that they do not identify the materials sought with reasonable particularity.

11.  Corephotonics objects to each request that includes the terms "any," "every," "all," or "each," to the extent that it seeks the identification of "any," "every," "all," or "each" person, document, or information as overly broad, unduly burdensome, and not proportional pursuant to Rule 26(b)(1).

12.  Corephotonics objects to the definitions of "Plaintiff," "Corephotonics," "You," or "Your," to the extent Apple's definition purports to impose duties beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules, or any order or ruling by the Court in this action. Further, Apple's definition of these terms refers to "entities," which Apple has not defined.

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

The failure to define the defined term on which the definitions of Plaintiff," "Corephotonics," "You," or "Your" is defined renders the definition of these terms vague, ambiguous, and unintelligible.

13.   Corephotonics objects to these requests to the extent that they purport to require Corephotonics to search for and provide documents or things that are not within its possession, custody, or control.

14.   Corephotonics objects to each and every request as unduly burdensome and not proportional to the extent that it requires the production of materials equally available to Apple.

15.   Corephotonics incorporates by reference each of the foregoing General Objections set forth herein above into each specific response set forth below as if set forth in full therein. An answer to a response shall not be construed as a waiver of any applicable or general objection to a response.

16.   Corephotonics further reserves the right to amend the General Objections and its objections to the specific requests set forth herein.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST NO. 39:

All Documents regarding the acquisition of Corephotonics by Samsung Electronics (see, e.g., https://corephotonics.com/about/: "In 2019 Corephotonics was acquired by Samsung Electronics"), including all agreements, corporate documentation, and documentation submitted to any governmental authorities regarding the acquisition.

### RESPONSE TO REQUEST NO. 39:

Corephotonics incorporates its General Objections recited above as if set forth fully herein. Corephotonics objects to this Request as seeking information that is not relevant to any claim or defense in this action. Corephotonics objects to this Request to the extent it seeks documents that are publicly available or are equally accessible to Defendant, and to the extent it seeks documents that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to

PLAINTIFF'S RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

**REQUEST NO. 41:**

All Documents exchanged or provided between Corephotonics and any Samsung Corporate Entity (including representatives thereof) in connection with the acquisition of Corephotonics, including without limitation diligence documentation (including without limitation any Documents placed in a diligence data room), Documents reflecting or describing Corephotonics and/or any Samsung Corporate Entity, term sheets, draft agreements, and Documents regarding post-acquisition plans and expectations.

**RESPONSE TO REQUEST NO. 41:**

Corephotonics incorporates its General Objections recited above as if set forth fully herein. Corephotonics objects to this Request as seeking information that is not relevant to any claim or defense in this action. Corephotonics objects to this Request to the extent it seeks documents that are publicly available or are equally accessible to Defendant, and to the extent it seeks documents that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to the extent it is not limited in temporal scope. Corephotonics further objects to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the mediation privilege, or any other privilege, protection, or restriction on discovery. Corephotonics further objects to this Request to the extent that Defendant seeks to impose obligations that are broader than or inconsistent with the District's local rules, the Court's rules and orders, and the schedule issued in this case.

Subject to and without waiving the foregoing objections, Corephotonics is willing to meet and confer regarding this Request.

**REQUEST NO. 42:**

All Documents reflecting all valuations, summaries, opinions, appraisals, analyses, or other descriptions or assessments of any of Corephotonics' litigations against Apple, including without limitation any such description or assessment in connection with the acquisition of Corephotonics.

**RESPONSE TO REQUEST NO. 42:**

Corephotonics incorporates its General Objections recited above as if set forth fully herein. Corephotonics objects to this Request as seeking information that is not relevant to any claim or defense in this action. Corephotonics objects to this Request to the extent it seeks documents that are publicly available or are equally accessible to Defendant, and to the extent it seeks documents that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to the extent it is not limited in temporal scope. Corephotonics further objects to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the mediation privilege, or any other privilege, protection, or restriction on discovery. Corephotonics further objects to this Request to the extent that Defendant seeks to impose obligations that are broader than or inconsistent with the District's local rules, the Court's rules and orders, and the schedule issued in this case.

Subject to and without waiving the foregoing objections, Corephotonics will conduct a reasonable search for and produce relevant, responsive, non-privileged documents in Corephotonics' possession, custody or control to the extent any exist. Discovery is ongoing, and Corephotonics reserves the right to further supplement this response.

**REQUEST NO. 43:**

All agreements between Corephotonics and any Samsung Corporate Entity.

**RESPONSE TO REQUEST NO. 43:**

Corephotonics incorporates its General Objections recited above as if set forth fully herein. Corephotonics objects to this Request as seeking information that is not relevant to any claim or defense in this action. Corephotonics objects to this Request to the extent it seeks documents that are publicly available or are equally accessible to Defendant, and to the extent it seeks documents that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to

1       Subject to and without waiving the foregoing objections, Corephotonics will conduct a

2   reasonable search for and produce relevant, responsive, non-privileged documents in

3   Corephotonics' possession, custody or control to the extent any exist. Discovery is ongoing, and

4   Corephotonics reserves the right to further supplement this response.

5   **REQUEST NO. 57:**

6       All Documents reflecting all valuations, summaries, opinions, appraisals, analyses, or other

7   descriptions or assessments of Corephotonics' patents and patent applications, including without

8   limitation the patents asserted in this action and any related patents or applications, including

9   without limitation any such description or assessment in connection with the acquisition of

10   Corephotonics.

11   **RESPONSE TO REQUEST NO. 57:**

12       Corephotonics incorporates its General Objections recited above as if set forth fully herein.

13   Corephotonics objects to this Request to the extent it seeks documents that are publicly available

14   or are equally accessible to Defendant, and to the extent it seeks documents that are not in

15   Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly

16   broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the

17   discovery of admissible evidence. Corephotonics further objects to this Request to the extent it is

18   not limited in temporal scope. Corephotonics further objects to this Request to the extent that it

19   calls for the production of documents protected by the attorney-client privilege, the work product

20   doctrine, the common interest doctrine, the mediation privilege, or any other privilege, protection,

21   or restriction on discovery. Corephotonics further objects to this Request to the extent that

22   Defendant seeks to impose obligations that are broader than or inconsistent with the District's local

23   rules, the Court's rules and orders, and the schedule issued in this case.

24       Subject to and without waiving the foregoing objections, Corephotonics will conduct a

25   reasonable search for and produce relevant, responsive, non-privileged documents in

26   Corephotonics' possession, custody or control to the extent any exist. Discovery is ongoing, and

27   Corephotonics reserves the right to further supplement this response.

28

RUSS, AUGUST & KABAT

Case No. 5:17-cv-06457-LHK
PLAINTIFF'S RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

do not include the value of patents and patent applications), including without limitation any such description or assessment in connection with the acquisition of Corephotonics.

**RESPONSE TO REQUEST NO. 59:**

Corephotonics incorporates its General Objections recited above as if set forth fully herein. Corephotonics objects to this Request to the extent it seeks documents that are publicly available or are equally accessible to Defendant, and to the extent it seeks documents that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to the extent it is not limited in temporal scope. Corephotonics further objects to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the mediation privilege, or any other privilege, protection, or restriction on discovery. Corephotonics further objects to this Request to the extent that Defendant seeks to impose obligations that are broader than or inconsistent with the District's local rules, the Court's rules and orders, and the schedule issued in this case.

Subject to and without waiving the foregoing objections, Corephotonics will conduct a reasonable search for and produce relevant, responsive, non-privileged documents in Corephotonics' possession, custody or control to the extent any exist. Discovery is ongoing, and Corephotonics reserves the right to further supplement this response.

**REQUEST NO. 60:**

All Documents regarding any interest or rights held by any entity other than Corephotonics in the Asserted Patents and/or the outcome of this litigation, including Documents constituting any agreement and Documents reflecting any diligence and/or negotiations relating to any agreement.

**RESPONSE TO REQUEST NO. 60:**

Corephotonics incorporates its General Objections recited above as if set forth fully herein. Corephotonics objects to this Request as seeking information that is not relevant to any claim or defense in this action. Corephotonics objects to this Request to the extent it seeks documents that are publicly available or are equally accessible to Defendant, and to the extent it seeks documents

RUSS, AUGUST & KABAT

that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to the extent it is not limited in temporal scope. Corephotonics further objects to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the mediation privilege, or any other privilege, protection, or restriction on discovery. Corephotonics further objects to this Request to the extent that Defendant seeks to impose obligations that are broader than or inconsistent with the District's local rules, the Court's rules and orders, and the schedule issued in this case.

Corephotonics objects to this Request as seeking information that is not relevant to any claim or defense in this action.

**REQUEST NO. 61:**

All Documents regarding any funding, loan, credit, debt, or other financial arrangement relating to assertion of patents by Corephotonics (for example, any arrangement where a third-party has provided funding to support Corephotonics asserting patents in litigation or in licensing efforts), including without limitation all Documents regarding any litigation funding agreement to which Corephotonics is a party, including Documents constituting any agreement and Documents reflecting any diligence and/or negotiations relating to any agreement.

**RESPONSE TO REQUEST NO. 61:**

Corephotonics incorporates its General Objections recited above as if set forth fully herein. Corephotonics objects to this Request as seeking information that is not relevant to any claim or defense in this action Corephotonics objects to this Request to the extent it seeks documents that are publicly available or are equally accessible to Defendant, and to the extent it seeks documents that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to the extent it is not limited in temporal scope. Corephotonics further objects to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege, the

RUSS, AUGUST & KABAT

work product doctrine, the common interest doctrine, the mediation privilege, or any other privilege, protection, or restriction on discovery. Corephotonics further objects to this Request to the extent that Defendant seeks to impose obligations that are broader than or inconsistent with the District's local rules, the Court's rules and orders, and the schedule issued in this case.

Subject to and without waiving the foregoing objections, Corephotonics is willing to meet and confer regarding this Request.

**REQUEST NO. 62:**

All Documents that refer or relate to Longford Capital Fund II, LP or any affiliate thereof, including without limitation all Documents relating to any agreement to which Longford Capital Fund II, LP and Corephotonics are parties and all communications with representatives of Longford Capital Fund II, LP and all Documents relating to UCC Financing Statement Doc # 2018067419 (including Exhibit A thereto) recorded on July 6, 2018 with the Washington DC Recorder of Deeds identifying Corephotonics, Ltd. as debtor and Longford Capital Fund II, LP as secured party.

**RESPONSE TO REQUEST NO. 62:**

Corephotonics incorporates its General Objections recited above as if set forth fully herein. Corephotonics objects to this Request as seeking information that is not relevant to any claim or defense in this action. Corephotonics objects to this Request to the extent it seeks documents that are publicly available or are equally accessible to Defendant, and to the extent it seeks documents that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to the extent it is not limited in temporal scope. Corephotonics further objects to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, the mediation privilege, or any other privilege, protection, or restriction on discovery. Corephotonics further objects to this Request to the extent that Defendant seeks to impose obligations that are broader than or inconsistent with the District's local rules, the Court's rules and orders, and the schedule issued in this case.

RUSS, AUGUST & KABAT

1    Subject to and without waiving the foregoing objections, Corephotonics is willing to meet

2    and confer regarding this Request.

3    **REQUEST NO. 63:**

4    All Documents that refer, relate to, or constitute a relationship agreement (including any

5    amendment thereto) to which Corephotonics and Russ August & Kabat are parties, including

6    without limitation the "Relationship Agreement" referenced in Exhibit A to UCC Financing

7    Statement Doc # 2018067419 (including Exhibit A thereto) recorded on July 6, 2018 with the

8    Washington DC Recorder of Deeds identifying Corephotonics, Ltd. as debtor and Longford

9    Capital Fund II, LP as secured party.

10    **RESPONSE TO REQUEST NO. 63:**

11    Corephotonics incorporates its General Objections recited above as if set forth fully herein.

12    Corephotonics objects to this Request as seeking information that is not relevant to any claim or

13    defense in this action. Corephotonics objects to this Request to the extent it seeks documents that

14    are publicly available or are equally accessible to Defendant, and to the extent it seeks documents

15    that are not in Corephotonics' possession, custody, or control. Corephotonics objects to this

16    Request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated

17    to lead to the discovery of admissible evidence. Corephotonics further objects to this Request to

18    the extent it is not limited in temporal scope. Corephotonics further objects to this Request to the

19    extent that it calls for the production of documents protected by the attorney-client privilege, the

20    work product doctrine, the common interest doctrine, the mediation privilege, or any other

21    privilege, protection, or restriction on discovery. Corephotonics further objects to this Request to

22    the extent that Defendant seeks to impose obligations that are broader than or inconsistent with the

23    District's local rules, the Court's rules and orders, and the schedule issued in this case.

24    Subject to and without waiving the foregoing objections, Corephotonics is willing to meet

25    and confer regarding this Request.

26

27

28

RUSS, AUGUST & KABAT

DATED: November 21, 2022        RUSS AUGUST & KABAT

By:        */s/ Marc A. Fenster*

Marc A. Fenster

*Attorneys for Plaintiff*
COREPHOTONICS, LTD.

Case No. 5:17-cv-06457-LHK

PLAINTIFF'S RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

RUSS, AUGUST & KABAT

**CERTIFICATE OF SERVICE**

I certify that counsel of record is being served on November 21, 2022, with a copy of this document via Electronic Mail on this date.

_/s/ Marc A. Fenster_

RUSS, AUGUST & KABAT