COOLEY LLP
Heidi Keefe (178960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya B. Viswanath (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, California 94304
Telephone:   (650) 843-5000
Facsimile:    (650) 849-7400

COOLEY LLP
Phillip Morton (*Pro Hac Vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Telephone:   (202) 842-7800
Facsimile:    (202) 842-7899

*Attorneys for Defendant*
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISO DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC.<br><br>Defendant. | Case No. 3:17-cv-06457-JD (lead case)<br>Case No. 5:18-cv-02555-JD<br><br>**DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL & MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Pursuant to Civil L.R. 7-11 and 79-5, Defendant Apple Inc. respectfully seeks leave to file under seal narrowly tailored portions of certain documents. Apple also respectfully seeks consideration as to whether Plaintiff Corephotonics, Ltd.'s materials should be sealed.

I. **LEGAL STANDARD**

The Ninth Circuit treats dispositive versus non-dispositive motions (and documents attached thereto) differently for purposes of sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). Whereas dispositive motions are subject to the "compelling reason" standard, non-dispositive motions are subject to the "good cause" standard. *Kamakana*, 447 F.3d at 1179-80 (detailing distinction between "compelling reason" and "good cause" standards as applied to dispositive and non-dispositive motions).

Courts in this District appear to be split on which standard applies to motions for leave to amend an answer or pleading. *E.g.*, *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 U.S. Dist. LEXIS 33050, at *5 (N.D. Cal. Feb. 26, 2020) ("[The] Court will apply the lower good cause standard for documents related . . . Apple's motion for leave to file an amended answer."); *Santelices v. Apttus*, No. 19-cv-07414-HSG, 2020 WL 5870509, at *4 (N.D. Cal. Oct. 2, 2020) ("The Court will apply the lower good cause standard for the documents related to the motion for leave to amend [the complaint]."); *Real Action Paintball v. Advanced Tactical Ordnance Sys.,* No. 14-cv-02435-MEJ, 2015 WL 1534049, at *3 (N.D. Cal. Apr. 2, 2015) ("Furthermore, other courts have recognized that motions to amend pleadings are not dispositive for sealing purposes and thus the good cause standard generally applies."); *but see Heath v. Google*, No. 15-cv-01824-BLF, 2017 WL 3530593, at *2 (N.D. Cal. Aug. 14, 2017) ("Courts also apply the compelling reasons standard in connection with a motion to amend the complaint and proposed complaint, because they involve central issues that are 'more than tangentially related to the underlying cause of action.'" (citation omitted)); *Reyna v. ARRIS Int'l Plc*, No. 17-CV-01834-LHK, 2018 WL 1400513, at *2 (N.D. Cal. Mar. 20, 2018) (applying "compelling reason" standard where the party sought to seal "either an amended complaint or a motion for leave to file an amended complaint.").

II. **ARGUMENT**

A. **Motion to File Under Seal Apple's Documents**

In an abundance of caution, Apple applies the "compelling reason" standard—but even under the "good cause" standard, the following materials should be sealed: (1) narrowly tailored portions of Defendant's Reply in Support of its Motion to Amend its Answer ("Reply"); and (2) narrowly tailored portions of Exhibit M ("Mead 11/16/2023 Email Chain").

The Supreme Court has limited "the right to inspect and copy judicial records," recognizing that "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Similarly, the Ninth Circuit recognizes that the Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *In re Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (granting petition for writ of mandamus and overturning the district court's decision that terms of licensing agreement did not meet the "compelling reason" standard).

Courts in this District, including this Court, have found "compelling reasons . . . to seal . . . confidential terms of license agreements …." *Ovonic Battery v. Sanyo Elec.*, No. 14-cv-01637-JD, 2014 WL 3749152, at *3 (N.D. Cal. July 24, 2014); *Open Text S.A. v. Box*, No. 13-cv-04910-JD, 2014 U.S. Dist. LEXIS 177484, at *18, *35, *48 (N.D. Cal. Dec. 26, 2014) (finding compelling reasons to seal agreements subject to third party confidentiality obligations, as well as sensitive licensing terms); *GoPro Hong Kong v. 2b Trading*, No. 16-cv-05113-JD, 2017 U.S. Dist. LEXIS 27380, at *5 (N.D. Cal. Feb. 27, 2017) (finding compelling reasons to seal "sensitive distribution agreement terms"); *Nextpulse v. Brunswick*, No. 22-cv-04071-HSG, 2023 WL 1880949, at *7 (N.D. Cal. Feb. 10, 2023) (finding "compelling reasons to seal [asset purchase agreement because it comprises] confidential, strategic and competitively sensitive business information"); *Baird v. Blackrock Institutional Tr.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (collecting cases and holding that "[c]ourts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing

negotiations, and business strategies' satisfies the 'compelling reasons' standard"); *see also Kyowa Hakko Kirin v. Aragen Bioscience*, No. 16-cv-05993-JD, 2017 U.S. Dist. LEXIS 184566, at *3 (N.D. Cal. Nov. 7, 2017) (finding good cause to protect "confidential third-party information, the disclosure of which may violate confidentiality provisions in . . . agreements . . . and cause competitive and financial harm by allowing . . . competitors insight into . . . [business] strategies and efforts").

The following materials sought to be sealed reflect highly confidential and sensitive information from an agreement (the "Agreement") with a third party subject to third-party confidentiality obligations. For example, the existence of the Agreement, its terms, and the identity of the third-party signatory—reflected in the narrowly tailored portions of the Reply and Exhibit M—comprise highly confidential and extremely sensitive information, the disclosure of which would cause competitive and financial harm to the Agreement's signatories. (Mead Decl., ¶¶ 1-5.) Such information, if revealed to the public, could also be misused by competitors and adversaries to harm the signatories.

| Table 1 | |
|---|---|
| **Materials Sought to be Sealed** | **Sealing Request** |
| Defendant's Reply in Support of its Motion to Amend its Answer:<br>• page 1, lines 21, 22, 24, and 25<br>• page 4, lines 18 and 20<br>• page 5, lines 3, 6, 7, 12, 17, and 19-26<br>• page 6, lines 7, 8, 10, 14-16, 18, 19, 21, and footnote 5<br>• page 7, lines 2, 6, 16, 17, 19, and footnote 6 | Narrowly tailored portions of Reply describing highly confidential and sensitive terms and the confidential signatory of the Agreement |
| Exhibit M, Mead 11/16/2023 Email Chain:<br>• pages 1-6, individual names and contact information subject to confidentiality | Narrowly tailored portions of Mead 11/16/2023 Email Chain identifying third-party signatory to Agreement, whose existence is confidential and subject to third-party confidentiality obligations |

The narrowly tailored materials sought to be sealed reveal specific third-party signatories to the Agreement and highly confidential terms and business information subject to third-party

confidentiality obligations. Given the injury that will result to Apple's business interests should this information be made public, a less restrictive alternative to sealing does not exist.

Compelling reasons and good cause exist to seal the narrowly tailored portions because public disclosure of that information would pose irreparable harm to the signatories to the Agreement and allow competitors and adversaries to gain an unfair competitive advantage or misuse the highly confidential information. *E.g.*, *FTC v. Qualcomm*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (granting sealing motion under the compelling reasons standard because the information may harm the party or third parties' "competitive standing and divulges terms of confidential contracts, contract negotiations …"); *Ovonic Battery*, 2014 WL 3749152, at *3; *Open Text S.A.*, 2014 U.S. Dist. LEXIS 177484, at *18, *35, *48; *GoPro Hong Kong*, 2017 U.S. Dist. LEXIS 27380, at *5; *Nextpulse*, 2023 WL 1880949, at *7.

### B. Motion to Consider If Corephotonics' Materials Should Be Sealed

Portions of Apple's Reply reflect materials Corephotonics designated as Confidential — Attorney's Eyes Only:

| Table 2 | |
|---|---|
| **Materials Sought to be Sealed** | **Sealing Request** |
| Defendant's Reply in Support of its Motion to Amend its Answer:<br>• page 1, line 8<br>• page 3, lines 18, 22-23, and footnote 2<br>• page 4, lines 1-4<br>• page 6, lines 4-5 | Narrowly tailored portions of Reply reflecting materials designated Confidential – Attorney's Eyes Only by Corephotonics |

Apple does not take a position on whether or not the materials identified in Table 2 and designated as confidential by Corephotonics should properly be withheld, but has filed this motion in compliance with the Protective Order and Civil L.R. 79-5(f). The relief requested in this motion is necessary and is narrowly tailored to protect confidential information.

### III. COURT'S STANDING ORDER

Apple confirms that it has reviewed and complied with the Court's Standing Order Governing Administrative Motions to File Materials Under Seal and Civil Local Rule 79-5.

Apple files this Motion cognizant of Para. 31 of the Standing Order and is prepared to file a more fulsome and revised motion to seal after the completion of briefing if warranted.

### IV.     CONCLUSION

For the reasons set forth above, Apple respectfully requests that the Court grant an Order allowing Apple to file under seal (1) the materials identified in Table 1; and (2) the materials identified in Table 2.

| | |
|---|---|
| Dated: November 30, 2023 | Respectfully submitted, |
| | COOLEY LLP |
| | By: /s/ Heidi L. Keefe |
| | Heidi L. Keefe (178960) |
| | (hkeefe@cooley.com) |
| | Lowell Mead (223989) |
| | (lmead@cooley.com) |
| | Priya B. Viswanath (238089) |
| | (pviswanath@cooley.com) |
| | COOLEY LLP |
| | 3175 Hanover Street |
| | Palo Alto, California  94304 |
| | Telephone:(650) 843-5000 |
| | Facsimile: (650) 849-7400 |
| | |
| | COOLEY LLP |
| | Phillip Morton (*Pro Hac Vice*) |
| | (pmorton@cooley.com) |
| | 1299 Pennsylvania Avenue NW, Suite 700 |
| | Washington, DC 20004-2400 |
| | Telephone:  (202) 842-7800 |
| | Facsimile:   (202) 842-7899 |
| | |
| | *Attorneys for Defendant Apple, Inc.* |

# CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94306. On the date set forth below I served the attached documents in the manner described below:

1. **REPLY IN SUPPORT OF ITS MOTION TO AMEND ANSWER;**
2. **EXHIBIT M**

☒  (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

Marc Fenster
Benjamin Wang
Brian D. Ledahl
Neil A. Rubin
James S. Tsuei
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
mfenster@raklaw.com
bwang@raklaw.com
bledahl@raklaw.com
nrubin@raklaw.com
jtsuei@raklaw.com

*Attorneys for Plaintiff Corephotonics, Ltd.*

Executed on November 30, 2023, at Palo Alto, California.

/s/ Heidi L. Keefe
Heidi L. Keefe

Case No. 3:17-cv-06457-JD
Case No. 5:18-cv-02555-JD

1.

CERTIFICATE OF SERVICE