

12424 WILSHIRE BOULEVARD

12TH FLOOR

LOS ANGELES CALIFORNIA 90025

TELEPHONE 310.826.7474

FACSIMILE 310.826.6991

Neil A. Rubin
nrubin@raklaw.com

December 5, 2023

**Via CM/ECF**

The Honorable James Donato
United States District Court
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA

Re:   *Corephotonics Ltd. v. Apple Inc.,*
Case No. 3:17-cv-06457-JD (N.D. Cal.) (lead case)

Dear Judge Donato:

Pursuant to the Standing Order for Discovery in Civil Cases and the Protective Order (Dkt. 77), Corephotonics respectfully requests that the Court enter a protective order prohibiting Apple from disclosing information produced and designated as confidential by Corephotonics or by third parties under the Protective Order to Dr. José Sasián, Apple's paid litigation expert, because he is actively prosecuting pending patents applications in the same field as the patents asserted in this case and as the highly confidential information that has been produced by Corephotonics and third parties in this case. Disclosure of designated confidential discovery to him would present an unavoidable conflict with the Protective Order's Prosecution Bar. Apple proposed Dr. Sasián as a potential expert on November 13, 2023. Corephotonics timely objected on November 27. The parties conferred telephonically on November 28 and reached impasse.

On October 3, 2023, Apple submitted a letter (Dkt. 184) objecting to and seeking a protective order against disclosure of information to Corephotonics' expert Dr. Thomas Milster, a professor of optical sciences at the University of Arizona. Apple's stated reason for opposing Corephotonics' use of Dr. Milster as an expert was that he has a pending patent application on inventions that relate, in part, to "correcting images captured by a camera module of a mobile device for atmospheric aberration." As a result, Apple alleged that "he will violate the Prosecution Bar." (*Id.*) As Apple's discovery letter is still pending before this Court, and opening expert reports are due on December 15, Corephotonics has had to engage a different expert, at significant additional cost, and effectively been prevented from utilizing its first choice of expert.

Remarkably, Apple now proposes to disclose confidential information from Corephotonics and from third parties to someone whose office is at least metaphorically down the hall from Dr. Milster's, his fellow University of Arizona professor of optical sciences Dr. José Sasián. Like Dr. Milster, Dr. Sasián also has pending patent applications. However unlike Dr. Milster, at least one of Dr. Sasián's patent applications



concerns exactly the areas of technology that the asserted patents in this case relate to.[1] Dr. Sasián has at least three pending patent applications, nos. 17/622,393, 17/622,463, and 17/798,838. The most clearly related to the subject matter of this case is application 17/622,463, published as U.S. Pub. App. No. 2022/0252848.[2] For example, paragraph [0126] of that application states: "The alternate example camera lens 920 of FIG. 12 was designed for potential use in a low-end surveillance or *smart phone* market." *Id.* (emphasis added). Smart phone lenses are the subject of U.S. Patent No. 9,568,712 asserted in this case. Paragraph [0002] states that the application relates to "multi-camera capture devices having a plurality of adjacent and abutting polygonal cameras." *Id.* The asserted U.S. Patent No. 9,185,291 likewise relates to devices using adjacent and abutting polygonal cameras, as shown for example in its Figure 1B.

Corephotonics has produced highly confidential and sensitive technical documents and testimony describing its proprietary camera technologies in reliance on the protections of the Court's Protective Order. Multiple third parties in this case have done likewise pursuant to Apple's subpoenas, including Eastman Kodak Co., Leica Camera, Inc., Nikon Americas, Inc., Samsung Electronics America, Inc., Sony, and Dr. Romeo Mercado. Corephotonics technologies are utilized by Apple's competitors in the smart phone market, including Samsung Mobile.

The Prosecution Bar in the Protective Order prohibits individuals who view such designated "Attorneys' Eyes Only" confidential information from being involved, "directly or indirectly," in "advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of *mobile device camera technology*." Dkt. 77, ¶ 6(b) (Prosecution Bar) (emphasis added). Corephotonics has no reason to doubt the integrity of Dr. Sasián or his respect for this Court's orders, but Apple's concerns that Dr. Milster may violate the Prosecution Bar seem to be present for Dr. Sasián to at least the same degree, if not to a greater degree given the greater closeness between the subject matter described in Dr. Sasián's patent applications and the technologies at issue in this case.

Apple has not identified any unfair prejudice, let alone that which outweighs and justifies the unavoidable conflict and risk. Apple remains free to work with other experts who do not present these specific concerns and may work with Dr. Sasián on issues and projects that do not require him to review "Attorneys' Eyes Only" confidential information.

---

[1] It is curious that Apple appears willing to disclose its own confidential optical design information to an optics professor with pending patent applications, including at least one in the field of smart phone camera lens design, after successfully preventing Corephotonics from utilizing his colleague as an expert. One wonders whether Apple was invoking the Protective Order in good faith as a shield for its confidential information, or rather as a sword to hinder its opponent's trial preparation. Whatever Apple's motivations, however, the same standard should apply to Apple's experts when it comes to the Prosecution Bar as applies to Corephotonics' experts.

[2] Available at: https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/20220252848



For these reasons, Corephotonics respectfully requests that the Court enter an order prohibiting Apple from disclosing to Dr. Sasián any materials or information designated as "Confidential – Attorneys' Eyes Only" or "Confidential – Attorneys' Eyes Only – Source Code" by Corephotonics or by third parties under the Protective Order.

    Sincerely,

    /s/ *Neil A. Rubin*

    Neil A. Rubin
    Counsel for Corephotonics Ltd.