

12424
WILSHIRE
BOULEVARD

12TH FLOOR

LOS ANGELES
CALIFORNIA
90025

TELEPHONE
310.826.7474

FACSIMILE
310.826.6991

Brian D. Ledahl
bledahl@raklaw.com

December 12, 2023

**Via CM/ECF**

The Honorable James Donato
United States District Court
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA

Re:   *Corephotonics Ltd. v. Apple Inc.,*
      Case No. 3:17-cv-06457-JD (N.D. Cal.) (lead case)

Dear Judge Donato:

Corephotonics writes in response to the discovery letter submitted by Apple regarding materials related to litigation funding provided by Longford Capital. Dkt. # 199. Apple fails to show any proper basis for the discovery it requests which is irrelevant and potentially (in light of the overbroad scope of Apple's requests) attorney work product. Apple's request for such information should be denied. Apple makes a variety of factual assertions in its letter which are both false and based on nothing but speculation. Apple fails to show that Longford Capital has provided anything other than litigation financing (which has no effect on Corephotonics' standing in this matter) and it fails to provide any credible basis to suggest that its poorly-defined discovery requests have anything to do with issues relating to damages in this matter.

I.   **Apple Fails To Show Any Relevance For Its Requests**

As the party seeking to compel discovery, Apple bears the burden of showing that its requests satisfy the relevancy requirements of Federal Rule 26(b)(1). *See, e.g. Taction Tech., Inc. v. Apple, Inc.*, 2022 WL 18781396, *2 (S.D. Cal. Mar. 16, 2022). Apple cannot satisfy that burden here. Apple argues two bases for the purported relevance of requesting materials relating to litigation finance from Longford Capital: standing and damages. Apple fails to show that either of these purported bases supports its request for discovery. Apple offers nothing but speculation contradicted by its own submission regarding standing. With respect to damages, Apple provides no basis to suggest the existence of any relevant materials, and certainly no basis to suggest it seeks anything other than attorney work-product.

Apple's suggestion that any agreements with Longford Capital could have anything to do with Corephotonics' standing is baseless. Corephotonics has never transferred ownership, nor any rights in the patents-in-suit to Longford Capital (or anyone else). The excerpt of some unidentified "public filing" contained on the first page of Apple's letter merely suggests Longford received rights in proceeds flowing to Corephotonics from licensing its patents or a judgment awarded in this litigation. That is not a transfer



of any rights in the patents themselves. Apple does not explain how such an arrangement (which is commonplace in litigation financing) could possibly affect standing in this matter. Apple points to no case suggesting that standing is somehow affected by such arrangements, and Corephotonics is aware of none. Apple asserts that the uncited excerpt of an unidentified document somehow shows that "Corephotonics's rights to assert the patents-in-suit and pursue this litigation are significantly encumbered." The excerpt suggests nothing of the sort. A right to receive money from a patent holder does not in any way encumber the patent-holder's ownership of the patent. Apple points to nothing to suggest that Longford Capital possesses any right to direct or control this litigation, or any rights of any kind in any Corephotonics patent. The reason Apple cannot point to any evidence suggesting such encumbrances is that no such materials exist. Put simply, Corephotonics has never transferred any rights in the patents-in-suit to Longford Capital, nor has it ever transferred any right to direct or control (or even to approve or disapprove of any settlement) this litigation to Longford Capital. Worse, Apple already knows this. Apple notes that in connection with settlement discussions (where Apple raised similarly baseless assertions), Corephotonics provided Apple a redacted copy of its agreement with Longford Capital. While the precise financial terms of that arrangement (and of Corephotonics' engagement agreement with its counsel) are not a proper subject of inquiry, the unredacted portion of that agreement made clear that Longford would not be a client of Russ August & Kabat and "shall not have the right to direct RAK's representation of Client [Corephotonics]." Apple's assertions about standing are without merit and should be rejected. Courts in this District have previously rejected similar requests as inappropriate. *See MLC Intellectual Property, LLC v. Micron Tech., Inc.*, 2019 WL 118595, *1 (N.D. Cal. Jan. 7, 2019).

Apple's suggestions about damages are similarly unavailing. Corephotonics has never provided Longford Capital with any documents reflecting valuation of the patents-in-suit. Moreover, Apple fails to note that Corephotonics entered into an agreement with Longford only after this case had already been pending for some time. Thus, even if there had been discussion of possible valuation, it would have been valuation of an existing lawsuit. Even the cases Apple relies upon suggest that such material could only be relevant to the extent it provided valuation placed on the patents prior to the present litigation. *See Taction Tech., Inc.*, 2022 WL 18781396, at *5 (citing *Odyssey Wireless, Inc. v. Samsung Elecs. Co., Ltd.*, 2016 WL 7665898, at *7 (S.D. Cal.. Sept. 20, 2016). Here, this lawsuit was filed in November 2017 by a different law firm. Longford did not enter into any agreement with Corephotonics until mid-2018, and only after Corephotonics had already replaced its original counsel in this matter. Thus, Apple has no basis to suggest that any interactions with Longford reflected valuations prior to this lawsuit – the only basis for relevance to damages even identified by Apple's cited authority. Apple fails to show that it seeks any relevant materials on this basis as well, and as such, Apple's request on this ground also fails.

## II. Apple Fails To Provide A Factual Basis For Its Assertions

Apple makes a number of factual assertions in its letter that are both false and unsupported. Most notably, Apple makes assertions about the purported existence of certain categories of documents that are simply false.



First, Apple asserts that Longford Capital "holds a direct interest in the asserted patents." Apple provides no basis for this assertion and it is false. Apple points to Corephotonics' Amended Certificate of Interested Parties (Dkt. # 152), but nothing in that document suggests what Apple claims. It merely indicates a financial interest in the outcome of the litigation – something entirely different which has nothing to do with either standing or damages. Apple also cites to a small excerpt contained in its letter from an unidentified "public filing" for which Apple provides no citation. That excerpt is not actually an excerpt of any agreement between Corephotonics and Longford. Further, even that excerpt does not say what Apple contends – it merely indicates that Longford has an interest in litigation or licensing proceeds, not in the underlying claims or patents. Apple similarly refers to an agreement between Longford and an entirely unrelated entity in footnote 2 of its letter, but that agreement also does not contain any transfer of rights in underlying patents or claims.

Apple further asserts (without any basis or citation) that Corephotonics' counsel provided Longford some unspecified documents assessing the value of the asserted patents. That is simply false. Even if such materials did exist, they would clearly be attorney work-product, but there are no such documents. Corephotonics cannot be compelled to produce that which does not exist. Corephotonics did not provide any documents to Longford Capital reflecting valuation of the patents-in-suit, other than potentially materials already provided to Apple such as damages contentions or other pleadings submitted in this case. Apple's assertions to the contrary are based on nothing more than speculation. Courts routinely reject such speculative arguments in connection with requests for litigation funding information. *See, e.g., V5 Techs. V. Switch, Ltd.* 334 F.R.D. 306, 311-312 (D. Nev. 2019) (collecting cases).

### III.     Apple's Requests Are Overbroad And Unreasonable

Apple's letter identifies five document requests at issue. Corephotonics properly responded to those requests in November 2022. Despite this, Apple waited a year to bring this issue to the Court. A review of Apple's requests shows that they are overbroad and unreasonable. For example, Apple's request number 61 seeks "All Documents regarding any funding, load, credit, debt, or other financial arrangement relating to assertion of patents by Corephotonics . . . ." Even if Apple could show any relevance to its requests (it has not) the requests it propounded are overbroad and unreasonable. Further, Apple seeks material shared by Corephotonics' counsel with Longford Capital in connection with obtaining funding to support Corephotonics' litigation. Courts routinely hold that such materials are subject to the attorney work-product protection and not the proper subject of discovery. *See, Taction Tech.*, 2022 WL 18781396, *6-8; *Viamedia, Inc. v. Comcast Corp.*, 2017 WL 2834535, *2-3 (N.D. Ill. June 30, 2018); *Fulton v. Foley*, 2019 WL 6609298, *3-4 (N.D. Ill. Dec. 5, 2019). These constitute additional reasons to reject Apple's request for this material.

                                                  Sincerely,

                                                  /s/ *Brian D. Ledahl*

                                                  Brian D. Ledahl
                                                  Counsel for Corephotonics Ltd.