COOLEY LLP
Heidi Keefe (178960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya B. Viswanath (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, California 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

COOLEY LLP
Phillip Morton (*Pro Hac Vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue
NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

*Attorneys for Defendant*
  Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.,<br><br>    Plaintiff,<br><br>    vs.<br><br>APPLE INC.<br><br>    Defendant. | Case No. 3:17-cv-06457-JD (lead case)<br>Case No. 5:18-cv-02555-JD<br><br>**DEFENDANT'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF STANDING**<br><br>Date: January 25, 2024<br>Time: 10 a.m.<br><br>Courtroom 11, 19th Floor<br>450 Golden Gate Avenue,<br>San Francisco, CA 94102 |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

MOTION TO DISMISS

# **TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ................................................................................................ 1
STATEMENT OF RELIEF REQUESTED ........................................................................................... 1
MEMORANDUM OF POINTS AND AUTHORITIES ....................................................................... 1
I.    INTRODUCTION ........................................................................................................................ 1
II.   FACTUAL BACKGROUND ...................................................................................................... 2
      A.    Corephotonics Does Not Control This Litigation ..................................................... 2
      B.    Samsung Refuses to Involve Itself in This Action. ................................................... 4
III.  LEGAL STANDARDS ................................................................................................................ 5
IV.  ARGUMENT ................................................................................................................................ 6
      A.    Corephotonics Lacks Standing Because It Does Not Possess Substantially All Rights in the Patents-in-Suit. .................................................................................. 6
      B.    The Court Should Dismiss This Action. .................................................................... 9
V.   CONCLUSION .......................................................................................................................... 12

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

i

**MOTION TO DISMISS**

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*A123 Sys., Inc. v. Hydro-Quebec*,
   626 F.3d 1213 (Fed. Cir. 2010) ................................................................................... 6, 8, 9

*Alfred E. Mann Found. v. Cochlear Corp.*,
   604 F.3d 1354 (Fed. Cir. 2010) ......................................................................................... 5, 8

*Allegro Consultants, Inc. v. Wellington Techs., Inc.*,
   No. 13-cv-02204-BLF, 2014 WL 4352344 (N.D. Cal. Sept. 2, 2014) .................................. 9

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
   465 F.3d 946 (9th Cir. 2006) ............................................................................................... 9

*Diamond Coating Techs., LLC v. Hyundai Motor Am.*,
   823 F.3d 615 (Fed. Cir. 2016) ......................................................................................... 7, 8

*E.E.O.C. v. Peabody W. Coal Co.*,
   400 F.3d 774 (9th Cir. 2005) ............................................................................................... 9

*Intell. Prop. Dev., Inc. v. TCI Cablevision of Cal.*,
   248 F.3d 1333 (Fed. Cir. 2001) ..................................................................................... 5, 6, 7

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
   925 F.3d 1225 (Fed. Cir. 2019) ................................................................................... *passim*

*Morrow v. Microsoft Corp.*,
   499 F.3d 1332 (Fed. Cir. 2007) ..................................................................................... 5, 6, 7

*Prima Tek II L.L.C. v. A-Roo Co.*,
   222 F.3d 1372 (Fed. Cir. 2000) ........................................................................................... 5

*Prime Media Grp., LLC v. Acer America Corp.*,
   No. 12-cv-05020-BLF, 2015 WL 12979102 (N.D. Cal. May 26, 2015) .............................. 9

*Propat Int'l Corp. v. Rpost, Inc.*,
   473 F.3d 1187 (Fed. Cir. 2007) ....................................................................................... 6, 7

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
   427 F.3d 971 (Fed. Cir. 2005) ............................................................................................. 6

**Statutes**

35 U.S.C. § 281 ........................................................................................................................... 5

**TABLE OF AUTHORITIES**
(Continued)

**Page(s)**

**Other Authorities**

Fed. R. Civ. P.
    12(b) ................................................................................................................................... 6
    12(c) ................................................................................................................................... 6
    12(d) ................................................................................................................................... 6
    12(h)(2)(B) ......................................................................................................................... 6
    19 ....................................................................................................................................... 9
    19(a) ................................................................................................................................... 6
    19(b) ............................................................................................................................*passim*
    30(b)(6) ......................................................................................................................... 3, 8

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on **January 25, 2024 at 10:00 A.M.**, or as soon thereafter as the motion may be heard, in the courtroom of the Honorable James Donato, located at Courtroom 11, 19th Floor, San Francisco Courthouse at 450 Golden Gate Ave., San Francisco, CA 94102, Defendant Apple, Inc. ("Apple") will and hereby does move the Court to dismiss this action for lack of standing. The motion is based upon this Notice, the Memorandum of Points and Authorities, the pleadings, all matters of which the Court may take judicial notice, and any other argument or evidence that may be presented in support of this Motion.

**STATEMENT OF RELIEF REQUESTED**

Apple requests that the Court dismiss this consolidated action because plaintiff Corephotonics Ltd. ("Corephotonics") lacks standing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Corephotonics does not have standing to proceed as plaintiff in this patent infringement action. To the extent Corephotonics has rights to assert the patents-in-suit, those rights are substantially controlled by a Samsung company that acquired Corephotonics in 2019. The Samsung company controls ███████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████████. In its agreement to purchase Corephotonics, ████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████. After the acquisition was completed, Samsung has continued to maintain control ████████████████ ████████████████. Testimony from Corephotonics witnesses confirms ████████ ███████████████████████████████████████████████████████████████ ████████████████████████████.

As a result of Samsung's control, Corephotonics does not possess all substantial rights in the patents-in-suit, defeating its standing to proceed. The Court should dismiss this case.

## II. FACTUAL BACKGROUND

### A. Corephotonics Does Not Control This Litigation

When Corephotonics filed this action in November 2017, it was a stand-alone company with no corporate parent. (Dkts. 1, 3.) It maintained that status through the filing of its operative complaints in this consolidated action in April 2018. (Dkt. 42 (first amended complaint); Case No. No. 5:18-cv-02555-JD, Dkt. 1 (complaint in consolidated action).)

The case was stayed pending IPR in December 2018. (Dkt. 100.) During the stay, in 2019, Corephotonics was acquired in full by Samsung Electronics Benelux B.V. ("Samsung"), a corporation based in the Netherlands that is a wholly-owned subsidiary of Samsung Electronics Co. Ltd. ("Samsung SEC") based in Korea. (*See* Dkt. 123 at 12; Dkt. 193.)

After the Court lifted the stay in 2022, Corephotonics refused to disclose any discovery about its acquisition by Samsung for over a year, until the Court ordered it to do so at the October 5, 2023 *Markman* hearing. (*See* Dkts. 163, 186.)

Document discovery that Corephotonics provided to Apple in the two months since the Court's order revealed for the first time that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, thereby negating Corephotonics's standing to proceed as plaintiff in this action, since the acquisition in 2019. Specifically, that discovery shows that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Samsung acquired all shares of Corephotonics, making Corephotonics a wholly-owned subsidiary of Samsung. (Dkt. 123 at 12; Dkt. 193.) In addition, the Share Purchase Agreement ("SPA") ▓▓▓▓▓▓▓▓▓▓ also specified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

2

MOTION TO DISMISS

1  (Ex. 1 (COREPH077405 at COREPH077459 (§ 11.7) (emphasis added)).) Thus, ███

2  ████████████████████████████████████████████████████████████████ While the

3  acquisition was pending ███████████████████████████████████████████████████

4  ██████████████████████████████████████████████████████████████████████████.

5  Samsung's acquisition of Corephotonics also ██████████████████████████████

6  ██████████████████████████████████████████████████████████████████████████.

7  Specifically, prior to the acquisition, ████████████████████████████████████

8  ██████████████████████████████████████████████████████████████████████████

9  ██████████████████████████████████████████████████████████. (Ex. 2

10 ██████████████████.) At the same time, prior to the acquisition, ███████

11 ██████████████████████████. (Ex. 3 at 43 (item 3).) Samsung decided

12 to acquire Corephotonics outright, which provided control over the entire company and ██

13 ██████████████████████████████████████████████████████████████████████████.

14 Tellingly, after the acquisition, ████████████████████████████████████████

15 ███████████████████████████████, according to the deposition testimony of

16 Corephotonics's Rule 30(b)(6) corporate designee (Mr. Eran Kali) and CEO (Dr. David

17 Mendlovic). (Ex. 4 (Kali Tr.), 110:14-112:15, Ex. 5 (Mendlovic Tr.), 154:17-25.) This makes

18 good sense—███████████████████████████████████████████████████████████████

19 ██████████████████████████████████████████████████████████████████████████

20 ████████████████████████████████.

21 ██████████████████████████████████████████████████████████████████████████

22 ████████. In addition to owning all of Corephotonics's shares, Samsung controls ██

23 ██████████████████████████████████████████████████████████████. (Ex. 4 (Kali Tr.),

24 141:1-142:12; Ex. 5 (Mendlovic Tr.), 147:16-148:12; Ex. 6 (10/10/2023 Resp to 3rd set of Rogs.)

25 at 5-7.) ████████████████████████████████████████████████████████████████

26 ████████████████████████████. (Ex. 5 (Mendlovic Tr.), 125:21-126:5 ("███████████

27 ████████████████████████████."), 131:1-132:7; Ex. 4 (Kali Tr.), 149:20-23, 152:24-

28 153:6.) Indeed, both of Corephotonics's post-acquisition litigation filings against Apple in foreign

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

3

MOTION TO DISMISS

jurisdictions (Germany and China) ▮▮▮. (Ex. 4 (Kali Tr.), 148:9-149:18, 198:18-25; Ex. 5 (Mendlovic Tr.), 122:13-125:3, 126:16-24.) Likewise, if Corephotonics's management proposed to settle the present action, ▮▮▮. (Ex. 5 (Mendlovic Tr.), 125:21-126:5, 131:1-132:7 ("▮▮▮."); Ex. 4 (Kali Tr.), 149:20-23 (Corephotonics cannot ▮▮▮), 152:24-153:6 (Corephotonics cannot ▮▮▮).) Approval would also be required to ▮▮▮. (Ex. 5 (Mendlovic Tr.), 125:21-126:5, 143:24-144:14.) Similarly, ▮▮▮. (Ex. 5 (Mendlovic Tr.), 125:21-126:5; Ex. 4 (Kali Tr.), 152:16-22 (Corephotonics cannot ▮▮▮).) For example, if Corephotonics's management proposed to sell the patents to another company, ▮▮▮. (*See id.*)

These control provisions make sense from Samsung's perspective and contradict Corephotonics's unbacked assertions to the contrary. Samsung paid approximately $155 million to acquire Corephotonics and thereby obtained control ▮▮▮. It would make no sense if Samsung paid such a substantial value to acquire the company in its entirety but relinquished control over its patents or litigation involving those patents.

**B.     Corephotonics Has Declined to Involve Samsung in This Litigation.**

To date, Corephotonics has asserted that Samsung has nothing to do with this litigation, and both Corephotonics and Samsung seek to avoid Samsung becoming a party to this case. Indeed, Corephotonics refused to provide even basic discovery about the Samsung acquisition until the Court ordered it. (Dkts. 163, 186.)

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

4

MOTION TO DISMISS

### III.   LEGAL STANDARDS

The plaintiff in a patent infringement suit must have both Article III constitutional standing and statutory standing under 35 U.S.C. § 281. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1338-39 (Fed. Cir. 2007); *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234-36 (Fed. Cir. 2019). This motion concerns a failure of statutory standing. To qualify as a "patentee" with standing to file an infringement action under § 281, a plaintiff must possess "all substantial rights" in the patent. *Lone Star*, 925 F.3d at 1229. The plaintiff bears the burden of establishing that it has standing. *Morrow*, 499 F.3d at 1338. Standing is a question of law for the Court. *Prima Tek II L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1376 (Fed. Cir. 2000); *Intell. Prop. Dev., Inc. v. TCI Cablevision of Cal.*, 248 F.3d 1333, 1339 (Fed. Cir. 2001).

"A patent is, in effect, a bundle of rights which may be divided and assigned, or retained in whole or part." *Alfred E. Mann Found. v. Cochlear Corp.*, 604 F.3d 1354, 1360 (Fed. Cir. 2010) (citation and internal quotation marks omitted). "Thus, although all the various rights available under the patent are initially held by the named inventor or inventors, they may, as a result of licensing agreements and assignments, become separated and be held by multiple individuals. . . . When a plaintiff lacking a sufficiently large portion of rights brings suit, that plaintiff does not have standing to sue on his own, and the suit must be dismissed, or additional holders of rights under the patent must be joined as parties to the suit, as appropriate . . ." *Id*.

To determine whether the plaintiff possesses all substantial rights, the "inquiry depends on the substance of what was granted rather than formalities or magic words." *Lone Star*, 925 F.3d at 1229. Federal Circuit decisions "have reviewed how an agreement affected who could use, assert, license, or transfer the covered patents." *Id*. (citation omitted). Courts also consider whether, for example, a third-party has "ongoing control over the patents." *Id*. (citation omitted).

In considering whether a party has all substantial rights in a patent, the Federal Circuit has "often focused on two salient rights: enforcement and alienation." *Id*. at 1231. For example, a transferee who receives a patent assignment but still needs consent from the transferor to bring suit or further assign the patents has not received all substantial rights in the patents. *Id*. Indeed, "a transferee that receives all substantial patent rights from a transferor would *never* need consent

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

5

MOTION TO DISMISS

1  from the transferor to file suit." *Id.* (quoting *Intellectual Property Development*, 248 F.3d at 1344) (emphasis in *Lone Star*).

Where, as here, the plaintiff does not possess all substantial rights in the patents, the Court evaluates whether a third-party holding the remaining rights can be feasibly joined as a party, and if it is not feasible to join that third-party, whether the case should be dismissed. Fed. R. Civ. P. 19(a)-(b); *Lone Star*, 925 F.3d at 1236-39; *A123 Sys., Inc. v. Hydro-Quebec*, 626 F.3d 1213, 1222 (Fed. Cir. 2010) (affirming dismissal where absent patent owner could not be joined but "was not only a necessary party but also an indispensable party").

Procedurally, a failure of statutory standing is properly challenged with a motion to dismiss for failure to state a claim and/or failure to join a necessary party under Rule 12(b), either of which may be brought under Rule 12(c) and treated as a motion for summary judgment where, as here, the issue turns on a factual record presented outside of the pleadings. Fed. R. Civ. P. 12(b)(6)-(7), 12(c), 12(d), 12(h)(2)(B). *Lone Star*, 925 F.3d at 1235-36.

## IV. ARGUMENT

### A. Corephotonics Lacks Standing Because It Does Not Possess Substantially All Rights in the Patents-in-Suit.

Corephotonics does not possess substantially all rights in the patents-in-suit, and therefore lacks statutory standing to proceed. ***First***, [REDACTED]

[REDACTED]. (Ex. 1 (COREPH077405 at COREPH077459 (§ 11.7)); Ex. 5 (Mendlovic Tr.), 125:21-126:5, 131:1-132:7; Ex. 4 (Kali Tr.), 149:20-23, 152:24-153:6.) *Morrow*, 499 F.3d at 1341 (holding that plaintiff did not have standing where it needed a third-party to "approve the settlement of any suits brought by" the plaintiff); *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 978-80 (Fed. Cir. 2005) (holding that plaintiff did not have standing where a third-party did "not have the right to settle litigation without the prior written consent from" a third-party); *Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1192-93 (Fed. Cir. 2007) (holding that the plaintiff did not have standing where a third-party retained "the right to consent to settlements of litigation").

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

6

MOTION TO DISMISS

1  **Second**, ███████████████████████████████████████
2  ███████████████████████████████. (Ex. 5 (Mendlovic Tr.), 125:21-126:5; Ex. 4
3  (Kali Tr.), 152:16-22.) Samsung's control imposes a significant "restriction on alienation" over
4  the asserted patents, depriving Corephotonics of substantial rights. *Lone Star*, 925 F.3d at 1231
5  (quoting *Intell. Prop. Dev.*, 248 F.3d at 1344); *Propat*, 473 F.3d at 1191 ("The right to dispose of
6  an asset is an important incident of ownership, and such a restriction on that right is a strong
7  indicator that the agreement does not grant [the transferee] all substantial rights under the patent.").
8  **Third**, ████████████████████████████████████████
9  █████████████████████████████. (Ex. 5 (Mendlovic Tr.), 125:21-126:5, 143:24-
10 144:14.) This restriction "ensures that [Samsung] will always control how the patents are asserted."
11 *Lone Star*, 925 F.3d at 1233. "This is fundamentally inconsistent with a transfer of all substantial
12 rights." *Id.*; *Diamond Coating Techs., LLC v. Hyundai Motor Am.*, 823 F.3d 615, 618 (Fed. Cir.
13 2016) (affirming that plaintiff lacked standing where a third-party "retained significant control over
14 [plaintiff]'s enforcement and litigation activities").

15        In sum, Corephotonics cannot show that it has autonomy to settle this action, transfer rights
16 to these patents, or assert these patents in another action ████████████████
17 ████████████████████████████████████. Corephotonics therefore cannot
18 carry its burden to demonstrate that it possesses all substantial rights in the asserted patents as
19 required to establish statutory standing. *Morrow*, 499 F.3d at 1338; *Lone Star*, 925 F.3d at 1229;
20 *Diamond Coating*, 823 F.3d at 618-619.

21        In meet-and-confer and discovery prior to this motion, Corephotonics did not identify any
22 evidence to prove that it possesses all substantial rights to the patents-in-suit. First, it is immaterial
23 that Corephotonics is the registered assignee of the patents-in-suit at the Patent Office given that
24 ████████████████████████████████████████████
25 ███████. Even a party that purportedly owns "all right, title and interest" in a patent does not
26 necessarily possess all substantial rights in the patent for purposes of bringing an infringement
27 lawsuit. *Lone Star*, 925 F.3d at 1230 (holding that plaintiff did not have statutory standing despite
28 explicitly receiving "all right, title, and interest" in the patents). The Federal Circuit's "analysis in

1  these types of cases has never been so reliant on labels," as the "inquiry depends on the substance
2  of what was granted rather than formalities or magic words." *Id.* at 1229-1230. *See also Diamond*
3  *Coating*, 823 F.3d at 618 ("We have not . . . treat[ed] bare formalities of 'title' transfer as sufficient
4  to determine that an 'assignment' of the entire exclusive right has occurred."); *A123*, 626 F.3d at
5  1218 ("In determining ownership for purposes of standing, labels given by the parties do not
6  control."). The substance of what was granted here is that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
8  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. This makes logical sense: Samsung paid a tidy sum to purchase
9  Corephotonics in its entirety, so one would expect it to want to maintain control over its new
10 purchase.

11       Second, the facts do not support (and indeed refute) Corephotonics's unsubstantiated
12 assertions that it may settle infringement claims or assert or transfer its patents without Board
13 approval. In their depositions, both Corephotonics's Rule 30(b)(6) corporate designee (Mr. Eran
14 Kali) and CEO (Dr. David Mendlovic) claimed that Corephotonics's management has some
15 amorphous authority that is supposedly implicitly understood, but they could not point to any
16 document ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Ex. 4 (Kali Tr.), 149:20-150:5, 152:16-22, 152:24-153:6; Ex.
18 5 (Mendlovic Tr.), 121:7-122:15, 126:25-127:8, 131:24-133:11, 144:25-145:12, 145:22-146:12.)
19 Nor has Corephotonics identified any such documentation produced in discovery. Indeed, the
20 record evidence is to the contrary, as the SPA requires that Corephotonics ▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 1 (COREPH077405 at COREPH077459 (§
23 11.7) (emphasis added)).)

24       Third, it is immaterial that Corephotonics originally owned the patents and then accepted
25 ownership and control by Samsung through control of its Board, rather than some other
26 arrangement such as a direct contractual arrangement between the parties. The analysis must
27 "examine the substance of what was granted." *Mann*, 604 F.3d at 1359. Here, Corephotonics
28 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ when it sold itself

to Samsung—and no other result would make any sense, given that Samsung acquired all of Corephotonics's shares and wholly owns it, and ■■■■■■■■■■■■■■■■■■■■■■.

### B. The Court Should Dismiss This Action.

Given that Corephotonics cannot proceed as the sole plaintiff in this action, the Court should dismiss the case. Samsung has not offered to appear as a plaintiff in this case, and Corephotonics has not sought to join Samsung as a co-plaintiff, despite having had nearly five years to do so. Corephotonics has not justified its long-running failure to move to amend its complaint to join Samsung, and in fact withheld the discovery showing Samsung's control over this litigation. *Prime Media Grp., LLC v. Acer America Corp.*, No. 12-cv-05020-BLF, 2015 WL 12979102, at *1 (N.D. Cal. May 26, 2015) (denying plaintiff's motion to add party due to undue delay); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951-954 (9th Cir. 2006) (affirming district court denial of motion for leave to amend pleadings for undue delay).

Even if Corephotonics belatedly sought to join its corporate parent, there is no evidence that it would be feasible to join Samsung Electronics Benelux N.V. under Rule 19. *Lone Star*, 925 F.3d at 1236-39. This particular Samsung entity, the current controlling owner of Corephotonics, is a foreign entity without any apparent domicile in the United States. There is no record evidence demonstrating that this foreign entity would be subject to the personal jurisdiction of this Court. *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 778-779 (9th Cir. 2005) (under Rule 19, joinder is not feasible when the absent non-party is not subject to personal jurisdiction); *Allegro Consultants, Inc. v. Wellington Techs., Inc.*, No. 13-cv-02204-BLF, 2014 WL 4352344, at *7 (N.D. Cal. Sept. 2, 2014) (granting dismissal under Rule 19 analysis where "it does not appear feasible to join [a non-party] because it does not appear that [it] is subject to this Court's personal jurisdiction").

In the absence of feasible joinder of the Samsung entity that effectively controls this litigation, this case should be "dismissed because that party is indispensable." *Lone Star*, 925 F.3d at 1236; *A123*, 626 F.3d at 1222 (Fed. Cir. 2010) (affirming dismissal where non-joined party with patent rights "was not only a necessary party but also an indispensable party"). Where a necessary party cannot feasibly be joined, under Rule 19(b) the district court considers four factors to

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

9

MOTION TO DISMISS

determine whether the action should be dismissed: (1) whether a judgment rendered without the missing party would prejudice that party or the existing parties; (2) the extent to which any prejudice could be lessened or avoided; (3) whether a judgment rendered without the missing party would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b)(1)-(4). These factors favor dismissal here for failure to join a necessary party.

Under the first factor, Apple would be substantially prejudiced by any judgment rendered in this action without the controlling Samsung entity joined as a party, given Samsung's absence from party discovery and any potential trial. Fed. R. Civ. P. 19(b)(1). Proceeding to judgment in this case without Samsung subject to party discovery or appearance at trial would substantially prejudice Apple in at least four ways.

First, the Samsung corporate family is centrally involved in a potentially dispositive defense based on Apple's agreement with one of the Samsung entities, as set forth in Apple's amended answer that the Court recently approved. (Dkt. 210.) As asserted in Apple's amended answer, the control relationships among certain Samsung entities—including the entity that controls Corephotonics—give rise to a dispositive defense that prohibits the assertion of patents against Apple in this case. (See Dkt. 192 at 1-4.) As briefing on the motion to amend showed, Corephotonics wants to take advantage of Samsung's deliberate absence from this case to claim that Apple does not have enough discovery from Samsung entities to prove its defense. Samsung's deliberate absence from this case and from any potential trial prejudices Apple's ability to fully develop and present the facts and evidence supporting that defense.

Second, given that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—there is no guarantee that the patents will even remain nominally assigned to Corephotonics through judgment and potential appeal. By the same token, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, undermining any efforts at resolution with Corephotonics—a practical impediment that has already stymied settlement efforts before Magistrate Judge Cousins. (See Dkt. 168, 176, 180.)

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

10

MOTION TO DISMISS

Third, Samsung's absence also prejudiced Apple in discovery, as Apple did not have the right to fulsome party discovery from the controlling entity. Apple served subpoenas on Samsung entities seeking discovery relevant to at least three important issues in this case: (1) prior art camera systems developed and sold by Samsung, on which Apple relied in its invalidity contentions as invalidating prior art; (2) Corephotonics's relationships with various Samsung entities and the corporate relationships therebetween, which are relevant to Apple's defenses as discussed in its amended answer, discussed above; and (3) Samsung's diligence and similar documents from its acquisition of Corephotonics, which are relevant to patent valuation and damages. Those discovery requests were all stymied by extensive non-party objections that would have been unavailable to a party. (*E.g.*, Exs. 7-8 (Samsung Electronics entity objecting extensively on the basis that it was a third-party and not a party to this action).)

Fourth, Apple also would be prejudiced by the optics that Corephotonics would seek to raise if this case proceeded to a jury trial without Samsung. Even after the acquisition, Corephotonics has consistently sought to portray itself as a small company with limited resources, hoping to sway a jury with a story of a small company taking on Apple. (*E.g.*, Dkt. 107 at 3 (Corephotonics arguing it is merely "a technology company that develops and licenses its technology" while "Apple is a huge player in the market"); Dkt. 182 at 3-4 (Corephotonics arguing it had limited resources to develop infringement contentions).) In fact, Samsung paid approximately $155 million to acquire Corephotonics, the principals of Corephotonics themselves ███████████████████████, and ████████████████████████████████████████████████████. (Ex. 5 (Mendlovic Tr.), 51:6-10; Ex. 4 (Kali Tr.), 133:17-19, 139:23-140:16.) Proceeding through trial with only Corephotonics as the entity seeking relief would prejudice Apple by playing into the misleading optics that Corephotonics seeks to maintain.

With respect to the second factor under Rule 19(b), there is no showing that the substantial prejudice to Apple could be mitigated by measures such as crafting an eventual final judgment. Fed. R. Civ. P. 19(b)(2). Corephotonics excluded the controlling Samsung entity from this action for years, while improperly withholding the relevant discovery that finally revealed Samsung's

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

11

MOTION TO DISMISS

control near the end of fact discovery in this case. The belated discovery revelations also confirmed a potentially dispositive defense for Apple, as noted previously. Apple cannot now turn back the clock and restart discovery with the missing Samsung entity as a properly-joined party, and that absent entity will not be present at any trial. There is also no apparent way to guarantee that Samsung will not transfer the applicable patent rights away from Corephotonics prior to any judgment, given that Samsung is not a party to this action.

The remaining two factors under Rule 19(b) also favor dismissal. A judgment rendered in Apple's favor, including any potential award of attorneys' fees and costs to Apple should it prevail, would be inadequate given that Corephotonics is not the true controlling opposing-party-in-interest. Fed. R. Civ. P. 19(b)(3). Finally, if this action were dismissed for non-joinder, any potential remedy under the asserted patents would still be fully available if the controlling entity—Samsung—chose to pursue it as a party to the action. Fed. R. Civ. P. 19(b)(4).

In short, this is not a case where the missing patent rights holder can and should be joined as a party. This is a case where the entity that controls this litigation is a foreign entity, apparently outside the grasp of this Court, that has taken pains to avoid becoming involved in this litigation. Dismissal is appropriate.

## V.   CONCLUSION

Apple respectfully requests that the Court grant this motion and dismiss this action for lack of standing.

Dated: December 19, 2023                Respectfully submitted,

COOLEY LLP

By: /s/ Heidi Keefe
Heidi Keefe (178960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya B. Viswanath (238089)
(pviswanath@cooley.com)
COOLEY LLP
3175 Hanover Street

|   |   |
|---|---|
| 1 | Palo Alto, California  94304 |
| 2 | Telephone:(650) 843-5000<br>Facsimile: (650) 849-7400 |
| 3 | COOLEY LLP |
| 4 | Phillip Morton (*Pro Hac Vice*)<br>(pmorton@cooley.com) |
| 5 | 1299 Pennsylvania Avenue<br>NW, Suite 700 |
| 6 | Washington, DC 20004-2400<br>Telephone:  (202) 842-7800 |
| 7 | Facsimile:   (202) 842-7899 |
| 8 | *Attorneys for Defendant*<br>*Apple Inc.* |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

13

MOTION TO DISMISS