# EXHIBIT 7

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

**BY E-MAIL (lmead@cooley.com)**

January 20, 2023

Lowell D. Mead
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130

>    RE:    **Corephotonics v. Apple, Case Nos. 3:17-cv-06457-JD**
>
>    **Samsung Electronics America, Inc.'s Responses and Objections to Apple,
>    Inc.'s Subpoena to Produce Documents in a Civil Action**

Dear Mr. Mead:

Samsung Electronics America, Inc. ("SEA") provides this response to the subpoena to produce documents in a civil action served by Apple, Inc. ("Apple" or "Defendant") on non-party SEA on June 16, 2022.

I.    SEA'S GENERAL OBJECTIONS TO THE SUBPOENA

The following General Objections apply to each individually numbered Request in the Subpoena and shall have the same force and effect as if set forth in full in each of SEA's specific responses below.

1.    SEA objects to the Subpoena in its entirety because it seeks information that, to the extent relevant, should be obtained from parties to the suit—namely, Corephotonics—without burdening non-party SEA.  *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED.").

2.       SEA objects to the Subpoena in its entirety to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, Federal Rules of Evidence, or any other applicable court rule or statute.

3.       SEA objects to the Subpoena in its entirety because it seeks information that is publicly available, already in Apple's possession or the possession of Corephotonics, equally accessible to Apple, or reasonably obtainable through other means that are less burdensome on non-party SEA.  Apple apparently made little or no attempt to obtain the requested information from publicly available sources or parties to the various litigations in which it is involved, which alone renders the Subpoena unreasonable.  *See Audio MPEG, Inc. v. HP Inc.*, 2017 U.S. Dist. LEXIS 34913, at *14-16 (N.D. Cal. Mar. 10, 2017) (granting motion to quash) ("Because Dell has, for the most part, failed to show relevance, and because what relevant material there is could be more easily obtained from other sources without causing a burden to non-party Apple, the court

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

grants the motion to quash the subpoena[.]"); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("[P]arties to a law suit must accept [the burdens of discovery] as a natural concomitant of modern civil litigation.  Non-parties have a different set of expectations" such that "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.").

4.      SEA objects to the Subpoena in its entirety to the extent it is vague, ambiguous, confusing, and/or unclear, including in its use of terms or phrases that are undefined or susceptible to multiple meanings.

5.      SEA objects to each Request to the extent it seeks information containing confidential or proprietary information pertaining to SEA's business, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information.  *See* Fed. R. Civ. P. 45(d)(3)(B)(i).  SEA reserves the right to withhold information because certain information is so sensitive that it should not be produced in a litigation to which it is not a party and where it cannot effectively police the use of that information.  *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 105394, at *11 (N.D. Cal. July 7, 2017) ("Defendants' suggestion that the protective order covering this case ameliorates any confidentiality concerns, and that the non-party 'may limit disclosure only to outside counsel of record … and thus the documents and information produced cannot be used for business purposes' … is unavailing."); *Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 132721, at *9 (N.D. Cal. Aug. 18, 2017) ("While the information could be produced subject to an attorneys-eyes-only protective order, such orders do not guarantee that the information will not be disclosed.").

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

Further, Apple has provided no justification—much less shown the required "substantial need" for—SEA's confidential information, and no such substantial need exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties.") (Citing *In re Mattel, Inc. v. Walking Mountain Prod.*, 353 F.3d 792, 814 (9th Cir. 2003)); *In re Apple iPhone Antitrust Litigation*, 2020 U.S. Dist. LEXIS 188670, at *20 (N.D. Cal. Oct. 9, 2020) ("Turning to the question of 'substantial need,' the Court concludes that Apple is equally able to expend its own resources to obtain information responsive to this request, and probably already has."); *Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) ("The subpoena calls for confidential technology owned by [non-party] Seagate. Seagate should not have to suffer such disclosure without a clear-cut need and a subpoena narrowly tailored to meet that need.  Defendants have not drawn their request narrowly enough.").

6.      SEA objects to each Request to the extent it includes multiple sub-parts, rendering the Request or Topic vague, confusing, overly broad, unduly burdensome, and not proportional to the needs of the case.

7.      SEA objects to each Request to the extent that it seeks a third-party's confidential information subject to a confidentiality agreement that requires notice and/or consent prior to disclosure.  SEA will not produce any third-party confidential information absent a protective order and confirmation of compliance with all applicable third-party confidentiality provisions.

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

8.      SEA objects to each Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, joint defense privilege, or any other applicable law, privilege, protection or immunity.

9.      SEA objects to each Request to the extent it is compound or is phrased disjunctively or conjunctively.

10.      SEA objects to the June Subpoena's definition purported instruction regarding claims of privilege to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure.

11.      SEA objects to the June Subpoena's definitions of "Communication," "document(s)" and "person(s)" to the extent they purport to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure.

12.      SEA objects to the Subpoena's definitions of "YOU" and "YOUR" to the extent they refer to any entity other than SEA, the only entity properly served with the Subpoena, or seek information that is not in SEA's possession, custody or control.  SEA will respond only on behalf of Samsung Electronics America, Inc., and no other entity.  SEA will not respond on behalf of any entity other than Samsung Electronics America, Inc., including but not limited to "Samsung Electronics Co., Ltd. as well as any administrators, attorneys, agents, representatives, servants, employees, or any other PERSON acting or purporting to act on behalf of Samsung Electronics Co, Ltd., including, but not limited to, all employees and former employees."  *See, e.g., Inline Connection Corp. v. AOL Time Warner Inc.,* 2006 U.S. Dist. LEXIS 72724, at *1 (D. Del. Oct. 5, 2006) (documents are in the "control" of a party if that party has the "legal right to obtain the

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

documents required on demand" from the non-party corporation); *Power Integrations, Inc. v. Fairchild Semiconductor, Int'l, Inc.*, 233 F.R.D. 143 (D. Del. 2005) (holding non-party domestic subsidiary of Korean parent corporation did not have control of documents in the possession of the Korean parent under "legal right" test); *Tessera, Inc. v. Micron Tech., Inc.*, 2006 WL 733498, at *6 (N.D. Cal. Mar. 22, 2006) (domestic entity did not have control of documents in possession of Korean parent entity under "legal right" test).

13.     SEA incorporates by reference the General Objections set forth above into each of its responses, whether or not repeated therein, as well as any specifically stated objections.  SEA may repeat a general objection for emphasis or other reasons, but the failure to repeat any general objection does not waive any general objection to Apple's requests.

14.     No objection or limitation, or lack of thereof, constitutes an admission by SEA as to the existence or non-existence of documents or information.

15.     The responses provided herein are based on a reasonable investigation by SEA and are made without prejudice to SEA's right to amend or supplement these responses and objections, as necessary.

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

## II.    SEA'S SPECIFIC RESPONSES AND OBJECTIONS TO THE JUNE SUBPOENA'S

## DOCUMENT REQUESTS

Subject to any specific objections set forth below, and specifically incorporating each of the foregoing General Objections into each Response below, and without waiving said objections, SEA responds as follows:

### Document Request No. 1

Documents, Communications, and Things sufficient to show the earliest date of any sale, offer for sale, manufacture, public use, or instance of public availability anywhere in the world prior to June 20, 2014 of the Samsung Galaxy S4 and Galaxy SIII smartphones.

### Specific Objections to Request No. 1

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows:  SEA will conduct a diligent search for documents responsive to this Request, and it will produce non-privileged documents to the extent they are located.

### Document Request No. 2

Documents, Communications, and Things sufficient to show the earliest date of any sale, offer for sale, manufacture, public use, or instance of public availability anywhere in the world prior to June 20, 2014 of any lens having at least three lens elements in which at least one of the

7

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

lens elements is aspheric and the lens elements comprise, in order from an object side to an image side, a first lens element with positive refractive power, a second lens element with negative refractive power, and a third lens element, including without limitation the first date of any such sale, offer for sale, manufacture, public use, or instance of public availability of any such lens meeting the foregoing description.

### *Specific Objections to Request No. 2*

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case. For example, the phrase "any lens having at least three lens elements in which at least one of the lens elements is aspheric and the lens elements comprise, in order from an object side to an image side, a first lens element with positive refractive power, a second lens element with negative refractive power, and a third lens element" is vague and ambiguous and it places the burden on non-party SEA to determine characteristics of "lens elements" about which it may not have knowledge in its normal course of business. SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity. SEA also objects to this Request to the extent it seeks SEA's confidential and/or proprietary information, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information. Fed. R. Civ. P. 45(d)(3)(B)(i); *see also, e.g., Audio MPEG, Inc. v. HP Inc.*, 2017 U.S. Dist. LEXIS 34913, at *14-16 (N.D. Cal. Mar. 10, 2017) ("The court is not persuaded that the burden to Apple of producing this large amount of sales data … is outweighed by the benefit to Dell of obtaining this information."). SEA reserves the right to

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

withhold the requested confidential information because the non-public information Apple seeks is so commercially sensitive that it should not be produced in a litigation to which SEA is not a party and where SEA cannot effectively police its use. *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 105394, at *11 (N.D. Cal. July 7, 2017) ("Defendants' suggestion that the protective order covering this case ameliorates any confidentiality concerns, and that the non-party may limit disclosure only to outside counsel of record … is unavailing.").  Nor has Apple shown a substantial need for SEA's confidential information. *Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) ("The subpoena calls for confidential technology owned by [non-party] Seagate. Seagate should not have to suffer such disclosure without a clear-cut need and a subpoena narrowly tailored to meet that need.  Defendants have not drawn their request narrowly enough."); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties.").

Further, SEA objects to the Request to the extent it seeks third-party confidential information subject to a confidentiality agreement that requires notice and/or consent prior to disclosure.  SEA will not produce any third-party confidential information absent confirmation of compliance with all applicable third-party confidentiality provisions.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds that it will not produce documents pursuant to this request. SEA is willing to meet and confer regarding the request and SEA's objections.

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

### Request for Production No. 3

Documents, Communications, and Things sufficient to show the earliest date of any sale, offer for sale, manufacture, public use, or instance of public availability anywhere in the world prior to June 20, 2014 of any lens having at least three lens elements in which the lens has a total track length of 6.5 millimeters or less, including without limitation the first date of any such sale, offer for sale, manufacture, public use, or instance of public availability of any such lens meeting the foregoing description.

### Specific Objections to Request No. 3

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "any lens having at least three lens elements in which the lens has a total track length of 6.5 millimeters or less" is vague and ambiguous and it places the burden on non-party SEA to determine characteristics of "lens elements" about which it may not have knowledge in its normal course of business.  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA also objects to this Request to the extent it seeks SEA's confidential and/or proprietary information, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information.  Fed. R. Civ. P. 45(d)(3)(B)(i); *see also, e.g., Audio MPEG, Inc. v. HP Inc.*, 2017 U.S. Dist. LEXIS 34913, at *14-16 (N.D. Cal. Mar. 10, 2017) ("The court is not persuaded that the burden to Apple of producing this large amount of sales data

10

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

… is outweighed by the benefit to Dell of obtaining this information."). SEA reserves the right to withhold the requested confidential information because the non-public information Apple seeks is so commercially sensitive that it should not be produced in a litigation to which SEA is not a party and where SEA cannot effectively police its use. *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 105394, at *11 (N.D. Cal. July 7, 2017) ("Defendants' suggestion that the protective order covering this case ameliorates any confidentiality concerns, and that the non-party may limit disclosure only to outside counsel of record … is unavailing.").  Nor has Apple shown a substantial need for SEA's confidential information. *Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) ("The subpoena calls for confidential technology owned by [non-party] Seagate. Seagate should not have to suffer such disclosure without a clear-cut need and a subpoena narrowly tailored to meet that need.  Defendants have not drawn their request narrowly enough."); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties.").

Further, SEA objects to the Request to the extent it seeks third-party confidential information subject to a confidentiality agreement that requires notice and/or consent prior to disclosure.  SEA will not produce any third-party confidential information absent confirmation of compliance with all applicable third-party confidentiality provisions.

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds that it will not produce documents pursuant to this request. SEA is willing to meet and confer regarding the request and SEA's objections.

### *Request for Production No. 4*

Documents, Communications, and Things sufficient to show the earliest date of any sale, offer for sale, manufacture, public use, or instance of public availability anywhere in the world prior to June 20, 2014 of any lens having at least three lens elements in which the lens has an effective focal length that is larger than its total track length, including without limitation the first date of any such sale, offer for sale, manufacture, public use, or instance of public availability of any such lens meeting the foregoing description.

### *Specific Objections to Request No. 4*

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case. For example, the phrase "any lens having at least three lens elements in which the lens has an effective focal length that is larger than its total track length" is vague and ambiguous and it places the burden on non-party SEA to determine characteristics of "lens elements" about which it may not have knowledge in its normal course of business. SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity. SEA also objects to this Request to the extent it seeks SEA's confidential and/or proprietary information, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information. Fed. R. Civ. P. 45(d)(3)(B)(i); *see also, e.g.,*

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

*Audio MPEG, Inc. v. HP Inc.*, 2017 U.S. Dist. LEXIS 34913, at *14-16 (N.D. Cal. Mar. 10, 2017) ("The court is not persuaded that the burden to Apple of producing this large amount of sales data … is outweighed by the benefit to Dell of obtaining this information."). SEA reserves the right to withhold the requested confidential information because the non-public information Apple seeks is so commercially sensitive that it should not be produced in a litigation to which SEA is not a party and where SEA cannot effectively police its use. *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 105394, at *11 (N.D. Cal. July 7, 2017) ("Defendants' suggestion that the protective order covering this case ameliorates any confidentiality concerns, and that the non-party may limit disclosure only to outside counsel of record … is unavailing."). Nor has Apple shown a substantial need for SEA's confidential information. *Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) ("The subpoena calls for confidential technology owned by [non-party] Seagate. Seagate should not have to suffer such disclosure without a clear-cut need and a subpoena narrowly tailored to meet that need. Defendants have not drawn their request narrowly enough."); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties.").

Further, SEA objects to the Request to the extent it seeks third-party confidential information subject to a confidentiality agreement that requires notice and/or consent prior to disclosure. SEA will not produce any third-party confidential information absent confirmation of compliance with all applicable third-party confidentiality provisions.

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds that it will not produce documents pursuant to this request. SEA is willing to meet and confer regarding the request and SEA's objections.

### *Request for Production No. 5*

Documents, Communications, and Things sufficient to show the earliest date of any sale, offer for sale, manufacture, public use, or instance of public availability anywhere in the world prior to June 20, 2014 of any lens having at least three lens elements in which the lens has, in order from an object side to an image side, a first lens element with a focal length fl, a second lens element with a focal length f2, and a third lens element with a focal length 13, the focal length fl, the focal length f2, and the focal length 13 fulfilling the condition (1.2 x If3j)> If21> (1.5 x fl), including without limitation the first date of any such sale, offer for sale, manufacture, public use, or instance of public availability of any such lens meeting the foregoing description.

### *Specific Objections to Request No. 5*

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "any lens having at least three lens elements in which the lens has an effective focal length that is larger than its total track length" is vague and ambiguous and it places the burden on non-party SEA to determine characteristics of "lens elements" about which it may not have knowledge in its normal course of business.  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA also objects to this Request to the extent it seeks SEA's confidential and/or proprietary information, including but not limited to trade secrets or other confidential research, development, financial,

14

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

strategic, or competitive commercial information.  Fed. R. Civ. P. 45(d)(3)(B)(i); *see also, e.g.,*

*Audio MPEG, Inc. v. HP Inc.*, 2017 U.S. Dist. LEXIS 34913, at *14-16 (N.D. Cal. Mar. 10, 2017)

("The court is not persuaded that the burden to Apple of producing this large amount of sales data

… is outweighed by the benefit to Dell of obtaining this information.").  SEA reserves the right to

withhold the requested confidential information because the non-public information Apple seeks

is so commercially sensitive that it should not be produced in a litigation to which SEA is not a

party and where SEA cannot effectively police its use.  *See, e.g., Waymo LLC v. Uber Techs., Inc.*,

2017 U.S. Dist. LEXIS 105394, at *11 (N.D. Cal. July 7, 2017) ("Defendants' suggestion that the

protective order covering this case ameliorates any confidentiality concerns, and that the non-party

may limit disclosure only to outside counsel of record … is unavailing.").  Nor has Apple shown

a substantial need for SEA's confidential information. *Convolve, Inc. v. Dell, Inc.*, 2011 WL

1766486, at *2 (N.D. Cal. May 9, 2011) ("The subpoena calls for confidential technology owned

by [non-party] Seagate. Seagate should not have to suffer such disclosure without a clear-cut need

and a subpoena narrowly tailored to meet that need.  Defendants have not drawn their request

narrowly enough."); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The

determination of substantial need is particularly important in the context of enforcing

a subpoena when discovery of trade secret or confidential commercial information is sought from

non-parties.").

   Further, SEA objects to the Request to the extent it seeks third-party confidential

information subject to a confidentiality agreement that requires notice and/or consent prior to

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

disclosure.  SEA will not produce any third-party confidential information absent confirmation of compliance with all applicable third-party confidentiality provisions.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds that it will not produce documents pursuant to this request. SEA is willing to meet and confer regarding the request and SEA's objections.

**_Document Request No. 6_**

Documents, Communications, and Things sufficient to show the earliest date of any sale, offer for sale, manufacture, public use, or instance of public availability anywhere in the world prior to June 20, 2014 of any lens having at least three lens elements in which at least one of the lens elements is aspheric and the lens elements comprise, in order from an object side to an image side, a first lens element having an Abbe number greater than 50 and a second lens element having an Abbe number smaller than 30, including without limitation the first date of any such sale, offer for sale, manufacture, public use, or instance of public availability of any such lens meeting the foregoing description.

**_Specific Objections to Request No. 6_**

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "any lens having at least three lens elements in which at least one of the lens elements is aspheric and the lens elements comprise, in order from an object side to an image side, a first lens element having an Abbe number greater than 50 and a second lens element having an Abbe number smaller than 30" is vague and ambiguous and it places the burden on non-party SEA to determine characteristics of "lens elements" about which it may not have knowledge in its normal course of business.  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

control and/or information that is publicly available or otherwise equally accessible to Apple. SEA

is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA also

objects to this Request to the extent it seeks SEA's confidential and/or proprietary information,

including but not limited to trade secrets or other confidential research, development, financial,

strategic, or competitive commercial information.  Fed. R. Civ. P. 45(d)(3)(B)(i); *see also, e.g.,*

*Audio MPEG, Inc. v. HP Inc.*, 2017 U.S. Dist. LEXIS 34913, at *14-16 (N.D. Cal. Mar. 10, 2017)

("The court is not persuaded that the burden to Apple of producing this large amount of sales data

… is outweighed by the benefit to Dell of obtaining this information."). SEA reserves the right to

withhold the requested confidential information because the non-public information Apple seeks

is so commercially sensitive that it should not be produced in a litigation to which SEA is not a

party and where SEA cannot effectively police its use.  *See, e.g., Waymo LLC v. Uber Techs., Inc.*,

2017 U.S. Dist. LEXIS 105394, at *11 (N.D. Cal. July 7, 2017) ("Defendants' suggestion that the

protective order covering this case ameliorates any confidentiality concerns, and that the non-party

may limit disclosure only to outside counsel of record … is unavailing.").  Nor has Apple shown

a substantial need for SEA's confidential information. *Convolve, Inc. v. Dell, Inc.*, 2011 WL

1766486, at *2 (N.D. Cal. May 9, 2011) ("The subpoena calls for confidential technology owned

by [non-party] Seagate. Seagate should not have to suffer such disclosure without a clear-cut need

and a subpoena narrowly tailored to meet that need.  Defendants have not drawn their request

narrowly enough."); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The

determination of substantial need is particularly important in the context of enforcing

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

a subpoena when discovery of trade secret or confidential commercial information is sought from

non-parties.").

Further, SEA objects to the Request to the extent it seeks third-party confidential

information subject to a confidentiality agreement that requires notice and/or consent prior to

disclosure. SEA will not produce any third-party confidential information absent confirmation of

compliance with all applicable third-party confidentiality provisions.

On the basis of the foregoing general and specific objections and to the extent SEA

understands the Request, SEA responds that it will not produce documents pursuant to this request.

SEA is willing to meet and confer regarding the request and SEA's objections.

### *Document Request No. 7*

Documents, Communications, and Things sufficient to show the earliest date of any sale,
offer for sale, manufacture, public use, or instance of public availability anywhere in the world
prior to June 20, 2014 of any lens having at least three lens elements in which at least one of the
lens elements is aspheric and the lens elements comprise, in order from an object side to an image
side, a first lens element having a convex object-side surface and a convex or concave image-side
surface and a second lens element comprising a meniscus lens having a convex objectside surface,
including without limitation the first date of any such sale, offer for sale, manufacture, public use,
or instance of public availability of any such lens meeting the foregoing description.

### *Specific Objections to Request No. 7*

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not

proportional to the needs of the case. For example, the phrase "any lens having at least three lens

elements in which at least one of the lens elements is aspheric and the lens elements comprise, in

order from an object side to an image side, a first lens element having a convex object-side surface

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

and a convex or concave image-side surface and a second lens element comprising a meniscus lens

having a convex objectside surface" is vague and ambiguous and it places the burden on non-party

SEA to determine characteristics of "lens elements" about which it may not have knowledge in its

normal course of business.  SEA also objects to this Request to the extent it seeks information not

in SEA's possession, custody or control and/or information that is publicly available or otherwise

equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc.

only, and no other entity.  SEA also objects to this Request to the extent it seeks SEA's confidential

and/or proprietary information, including but not limited to trade secrets or other confidential

research, development, financial, strategic, or competitive commercial information.  Fed. R. Civ.

P. 45(d)(3)(B)(i); *see also, e.g., Audio MPEG, Inc. v. HP Inc.*, 2017 U.S. Dist. LEXIS 34913, at

*14-16 (N.D. Cal. Mar. 10, 2017) ("The court is not persuaded that the burden to Apple of

producing this large amount of sales data … is outweighed by the benefit to Dell of obtaining this

information."). SEA reserves the right to withhold the requested confidential information because

the non-public information Apple seeks is so commercially sensitive that it should not be produced

in a litigation to which SEA is not a party and where SEA cannot effectively police its use.  *See,*

*e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 105394, at *11 (N.D. Cal. July 7,

2017) ("Defendants' suggestion that the protective order covering this case ameliorates any

confidentiality concerns, and that the non-party may limit disclosure only to outside counsel of

record … is unavailing.").  Nor has Apple shown a substantial need for SEA's confidential

information. *Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) ("The

subpoena calls for confidential technology owned by [non-party] Seagate. Seagate should not have

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

to suffer such disclosure without a clear-cut need and a subpoena narrowly tailored to meet that need.  Defendants have not drawn their request narrowly enough."); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties.").

Further, SEA objects to the Request to the extent it seeks third-party confidential information subject to a confidentiality agreement that requires notice and/or consent prior to disclosure.  SEA will not produce any third-party confidential information absent confirmation of compliance with all applicable third-party confidentiality provisions.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds that it will not produce documents pursuant to this request. SEA is willing to meet and confer regarding the request and SEA's objections.

### *Document Request No. 8*

Documents, Communications, and Things sufficient to show the earliest date of any sale, offer for sale, manufacture, public use, or instance of public availability anywhere in the world prior to June 20, 2014 of any lens having at least five lens elements and having an effective focal length that is larger than its total track length, including without limitation the first date of any such sale, offer for sale, manufacture, public use, or instance of public availability of any such lens meeting the foregoing description.

### *Specific Objections to Request No. 8*

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "any lens having at least five lens

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

elements and having an effective focal length that is larger than its total track length" is vague and ambiguous and it places the burden on non-party SEA to determine characteristics of "lens elements" about which it may not have knowledge in its normal course of business.  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA also objects to this Request to the extent it seeks SEA's confidential and/or proprietary information, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information.  Fed. R. Civ. P. 45(d)(3)(B)(i); *see also, e.g., Audio MPEG, Inc. v. HP Inc.*, 2017 U.S. Dist. LEXIS 34913, at *14-16 (N.D. Cal. Mar. 10, 2017) ("The court is not persuaded that the burden to Apple of producing this large amount of sales data … is outweighed by the benefit to Dell of obtaining this information."). SEA reserves the right to withhold the requested confidential information because the non-public information Apple seeks is so commercially sensitive that it should not be produced in a litigation to which SEA is not a party and where SEA cannot effectively police its use.  *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 105394, at *11 (N.D. Cal. July 7, 2017) ("Defendants' suggestion that the protective order covering this case ameliorates any confidentiality concerns, and that the non-party may limit disclosure only to outside counsel of record … is unavailing.").  Nor has Apple shown a substantial need for SEA's confidential information. *Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) ("The subpoena calls for confidential technology owned by [non-party] Seagate. Seagate should not have to suffer such disclosure without a clear-cut need

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

and a subpoena narrowly tailored to meet that need.  Defendants have not drawn their request narrowly enough."); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties.").

Further, SEA objects to the Request to the extent it seeks third-party confidential information subject to a confidentiality agreement that requires notice and/or consent prior to disclosure.  SEA will not produce any third-party confidential information absent confirmation of compliance with all applicable third-party confidentiality provisions.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds that it will not produce documents pursuant to this request. SEA is willing to meet and confer regarding the request and SEA's objections.

## *Document Request No. 9*

Documents, Communications, and Things sufficient to show the earliest date of any sale, offer for sale, manufacture, public use, or instance of public availability anywhere in the world prior to June 20, 2014 of any lens having at least five lens elements that comprise, in order from an object plane to an image plane along the optical axis, a first lens element having positive optical power, a pair of second and third lens elements having together a negative optical power, and fourth and fifth lens elements, including without limitation the first date of any such sale, offer for sale, manufacture, public use, or instance of public availability of any such lens meeting the foregoing description.

## *Specific Objections to Request No. 9*

SEA incorporates by reference its General Objections as though fully set forth herein.

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

SEA objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "any lens having at least five lens elements that comprise, in order from an object plane to an image plane along the optical axis, a first lens element having positive optical power, a pair of second and third lens elements having together a negative optical power, and fourth and fifth lens elements" is vague and ambiguous and it places the burden on non-party SEA to determine characteristics of "lens elements" about which it may not have knowledge in its normal course of business.  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA also objects to this Request to the extent it seeks SEA's confidential and/or proprietary information, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information.  Fed. R. Civ. P. 45(d)(3)(B)(i); *see also, e.g., Audio MPEG, Inc. v. HP Inc.*, 2017 U.S. Dist. LEXIS 34913, at *14-16 (N.D. Cal. Mar. 10, 2017) ("The court is not persuaded that the burden to Apple of producing this large amount of sales data … is outweighed by the benefit to Dell of obtaining this information."). SEA reserves the right to withhold the requested confidential information because the non-public information Apple seeks is so commercially sensitive that it should not be produced in a litigation to which SEA is not a party and where SEA cannot effectively police its use. *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 105394, at *11 (N.D. Cal. July 7, 2017) ("Defendants' suggestion that the protective order covering this case ameliorates any confidentiality concerns, and that the non-party

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

may limit disclosure only to outside counsel of record … is unavailing.").  Nor has Apple shown

a substantial need for SEA's confidential information. *Convolve, Inc. v. Dell, Inc.*, 2011 WL

1766486, at *2 (N.D. Cal. May 9, 2011) ("The subpoena calls for confidential technology owned

by [non-party] Seagate. Seagate should not have to suffer such disclosure without a clear-cut need

and a subpoena narrowly tailored to meet that need.  Defendants have not drawn their request

narrowly enough."); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The

determination of substantial need is particularly important in the context of enforcing

a subpoena when discovery of trade secret or confidential commercial information is sought from

non-parties.").

Further, SEA objects to the Request to the extent it seeks third-party confidential

information subject to a confidentiality agreement that requires notice and/or consent prior to

disclosure.  SEA will not produce any third-party confidential information absent confirmation of

compliance with all applicable third-party confidentiality provisions.

On the basis of the foregoing general and specific objections and to the extent SEA

understands the Request, SEA responds that it will not produce documents pursuant to this request.

SEA is willing to meet and confer regarding the request and SEA's objections.

### *Document Request No. 10*

Documents, Communications, and Things sufficient to show the earliest date of any sale, offer for sale, manufacture, public use, or instance of public availability anywhere in the world prior to June 20, 2014 of any lens having at least five lens elements that comprise, in order from an object plane to an image plane along the optical axis, a first lens element, a second lens element, a third lens element, a fourth lens element, and a fifth lens element, the fourth lens element separated from the third lens element by an air gap greater than the total track length divided by 5,

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

including without limitation the first date of any such sale, offer for sale, manufacture, public use, or instance of public availability of any such lens meeting the foregoing description.

### _Specific Objections to Request No. 10_

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "any lens having at least five lens elements that comprise, in order from an object plane to an image plane along the optical axis, a first lens element, a second lens element, a third lens element, a fourth lens element, and a fifth lens element, the fourth lens element separated from the third lens element by an air gap greater than the total track length divided by 5" is vague and ambiguous and it places the burden on non-party SEA to determine characteristics of "lens elements" about which it may not have knowledge in its normal course of business.  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA also objects to this Request to the extent it seeks SEA's confidential and/or proprietary information, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information.  Fed. R. Civ. P. 45(d)(3)(B)(i); _see also, e.g., Audio MPEG, Inc. v. HP Inc._, 2017 U.S. Dist. LEXIS 34913, at *14-16 (N.D. Cal. Mar. 10, 2017) ("The court is not persuaded that the burden to Apple of producing this large amount of sales data … is outweighed by the benefit to Dell of obtaining this information."). SEA reserves the right to withhold the requested confidential

25

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

information because the non-public information Apple seeks is so commercially sensitive that it should not be produced in a litigation to which SEA is not a party and where SEA cannot effectively police its use.  *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 105394, at *11 (N.D. Cal. July 7, 2017) ("Defendants' suggestion that the protective order covering this case ameliorates any confidentiality concerns, and that the non-party may limit disclosure only to outside counsel of record … is unavailing.").  Nor has Apple shown a substantial need for SEA's confidential information. *Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) ("The subpoena calls for confidential technology owned by [non-party] Seagate. Seagate should not have to suffer such disclosure without a clear-cut need and a subpoena narrowly tailored to meet that need.  Defendants have not drawn their request narrowly enough."); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties.").

Further, SEA objects to the Request to the extent it seeks third-party confidential information subject to a confidentiality agreement that requires notice and/or consent prior to disclosure.  SEA will not produce any third-party confidential information absent confirmation of compliance with all applicable third-party confidentiality provisions.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds that it will not produce documents pursuant to this request. SEA is willing to meet and confer regarding the request and SEA's objections.

26

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

## *Document Request No. 11*

Documents, Communications, and Things sufficient to show the earliest date of any sale, offer for sale, manufacture, public use, or instance of public availability anywhere in the world prior to June 20, 2014 of any lens having at least five lens elements that comprise, in order from an object side to an image side, a first lens element having an Abbe number greater than 50 and a second lens element having an Abbe number smaller than 30, a third lens element, a fourth lens element, and a fifth lens element, including without limitation the first date of any such sale, offer for sale, manufacture, public use, or instance of public availability of any such lens meeting the foregoing description.

## *Specific Objections to Request No. 11*

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "any lens having at least five lens elements that comprise, in order from an object side to an image side, a first lens element having an Abbe number greater than 50 and a second lens element having an Abbe number smaller than 30, a third lens element, a fourth lens element, and a fifth lens element" is vague and ambiguous and it places the burden on non-party SEA to determine characteristics of "lens elements" about which it may not have knowledge in its normal course of business.  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA also objects to this Request to the extent it seeks SEA's confidential and/or proprietary information, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information.  Fed. R. Civ. P. 45(d)(3)(B)(i); *see also, e.g., Audio MPEG,*

27

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

*Inc. v. HP Inc.*, 2017 U.S. Dist. LEXIS 34913, at *14-16 (N.D. Cal. Mar. 10, 2017) ("The court is not persuaded that the burden to Apple of producing this large amount of sales data … is outweighed by the benefit to Dell of obtaining this information."). SEA reserves the right to withhold the requested confidential information because the non-public information Apple seeks is so commercially sensitive that it should not be produced in a litigation to which SEA is not a party and where SEA cannot effectively police its use. *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 105394, at *11 (N.D. Cal. July 7, 2017) ("Defendants' suggestion that the protective order covering this case ameliorates any confidentiality concerns, and that the non-party may limit disclosure only to outside counsel of record … is unavailing."). Nor has Apple shown a substantial need for SEA's confidential information. *Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) ("The subpoena calls for confidential technology owned by [non-party] Seagate. Seagate should not have to suffer such disclosure without a clear-cut need and a subpoena narrowly tailored to meet that need. Defendants have not drawn their request narrowly enough."); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties.").

Further, SEA objects to the Request to the extent it seeks third-party confidential information subject to a confidentiality agreement that requires notice and/or consent prior to disclosure. SEA will not produce any third-party confidential information absent confirmation of compliance with all applicable third-party confidentiality provisions.

28

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds that it will not produce documents pursuant to this request. SEA is willing to meet and confer regarding the request and SEA's objections.

### Document Request No. 12

Documents, Communications, and Things sufficient to show the earliest date of any sale, offer for sale, manufacture, public use, or instance of public availability anywhere in the world prior to June 20, 2014 of any lens having at least five lens elements and a total track length that is 6.5 millimeters or less, including without limitation the first date of any such sale, offer for sale, manufacture, public use, or instance of public availability of any such lens meeting the foregoing description.

### Specific Objections to Request No. 12

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case. For example, the phrase "any lens having at least five lens elements and a total track length that is 6.5 millimeters or less" is vague and ambiguous and it places the burden on non-party SEA to determine characteristics of "lens elements" about which it may not have knowledge in its normal course of business. SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity. SEA also objects to this Request to the extent it seeks SEA's confidential and/or proprietary information, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information. Fed. R. Civ. P. 45(d)(3)(B)(i); *see also, e.g., Audio MPEG, Inc. v. HP*

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

*Inc.*, 2017 U.S. Dist. LEXIS 34913, at *14-16 (N.D. Cal. Mar. 10, 2017) ("The court is not persuaded that the burden to Apple of producing this large amount of sales data … is outweighed by the benefit to Dell of obtaining this information."). SEA reserves the right to withhold the requested confidential information because the non-public information Apple seeks is so commercially sensitive that it should not be produced in a litigation to which SEA is not a party and where SEA cannot effectively police its use. *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 105394, at *11 (N.D. Cal. July 7, 2017) ("Defendants' suggestion that the protective order covering this case ameliorates any confidentiality concerns, and that the non-party may limit disclosure only to outside counsel of record … is unavailing."). Nor has Apple shown a substantial need for SEA's confidential information. *Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) ("The subpoena calls for confidential technology owned by [non-party] Seagate. Seagate should not have to suffer such disclosure without a clear-cut need and a subpoena narrowly tailored to meet that need. Defendants have not drawn their request narrowly enough."); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties.").

Further, SEA objects to the Request to the extent it seeks third-party confidential information subject to a confidentiality agreement that requires notice and/or consent prior to disclosure. SEA will not produce any third-party confidential information absent confirmation of compliance with all applicable third-party confidentiality provisions.

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds that it will not produce documents pursuant to this request. SEA is willing to meet and confer regarding the request and SEA's objections.

**_Document Request No. 13_**

Documents, Communications, and Things sufficient to show the earliest date of any sale, offer for sale, manufacture, public use, or instance of public availability anywhere in the world prior to June 20, 2014 of any lens embodying any of the subject matter described in U.S. Patent No. 8,780,465 to Chae (Exhibit 2); U.S. Patent App. Pub. No. 2013/0286488 to Chae (Exhibit 3); U.S. Patent App. Pub. No. 2017/0097495 to Jo, et al. (Exhibit 4); U.S. Patent No. 9,405,099 to Jo, et al. (Exhibit 5); or U.S. Patent App. Pub. No. 2009/0122423 to Park, et al. (Exhibit 6), including without limitation the first date of any such sale, offer for sale, manufacture, public use, or instance of public availability of any such lens meeting the foregoing description.

**_Specific Objections to Request No. 13_**

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "any lens embodying any of the subject matter described in U.S. Patent No. 8,780,465 to Chae (Exhibit 2); U.S. Patent App. Pub. No. 2013/0286488 to Chae (Exhibit 3); U.S. Patent App. Pub. No. 2017/0097495 to Jo, et al. (Exhibit 4); U.S. Patent No. 9,405,099 to Jo, et al. (Exhibit 5); or U.S. Patent App. Pub. No. 2009/0122423 to Park, et al. (Exhibit 6)" is vague and ambiguous and it places the burden on non-party SEA to determine characteristics of "any lens" about which it may not have knowledge in its normal course of business.  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

America, Inc. only, and no other entity.  SEA also objects to this Request to the extent it seeks

SEA's confidential and/or proprietary information, including but not limited to trade secrets or

other confidential research, development, financial, strategic, or competitive commercial

information.  Fed. R. Civ. P. 45(d)(3)(B)(i); *see also, e.g., Audio MPEG, Inc. v. HP Inc.*, 2017 U.S.

Dist. LEXIS 34913, at *14-16 (N.D. Cal. Mar. 10, 2017) ("The court is not persuaded that the

burden to Apple of producing this large amount of sales data … is outweighed by the benefit to

Dell of obtaining this information."). SEA reserves the right to withhold the requested confidential

information because the non-public information Apple seeks is so commercially sensitive that it

should not be produced in a litigation to which SEA is not a party and where SEA cannot

effectively police its use.  *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS

105394, at *11 (N.D. Cal. July 7, 2017) ("Defendants' suggestion that the protective order covering

this case ameliorates any confidentiality concerns, and that the non-party may limit disclosure only

to outside counsel of record … is unavailing.").  Nor has Apple shown a substantial need for SEA's

confidential information. *Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2 (N.D. Cal. May 9,

2011) ("The subpoena calls for confidential technology owned by [non-party] Seagate. Seagate

should not have to suffer such disclosure without a clear-cut need and a subpoena narrowly tailored

to meet that need.  Defendants have not drawn their request narrowly enough."); *Gonzales v.*

*Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is

particularly important in the context of enforcing a subpoena when discovery of trade secret or

confidential commercial information is sought from non-parties.").

32

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

Further, SEA objects to the Request to the extent it seeks third-party confidential information subject to a confidentiality agreement that requires notice and/or consent prior to disclosure. SEA will not produce any third-party confidential information absent confirmation of compliance with all applicable third-party confidentiality provisions.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds that it will not produce documents pursuant to this request. SEA is willing to meet and confer regarding the request and SEA's objections.

## Document Request No. 14

Documents and Things, such as schematics, bills of materials, technical specifications, diagrams, technical drawings, user guides, and manuals sufficient to show the ―complete design, operation, and functionality of each lens responsive to Request Nos. 1-13.

## Specific Objections to Request No. 14

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case. For example, the phrase "each lens responsive to Request Nos. 1-13" is vague and ambiguous and it places the burden on non-party SEA to determine characteristics of "each lens" about which it may not have knowledge in its normal course of business. SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity. SEA also objects to this Request to the extent it seeks SEA's confidential and/or proprietary information, including but not limited to trade secrets or other confidential research,

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

development, financial, strategic, or competitive commercial information. Fed. R. Civ. P. 45(d)(3)(B)(i); *see also, e.g., Audio MPEG, Inc. v. HP Inc.*, 2017 U.S. Dist. LEXIS 34913, at *14-16 (N.D. Cal. Mar. 10, 2017) ("The court is not persuaded that the burden to Apple of producing this large amount of sales data … is outweighed by the benefit to Dell of obtaining this information."). SEA reserves the right to withhold the requested confidential information because the non-public information Apple seeks is so commercially sensitive that it should not be produced in a litigation to which SEA is not a party and where SEA cannot effectively police its use. *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 105394, at *11 (N.D. Cal. July 7, 2017) ("Defendants' suggestion that the protective order covering this case ameliorates any confidentiality concerns, and that the non-party may limit disclosure only to outside counsel of record … is unavailing."). Nor has Apple shown a substantial need for SEA's confidential information. *Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) ("The subpoena calls for confidential technology owned by [non-party] Seagate. Seagate should not have to suffer such disclosure without a clear-cut need and a subpoena narrowly tailored to meet that need. Defendants have not drawn their request narrowly enough."); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties.").

Further, SEA objects to the Request to the extent it seeks third-party confidential information subject to a confidentiality agreement that requires notice and/or consent prior to

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

disclosure.  SEA will not produce any third-party confidential information absent confirmation of compliance with all applicable third-party confidentiality provisions.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds that it will not produce documents pursuant to this request. SEA is willing to meet and confer regarding the request and SEA's objections.

## Document Request No. 15

Documents sufficient to identify the names and addresses of the individuals responsible for, or most knowledgeable of, the conception, design, and development of each lens responsive to Request Nos. 1-13, past or present.

## Specific Objections to Request No. 15

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "each lens responsive to Request Nos. 1-13, past or present" is vague and ambiguous and it places the burden on non-party SEA to determine characteristics of "each lens" about which it may not have knowledge in its normal course of business.  In addition, "past or present" renders this Request temporally unbounded. SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA also objects to this Request to the extent it seeks SEA's confidential and/or proprietary information, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information.  Fed. R. Civ. P. 45(d)(3)(B)(i); *see*

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

*also, e.g., Audio MPEG, Inc. v. HP Inc.*, 2017 U.S. Dist. LEXIS 34913, at *14-16 (N.D. Cal. Mar. 10, 2017) ("The court is not persuaded that the burden to Apple of producing this large amount of sales data … is outweighed by the benefit to Dell of obtaining this information."). SEA reserves the right to withhold the requested confidential information because the non-public information Apple seeks is so commercially sensitive that it should not be produced in a litigation to which SEA is not a party and where SEA cannot effectively police its use. *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 105394, at *11 (N.D. Cal. July 7, 2017) ("Defendants' suggestion that the protective order covering this case ameliorates any confidentiality concerns, and that the non-party may limit disclosure only to outside counsel of record … is unavailing."). Nor has Apple shown a substantial need for SEA's confidential information. *Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) ("The subpoena calls for confidential technology owned by [non-party] Seagate. Seagate should not have to suffer such disclosure without a clear-cut need and a subpoena narrowly tailored to meet that need.  Defendants have not drawn their request narrowly enough."); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties.").

Further, SEA objects to the Request to the extent it seeks third-party confidential information subject to a confidentiality agreement that requires notice and/or consent prior to disclosure.  SEA will not produce any third-party confidential information absent confirmation of compliance with all applicable third-party confidentiality provisions.

36

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds that it will not produce documents pursuant to this request. SEA is willing to meet and confer regarding the request and SEA's objections.

### Document Request No. 16

A production sample of each lens responsive to Request Nos. 1-13 or, in the alternative, make such a production sample available for inspection.

### Specific Objections to Request No. 16

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "each lens responsive to Request Nos. 1-13" is vague and ambiguous and it places the burden on non-party SEA to determine characteristics of "each lens" about which it may not have knowledge in its normal course of business.  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA also objects to this Request to the extent it seeks SEA's confidential and/or proprietary information, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information.  Fed. R. Civ. P. 45(d)(3)(B)(i); *see also, e.g., Audio MPEG, Inc. v. HP Inc.*, 2017 U.S. Dist. LEXIS 34913, at *14-16 (N.D. Cal. Mar. 10, 2017) ("The court is not persuaded that the burden to Apple of producing this large amount of sales data … is outweighed by the benefit to Dell of obtaining this

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

information."). SEA reserves the right to withhold the requested confidential information because the non-public information Apple seeks is so commercially sensitive that it should not be produced in a litigation to which SEA is not a party and where SEA cannot effectively police its use. *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 105394, at *11 (N.D. Cal. July 7, 2017) ("Defendants' suggestion that the protective order covering this case ameliorates any confidentiality concerns, and that the non-party may limit disclosure only to outside counsel of record … is unavailing."). Nor has Apple shown a substantial need for SEA's confidential information. *Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) ("The subpoena calls for confidential technology owned by [non-party] Seagate. Seagate should not have to suffer such disclosure without a clear-cut need and a subpoena narrowly tailored to meet that need. Defendants have not drawn their request narrowly enough."); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties.").

Further, SEA objects to the Request to the extent it seeks third-party confidential information subject to a confidentiality agreement that requires notice and/or consent prior to disclosure. SEA will not produce any third-party confidential information absent confirmation of compliance with all applicable third-party confidentiality provisions.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds that it will not produce documents pursuant to this request. SEA is willing to meet and confer regarding the request and SEA's objections.

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

## Document Request No. 17

Documents sufficient to prove the authenticity of all Documents and Things produced in response to the foregoing requests.

## Specific Objections to Request No. 17

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity. SEA objects to this Request to the extent it seeks information that is publicly available or otherwise equally accessible to Apple. SEA objects to this request as vague and ambiguous.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows: SEA will conduct a diligent search for documents responsive to this Request, and it will produce non-privileged documents to the extent they are located.

*   *   *

Please contact me if you wish to discuss this matter further.

Regards,

/s/  *Josue Caballero*

Josue Caballero
Senior Legal Counsel
Samsung Electronics America, Inc.
j.caballero@sea.samsung.com

39