# EXHIBIT 8

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

**BY E-MAIL (lmead@cooley.com)**

January 20, 2023

Lowell D. Mead
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130

> RE:   **Corephotonics v. Apple, Case Nos. 3:17-cv-06457-JD**
>
> **Samsung Electronics America, Inc.'s Responses and Objections to Apple, Inc.'s Subpoena to Produce Documents in a Civil Action**

Dear Mr. Mead:

Samsung Electronics America, Inc. ("SEA") provides this response to the subpoena to produce documents in a civil action served by Apple, Inc. ("Apple" or "Defendant") on non-party SEA on December 7, 2022.

I.     SEA'S GENERAL OBJECTIONS TO THE SUBPOENA

The following General Objections apply to each individually numbered Request in the Subpoena and shall have the same force and effect as if set forth in full in each of SEA's specific responses below.

1.     SEA objects to the Subpoena in its entirety because it seeks information that, to the extent relevant, should be obtained from parties to the suit—namely, Corephotonics—without burdening non-party SEA.  *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED.").

2.      SEA objects to the Subpoena in its entirety to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, Federal Rules of Evidence, or any other applicable court rule or statute.

3.      SEA objects to the Subpoena in its entirety because it seeks information that is publicly available, already in Apple's possession or the possession of Corephotonics, equally accessible to Apple, or reasonably obtainable through other means that are less burdensome on non-party SEA.  Apple apparently made little or no attempt to obtain the requested information from publicly available sources or parties to the various litigations in which it is involved, which alone renders the Subpoena unreasonable.  *See Audio MPEG, Inc. v. HP Inc.*, 2017 U.S. Dist. LEXIS 34913, at *14-16 (N.D. Cal. Mar. 10, 2017) (granting motion to quash) ("Because Dell has, for the most part, failed to show relevance, and because what relevant material there is could be more easily obtained from other sources without causing a burden to non-party Apple, the court

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

grants the motion to quash the subpoena[.]"); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("[P]arties to a law suit must accept [the burdens of discovery] as a natural concomitant of modern civil litigation.  Non-parties have a different set of expectations" such that "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.").

4.     SEA objects to the Subpoena in its entirety to the extent it is vague, ambiguous, confusing, and/or unclear, including in its use of terms or phrases that are undefined or susceptible to multiple meanings.

5.     SEA objects to each Request to the extent it seeks information containing confidential or proprietary information pertaining to SEA's business, including but not limited to trade secrets or other confidential research, development, financial, strategic, or competitive commercial information.  *See* Fed. R. Civ. P. 45(d)(3)(B)(i).  SEA reserves the right to withhold information because certain information is so sensitive that it should not be produced in a litigation to which it is not a party and where it cannot effectively police the use of that information.  *See, e.g., Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 105394, at *11 (N.D. Cal. July 7, 2017) ("Defendants' suggestion that the protective order covering this case ameliorates any confidentiality concerns, and that the non-party 'may limit disclosure only to outside counsel of record … and thus the documents and information produced cannot be used for business purposes' … is unavailing."); *Waymo LLC v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 132721, at *9 (N.D. Cal. Aug. 18, 2017) ("While the information could be produced subject to an attorneys-eyes-only protective order, such orders do not guarantee that the information will not be disclosed.").

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

Further, Apple has provided no justification—much less shown the required "substantial need" for—SEA's confidential information, and no such substantial need exists.  *See, e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties.") (Citing *In re Mattel, Inc. v. Walking Mountain Prod.*, 353 F.3d 792, 814 (9th Cir. 2003)); *In re Apple iPhone Antitrust Litigation*, 2020 U.S. Dist. LEXIS 188670, at *20 (N.D. Cal. Oct. 9, 2020) ("Turning to the question of 'substantial need,' the Court concludes that Apple is equally able to expend its own resources to obtain information responsive to this request, and probably already has."); *Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) ("The subpoena calls for confidential technology owned by [non-party] Seagate.  Seagate should not have to suffer such disclosure without a clear-cut need and a subpoena narrowly tailored to meet that need.  Defendants have not drawn their request narrowly enough.").

6.      SEA objects to each Request to the extent it includes multiple sub-parts, rendering the Request or Topic vague, confusing, overly broad, unduly burdensome, and not proportional to the needs of the case.

7.      SEA objects to each Request to the extent that it seeks a third-party's confidential information subject to a confidentiality agreement that requires notice and/or consent prior to disclosure.  SEA will not produce any third-party confidential information absent a protective order and confirmation of compliance with all applicable third-party confidentiality provisions.

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

8.      SEA objects to each Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, joint defense privilege, or any other applicable law, privilege, protection or immunity.

9.      SEA objects to each Request to the extent it is compound or is phrased disjunctively or conjunctively.

10.     SEA objects to the June Subpoena's definition purported instruction regarding claims of privilege to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure.

11.     SEA objects to the Subpoena's definitions of "Communication," "document(s)" and "person(s)" to the extent they purport to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure.

12.     SEA objects to the Subpoena's definitions of "YOU," "YOUR," "Samsung Corporate Entity," and "Samsung Corporate Entities" to the extent they refer to any entity other than SEA, the only entity properly served with the Subpoena, or seek information that is not in SEA's possession, custody or control.  SEA will respond only on behalf of Samsung Electronics America, Inc., and no other entity.  SEA will not respond on behalf of any entity other than Samsung Electronics America, Inc.  *See, e.g., Inline Connection Corp. v. AOL Time Warner Inc.,* 2006 U.S. Dist. LEXIS 72724, at *1 (D. Del. Oct. 5, 2006) (documents are in the "control" of a party if that party has the "legal right to obtain the documents required on demand" from the non-party corporation); *Power Integrations, Inc. v. Fairchild Semiconductor, Int'l, Inc.*, 233 F.R.D. 143 (D. Del. 2005) (holding non-party domestic subsidiary of Korean parent corporation did not

5

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

have control of documents in the possession of the Korean parent under "legal right" test); *Tessera,*

*Inc. v. Micron Tech., Inc.*, 2006 WL 733498, at *6 (N.D. Cal. Mar. 22, 2006) (domestic entity did

not have control of documents in possession of Korean parent entity under "legal right" test).

13.     SEA incorporates by reference the General Objections set forth above into each of

its responses, whether or not repeated therein, as well as any specifically stated objections.  SEA

may repeat a general objection for emphasis or other reasons, but the failure to repeat any general

objection does not waive any general objection to Apple's requests.

14.     No objection or limitation, or lack of thereof, constitutes an admission by SEA as

to the existence or non-existence of documents or information.

15.     The responses provided herein are based on a reasonable investigation by SEA and

are made without prejudice to SEA's right to amend or supplement these responses and objections,

as necessary.

## II.     SEA'S SPECIFIC RESPONSES AND OBJECTIONS TO THE DOCUMENT REQUESTS

Subject to any specific objections set forth below, and specifically incorporating each of

the foregoing General Objections into each Response below, and without waiving said objections,

SEA responds as follows:

### *Document Request No. 1*

All Documents regarding the acquisition of Corephotonics by Samsung Electronics (see,
e.g., https://corephotonics.com/about/: "In 2019 Corephotonics was acquired by Samsung
Electronics"), including all agreements, corporate documentation, and documentation submitted
to any governmental authorities regarding the acquisition").

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

<u>*Specific Objections to Request No. 1*</u>

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained from the parties of this lawsuit without burdening non-party SEA. For that reason alone, the Request is improper and facially unreasonable, and SEA does not intend to produce documents in response to this Request. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED."). SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity. SEA also objects to this Request as vague, irrelevant,

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "All Documents" is facially overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows: No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

### *Document Request No. 2*

All Documents regarding diligence performed in connection with the acquisition of Corephotonics.

### *Specific Objections to Request No. 2*

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "All Documents" is facially overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows:  No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

## *Request for Production No. 3*

All Documents exchanged or provided between Corephotonics and any Samsung Corporate Entity (including representatives thereof) in connection with the acquisition of Corephotonics, including without limitation diligence documentation (including without limitation any Documents placed in a diligence data room), Documents reflecting or describing Corephotonics and/or any Samsung Corporate Entity, term sheets, draft agreements, and Documents regarding post-acquisition plans and expectations.

## *Specific Objections to Request No. 3*

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the Request is improper and facially unreasonable, and SEA does not intend to produce documents in response to this Request. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity. SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "All Documents" is facially overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows:  No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

### Request for Production No. 4

All Documents reflecting all valuations, summaries, opinions, appraisals, analyses, or other descriptions or assessments of any of Corephotonics' litigations against Apple, including without limitation any such description or assessment in connection with the acquisition of Corephotonics.

### Specific Objections to Request No. 4

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the Request is improper and facially unreasonable, and SEA does not intend to produce documents in response to this Request. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity. SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "All Documents" is facially overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows: No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

### _Request for Production No. 5_

All Documents that refer to or constitute any agreement regarding any rights to the proceeds of patent litigation or patent licensing to which Corephotonics is a party.

### _Specific Objections to Request No. 5_

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the Request is improper and facially unreasonable, and SEA does not intend to produce documents in response to this Request. _See, e.g., Nidec Corp. v. Victor Co. of Japan_, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); _Glass Egg Digital Media v. Gameloft, Inc._, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, _inter alia_, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity. SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case. For example, the phrase "All Documents" is facially overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows: No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

## *Document Request No. 6*

All agreements between Corephotonics and any Samsung Corporate Entity.

## *Specific Objections to Request No. 6*

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained from the parties of this lawsuit without burdening non-party SEA. For that reason alone, the Request is improper and facially unreasonable, and SEA does not intend to produce documents in response to this Request. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants.... There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S.

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED."). SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "All Documents" is facially overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows:  No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

### *Document Request No. 7*

Documents sufficient to show all rights that Samsung Corporate Entities have held relating to the Asserted Patents and/or this litigation.

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

### _Specific Objections to Request No. 7_

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the Request is improper and facially unreasonable, and SEA does not intend to produce documents in response to this Request. _See, e.g., Nidec Corp. v. Victor Co. of Japan_, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); _Glass Egg Digital Media v. Gameloft, Inc._, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, _inter alia_, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

America, Inc. only, and no other entity.  SEA also objects to this Request as vague, irrelevant,

overly broad, unduly burdensome and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA

understands the Request, SEA responds as follows:  No non-privileged responsive documents in

SEA's possession, custody, or control were located pursuant to a reasonable search.

### Document Request No. 8

All Documents regarding Corephotonics' role as a Samsung innovation center (see, e.g.,
https://corephotonics.com/about/: "Following acquisition, Corephotonics is a Samsung innovation
center, specializing in cameras and photographical user experience.").

### Specific Objections to Request No. 8

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained

from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the

Request is improper and facially unreasonable, and SEA does not intend to produce documents in

response to this Request. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D.

Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery

obtainable from a source more direct, convenient and less burdensome—namely, from

Defendants…. There is simply no reason to burden nonparties when the documents sought are in

the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S.

Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena

should be enforced, the Court is guided by not only Federal Rule of Civil Procedure

45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "All Documents" is facially overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows:  No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

### *Document Request No. 9*

All Documents regarding Corephotonics' operation in collaboration with any Samsung Corporate Entities (see, e.g., https://corephotonics.com/about/: "While remaining an independent company it operates in close collaboration with Samsung System LSI Image Sensor Business").

### *Specific Objections to Request No. 9*

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

Request is improper and facially unreasonable, and SEA does not intend to produce documents in response to this Request. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED."). SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity. SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case. For example, the phrase "All Documents" is facially overbroad, unduly burdensome, and not proportional to the needs of the case.

18

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows:  No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

### Document Request No. 10

All Documents regarding Corephotonics' financial relationship(s) with any Samsung Corporate Entity, including without limitation any financial interest held in Corephotonics by any Samsung Corporate Entity, any credit or debt obligations between Corephotonics and Samsung Corporate Entity, and any transfer of revenue or financial interest between Corephotonics and Samsung Corporate Entity.

### Specific Objections to Request No. 10

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the Request is improper and facially unreasonable, and SEA does not intend to produce documents in response to this Request. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from

19

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity. SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "All Documents" is facially overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows:  No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

### Document Request No. 11

All Documents regarding Corephotonics' business relationship(s) with any Samsung Corporate Entities.

### Specific Objections to Request No. 11

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the Request is improper and facially unreasonable, and SEA does not intend to produce documents in

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

response to this Request. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "All Documents" is facially overbroad, unduly burdensome, and not proportional to the needs of the case.

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows:  No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

## Document Request No. 12

All Documents regarding Corephotonics' reporting relationship(s) with any Samsung Corporate Entities, including organizational charts, descriptions of corporate structure, hierarchy, and reporting relationships, and including all reports, updates, summaries, and other documentation provided by Corephotonics to any Samsung Corporate Entity

## Specific Objections to Request No. 12

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the Request is improper and facially unreasonable, and SEA does not intend to produce documents in response to this Request. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the

court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can

be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome

subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information

not in SEA's possession, custody or control and/or information that is publicly available or

otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics

America, Inc. only, and no other entity.  SEA also objects to this Request as vague, irrelevant,

overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the

phrase "All Documents" is facially overbroad, unduly burdensome, and not proportional to the

needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA

understands the Request, SEA responds as follows:  No non-privileged responsive documents in

SEA's possession, custody, or control were located pursuant to a reasonable search.

### Document Request No. 13

Documents sufficient to describe the corporate relationships (for example,
parent/subsidiary relationship) between and among Samsung Corporate Entities, including all such
relationships involving Samsung Electronics Benelux B.V. and/or Corephotonics, and including
without limitation organizational charts, reports, or other descriptive documentation.

### Specific Objections to Request No. 13

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained

from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

Request is improper and facially unreasonable, and SEA does not intend to produce documents in response to this Request. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows:  No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

## *Document Request No. 14*

Documents sufficient to describe the corporate relationship (including any agreements and any corporate control or management control) between Corephotonics, on one hand, and any of the following entities, on the other hand: Samsung Electro-Mechanics Co., Ltd.; Samsung Display Co., Ltd.; Samsung Semiconductor, Inc.; Samsung (China) Semiconductor Co., Ltd.; Samsung Electronics America, Inc.; and the Samsung entities responsible for each of the System LSI Business, Memory Business, and Display Panel Business.

## *Specific Objections to Request No. 14*

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the Request is improper and facially unreasonable, and SEA does not intend to produce documents in response to this Request. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome

subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information

not in SEA's possession, custody or control and/or information that is publicly available or

otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics

America, Inc. only, and no other entity. SEA also objects to this Request as vague, irrelevant,

overly broad, unduly burdensome and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA

understands the Request, SEA responds as follows:  No non-privileged responsive documents in

SEA's possession, custody, or control were located pursuant to a reasonable search.

### *Document Request No. 15*

All Documents that constitute or refer to any agreement to which both Corephotonics and
any Samsung Corporate Entity are parties.

### *Specific Objections to Request No. 15*

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained

from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the

Request is improper and facially unreasonable, and SEA does not intend to produce documents in

response to this Request. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D.

Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery

obtainable from a source more direct, convenient and less burdensome—namely, from

Defendants…. There is simply no reason to burden nonparties when the documents sought are in

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity. SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "All Documents" is facially overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows:  No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

## *Document Request No. 16*

All Documents that constitute or refer to patent license agreements to which both Corephotonics and any Samsung Corporate Entity are parties, including without limitation any agreement where Corephotonics licenses rights under Corephotonics patents to any Samsung

27

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

Corporate Entity and any agreement where any Samsung Corporate Entity licenses patent rights to Corephotonics.

**_Specific Objections to Request No. 16_**

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the Request is improper and facially unreasonable, and SEA does not intend to produce documents in response to this Request. _See, e.g., Nidec Corp. v. Victor Co. of Japan_, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); _Glass Egg Digital Media v. Gameloft, Inc._, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, _inter alia_, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity. SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case. For example, the phrase "All Documents" is facially overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows: No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

### Document Request No. 17

Documents sufficient to describe the ownership of Corephotonics and/or ownership of shares in Corephotonics.

### Specific Objections to Request No. 17

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained from the parties of this lawsuit without burdening non-party SEA. For that reason alone, the Request is improper and facially unreasonable, and SEA does not intend to produce documents in response to this Request. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S.

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity. SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows:  No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

### *Document Request No. 18*

Documents sufficient to describe the corporate structure of Corephotonics and its affiliates, including Documents sufficient to show all corporate entities with an ownership, control, subsidiary, and/or other corporate relationship with Corephotonics.

### *Specific Objections to Request No. 18*

SEA incorporates by reference its General Objections as though fully set forth herein.

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

SEA objects to this Request because it seeks information that can and should be obtained from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the Request is improper and facially unreasonable, and SEA does not intend to produce documents in response to this Request. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity. SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows:  No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

### Document Request No. 19

Documents sufficient to identify all Persons (including Samsung Corporate Entities and employees and officers thereof) with input and/or control regarding Corephotonics' business, including without limitation board of directors, advisors, and executives

### Specific Objections to Request No. 19

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the Request is improper and facially unreasonable, and SEA does not intend to produce documents in response to this Request. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity. SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows:  No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

## *Document Request No. 20*

Documents sufficient to show all revenues, profits, costs, margins, balance sheets, financial holdings, credits, and debts of Corephotonics.

## *Specific Objections to Request No. 20*

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the Request is improper and facially unreasonable, and SEA does not intend to produce documents in response to this Request. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity. SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows:  No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

### *Document Request No. 21*

All Documents constituting or reflecting any intellectual property agreement relating to technology relating to cameras and/or lenses, including without limitation any such agreement to which any Samsung Corporate Entity is a party.

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

### _Specific Objections to Request No. 21_

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity. SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.  For example, the phrase "All Documents" and "technology relating to cameras and/or lenses" are facially overbroad, unduly burdensome, and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows:  SEA has no non-privileged responsive documents in its possession, custody, or control.

### _Document Request No. 22_

All Documents that relate to any agreement to which Longford is a party that relates directly or indirectly to Corephotonics and/or patent litigation or patent licensing to which Corephotonics is a party.

### _Specific Objections to Request No. 22_

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the Request is improper and facially unreasonable, and SEA does not intend to produce documents in response to this Request. _See, e.g., Nidec Corp. v. Victor Co. of Japan_, 249 F.R.D. 575, 577 (N.D.

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows:  No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

## *Document Request No. 23*

All Documents that constitute, refer to, or relate to any agreement to which Longford and Corephotonics are parties, including without limitation the "Relationship Agreement" referenced in Exhibit A to UCC Financing Statement Doc # 2018067419 (including Exhibit A thereto) recorded on July 6, 2018 with the Washington DC Recorder of Deeds identifying Corephotonics, Ltd. as debtor and Longford Capital Fund II, LP as secured party.

## *Specific Objections to Request No. 23*

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the Request is improper and facially unreasonable, and SEA does not intend to produce documents in response to this Request. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome

37

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information

not in SEA's possession, custody or control and/or information that is publicly available or

otherwise equally accessible to Apple.  SEA is responding on behalf of Samsung Electronics

America, Inc. only, and no other entity.  SEA also objects to this Request as vague, irrelevant,

overly broad, unduly burdensome and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA

understands the Request, SEA responds as follows:  No non-privileged responsive documents in

SEA's possession, custody, or control were located pursuant to a reasonable search.

### *Document Request No. 24*

All Documents that constitute, refer to, or relate to any agreement to which Longford and
Russ August & Kabat are parties that relates directly or indirectly to Corephotonics and/or patent
litigation or patent licensing to which Corephotonics is a party, including without limitation the
"Relationship Agreement" referenced in Exhibit A to UCC Financing Statement Doc #
2018067419 (including Exhibit A thereto) recorded on July 6, 2018 with the Washington
DCRecorder of Deeds identifying Corephotonics, Ltd. as debtor and Longford Capital Fund II, LP
as secured party.

### *Specific Objections to Request No. 24*

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained

from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the

Request is improper and facially unreasonable, and SEA does not intend to produce documents in

response to this Request. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D.

Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery

obtainable from a source more direct, convenient and less burdensome—namely, from

# SAMSUNG

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics America, Inc. only, and no other entity.  SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows:  No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

### *Document Request No. 25*

All Documents that refer or relate to UCC Financing Statement Doc # 2018067419 (including Exhibit A thereto) recorded on July 6, 2018 with the Washington DC Recorder of Deeds identifying Corephotonics, Ltd. as debtor and Longford Capital Fund II, LP as secured party.

**SAMSUNG**

Samsung Electronics America, Inc.
6625 Excellence Way
Plano, TX 75023
972-761-7000

*Specific Objections to Request No. 25*

SEA incorporates by reference its General Objections as though fully set forth herein.

SEA objects to this Request because it seeks information that can and should be obtained from the parties of this lawsuit without burdening non-party SEA.  For that reason alone, the Request is improper and facially unreasonable, and SEA does not intend to produce documents in response to this Request. *See, e.g., Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("Here, the vast majority of the discovery sought from [non-party] is discovery obtainable from a source more direct, convenient and less burdensome—namely, from Defendants…. There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 U.S. Dist. LEXIS 149896, at *19 (N.D. Cal. Sept. 3, 2019) ("[I]n determining whether [a] subpoena should be enforced, the Court is guided by not only Federal Rule of Civil Procedure 45(d)(3)(A)(iv), which protects subpoenaed parties from 'undue burden' but also Rule 26, which provides, *inter alia*, that a court must limit discovery if 'the discovery sought … is obtainable from some other source that is more convenient, less burdensome, or less expensive…. [B]ecause the court finds that the vast majority of the discovery sought by Plaintiff's third party subpoenas can be obtained directly from the Defendant GLI, GLI's motion to quash overly broad and burdensome subpoenas is GRANTED.").  SEA also objects to this Request to the extent it seeks information not in SEA's possession, custody or control and/or information that is publicly available or otherwise equally accessible to Apple. SEA is responding on behalf of Samsung Electronics

**SAMSUNG**

**Samsung Electronics America, Inc.**
**6625 Excellence Way**
**Plano, TX 75023**
**972-761-7000**

America, Inc. only, and no other entity.  SEA also objects to this Request as vague, irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case.

On the basis of the foregoing general and specific objections and to the extent SEA understands the Request, SEA responds as follows:  No non-privileged responsive documents in SEA's possession, custody, or control were located pursuant to a reasonable search.

\*   \*   \*

Please contact me if you wish to discuss this matter further.

Regards,

/s/  *Josue Caballero*

Josue Caballero
Senior Legal Counsel
Samsung Electronics America, Inc.
j.caballero@sea.samsung.com