1  RUSS, AUGUST & KABAT
   Marc A. Fenster, State Bar No. 181067
2  mfenster@raklaw.com
   Benjamin T. Wang, State Bar No. 228712
3  bwang@raklaw.com
   Neil A. Rubin, State Bar No. 250761
4  nrubin@raklaw.com
   James S. Tsuei, State Bar No. 285530
5  jtsuei@raklaw.com
   Qi (Peter) Tong, State Bar No. 300347
6  ptong@raklaw.com
   12424 Wilshire Boulevard, 12th Floor
7  Los Angeles, California 90025
   Telephone: (310) 826-7474
8  Facsimile: (310) 826-6991

9  Attorneys for Plaintiff
   COREPHOTONICS, LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| COREPHOTONICS, LTD. | Case No. 3:17-cv-06457-JD (Lead) |
| Plaintiff, | Case No. 5:18-cv-02555-JD |
| vs. | **DECLARATION OF JAMES S. TSUEI IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 211)** |
| APPLE INC. | |
| Defendant. | |

Case No. 3:17-cv-06457-JD

**DECLARATION OF JAMES S. TSUEI**

I, James S. Tsuei, state as follows:

1. I am a member of the State Bar of California and an attorney at the firm of Russ, August & Kabat, counsel for Plaintiff Corephotonics, Ltd. in the above captioned action. I have personal knowledge of the facts set forth herein, and if called upon to testify, could and would testify competently thereto.

2. I submit this declaration in support of Apple's Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. 211) ("Motion". The information identified in Apple's Motion reflects information that Corephotonics considers to be "Highly Confidential -- Attorneys' Eyes Only" under the Protective Order Regarding the Disclosure and Use of Discovery Materials in this case (Dkt. 77). I provide additional detail regarding the confidential nature of the specific material sought to be sealed in the below chart.

| Materials Sought to be Sealed | Basis for Sealing |
|---|---|
| Opening brief in support of Apple's Motion to Dismiss for Lack of Standing:<br>• page 1, lines 19-20, 20-22, 23-24, and 24-26<br>• page 2, lines 15-16, 17-18, 20-21, 21-22, 23-27<br>• page 3, lines 1-2, 3-4, 5-6, 7-9, 9-10, 10-11, 13, 14-15, 18-20, 21-22, 22-23, 25-26, 26-27<br>• page 4, lines 1, 3-4, 4-6, 6-8, 8-10, 10-11, 12-13, 14-15, 16-17, 20-22<br>• page 6, lines 18-20<br>• page 7, lines 1-2, 8-9, 16-17, 24-25<br>• page 8, lines 6-8, 16-17, 20-22, 28<br>• page 9, line 2<br>• page 10, lines 22-23, 25<br>• page 11, lines 19-20, 20-21 | Statements by Apple describing and referring to highly confidential business transaction between a third party and Corephotonics, Corephotonics' intellectual property licensing and litigation strategy, and Corephotonics' financial information |
| Exhibit 1 | Document reflecting highly confidential terms of business transaction between a third party and Corephotonics |
| Exhibit 2 | Document reflecting highly confidential terms of license agreement between a third party and Corephotonics |
| Exhibit 3 | Document reflecting highly confidential terms of business transaction between a third party and Corephotonics |
| Exhibits 4 and 5 | Deposition testimony describing highly confidential business transaction between a |

Case No. 3:17-cv-06457-JD

**DECLARATION OF JAMES S. TSUEI**

|  | third party and Corephotonics, Corephotonics' intellectual property licensing and litigation strategy, and Corephotonics' financial information |
|---|---|
| Exhibit 6 | Discovery response describing confidential identities of investors and/or board members of Corephotonics, including personally identifiable information (email addresses) of such individuals |

3. Specifically, the information that Apple seeks the Court's permission to file under seal relates to Corephotonics' confidential patent and technology licensing activity, such as the identities of Corephotonics' counterparties in patent and technology license agreements, the terms of the Corephotonics' agreements with third parties (including a share purchase agreement between a third party and Corephotonics), and the parties' respective performances under those agreements. Compelling reasons and good cause exist to permit Apple to file that information under seal, as the public disclosure of that information would pose irreparable harm not only to Corephotonics but also to third parties involved with Corephotonics. For example, the agreements discussed in Apple's brief and the documents submitted by Apple remain confidential today and public disclosure thereof would pose irreparable harm to not only Corephotonics but to the interests of Corephotonics' counterparties.

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct.

Executed on December 20, 2023 in Los Angeles, California.

By: */s/ James S. Tsuei*
James S. Tsuei