COOLEY LLP
Heidi Keefe (178960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya B. Viswanath (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, California 94304
Telephone:   (650) 843-5000
Facsimile:    (650) 849-7400

COOLEY LLP
Phillip Morton (*Pro Hac Vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Telephone:   (202) 842-7800
Facsimile:    (202) 842-7899

*Attorneys for Defendant*
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISO DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.<br><br>                    Plaintiff,<br><br>      vs.<br><br>APPLE INC.<br><br>                    Defendant. | Case No. 3:17-cv-06457-JD (lead case)<br>Case No. 5:18-cv-02555-JD<br><br>**DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Pursuant to Civil L.R. 7-11 and 79-5, Defendant Apple Inc. respectfully seeks leave to file under seal narrowly tailored portions of certain documents.

## I. LEGAL STANDARD

Courts in this District appear to be split on which standard applies to amended pleading and related motions. *E.g.*, *DSS Tech. Mgmt. v. Apple*, No. 14-cv-05330-HSG, 2020 U.S. Dist. LEXIS 33050, at *5 (N.D. Cal. Feb. 26, 2020) ("[The] Court will apply the lower good cause standard for documents related . . . Apple's motion for leave to file an amended answer."); *Santelices v. Apttus*, No. 19-cv-07414-HSG, 2020 WL 5870509, at *4 (N.D. Cal. Oct. 2, 2020) ("The Court will apply the lower good cause standard for the documents related to the motion for leave to amend [the complaint]."); *Real Action Paintball v. Advanced Tactical Ordnance Sys.*, No. 14-cv-02435-MEJ, 2015 WL 1534049, at *3 (N.D. Cal. Apr. 2, 2015) ("Furthermore, other courts have recognized that motions to amend pleadings are not dispositive for sealing purposes and thus the good cause standard generally applies."); *but see Heath v. Google*, No. 15-cv-01824-BLF, 2017 WL 3530593, at *2 (N.D. Cal. Aug. 14, 2017) ("Courts also apply the compelling reasons standard in connection with a motion to amend the complaint and proposed complaint, because they involve central issues that are 'more than tangentially related to the underlying cause of action.'" (citation omitted)); *Reyna v. ARRIS Int'l Plc*, No. 17-CV-01834-LHK, 2018 WL 1400513, at *2 (N.D. Cal. Mar. 20, 2018) (applying "compelling reason" standard where the party sought to seal "either an amended complaint or a motion for leave to file an amended complaint.").

## II. ARGUMENT

### A. Motion to File Under Seal Apple's Documents

In an abundance of caution, Apple applies the "compelling reason" standard—but even under the "good cause" standard, the following materials should be sealed: narrowly tailored portions of Amended Answers.

The Supreme Court has limited "the right to inspect and copy judicial records," recognizing that "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a

litigant's competitive standing." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Similarly, the Ninth Circuit recognizes that the Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180; *In re Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (granting petition for writ of mandamus and overturning the district court's decision that terms of licensing agreement did not meet the "compelling reason" standard).

Courts in this District, including this Court, have found "compelling reasons . . . to seal . . . confidential terms of license agreements …." *Ovonic Battery v. Sanyo Elec.*, No. 14-cv-01637-JD, 2014 WL 3749152, at *3 (N.D. Cal. July 24, 2014); *Open Text S.A. v. Box*, No. 13-cv-04910-JD, 2014 U.S. Dist. LEXIS 177484, at *18, *35, *48 (N.D. Cal. Dec. 26, 2014) (finding compelling reasons to seal agreements subject to third party confidentiality obligations, as well as sensitive licensing terms); *GoPro Hong Kong v. 2b Trading*, No. 16-cv-05113-JD, 2017 U.S. Dist. LEXIS 27380, at *5 (N.D. Cal. Feb. 27, 2017) (finding compelling reasons to seal "sensitive distribution agreement terms"); *Nextpulse v. Brunswick*, No. 22-cv-04071-HSG, 2023 WL 1880949, at *7 (N.D. Cal. Feb. 10, 2023) (finding "compelling reasons to seal [asset purchase agreement because it comprises] confidential, strategic and competitively sensitive business information"); *Baird v. Blackrock Institutional Tr.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (collecting cases and holding that "[c]ourts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard"); *see also Kyowa Hakko Kirin v. Aragen Bioscience*, No. 16-cv-05993-JD, 2017 U.S. Dist. LEXIS 184566, at *3 (N.D. Cal. Nov. 7, 2017) (finding good cause to protect "confidential third-party information, the disclosure of which may violate confidentiality provisions in . . . agreements . . . and cause competitive and financial harm by allowing . . . competitors insight into . . . [business] strategies and efforts").

The following materials sought to be sealed reflect highly confidential and sensitive information from an agreement with a third party subject to third-party confidentiality obligations. For example, the existence of an agreement, its terms, and the identity of the third-

party signatory—also reflected in the narrowly tailored portions of Apple's Amended Answers—comprise highly confidential and extremely sensitive information, the disclosure of which would cause competitive and financial harm to the agreement's signatories. (Mead Decl., ¶¶ 1-5.) Such information, if revealed to the public, could also be misused by competitors and adversaries to harm the signatories.

| Table 1 | |
|---|---|
| **Materials Sought to be Sealed** | **Sealing Request** |
| FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT - Case No. 3:17-cv-06457-JD:<br>• page 14, lines 12-13<br>• pages 14-15, lines 21-14<br>• page 15, lines 16, 21, 22, 23-24, 28<br>• page 16, lines 1-2, 3-7, 8, 10-11, 16, 26-27 | Narrowly tailored portions of First Amended Answer describing highly confidential terms and the confidential identity of signatories to the agreement |
| FIRST AMENDED ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT - Case No. 5:18-cv-02555-JD:<br>• page 11, lines 6-7, 15-28<br>• page 12, lines 1-8, 10, 15-18, 22-28<br>• page 13, lines 1-2, 4-5, 10, 20-21 | Narrowly tailored portions of First Amended Answer describing highly confidential terms and the confidential identity of signatories to the agreement |

The narrowly tailored materials sought to be sealed reveal specific third-party signatories to the Agreement and highly confidential terms and business information subject to third-party confidentiality obligations. Given the injury that will result to Apple's business interests should this information be made public, a less restrictive alternative to sealing does not exist.

Compelling reasons and good cause exist to seal the narrowly tailored portions because public disclosure of that information would pose irreparable harm to the signatories to the Agreement and allow competitors and adversaries to gain an unfair competitive advantage or misuse the highly confidential information. *E.g.*, *FTC v. Qualcomm*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (granting sealing motion under the compelling reasons standard because the information may harm the party or third parties' "competitive standing and divulges terms of confidential contracts, contract negotiations …"); *Ovonic Battery*,

2014 WL 3749152, at *3; *Open Text S.A.*, 2014 U.S. Dist. LEXIS 177484, at *18, *35, *48; *GoPro Hong Kong*, 2017 U.S. Dist. LEXIS 27380, at *5; *Nextpulse*, 2023 WL 1880949, at *7.

### III. COURT'S STANDING ORDER

Apple confirms that it has reviewed and complied with the Court's Standing Order Governing Administrative Motions to File Materials Under Seal and Civil Local Rule 79-5.

### IV. CONCLUSION

For the reasons set forth above, Apple respectfully requests that the Court grant an Order allowing Apple to file under seal the materials identified in Table 1.

| | |
|---|---|
| Dated:  December 22, 2023 | Respectfully submitted,<br><br>COOLEY LLP<br><br>By: */s/ Heidi L. Keefe*<br>Heidi L. Keefe (178960)<br>(hkeefe@cooley.com)<br>Lowell Mead (223989)<br>(lmead@cooley.com)<br>Priya B. Viswanath (238089)<br>(pviswanath@cooley.com)<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, California  94304<br>Telephone:(650) 843-5000<br>Facsimile: (650) 849-7400<br><br>COOLEY LLP<br>Phillip Morton (*Pro Hac Vice*)<br>(pmorton@cooley.com)<br>1299 Pennsylvania Avenue NW, Suite 700<br>Washington, DC 20004-2400<br>Telephone:  (202) 842-7800<br>Facsimile:    (202) 842-7899<br><br>*Attorneys for Defendant Apple, Inc.* |

# CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94306. On the date set forth below I caused to be served the attached documents in the manner described below:

1. **FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT** - Case No. 3:17-cv-06457-JD

2. **FIRST AMENDED ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT** - Case No. 5:18-cv-02555-JD

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

Marc Fenster
Benjamin Wang
Brian D. Ledahl
Neil A. Rubin
James S. Tsuei
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
mfenster@raklaw.com
bwang@raklaw.com
bledahl@raklaw.com
nrubin@raklaw.com
jtsuei@raklaw.com

*Attorneys for Plaintiff Corephotonics, Ltd.*

Executed on December 22, 2023, at Palo Alto, California.

/s/ Heidi L. Keefe
Heidi L. Keefe

Case No. 3:17-cv-06457-JD
Case No. 5:18-cv-02555-JD

1.

**CERTIFICATE OF SERVICE**