COOLEY LLP
Heidi Keefe (178960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya B. Viswanath (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, California  94304
Telephone:   (650) 843-5000
Facsimile:     (650) 849-7400

COOLEY LLP
Phillip Morton (*Pro Hac Vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842-7800
Facsimile:    (202) 842-7899

*Attorneys for Defendant*
Apple Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISO DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC.<br><br>Defendant. | Case No. 3:17-cv-06457-JD (lead case)<br>Case No. 5:18-cv-02555-JD<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

In accordance with Civil L.R. 7-11 and 79-5, Defendant Apple Inc. ("Apple") respectfully seeks a narrowly-tailored Order authorizing the sealing of one exhibit to its concurrently filed Motion To Strike Corephotonics's Expert's Undisclosed New Infringement Theories. Specifically, Apple seeks to file under seal the following item:

| Materials Sought to be Sealed | Sealing Request |
|---|---|
| Unredacted version of Exhibit D, constituting excerpts of the Expert Report of Dr. John C. Hart Regarding Infringement of Certain Claims of U.S. Patent No. 9,185,291 by Apple Inc. (the "**Hart Report**") | Narrowly tailored portion of expert report describing highly confidential technical information about source code and other technical details of hardware and software components. |

### I. LEGAL STANDARD

The Ninth Circuit treats documents "attached to dispositive motions differently from records [i.e., documents] attached to non-dispositive motions." *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016). For non-dispositive motions, such as the present motion to strike, the "good cause" standard applies. *OpenTV v. Apple*, No. 14-1622, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015). The Federal Rules afford district courts "flexibility in balancing and protecting the interests of private parties." *Id.* at 1180; *DSS Tech. Mgmt. v. Apple*, No. 14-5330, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021) (finding good cause to seal "confidential business and proprietary information relating to the operations of Defendant").

### II. ARGUMENT

The portions of the Hart Report sought to be sealed contain proprietary and highly confidential technical information of Apple as set forth in the accompanying Declaration of Lowell D. Mead In Support Of Defendant's Administrative Motion To File Under Seal ("Mead Sealing Decl.") and reflected in the highlighted version of the Hart Report submitted for filing under seal. (Mead Sealing Decl., ¶¶ 2-3.) The highlighted content all reflects and describes highly confidential technical information about Apple source code and other technical details of hardware and software components in Apple's commercial products. (*Id.*) Knowledge of this

information would allow a competitor to unfairly compete using Apple's highly confidential and proprietary information.  (*Id.*, ¶ 3.)

Apple respectfully notes that certain portions of the Hart Report (the redactions on pages i-iii, the top two lines of page 33, page 34, and page 151) that are not pertinent to the present motion are submitted only in redacted form, so there is no need for the Court to address sealing of those already-redacted portions.  The version of the Hart Report that is submitted for filing under seal contains those already-imposed redactions as well as unredacted highlighted text indicating the portions that are redacted in the public redacted version of the document.

Good cause exists to permit Apple to file this information under seal, as the public disclosure of that information would pose irreparable harm to Apple and allow competitors to unfairly acquire technology that provides Apple with a competitive advantage.

Apple has reviewed and complied with the Court's Standing Order Governing Administrative Motions to File Materials Under Seal and Civil Local Rule 79-5.

For the reasons set forth above, Apple respectfully requests that the Court grant an Order allowing Apple to file the highlighted portions of the above documents under seal.

DATED: January 25, 2024

Respectfully submitted,

COOLEY LLP

By: /s/ Heidi L. Keefe
Heidi Keefe (178960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya B. Viswanath (238089)
(pviswanath@cooley.com)
COOLEY LLP
3175 Hanover Street
Palo Alto, California  94304
Telephone:(650) 843-5000
Facsimile: (650) 849-7400

COOLEY LLP
Phillip Morton (*Pro Hac Vice*)
(pmorton@cooley.com)

1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

*Attorneys for Defendant*
Apple, Inc.

## CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on January 25, 2024, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail on this date.

/s/ Heidi L. Keefe
Heidi L. Keefe