COOLEY LLP
Heidi Keefe (178960)
(hkeefe@cooley.com)
Lowell Mead (223989)
(lmead@cooley.com)
Priya B. Viswanath (238089)
(pviswanath@cooley.com)
3175 Hanover Street
Palo Alto, California  94304
Telephone:     (650) 843-5000
Facsimile:      (650) 849-7400

COOLEY LLP
Phillip Morton (*Pro Hac Vice*)
(pmorton@cooley.com)
1299 Pennsylvania Avenue
NW, Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842-7800
Facsimile:   (202) 842-7899

*Attorneys for Defendant*
  Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COREPHOTONICS, LTD. | Case No. 3:17-cv-06457-JD (lead case)<br>Case No. 5:18-cv-02555-JD |
| Plaintiff, | |
| vs. | **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF STANDING** |
| APPLE INC. | |
| Defendant. | ██████████ |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

REPLY ISO MOTION TO DISMISS

1

## <u>TABLE OF CONTENTS</u>

2
                                                                                                    **Page**

3   I.     INTRODUCTION ........................................................................................................ 1

4   II.    COREPHOTONICS IGNORES THE SUBSTANTIAL RIGHTS GIVEN TO
           SAMSUNG ............................................................................................................... 1

5   III.   LICENSING AND ASSIGNMENT OF THE PATENTS IN SUIT IS
           IRRELEVANT........................................................................................................... 6

6   IV.    THE COURT SHOULD DISMISS THIS ACTION. ................................................. 7

7   V.     CONCLUSION .......................................................................................................... 7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A123 Sys., Inc. v. Hydro-Quebec*,
    626 F.3d 1213 (Fed. Cir. 2010)...................................................................... 6

*Alfred E. Mann Found. for Sci. Res. v. Cochlear Corp.*,
    604 F.3d 1354 (Fed. Cir. 2010)................................................................... 4, 5

*AsymmetRx, Inc. v. Biocare Med., LLC*,
    582 F.3d 1314 (Fed. Cir. 2009)...................................................................... 5

*Diamond Coating Techs., LLC v. Hyundai Motor Am.*,
    823 F.3d 615 (Fed. Cir. 2016)................................................................... 3, 6

*Intell. Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*,
    248 F.3d 1333 (Fed. Cir. 2001)................................................................... 2, 4

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
    925 F.3d 1225 (Fed. Cir. 2019)...........................................................*passim*

*Morrow v. Microsoft Corp.*,
    499 F.3d 1332 (Fed. Cir. 2007)................................................................... 2, 5

*Propat Int'l Corp. v. Rpost, Inc.*,
    473 F.3d 1187 (Fed. Cir. 2007)................................................................... 2, 4

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
    427 F.3d 971 (Fed. Cir. 2005)...................................................................... 2

**Statutes**

35 U.S.C. § 281 ....................................................................................................... 2, 4

**Other Authorities**

Fed. R. Civ. P.
    30(b)(6) ......................................................................................................... 4

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

ii

REPLY ISO MOTION TO DISMISS

## I.     INTRODUCTION

Corephotonics fails to carry its burden to show that it has standing.  Unlike a company who has always kept control over its patents and litigation efforts, Corephotonics ███████████ ████████████████████.  Corephotonics does not dispute that this occurred.  The only dispute is whether ████████████████████████████████████████████████ ████████████████████.  When Corephotonics's witnesses were asked at deposition for proof ███████ ████████████████, they could not provide any.  More importantly, when confronted with this motion to dismiss, Corephotonics once again comes up empty, providing nothing more than misdirection and attorney argument.  As the plaintiff, Corephotonics bears the burden of providing evidence establishing that it has standing.  Corephotonics has not met and cannot meet that burden.

Corephotonics's attempt to explain away ████████████████████ defies logic. ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

To be clear, Corephotonics is nothing like a typical corporation that assembles a diverse and independent board of directors from different unaffiliated companies and backgrounds, where no parent corporation controls the Board. ████████████████████████████████
████████████████████████████████████████████████████████████████
████████████  In short, Samsung controls Corephotonics, ████████████████, and this litigation.  Samsung should be a party, but is not, and Corephotonics does not dispute that Samsung cannot be joined.  This case must be dismissed.

## II.    COREPHOTONICS IGNORES THE SUBSTANTIAL RIGHTS GIVEN TO SAMSUNG

Corephotonics does not dispute that it bears the burden of establishing that it has standing.

1   *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1338 (Fed. Cir. 2007).  To qualify as a "patentee" with

2   standing to file an infringement action under § 281, a plaintiff must possess "all substantial rights"

3   in the patent. *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1229 (Fed.

4   Cir. 2019).  In considering whether a party has all substantial rights in a patent, the Federal Circuit

5   has "often focused on two salient rights: enforcement and alienation."  *Id.* at 1231.  For example, a

6   transferee who receives a patent assignment but still needs consent from the transferor to bring suit

7   or further assign the patents has not received all substantial rights in the patents.  *Id.*  Indeed, "a

8   transferee that receives all substantial patent rights from a transferor would never need consent

9   from the transferor to file suit."  *Id.* (*quoting Intell. Prop. Dev., Inc. v. TCI Cablevision of Cal.,*

10  *Inc.*, 248 F.3d 1333, 1344 (Fed. Cir. 2001)) (emphasis in *Lone Star*).



11        Corephotonics does not dispute that

12  Corephotonics

13

14  (Dkt. 212-2, Ex. 1 (COREPH077405 at COREPH077459 (§ 11.7)

15  (emphasis added)).

16

17

18  By granting this control to its acquirer, Corephotonics gave up

19  statutory standing.  *Morrow*, 499 F.3d at 1341 (holding that plaintiff did not have standing where

20  it needed a third-party to "approve the settlement of any suits brought by" the plaintiff); *Sicom Sys.,*

21  *Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 978-80 (Fed. Cir. 2005) (holding that plaintiff did not

22  have standing where a third-party did "not have the right to settle litigation without the prior written

23  consent from" a third-party); *Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1192-93 (Fed. Cir.

24  2007) (holding that the plaintiff did not have standing where a third-party retained "the right to

25  consent to settlements of litigation").

26        Based purely on attorney argument, Corephotonics argues that

27

28  .  Opp. at 6; SPA at §§11.1.10-11.1.12.  But these "common" clauses do not address this

1    litigation against Apple, ███████████████████████████████████████████

2    ████████████████████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████████████████

4    ███████      SPA at §11.7.

5         And Samsung's control has ████████████████████████████████████████.

6    Corephotonics's managers "████████████████████████████████████████." (Dkt.

7    212-6, Ex. 5 (Mendlovic Tr.), 125:21-126:5, 131:1-132:7; Dkt. 212-5, Ex. 4 (Kali Tr.), 149:20-23,

8    152:24-153:6.)  Corephotonics presents no evidence that its management could exercise control

9    over this litigation independent of Samsung's control.  Tellingly, Corephotonics's post-acquisition

10   litigation filings against Apple in foreign jurisdictions (Germany and China) ███████████

11   ████████████████. (Ex. 4 (Kali Tr.), 148:9-149:18, 198:18-25; Ex. 5 (Mendlovic Tr.), 122:13-

12   125:3, 126:16-24.)  Likewise, if Corephotonics's management proposed to settle the present action,

13   ████████████████████████████████████████████████████████. (Ex. 5

14   (Mendlovic Tr.), 125:21-126:5, 131:1-132:7 ("████████████████████████████████████

15   ████████████████████████████████████████████████████.").

16   Corephotonics cannot ████████████████████████████████████████████████████

17   ████████████████████████████████." (Ex. 4 (Kali Tr.), 149:20-23; *id.*, 152:24-153:6

18   (Corephotonics cannot ████████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████).)  Approval

20   would also be required to ████████████████████████████. (Ex. 5 (Mendlovic Tr.),

21   125:21-126:5, 143:24-144:14.)

22        As such, Samsung exerts much stronger control over Corephotonics and its patent assertions

23   than a typical board of directors who would not commonly control such patent-specific decisions—

24   which makes sense, as ████████████████████████████████████████████████████████

25   ████████████████████████████████████████████  Samsung's control "ensures that

26   [Samsung] will always control how the patents are asserted." *Lone Star*, 925 F.3d at 1233. "This

27   is fundamentally inconsistent with a transfer of all substantial rights." *Id.*; *Diamond Coating*

28   *Techs., LLC v. Hyundai Motor Am.*, 823 F.3d 615, 620 (Fed. Cir. 2016) (affirming that plaintiff

1  lacked standing where a third-party "retained significant control over [plaintiff]'s enforcement and

2  litigation activities").

3  　　　　Similarly, Corephotonics fails to proffer evidence undermining ███████████████

4  ████████████████████████████████████████. Corephotonics cannot ██████████

5  ████████████████████████████████████████████████████████████

6  ████████████████████████████████████████." (Ex. 5 (Mendlovic Tr.), 125:21-

7  126:5; Ex. 4 (Kali Tr.), 152:16-22.)   Samsung's control imposes a significant "restriction on

8  alienation" over the asserted patents, depriving Corephotonics of substantial rights. *Lone Star*, 925

9  F.3d at 1231 (quoting *Intell. Prop. Dev.*, 248 F.3d at 1344); *Propat*, 473 F.3d at 1191 ("The right

10  to dispose of an asset is an important incident of ownership, and such a restriction on that right is a

11  strong indicator that the agreement does not grant [the transferee] all substantial rights under the

12  patent.").

13  　　　　Corephotonics has the burden to prove standing yet, tellingly, Corephotonics's opposition

14  fails to provide any evidentiary support to dispute that Samsung maintains control over

15  Corephotonics. Mr. Kali provides fourteen paragraphs of assertions, yet fails to address ███████

16  ████████████████████████ and does not dispute the critical fact that Samsung █████████

17  ████████████████████████████████████████████. This is

18  unsurprising given that in their depositions, both Mr. Kali (as Corephotonics's Rule 30(b)(6)

19  corporate designee) and Corephotonics's CEO (Dr. David Mendlovic) could not point to any

20  document ████████████████████████████████████████████████████

21  ██████████████████████████. (Ex. 4 (Kali Tr.), 149:20-150:5, 152:16-22, 152:24-153:6; Ex.

22  5 (Mendlovic Tr.), 121:7-122:15, 126:25-127:8, 131:24-133:11, 144:25-145:12, 145:22-146:12.)

23  　　　　Corephotonics fundamentally misstates the law on "all substantial rights." (Opp. at 3-5,

24  citing *Alfred E. Mann Found. for Sci. Res. v. Cochlear Corp.*, 604 F.3d 1354, 1359 (Fed. Cir.

25  2010).) Federal Circuit law is clear that to have standing as sole plaintiff *by itself*, Corephotonics

26  *alone* must possess "all substantial rights" in the patents. *Lone Star*, 925 F.3d at 1229, 1234 (a

27  plaintiff that does not possess "all substantial rights in the asserted patents . . . cannot assert these

28  patents in its own name under § 281"). "If [a party] holds all substantial rights, it can sue in its

1    name alone.  If [the party] holds less than all substantial rights but sufficient exclusionary rights

2    that it suffers injury in fact, it can sue as a co-party with the legal title holder" who holds the

3    remaining rights.  *Morrow*, 499 F.3d at 1341.  Where a plaintiff does not have "all substantial rights

4    under the [asserted] patents," it "lacks statutory standing, on its own, to bring an infringement suit."

5    *AsymmetRx, Inc. v. Biocare Med., LLC*, 582 F.3d 1314, 1322 (Fed. Cir. 2009).  Where, as here, the

6    plaintiff's "rights are less than all substantial rights," there is a "defect" in standing, which requires

7    either dismissing the case or joining another party who possesses the remaining rights.  *Lone Star*,

8    925 F.3d at 1238.  This all makes good sense—if there are substantial rights in the patents that the

9    plaintiff does not possess, then the plaintiff cannot proceed by itself as the sole plaintiff.  The

10   Federal Circuit further focuses "on two salient rights: enforcement and alienation."  *Id*. at 1231.

11   Here, Samsung controls both the enforcement of the asserted patents (Ex. 5 (Mendlovic Tr.),

12   125:21-126:5, 143:24-144:14) and the alienation of the asserted patents, (*id*., 125:21-126:5; Ex. 4

13   (Kali Tr.), 152:16-22), meaning that Corephotonics **by itself** does not have standing to proceed as

14   the **sole** plaintiff.

15        Corephotonics asserts, incorrectly, that "a patentee always has the right to sue unless it has

16   transferred away 'all substantial rights.'"  (Opp. at 11, citing *Alfred E. Mann*, 604 F.3d at 1359.)

17   Corephotonics also implies, incorrectly, that there can only be one plaintiff in a patent case.  *Alfred*

18   *E. Mann* does not state or suggest either of these propositions.  The Federal Circuit holds to the

19   contrary.  Indeed, *Alfred E. Mann* analyzed "whether the patent owner transferred away sufficient

20   rights to divest it of any right to sue" and noted that where the substantial rights are split between

21   two entities, "both of them generally must be joined as parties to the litigation." 604 F.3d at 1359-

22   1360.  In that case, the plaintiff (AMF) "maintained absolute control over any suit it brought in its

23   own name," and it could unilaterally "decide whether or not to bring suit, when to bring suit, where

24   to bring suit, what claims to assert, what damages to seek, whether to seek injunctive relief, whether

25   to settle the litigation, and the terms on which the litigation will be settled."  *Id*. at 1362.  By

26   contrast, here Corephotonics transferred away control to its acquirer Samsung (SPA at §11.7),

27   cannot initiate or resolve any patent litigation without consent from its owner Samsung (Ex. 5

28   (Mendlovic Tr.), 125:21-126:5, 131:1-132:7, 143:24-144:14), and cannot identify any document

1   that reverts control back to Corephotonics after the acquisition.  Corephotonics thus fails to carry

2   its burden to prove that it has standing to proceed by itself as sole plaintiff.

3          Finally, it is irrelevant that, as Corephotonics argues,



10   **III.   LICENSING AND ASSIGNMENT OF THE PATENTS IN SUIT IS IRRELEVANT**

11          Corephotonics focuses the vast bulk of its opposition and declaration on irrelevant issues

12   about transfer of ownership and exclusive licensing of the patents.  But the standing "inquiry

13   depends on the substance of what was granted rather than formalities or magic words." *Lone Star*,

14   925 F.3d at 1229.  It is irrelevant whether Corephotonics still claims to have formal title of the

15   patents.  Even a party that purportedly owns "all right, title and interest" in a patent does not

16   necessarily possess all substantial rights in the patent for purposes of standing. *Lone Star*, 925 F.3d

17   at 1230 (holding that plaintiff did not have statutory standing despite explicitly receiving "all right,

18   title, and interest" in the patents).  The Federal Circuit's "analysis in these types of cases has never

19   been so reliant on labels," as the "inquiry depends on the substance of what was granted rather than

20   formalities or magic words." *Id*. at 1229-1230. *See also Diamond Coating*, 823 F.3d at 618 ("We

21   have not . . . treat[ed] bare formalities of 'title' transfer as sufficient to determine that an

22   'assignment' of the entire exclusive right has occurred."); *A123 Sys., Inc. v. Hydro-Quebec*, 626

23   F.3d 1213, 1218 (Fed. Cir. 2010) ("In determining ownership for purposes of standing, labels given

24   by the parties do not control.").  What matters is the substance of what was given to Samsung, not

25   what shows up in the Patent Office's assignment records.

26          Furthermore, Corephotonics's insistence that no Samsung entity has a license only further

27   demonstrates Corephotonics's lack of standing.  Corephotonics does not dispute that at the time of

28   the acquisition,                                                    *See* Dkt. 212-4, Ex. 3 at

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:17-cv-06457-JD (lead case)
Case No. 5:18-cv-02555-JD

6

REPLY ISO MOTION TO DISMISS

1  COREPH148283.  Why would Samsung pay $160 million to buy a company yet █████████

2  ████████████████████████  from that same company it now owns?  Neither

3  Corephotonics nor Mr. Kali answer this question, perhaps because it is so obvious.  Samsung does

4  not need an express license anymore because Samsung fully controls the assertion and licensing of

5  these patents.

6  **IV.    THE COURT SHOULD DISMISS THIS ACTION.**

7  Corephotonics does not dispute that the case should be dismissed if it cannot proceed as the

8  sole plaintiff, waiving any opposition on this issue.  (*See* Mot. at 9-12.)  Corephotonics does not

9  claim that any relevant Samsung entity can or should be joined, nor has Samsung offered to appear

10  as plaintiff.  As a result, if the Court determines that Corephotonics cannot be the sole plaintiff, this

11  case should be dismissed.

12  **V.    CONCLUSION**

13  Apple respectfully requests that the Court grant its motion and dismiss this action for lack

14  of standing.

15  Dated: February 6, 2024                    Respectfully submitted,

16                                             COOLEY LLP
                                               By: */s/ Heidi Keefe*
17                                             Heidi Keefe (178960)
                                               (hkeefe@cooley.com)
18                                             Lowell Mead (223989)
                                               (lmead@cooley.com)
19                                             Priya B. Viswanath (238089)
                                               (pviswanath@cooley.com)
20                                             COOLEY LLP
                                               3175 Hanover Street
21                                             Palo Alto, California  94304
                                               Telephone:(650) 843-5000
22                                             Facsimile: (650) 849-7400

23                                             COOLEY LLP
                                               Phillip Morton (*Pro Hac Vice*)
24                                             (pmorton@cooley.com)
                                               1299 Pennsylvania Avenue
25                                             NW, Suite 700
                                               Washington, DC 20004-2400
26                                             Telephone:  (202) 842-7800
                                               Facsimile:   (202) 842-7899
27
                                               *Attorneys for Defendant*
28                                             *Apple Inc.*